UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB, *et al.,* | No.: 13-CV-2394-MMB |
| *Plaintiffs* | |
| | CLASS ACTION |
| V. | |
| VOLVO CARS OF N.A., LLC, *et al.,* | |
| *Defendants* | |

# ORDER

**AND NOW**, this _____ of _____, 2013, it is hereby

**ORDERED** that the Defendants Volvo Cars of N.A., LLC's, and Volvo Car Corporation's Motion to Deny Class Certification and Dismiss or Strike Class Allegations is **DENIED**.

IT IS SO ORDERED.

_____
                                                    J.

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB, *et al.,* | No.: 13-CV-2394-MMB |
| *Plaintiffs* | |
| | CLASS ACTION |
| V. | |
| VOLVO CARS OF N.A., LLC, *et al.,* | *Jury Trial Demanded* |
| *Defendants* | |

## PLAINTIFFS' ANSWER IN OPPOSITION TO DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION AND DISMISS OR STRIKE PLAINTIFFS' CLASS ALLEGATIONS

Plaintiffs Mark Webb and Ana Webb, individually and on behalf of all others similarly situated, hereby respond to Defendants Volvo Cars of North America, LLC's and Volvo Car Corporation's Motion to Deny Class Certification and Dismiss or Strike Class Allegations, from Plaintiffs' Amended Class Action Complaint, and in opposition thereto, and states and avers as follows:

1.      Admitted in part; denied in part. It is denied that that the class allegations are made against only Volvo Cars of North America, LLC (VCNA); they are also made against Volvo Car Corporation, Volvo Car UK Limited, Volvo Cars of North America, Inc., and any other group owned and operated by VCNA who was involved in the manufacturing, distribution, design, or advertisement of the Class Vehicles.

2.      Admitted in part; denied in part. It is admitted that Plaintiffs Mark Webb and Ana Webb purchased a 1997 Volvo 850 in May 2009 and that they believe that solid-steel anti-intrusion door bars could have prevented their son's death. It is denied that the purchase was made from "a party unrelated to VCNA" or that "a speeding Chrysler PT Cruiser struck Plaintiff's vehicle causing injuries to their son that later led to his death." By way of further denial, it is beyond scientific dispute that had the Webbs' Volvo 850 had the advertised solid-steel anti-intrusion door bars, Mark and Ana Webb's son would not have died as a result of a car accident which occurred at normal urban speeds.

3.      Emphatically denied. By way of further denial, personal injury comprises none of the claims in this nationwide class action.

4.      Denied as conclusions of law for which no response is required. By way of further denial, see Plaintiffs' attached Memorandum of Law.

5.      Denied as conclusions of law for which no response is required. By way of further denial, see Plaintiffs' attached Memorandum of Law.

6.      Denied as conclusions of law for which no response is required. By way of further denial, see Plaintiffs' attached Memorandum of Law.

7.      Denied as conclusions of law for which no response is required. By way of further denial, see Plaintiffs' attached Memorandum of Law.

WHEREFORE, for these reasons, and the reasons explained in Plaintiffs' supporting memorandum of law, Plaintiffs respectfully request that this Court enter an order denying the Defendants' Motion to Deny Class Certification and Strike or Dismiss Plaintiffs' Class Allegations.

*****

Respectfully submitted,

FRANCIS ALEXANDER, LLC

/s/ Francis Malofiy

Francis Malofiy, Esquire
Attorney ID No.:    208494
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
T:    (215) 500-1000
F:    (215) 500-1005
Law Firm / Lawyer for Plaintiffs
/d/ October 21, 2013

In the United States District Court for
The Eastern District of Pennsylvania

| | |
|---|---|
| Mark Webb, *et al.,* | No.: 13-CV-2394-MMB |
| *Plaintiffs* | Class Action |
| v. | |
| Volvo Cars of N.A., LLC, *et al.,* | *Jury Trial Demanded* |
| *Defendants* | |

## Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Deny Class Certification and Dismiss or Strike Plaintiffs' Class Allegations

## I.  Introduction

Plaintiffs Mark Webb and Ana Webb, individually and on behalf of all others similarly situated, respectfully submit this memorandum of law in opposition to Defendants Volvo Cars of North America, LLC's and Volvo Car Corporation's (collectively, "Volvo") Motion to Deny Class Certification and Dismiss or Strike Class Allegations (*Doc. No. 19*) ("Def. Mem."), from Plaintiffs' Amended Complaint ("Amended Complaint").

