# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB, et al.,<br><br>            Plaintiffs,<br><br>       v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>            Defendants. | Civil Action No. 13-CV-2394-MMB |

## [PROPOSED] ORDER

The court sanctions Mr. Malofiy personally, in the amount of $_____ pursuant to Fed. R. Civ. P. 11(b) & (c) and L.R. 83.6.  The Court further orders all references to the altered document stricken from the Court's docket.  Mr. Malofiy is ordered to provide a copy of this Order to the Pennsylvania Bar Association and any other bar of which he is a member and to certify to this Court that he has done so.

                                        IT IS SO ORDERED,


                                        _____
                                        United States District Court Judge
                                        MICHAEL M. BAYLSON

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>        Defendants. | Civil Action No. 13-CV-2394-MMB |

**MOTION FOR SANCTIONS**
**PURSUANT TO FED. R. CIV. P. 11 AND LOCAL RULE 83.6**

Defendants, Volvo Cars of North America, LLC ("VCNA") and Volvo Car Corporation ("VCC"), respectfully move for sanctions against Plaintiffs' counsel, Francis Malofiy, pursuant to Fed. R. Civ. P. 11 and L.R. 83.6. Mr. Malofiy has knowingly, misleadingly, and personally altered an original document, and then inserted the altered original into Plaintiffs' Amended Complaint and other pleadings, in a deliberate attempt to provide factual support for his allegations concerning Volvo 850 vehicles.

In support of this motion, VCNA and VCC submit the accompanying memorandum of law and attached exhibits.

Dated:  October 30, 2013           Respectfully submitted,

                          By: */s/ Peter W. Herzog III*
                          Peter W. Herzog III (pro hac vice)
                          **BRYAN CAVE LLP**
                          211 N. Broadway, Suite 3600
                          St. Louis, MO 63102
                          Phone: (314) 259-2000
                          Fax: (314) 259-2020
                          pwherzog@bryancave.com

                          Richard B. Wickersham, Jr.
                          **POST & SCHELL, P.C.**
                          Four Penn Center, 13th Floor
                          1600 John F. Kennedy Blvd.
                          Philadelphia, PA 19103
                          Phone:  (215) 587-6612
                          Fax:  (215) 320-4875
                          rwickersham@postschell.com

                          Attorneys for Volvo Cars of North America, LLC and Volvo Car Corporation

## Certificate of Service

    I, Peter W. Herzog III, certify that the foregoing was electronically filed on October 30, 2013 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

                          By: */s/ Peter W. Herzog III*

4184453

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>        Defendants. | Civil Action No. 13-CV-2394-MMB |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION FOR SANCTIONS

Defendants, Volvo Cars of North America, LLC ("VCNA") and Volvo Car Corporation ("VCC"), provide this memorandum in support of their motion for sanctions under Rule 11(b) of the Federal Rules of Civil Procedure and Local Rule 83.6.

### INTRODUCTION

VCC and VCNA seek Rule 11 sanctions against Plaintiffs' counsel personally for deliberately altering the text of an original document in an effort to provide factual support for the allegation that the 1997 Volvo 850 was marketed and advertised as containing rear door bars. Counsel's conduct violates Rule 11(b) and his duty of candor to the Court.

## BACKGROUND

On or about May 1, 2013, Plaintiffs, through their counsel, Francis Malofiy, filed a putative nationwide class action Complaint against three (3) distinct Volvo corporations, vaguely alleging that they were defrauded because the collective "Volvo" misrepresented, in some materials at some unspecified time, that the 1997 Volvo 850 they purchased used from a third party in 2009 contained "solid-steel anti-intrusion door bars on all four doors." (ECF No. 1.) This is the second lawsuit Mr. Malofiy has filed on behalf of Plaintiffs as a result of the accident involving their 1997 Volvo 850. An earlier case was filed by Mark Webb on behalf of Sabino Webb against VCC and VCNA in Philadelphia County State Court. (ECF No. 4-1.)

Plaintiffs claimed that they purchased the 1997 Volvo 850 believing that it contained rear door beams when, in fact, it did not. They further alleged that the absence of the rear door beams resulted in the death of their child following a side impact collision. Plaintiffs pleaded four causes of action—deceptive trade practices, unjust enrichment, breach of the duty of good faith and fair dealing, and injunctive relief—on behalf of a nationwide class of current and former owners of Volvo 850 model vehicles. (ECF No. 1, at pp. 26-33.)