This lawsuit was brought as a class action on behalf of Mark and Ana Webb themselves and a nationwide class of current and former Volvo vehicle owners and lessees of the Volvo 850, model years 1992 to 1997, (the "Class Vehicles").[1]  Because all of the Class Vehicles suffer from the common product defect described below, Plaintiffs assert causes of action for deceptive trade practices (Count I), unjust enrichment (Count II), and breach of the duty of good faith and fair dealing (Count III). Plaintiffs brought the action pursuant to Federal Rule of Civil Procedure 23(b)(3).

Before any discovery occurred, Volvo *prematurely* moved to deny class certification and dismiss or strike Plaintiffs' class allegations. As set forth below, none of Volvo's arguments are meritorious. Accordingly, Plaintiffs respectfully request for this Court to deny Volvo's motion in its entirety.

## II.  Summary of Argument

The Volvo 850, model years 1992 to 1997, was sold and advertised as among the safest automobiles on the planet. Specifically, Volvo represented the Class Vehicles – in both advertising and in owner's manuals – as having a Side Impact Protection System (SIPS) that included "strong steel bars in each door [. . .]." See, Amended Complaint ¶11. Since 1973, the vast majority of passenger vehicles have included horizontal anti-intrusion structures, commonly referred to as "door bars," inside all four doors. By 1997, front and rear door bars had long been the industry standard, and were even included in every model of Volvo other than the 850 series.

---

[1]  Plaintiffs reserve the right to amend or add to the vehicle models included in the Class Vehicles after conducting discovery.

Tragically, the Class Vehicles were not manufactured as advertised. Although Volvo used industry-standard anti-intrusion door bars in the front doors, Volvo decided to inexplicably remove the steel door bars from the rear doors of the Volvo 850 design, and instead insert a small, flimsy, lightweight, unsupported piece of **foam!**   This foam was later replaced by corrugated plastic of similar design: small, flimsy, lightweight, and unsupported. In an effort to save costs and put profits over the protection of passengers, Volvo decided to secretly remove the door bars from the rear doors of the Volvo 850. Then, they failed to notify the public that they decided to omit door bars from the rear doors of the Volvo 850 doors, and then decided to falsely and deceptively advertise the Volvo 850 as having door bars on all doors. There is **no dispute** that the Volvo 850 has no doors in the rear doors and that this product defect is ***completely undetectable to consumers.***

Plaintiffs Mark and Ana Webb became aware of Volvo's deception only after their child Sabino Webb was killed. The accident happened at a typical urban speeds, Ana Webb (Mom, driver), as well as, Donnie Webb (3 year old, rear passenger – diver side) were left uninjured; but Sabino Webb the infant child, secured in what should be the safest part of an automobile, the rear passenger compartment, was crushed and died when the rear door collapsed upon. The rear door of the Volvo 850 collapsed inward upon impact because the rear door failed to have the falsely advertised rear door bar which would have prevented the intrusion into the passenger compartment.

Volvo's deception became discoverable and apparent ***only*** after crash

investigators examined plaintiffs Mark and Ana Webb's Class Vehicle, seeking an explanation of why the rear doors had proven so utterly uncrashworthy, and uncovered that the advertised safety features – **door bars** - were never installed in the rear doors. The Estate of Sabino Webb, deceased, filed a survival action in state court relating to personal injuries. The personal injuries of Sabino Webb (deceased) is **not** common to all owners and lessees of Class Vehicles nationwide and forms **no** basis for the present legal action, as this is not and should not be construed as a personal injury case. Make no mistake, this case is a class action complaint – devoid of any claims for personal injury.

Shockingly, investigators trying to figure out what caused Mark and Ana Webb's infant child to suffer fatal injuries in the relatively minor car accident uncovered that every single rear door manufactured by Volvo and installed in the Class Vehicles concealed behind its outer covering a vast deception. Where Volvo had advertised that steel anti-intrusion door bars would be found – in every single rear door manufactured for the Class Vehicles, there was **no door bar.** The door was *merely a shell* with only a skin of sheet metal on the outside and no supportive structure (door bar) to prevent intrusion.