In response to the Complaint, Defendant VCNA filed its Motion for More Definite Statement as to Counts I-IV of Plaintiffs' Complaint, or Alternatively, for

Dismissal of Counts I and II pursuant to Fed R. Civ. P. 9(b).  (ECF No. 4.)[1] Although Plaintiffs repeatedly alleged that "Volvo" advertised and marketed the 1997 Volvo 850 as containing "an innovative Side Impact Protection System (SIPS) with solid-steel anti-intrusion door bars on all four doors to protect against side-impact crashes" (ECF No. 1, at ¶¶ 3, 4, 6, 25, 26, 120-35, 159), there were no allegations regarding any such "advertisement," and the exhibits attached to the Complaint contained no such representation.  Accordingly, VCNA's motion centered on Plaintiffs' failure to identify which Defendant allegedly made the representation, where it was made, when it was made, and when and how Plaintiffs became aware of the representation in connection with their purchase of a 12-year old used car from a third party.

In response to VCNA's motion, Plaintiffs filed their Amended Complaint on September 16, 2013.  (ECF No. 12.)  In the Amended Complaint, Plaintiffs allege the same four counts, again repeatedly alleging that "Volvo" advertised and marketed the 1997 Volvo 850 as containing "an innovative Side Impact Protection System (SIPS) with solid-steel anti-intrusion door bars on all four doors to protect against side-impact crashes."  (ECF No. 12, at ¶¶ 3, 4, 8-9, 11, 30-31, 124-40, 164.)

---

[1] At the time VCNA responded to the initial Complaint, Defendant VCC had not been properly served, and therefore did not join in the motion.

3

In paragraph 11 of their Amended Complaint, Plaintiffs purport to reproduce what they claim is a "FALSE ... safety advertisement" that shows the Volvo 850 vehicle with "DOOR BARS on ALL DOORS."  (ECF No. 12, at ¶ 11.)  The diagram, however, is of a Volvo 900 Series vehicle, *not* a Volvo 850.  Plaintiffs' counsel *knows* that the diagram he included is not a diagram of a Volvo 850 because he personally redacted the portion of the diagram that makes it clear that the Side Impact Protection System depicted is for a Volvo 900 Series vehicle.  Such conduct plainly violates Rule 11 by manufacturing false evidentiary support for the allegations of the Amended Complaint.

## ARGUMENT

Rule 11 requires that an attorney certify that any pleading, written motion or other paper presented to the Court (1) is not presented for any improper purpose, such as to harass or increase the costs of litigation; (2) that the legal contentions contained therein "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law," and (3) that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support" after further investigation or discovery.  *See* Fed. R. Civ. P. 11(b)(1-3); *see also Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1277 (3d Cir. 1994) ("Rule 11 imposes a non-delegable duty upon the signing attorney

4

to conduct his own independent analysis of the facts and law which forms the basis of a pleading or motion") (internal quotation marks and citation omitted).

Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims and "imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" *Lieb v. Topstone Indus. Inc*., 788 F.2d 151, 157 (3d Cir. 1986). Rule 11 is meant to discourage pleadings that are "frivolous, legally unreasonable, or without factual foundation," regardless of counsel's intent. *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1090-91 (3d Cir. 1988) (citation omitted); *see also Fleekop v. Mann Music Center*, 1990 WL 204253, at *4 (E.D. Pa. Dec. 12, 1990) ("the court finds that the pre-filing inquiry conducted by attorney for plaintiff, Robert Reibstein, Esquire, was woefully inadequate and that sanctions are required").

An attorney's conduct violates Rule 11 where it "is not 'objectively reasonable under the circumstances.'" *Grynberg v. Total Compagnie Francaise Des Petroles*, 891 F. Supp. 2d 663, 675 (D. Del. 2012) (citing *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010)). The Third Circuit defines reasonableness as the "'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc*., 930 F.2d 277, 289 (3d Cir. 1991)

5

(quoting *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)); *see also Bensalem Tp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (citations and quote marks omitted).