As actually manufactured, the Class Vehicles were defectively designed, defectively manufactured, uncrashworthy, and deceptively advertised. Further, Volvo failed to warn consumers of the dangers of their product. The lack of adequate door reinforcement ensured that whenever a Class Vehicle was involved in an accident such as that experienced by Plaintiffs Mark and Ana Webb the Class Vehicle would be a death-trap for any passenger – very often young children – sitting in the rear passenger

compartment.

Because all of the Class Vehicles suffer from a common defect and were all advertised dishonestly as not containing that common defect, this class action was filed to hold Volvo responsible for their deceptive conduct towards all owners and lessees of the Class Vehicles. It is Volvo's **conduct** that has been common to all owners and lessees of Volvo 850s: in every case, Volvo produced, advertised and sold a Class Vehicle that was not manufactured as advertised and which is not safe as manufactured.

## III.   ARGUMENT

### A. Legal Standard For Motion to Strike or Dismiss Class Allegations

Volvo moves to deny class certification and dismiss or strike the class allegations at this early stage pursuant to Rules 12(f) and 12(b)(6). See, Def. Mem. Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that striking a pleading should be sparingly used by courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." N. Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994) (internal quotation marks omitted).

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The plaintiff's

allegations must be accepted as true, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), and the Court must consider "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>*Hishon*</u>, 467 U.S. at 73; <u>see also</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

In the Third Circuit, motions to dismiss or strike class allegations are held to be premature, especially where no discovery has taken place. <u>Drake v. Hyundai Rotem USA, Corp.</u>, 2013 U.S. Dist. LEXIS 122393, at *16-17 (E.D. Pa., August 28, 2013) (collecting cases). The proper time for a defendant to challenge the class adequacy is at the class certification stage. <u>Id.</u> In the Third Circuit it is understood that "where the case is less than six months old and there has been no discovery [. . .] the issue is simply not ripe for this Court to consider." <u>Neale v. Volvo Cars of North America, LLC</u>, 2011 U.S. Dist. LEXIS 39154, at *8-9 (D. N.J., April 11, 2011). Sitting *en banc*, the Third Circuit Court of Appeals has explicitly held that there should not be a Rule 12(b)(6) inquiry as to every claim before a class may be certified. <u>Sullivan v. DB Investments, Inc.</u>, 667 F.3d 273, 306 (3d Cir. 2011).

B. THE COURT SHOULD NOT RESOLVE CLASS CERTIFICATION AT THIS EARLY STAGE

Because its brief in support of the motion to deny class certification and dismiss or strike class allegations in the Amended Complaint is awkwardly organized – suggesting a boilerplate, cut-and-paste origin – it is not entirely clear on what grounds Volvo believes that Plaintiffs' class allegations should be stricken. Volvo has pointed to nothing in the Amended Complaint and held it out as constituting "redundant, immaterial, impertinent, or scandalous matter." See, Fed. R. Civ. P. 12(f). The moving-party carries the burden of demonstrating the basis on which a Rule 12(f) motion should be granted, however in this instance Volvo has seemingly forgotten to make the argument. Accordingly, Volvo has failed to state cause for the Court to resort to the "drastic remedy" of striking Plaintiffs' class allegations. N. Penn Transfer, Inc., 859 F. Supp. at 158 (E.D. Pa. 1994).

Similarly, Volvo has failed to address the clear precedent in the Third Circuit for denying Rule 12(b)(6) motions to dismiss class certification. In the present litigation, there has been **no discovery**, and Volvo's motion was filed a mere five months after the original complaint was filed, **less than one month** after the Amended Complaint at issue was filed.[2] Courts in the Third Circuit have consistently held under that, under analogous facts, moving for dismissal under Rule 12(b)(6) is premature and cannot be granted. See, e.g., Drake, 2013 U.S. Dist. LEXIS 122393, at *16-17 (class allegations not properly challenged before the class certification stage). Because there has been no discovery conducted in the present matter, and the litigation has only just begun, the

---

[2] A complaint in this matter was originally filed on May 2, 2013, see, Doc. No. 1, and the Amended Complaint was filed on September 16, 2013, see Doc. No. 12. Volvo filed the motion to deny class certification and dismiss or strike class allegations in the amended complaint on October 3, 2013. See, Doc. No. 19.