Rule 11 sanctions may include striking the pleading at issue and an award of attorneys' fees.  *See*, *e.g.*, *Lazarko v. Pennsylvania Hosp.*, 237 F.3d 242, 247 (3d Cir. 2000) (holding that district court was "within its authority" to strike portions of complaint and awards costs incurred to defend against allegations where attorney "had no basis to assert the claims" in the complaint); Fed. R. Civ. P. 11(c)(2), (4).

Paragraph 11 of Plaintiffs' Amended Complaint purports to include a diagram of an advertisement that came with Plaintiffs' 1997 Volvo 850 vehicle. Plaintiffs allege that the diagram evidences that Defendants advertised or represented that the Volvo 850 had rear door beams.  But Mr. Malofiy knows that the diagram actually depicts the SIPS in a Volvo 900 Series vehicle—*not*  a Volvo 850 vehicle, because he personally redacted the diagram to eliminate the language circled below.



Copies of the original diagram and the altered diagram are attached as Exhibits to the State Court pleading appended as Exhibit A to this Motion. As the Court can see, the diagram reproduced as part of ¶ 11 of the Amended Complaint has been deliberately altered.

Mr. Malofiy's insertion of a diagram depicting a Volvo 900 vehicle, rather than a Volvo 850 vehicle, was no accident. Rather, the diagram and its accompanying text is a purposeful misrepresentation that is knowingly false and misleading. In the State Court action, Plaintiffs' counsel deposed Leo Werberg, a corporate representative produced by VCNA. Mr. Werberg was questioned about the original diagram and testified that it depicted a 900 series side impact system. (*See* Exhibit B, Deposition of Leo Werberg at 98-104.) Only by redacting and altering the original diagram is Mr. Malofiy able to offer it as factual support for his allegations concerning the Volvo 850.

7

Mr. Malofiy has knowingly made a false representation in the Amended Complaint, and he has done so on a key issue that affects the viability of Plaintiffs' claims. Significantly, VCNA moved for a more definite statement or to dismiss the original Complaint because it did not identify any specific advertisement upon which Plaintiffs allegedly relied in purchasing their Volvo 850 vehicle. (ECF No. 4.) In response to VCNA's motion, Plaintiffs filed an Amended Complaint that included an altered diagram of the Volvo 900 Series, falsely representing that the diagram was a depiction of the subject Volvo 850.

Because of his affirmative and intentional efforts to mislead the Court, the Court should impose a substantial monetary sanction on Mr. Malofiy, strike the offending material from the docket, and refer the issue to the appropriate disciplinary authorities.[2] L.R. 83.6. Defendants do not seek dismissal of the Amended Complaint at this time on these grounds (*but see* Motions to Dismiss on

---

[2] There can be no question that Mr. Malofiy's conduct is deliberate and intentional. After receiving a copy of this motion as required by Fed. R. Civ. P. 11(c)(2), Mr. Malofiy not only failed to withdraw the offending material, he included it again in opposition to Volvo's motion for more definite statement. (ECF No. 23, at 6.) He also claims that the altered document "***is actually an accepted exhibit in an ongoing court case, not some fraudulent redaction***." (ECF No. 24, at 9 (emphasis original).) What Mr. Malofiy apparently means by this is that he marked the altered document as an exhibit to Mr. Werberg's deposition—the Philadelphia Court of Common Pleas has not been presented the document and has not made any ruling with respect to it. Volvo is not the only litigant in this District to raise serious questions warranting inquiry into Mr. Malofiy's tactics, yet the improper conduct continues. (Case No. 2:11-cv-06811-PD (E.D. Pa.), ECF No. 105 (attached as Exhibit C).)

8

other grounds at ECF Nos. 18 & 19), because of their belief that Mr. Malofiy is solely responsible for the false statements made to this Court.

WHEREFORE, Defendants VCNA and VCC respectfully request that this Court enter an Order sanctioning Plaintiffs' counsel for deliberately and intentionally misleading this Court.

Dated:  October 30, 2013            Respectfully submitted,


By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
**BRYAN CAVE LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020
pwherzog@bryancave.com

Richard B. Wickersham, Jr.
**POST & SCHELL, P.C.**
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone:  (215) 587-6612
Fax:  (215) 320-4875
rwickersham@postschell.com

Attorneys for Volvo Cars of North America, LLC and Volvo Car Corporation

9

## Certificate of Service

    I, Peter W. Herzog III, certify that the foregoing was electronically filed on October 30, 2013 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

                                                                        By: */s/ Peter W. Herzog III*