Court does not have "information necessary to conduct the 'rigorous analysis' inherent in the class action certification decision." Id. (quoting, P.V. v. Sch. Dist. of Phila., 2011 U.S. Dist. LEXIS 125370, at *9-10 (E.D. Pa., October 31, 2011)).

### C. Even if the Court Were to Entertain the Issue Now, Volvo's Motion Should be Denied on the Merits

Even if it were appropriate to address the merits of Volvo's class certification argument at this early stage – which it is not – Volvo's motion would still be properly denied. Volvo's argument essentially posits that as a matter of law the Amended Complaint fails to state the grounds for a colorable class action. As shown below, an analysis of each requirement of a class allegation demonstrates that Volvo's arguments, like the rear doors of the Class Vehicles, are but a hollow façade.

### 1.  Legal Standard for Rule 23(b)(3) Class Certification

Class certification is provided for by Rule 23 of the Federal Rules of Civil Procedure. Under Rule 23(a), class certification may be appropriate if the following requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Once the requirements of Rule 23(a) are satisfied, the class may be certified if at least one of the three subsections of Rule 23(b) are met. In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309n.6 (3d Cir. 2008). Courts "in the Third Circuit [. . .]

are instructed to give Rule 23 a liberal construction." <u>Rowe v. E.I. Dupont de Nemours and Co.</u>, 2008 U.S. Dist. LEXIS 103528, at *8 (D.N.J., December 23, 2008) (<u>citing</u>, <u>Eisenberg v. Gagnon</u>, 766 F.2d 770, 785 (3d Cir. 1985) ("the interests of justice require that in a doubtful case [. . .] any error, if there is to be one, should be committed in favor of allowing a class action.")).

## 2. The Requirements of Rule 23(a) Are Satisfied

The four "threshold requirements" pursuant to Rule 23(a) are referred to as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. <u>Wallace v. Powell</u>, 2013 U.S. Dist. LEXIS 69001, at *38 (M.D. Pa., May 14, 2013) (<u>citing</u>, <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 613-14 (1997)). The class allegations contained in the Amended Complaint satisfy all of these requirements for the following reasons.

### a. Numerosity is Satisfied

Volvo does not appear to challenge the numerosity of the class allegations, though the disorganized nature of the argument presented by Volvo makes this somewhat uncertain. The numerosity requirement is clearly satisfied. As alleged in the Amended Complaint, hundreds of thousands of people either own or lease the Class Vehicles. <u>See</u>, ACA ¶165. Numerosity is generally satisfied by a class comprising of at least forty potential plaintiffs. <u>Stewart v. Abraham</u>, 275 F.3d 220, 226-27 (3d Cir. 2001). Thus, there is no question that the number of potential plaintiffs here makes joinder impractical. <u>See</u>, Fed. R. Civ. P. 23(a)(1); <u>see also</u>, <u>Neale v. Volvo Cars of North America, LLC</u>, 2013 U.S.

Dist. LEXIS 43235, at *24 (D. N.J., March 26, 2013).

### b.   Commonality is Satisfied

Rule 23(a)(2) requires that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Where, as here, the class allegations are made pursuant to Rule 23(b)(3), the Rule 23(a) commonality requirement is subsumed by the "the more stringent Rule 23(b)(3) predominance requirement." Sullivan, 667 F.3d at 297. Accordingly, the commonality requirement is satisfied here if the predominance requirement is satisfied. The predominance requirement is satisfied, as demonstrated in section 3.b ("Predominance is Satisfied") below.

### c.   Typicality is Satisfied

The typicality requirement is satisfied if the named class representatives have claims aligned with the interests of the class, but it does not require that all class members share identical claims. In re: Wafarin Sodium Antitrust Litigation, 391 F.3d 516, 531-532 (3d Cir. 2004). Where "the claims of the named plaintiffs and class members involve the same conduct by the same defendant, typicality is established." Neale v. Volvo Cars of North America, LLC, 2013 U.S. Dist. LEXIS 43235, at *27 (D. N.J., March 26, 2013) (quoting, Newton v. Merrill Lynch, Peirce, Fenner & Smith, Inc., 259 F.3d 154, 183-84 (3d Cir. 2001)).

Here, each of the named plaintiffs and all of the class members purchased a Class Vehicle and suffered economic injuries as a result of receiving a defective automobile that

is significantly less safe and inferior to what was explicitly advertised by Volvo. Thus, all of the claims are based on the same legal theories and arise because of the same conduct by Volvo. See, Wallace v. Powell, 2013 U.S. Dist. LEXIS 69001, at *47 (M.D. Pa., May 14, 2013) (citing cases).

Volvo claims that the named plaintiffs are atypical because they also have a separate claim rooted in personal injury, and because they are allegedly susceptible to a unique defense since their personal Class Vehicle was purchased used. Both of these claims are merely smoke and mirrors.

First, the class allegations are expressly **not** rooted in personal injury, and in fact the named plaintiffs' personal injury claims are being addressed in a separate action in state court. "Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory." Marcus v. BMW of North America, LLC, 687 F.3d 583, 598 (3d Cir. 2012). Moreover, **many classes have been certified** in which some members of the proposed class have suffered personal injuries because a product defect while others have not "where an automobile component suffers from a design defect that is uniform in a number of vehicles." Neale v. Volvo Cars of North America LLC, 2013 U.S. Dist. LEXIS, at *13-14 (D.N.J., March 26, 2013) (collecting cases). Accordingly, the named plaintiffs' separate personal injury claims have no bearing on the typicality of the class allegations that are shared commonly by all owners and lessees of the Class Vehicles.

Second, the supposed unique defense is totally irrelevant to the present action. Rather, it is the very basis of the class allegations that each Class Vehicle was a defective product **as manufactured** by Volvo, because of a systematic, deceptive practice of manufacturing the automobiles without essential safety features that had been advertised and were even standard in the industry. Therefore, the typicality requirement is not affected as Volvo has not presented any unique defenses that "will become a major focus of the litigation." Marcus, 687 F.3d at 600; see also, Sullivan v. DB Investments, Inc., 667 F.3d 273, 301 (3d Cir. 2011) (*en banc*) (certifying a class of both "direct" and "indirect" purchasers).

### c.    Adequacy of Representation is Satisfied

The last Rule 23(a) requirement is that the "the representative parties [must] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement has two components: (1) adequacy of class counsel; and (2) adequacy of the class representative." Davis v. Kraft Foods N. Am., 2006 U.S. Dist. LEXIS 3512, at *27 (E.D. Pa., February 1, 2006). Both requirements are satisfied here.

First, Volvo does not even challenge the adequacy of class counsel. Second, Volvo's challenges to the adequacy of the class representatives are made on the exact same grounds Volvo challenges the class representatives' typicality, and so these matters have already been addressed above. Volvo's argument is that because Mark and Ana Webb also have personal injury claims against Volvo, which are being litigated currently in a separate action in state court, and because the Webbs purchased their Class Vehicle

used, this somehow makes them inadequate class representatives.

Volvo's arguments, weak as they are, have nothing to do with adequacy. The requirements of adequacy are that the class representatives have the ability and incentive to represent the class claims vigorously and that there be no conflict between the individual claims of the class representatives and those asserted on behalf of the class as a whole. Hassine v. Jeffes, 846 F.2d 169 (3d Cir. 1988). Here, the named plaintiffs have a demonstrated willingness to pursue the action vigorously, as manifested by bringing this suit, because they feel that the owners and lessees of Class Vehicles must be made aware that the rear doors of the Class Vehicles do not contain the advertised safety features and are not safe. In this action, there is no conflict at all, since the exact same claims are asserted by all class members in response to Volvo's identical conduct against all class members by falsely advertising a product with a common defect.

### 3.   The Requirements of Rule 23(b)(3) are satisfied

Plaintiffs seeking certification under Rule 23(b)(3) must satisfy the Court that "the questions of law or fact common to class members predominate over any questions affecting only individual members [predominance], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy [superiority]." Fed. R. Civ. P. 23(b)(3).

The Third Circuit's comprehensive analysis of the predominance inquiry of Rule 23(b)(3) in Sullivan v. DB Investments, Inc., 667 F.3d 273, 306 (3d Cir. 2011) (*en banc*), is significant here. The Sullivan Court confirmed that, for consumer claims such those

presented here, the predominance inquiry focuses on whether the **defendant's conduct** was common to all class members, which predominates over individual differences between plaintiffs. <u>Sullivan</u>, 667 F.3d at 297-98. As <u>Sullivan</u> confirms, the correct inquiry here is Volvo's **conduct** in designing, manufacturing and advertising the Class Vehicles, none of which were sold with the advertised solid-steel anti-intrusion door bars in the rear doors.

The Court of Appeals also explained in <u>Sullivan</u> that "variations in the rights and remedies available to injured class members under the various laws of the fifty states do not defeat commonality and predominance." <u>Id.</u> at 301. It found "no support in our Court's jurisprudence for the proposition that commonality and predominance are defeated merely because the available rights and remedies differ under the several laws that form the basis for class claims." <u>Id.</u> The Court of Appeals further held that nothing in the case law or language of Rule 23 commands that everyone in a class must allege identical or uniform causes of action, since "where a defendant's singular conduct gives rise to one cause of action in one state, while providing for a different cause of action in another jurisdiction, the courts may group both claims in a single class action […] advance[ing] the laudatory purposes of the class action device, preserving the resources both of the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." <u>Id.</u> at 302. Thus, the <u>Sullivan</u> Court reaffirmed Third Circuit precedent that where, as here, differences in state law fall into a limited number of predictable patterns, similar state laws can be grouped together into units. <u>Id.</u> at 301-02 (citing cases).

### a.   Superiority is Satisfied

According to Rule 23(b)(3), the factors relevant to the superiority inquiry include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Specifically, the superiority requirement asks a trial court to "balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." Danvers Motor Co. v. Ford Motor Co., 543 F.3d 141, 149 (3d Cir. 2008) (quoting, Georgine v. Amchem Prods., 83 F.3d 610, 632 (3d Cir. 1996)).

Allowing the present action to proceed as a class action is a far superior method of adjudication. In fact, this is exactly the sort of claim that is best-suited to class action litigation. "In a case like this one, where the plaintiff's claims attack the same course of defendants' conduct, proceeding as a class action is far superior to allowing piecemeal litigation of the exact same claims in countless lawsuits potentially occurring throughout the country." Stanford v. Foamex L.P., 263 F.R.D. 156, 174n.22 (E.D. Pa. 2009). A case like this, pertaining to the defendant's uniform conduct, is especially appropriate for the economies of scale that will result from the class action mechanism. A class action is considered to be especially appropriate where individual plaintiffs have little incentive to individually bring suit. Amchem Prods. v. Windsor, 521 U.S 591, 617 (1997); see also, Wallace, 2013 U.S. Dist. LEXIS, at *83-84 (citing cases for the principle that class actions are favored where class certification allows plaintiffs an opportunity to pursue legal claims

they could not economically pursue otherwise).

### b.   Predominance is Satisfied

The predominance inquiry of Rule 23(b)(3) "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation [. . .] and assesses whether a class action would achieve economies of time, effort, and expense, and promote uniformity of decisions as to persons similarly situated." Sullivan, 667 F.3d at 297 (citations and quotation marks omitted).

In certain kinds of cases, including "consumer fraud," the predominance test is "readily met." In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 266 (3d Cir. 2009) (quoting, Amchem, 521 U.S. at 624). The reason is that where there is broad-based consumer deception "[t]he allegations are unaffected by the particularized conduct of individual class members, as proof of liability itself would depend entirely upon" the defendant's alleged activities. Sullivan, 667 F.3d at 300. Where an automobile is alleged to have a uniform defect, predominance is found almost automatically under this principle. See, e.g., Neale v. Volvo Cars of North America LLC, 2013 U.S. Dist. LEXIS (D. N.J., March 26, 2013), at *31-34.

Volvo's primary contention seems to be that as a matter of law the class allegations cannot be brought as a nationwide class action because of differences between state laws. This argument is prematurely presented to the Court, as choice-of-law arguments in class actions cannot be properly analyzed until after class certification. See, Stewart v. Lamicella, 877 F.Supp.2d 192, 196 (D.N.J., 2012). After discovery, it may

prove useful to divide the class into subclasses, but it would be premature to consider such an action at this early stage. See, e.g., Neale v. Volvo Cars of North America, LLC, 2013 U.S. Dist. LEXIS, *22 (D. N.J., March 26, 2013). As demonstrated in Sullivan above, nationwide class actions may be certified despite differences among state laws, especially where the underlying allegation is consumer fraud.

Specifically, the present action alleges three causes of action, all of which have proven amenable to nationwide class actions on numerous occasions. For example, Count I accuses Volvo of deceptive trade practices. Under Pennsylvania state law, the action would be governed by Pennsylvania's Unfair Trade Practices and Consumer Protection Law. Despite Volvo's protestations that there may be subtle differences between the deceptive trade practice causes of actions across the United States, these "possibilities [do not] raise the specter of confusion or complication such that [a nationwide class action] would be improper." Gonzalez v. Owens-Corning Sales, LLC, 2013 U.S. Dist. LEXIS, *14 (M.D. Pa., September 27, 2013). Indeed, the Gonzalez Court actually consolidated several state-specific deceptive trade practices class actions, over the protest of some plaintiffs, because "each state's consumer fraud and deceptive trade practice statutes are **substantially interchangeable**." Id. at 15 (emphasis added). And, in any case, whatever differences between the state statutes may exist "the court cannot conceive of how any differences in the precise language used in a particular state's consumer protection statutes would lead to different discovery on the issues of class certification or liability." Id. at 16.

As for the feasibility of maintaining a nationwide class action based in unjust enrichment, Count II of the present action, it needs only be observed that unjust enrichment was one of the counts in <u>Sullivan</u>. 667 F.3d 273. Finally, Volvo makes a technical argument regarding Count III of the class allegations, breach of the duty of good faith and fair dealing, which has no merit on substance. Volvo observes that technically "breach of the duty of good faith and fair dealing" is not an independent cause of action in Pennsylvania. Pennsylvania, like **every single State**, does recognize that a general duty of good faith and fair dealing in the performance of a contract is an implied term of every contract, as advanced in the Restatement (Second) of Contracts § 205. <u>See</u>, <u>Creeger Brick & Building Supply, Inc. v. Mid-State Bank & Trust Co.</u>, 560 A.2d 151, 153 (Pa. Super. 1989). However, in Pennsylvania, rather than as an independent cause of action, such breaches are properly pleaded as a species of breach of contract. <u>See</u>, <u>Temple University Hosp., Inc. v. Group Health, Inc.</u>, 2006 U.S. Dist. LEXIS 1548 (E.D. Pa., January 12, 2006). Under Pennsylvania law, such a technical mistake made in a complaint is not grounds for dismissal of the complaint. <u>Id.</u>

## IV.   CONCLUSION

For the above reasons, Volvo's motion is both prematurely brought and meritless and should be denied in its entirety.

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire

Attorney ID No.:   208494

The Beasley Building

1125 Walnut Street

Philadelphia, PA 19107

T:   (215) 500-1000

F:   (215) 500-1005

*Law Firm / Lawyer for Plaintiffs*

*/d/ October 21, 2013*

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Deny Class Certification and Dismiss or Strike Plaintiffs' Class Allegations has been electronically filed with the Court via the ECF Filing System, served upon all counsel of record via electronic mail, and mailed to any unrepresented parties.

Bryan Cave LLP
Peter W. Herzog III, Esquire
211 N. Broadway, Suite 3600

St. Louis, MO 63102
T:   (314) 259-2000
F:   (314) 259-2020
E:   pwherzog@bryancave.com

POST & SCHELL, P.C.
Richard B. Wickersham, Jr., Esquire
Four Penn Center, 23th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
T:   (215) 587-6612
F:   (215) 320-4875
E:   rwickersham@postschell.com

*****

*Respectfully submitted,*

FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*

Francis Malofiy, Esquire
Attorney ID No.:    208494
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
T:   (215) 500-1000
F:   (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ October 21, 2013*