## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB, et al., <br><br>         Plaintiffs, <br><br>     v. <br><br> VOLVO CARS OF N.A., LLC, <br> VOLVO CAR CORPORATION, <br> VOLVO CAR UK LIMITED, and <br> VOLVO CARS OF N.A., INC., <br><br>         Defendants. | Civil Action No. 13-CV-2394-MMB |

## REPLY MEMORANDUM IN SUPPORT OF MOTION
## TO DENY CLASS CERTIFICATION AND DISMISS OR STRIKE
## CLASS ALLEGATIONS FROM THE AMENDED COMPLAINT

Defendants, Volvo Cars of North America, LLC ("VCNA") and Volvo Car Corporation ("VCC") (collectively "Defendants" or "Volvo"), provide this reply memorandum in support of their motion to deny class certification and dismiss or strike the class allegations from Plaintiffs' Amended Complaint.

### INTRODUCTION

Plaintiffs' opposition to Volvo's motion to strike or dismiss the Amended Complaint's class allegations continues a pattern of conduct that has already resulted in a motion for sanctions. (ECF No. 32.) It makes statements of "fact" that either are based on a document that Plaintiffs' counsel deliberately and personally altered before inserting into the Amended Complaint or that appear

nowhere in the Amended Complaint or in the record before the Court.  (See ECF No. 25, at 5-8.)  The opposition also relies on Rule 12(b)(6) standards that are inapplicable and that were superseded years ago by the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  (ECF No. 25, at 8-9.)

The substance of Plaintiffs' opposition is similarly unsupported.  In arguing that Volvo's motion is "premature," it ignores that Plaintiffs themselves filed a motion for class certification *before* serving the Complaint on any Defendant in the case.  (ECF No. 2.)[1]  The opposition also ignores Supreme Court, Third Circuit, and Pennsylvania federal court authorities cited in Volvo's opening brief establishing that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."  (ECF No. 19, at 16-17, *quoting Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982).)  It likewise fails even to address many of the arguments made in Volvo's opening brief.  In doing so, the Court should deem the failure to respond a concession on that point.  *See*, *e.g.*, *Nunez v. Cuomo*, 2012 WL 3241260, at *19 (E.D.N.Y. Aug. 7, 2012) ("Plaintiffs appear to concede Defendants' arguments, as they fail to acknowledge or contest them").  Where

---

[1] Since Defendants were served, the parties have addressed pleading issues directed to the Complaint and the Amended Complaint.  Volvo reserves the right to present additional arguments against certification at a later time, if necessary.

Plaintiffs do offer a response, as explained below, they often rely on inapposite cases and legal misinterpretations or mischaracterizations.

Defendants' motion is straightforward—the Court should deny class certification and dismiss or strike the class allegations for three reasons that no amount of discovery will change:  (1) Pennsylvania law cannot constitutionally be applied nationwide, and variations in applicable law preclude a finding of predominance or manageability under Rule 23; (2) Plaintiffs are neither typical nor adequate representatives because they are subject to unique defenses; and (3) Plaintiffs cannot adequately represent the interests of those class members who have not suffered an injury due to the alleged misrepresentation.  Plaintiffs' opposition provides no persuasive reason for permitting discovery or deferring the question of certification because the Amended Complaint itself demonstrates that Plaintiffs cannot meet the requirements for a class action.  *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008).

## ARGUMENT

I.     **IT IS APPARENT FROM THE AMENDED COMPLAINT THAT A CLASS CANNOT BE CERTIFIED.**

   A.     **A Motion to Deny Class Certification and Dismiss or Strike Class Allegations Is Proper Where the Complaint Reveals that the Proposed Class Cannot Be Certified.**

Volvo's opening brief showed that its bases for seeking to eliminate the class allegations from this case do not require discovery or further development of

any kind—the arguments depend solely on application of settled legal principles to the allegations of the Amended Complaint. (ECF No. 19, at 16-36.) Plaintiffs have not attempted to explain what discovery would be needed or how it might affect the Court's ruling on the issue of certification. Instead, they make the blanket claim that the Third Circuit denies such motions as premature prior to discovery. (ECF No. 25, at 9-12.) Plaintiffs rely on *Drake v. Hyundai Rotem USA, Corp.*, 2013 U.S. Dist. LEXIS 122393, at *16-17 (E.D. Pa. Aug. 28, 2013), and *Neale v. Volvo Cars of N. Am., LLC*, 2011 U.S. Dist. LEXIS 39154, at *8-9 (D.N.J. Apr. 11, 2011), as support, but those cases stand only for the unremarkable proposition that there are some circumstances in which a motion to strike is premature because further factual development is needed. *Drake*, 2013 U.S. Dist. LEXIS 122393, at *17; *Neale*, 2011 U.S. Dist. LEXIS 39154, at *8. The two cases are inapposite here, because discovery is not needed to adjudicate the issues presented by Volvo's motion.

As the Supreme Court has noted, "[s]ometimes the issues are plain enough from the pleadings to determine whether" certification is proper. *Falcon*, 457 U.S. at 160; *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3rd Cir. 2011) (in some cases "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met"). It is not uncommon for Pennsylvania federal courts to deny, dismiss or strike class allegations where,

as here, "'it is clear from the complaint itself that the requirements for maintaining a class action cannot be met.'"  *Semenko v. Wendy's Int'l, Inc.*, 2013 WL 1568407, at *3 (W.D. Pa. Apr. 12, 2013) (citations omitted); *Brennan v. Rite Aid Corp.*, 263 F.R.D. 176, 177 (E.D. Pa. 2009); *Woodard*, 250 F.R.D. at 182; *Thompson v. Merck & Co.*, 2004 WL 62710, at *2 (E.D. Pa. Jan. 6, 2004).[2]

Plaintiffs do not explain what discovery is needed or why.  The issue of whether Pennsylvania law can apply to the claims of those who purchased vehicles outside of Pennsylvania does not depend on discovery.  Nor is additional factual development needed on the issue of whether Plaintiffs' accident and personal injuries render them atypical and inadequate class representatives—all essential facts are pleaded affirmatively in the Amended Complaint.  Finally, the issue of whether Volvo owners who suffered no legally cognizable injury may be included in the proposed class is not a factual, but a legal, issue.  Under these circumstances, there is no reason to delay consideration of Defendants' motion.  *See generally Ladik v. Wal-Mart Stores, Inc.*, 291 F.R.D. 263, 273 (W.D. Wis. 2013) ("Particularly because plaintiffs do not explain how discovery could make a

---

[2] Since Plaintiffs rely extensively on cases from New Jersey federal courts, it should be noted that those courts also deny, dismiss or strike class allegations where it is clear from the complaint itself that the requirements for maintaining a class action cannot be met.  *See, e.g., Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 283-84 (D.N.J 2011); *Ardino v. Lyons, Doughty & Veldhuis, P.C.*, 2011 WL 6257170, at *14-15 (D.N.J. Dec. 14, 2011); *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887, at *4-5 (D.N.J. July 23, 2008); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 & 223-24 (D.N.J. 2003); *Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398, 405-06 (D.N.J. 1999).

difference to the issue of certification in this case, I see no reason to delay the inevitable"); *see also Semenko*, 2013 WL 1568407, at *3 ("the issues in this particular case 'are clear and discovery on class certification is unnecessary'") (citation omitted); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming court's striking of class allegations because no amount of discovery "would alter the central defect in this class claim").[3]

### B.   The Court Should Deny Class Certification and Dismiss or Strike the Class Allegations Because Variations in Applicable Law Preclude a Finding of Predominance or Manageability.

#### 1.   The United States Constitution Prohibits Applying Pennsylvania Law to the Claims of Proposed Class Members Outside of Pennsylvania.

Plaintiffs allege that Pennsylvania law should be applied nationwide, but they argue that a court should not address choice-of-law issues "until after class certification."  (ECF No. 25, at 19-21.)  Deferring choice-of-law analysis until "after certification" is contrary to class action jurisprudence everywhere and would violate the Supreme Court's holding in *Comcast v. Behrend*, 133 S. Ct. 1426, 1432-33 (2013), and the Third Circuit's holding in *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3rd Cir. 2008).  In any event, this Court does

---

[3] Plaintiffs also contend that "there should not be a 12(b)(6) inquiry as to every claim before a class may be certified," but never explain how this proposition, even if correct, is relevant to their argument that Volvo's motion is premature.  (ECF No. 25, at 9 (citing *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 306 (3rd Cir. 2011).)  Defendants did not move to dismiss any absent class member's substantive claim, and *Sullivan* did not address a motion to deny, strike or dismiss class allegations based on the allegations of a complaint.

not need to perform a choice-of-law analysis if, as Volvo contends, the Constitution precludes the application of Pennsylvania law to vehicle transactions outside the Commonwealth involving residents of other states. The constitutional prohibition ends the analysis. And by offering no argument in opposition, Plaintiffs effectively concede that nationwide application of Pennsylvania law is impermissible. This means that the claims of proposed class members necessarily will be governed by multiple states' laws. Such a conclusion is not only mandated by the Constitution, it also is consistent with choice-of-law jurisprudence from around the country. (*See* ECF No. 19, at 20-28.)

2. <u>Variations in Applicable Law Preclude Rule 23 Predominance or Manageability.</u>

Plaintiffs rely on *Sullivan v. DB Invs., Inc.*, 667 F.3d 273 (3rd Cir. 2011) (en banc), to argue that variations in the laws of the 50 states do not defeat predominance or manageability, but they ignore the critical fact that *Sullivan* was a settlement class in which no trial would ever occur.

> Because we are presented with a settlement class certification, "we are not as concerned with formulating some prediction as to how [variances in state law] would play out at trial, for the proposal is that there be no trial." As such, we simply need not inquire whether the varying state treatments of indirect purchaser damage claims at issue would present the type of "insuperable obstacles" or "intractable management problems" pertinent to certification of a litigation class. The proposed settlement here obviates the difficulties inherent in proving the elements of varied claims at trial or in

> instructing a jury on varied state laws, and "the
> difference is key."

667 F.3d at 303-04 (citations and footnote omitted); *id.* at 297 ("concerns

regarding variations in state law largely dissipate when a court is considering the

certification of a settlement class"); *accord In re Warfarin Sodium Antitrust Litig.*,

391 F.3d 516, 529 (3rd Cir. 2004); *see also In re Budeprion XL Mktg & Sales

Litig.*, 2012 WL 2527021, at *8 (E.D. Pa. July 2, 2012) (*Sullivan* held that

variations in state consumer protection laws were irrelevant in a settlement class);

*In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II)*, 2012 WL 379944, at

*6 n.2 (D.N.J. Feb. 6, 2012) (*Sullivan* "is distinguishable because it relates to

settlement certification and not litigation class certification").

Plaintiffs next argue that predominance and manageability are met because

"'each state's consumer fraud and deceptive practices law are **substantially**

**interchangeable**.'"  (ECF No. 25, at 20 (emphasis original) (misquoting *Gonzalez

v. Owens Corning Sales, LLC*, 2013 U.S. Dist. LEXIS 138676, at *15 (W.D. Pa.

Sept. 27, 2013).)  *Gonzales*, however, did not address Rule 23(a)'s predominance

or manageability requirements; instead, the court adjudicated a motion to

consolidate.  *Id.* at *4.  More importantly, and ignoring that Plaintiffs misquoted

the *Gonzalez* Court, it noted only that the plaintiff had *pleaded* in one of the cases

that the consumer protection act claims were "substantively interchangeable."

> To this exact point, Boehm's own pleadings in the
> California district court acknowledge that California's
> consumer protection statutes are essentially
> interchangeable with other state's consumer protection
> statutes ... This language demonstrates that Boehm
> recognized that each state's consumer fraud and
> deceptive trade practices statutes are substantively
> interchangeable.

*Id.* at *14-15.  Volvo made a detailed showing in its opening brief of the numerous

variations in the law applicable to each claim, including Plaintiffs' UTPCPL claim.

(ECF No. 19, at 20-28.)  Volvo's showing is in accord with the overwhelming

weight of authority on the issue.  "State consumer protection acts vary on a range

of fundamental issues."  *Lyon v. Caterpillar, Inc.*, 194 F.R.D. 206, 219 (E.D. Pa.

2000); *accord Karnuth v. Rodale, Inc.*, 2005 WL 1683605, at *4 (E.D. Pa. July 18,

2005).  Plaintiffs' conclusory assertions, confused arguments, and erroneous

quotations do not rebut Volvo's showing or the overwhelming weight of contrary

authority.

Plaintiffs' final argument is that the Court should deny the motion because it

"may be useful to divide the class into subclasses after discovery."  (ECF No. 25,

at 20 (citing *Neale v. Volvo Cars of N. Am., LLC*, 2013 U.S. Dist. LEXIS 43235, at

*22 (D.N.J. Mar. 26, 2011).)  This argument fails for two reasons.  First, unlike

this case, in *Neale* there was a named plaintiff who purchased a vehicle in the state

for each proposed statewide class.  Here, Plaintiffs purchased their vehicle in

Pennsylvania, so they cannot represent a subclass consisting of purchasers in other

states whose claims are governed by other states' laws.  *Falcon*, 457 U.S. at 156

("We have repeatedly held that 'a class representative must be part of the class'")

(citations omitted); *Martin v. Ford Motor Co.*, -- F.R.D. --, 2013 WL 3328231, at

*14-15 (E.D. Pa. July 2, 2013) (holding that a plaintiff who resides in Pennsylvania

cannot meet typicality or adequacy requirement for subclasses that do not include

Pennsylvania residents); *Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617,

627 (S.D. Fla. 2008) (plaintiff cannot represent class members who purchased

product in other states).  Second, even if there were class representatives for each

state, this would not resolve the manageability problems inherent in a trial

involving jury instructions for a multiplicity of states and claims.  *See*, *e.g.*,

*Carpenter v. BMW of N. Am., Inc.*, 1999 WL 415390, at *5-6 (E.D. Pa. June 21,

1999) (denying certification of proposed subclasses because the court could not

meaningfully instruct a jury with various claims under each state's laws); *see also*

*In re School Asbestos Litig.*, 789 F.2d 996, 1010 n.11 (3rd Cir. 1986) (noting that

"there will be a point at which the sheer magnitude of the task of construing the

various laws will compel a court not to certify the multistate class") (citation

omitted).

    The Court should grant Defendants' motion because Plaintiffs have failed to

rebut Defendants' showing that their proposed nationwide class cannot meet

Rule 23's predominance and manageability requirements.[4]  *Powers v. Lycoming Engines*, 272 F.R.D. 414, 427-30 (E.D. Pa. 2011); *Karnuth*, 2005 WL 1683605, at *4-5; *Lyon*, 194 F.R.D. at 220-23; *Carpenter*, 1999 W L 415390, at *2-7.

**C.**  **The Court Should Deny Class Certification and Dismiss or Strike the Class Allegations Because the Amended Complaint Shows that Plaintiffs Are Neither Typical Nor Adequate Representatives.**

1.  Plaintiffs Are Neither Typical Nor Adequate Representatives Because They Face Unique Defenses.

Defendants showed in their opening brief that Plaintiffs face unique defenses.  (ECF No. 19, at 29-33.)  These include (1) issues concerning the representation that Plaintiffs allegedly saw, (2) their status as purchasers of a 12-year old used vehicle, and (3) the accident and fatal injury to their child.  Plaintiffs again fail respond to Volvo's argument and, by doing so, effectively concede it.  These unique defenses likely will become the focus of any trial and preclude a

---

[4] Plaintiffs also argue that "where an automobile is alleged to have a uniform defect, predominance is found almost automatically under this principle."  (ECF No. 25, at 19.)  That is not the law in the Third Circuit.  *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 604 (3rd Cir. 2012) ("federal courts have also recognized that suits alleging defects 'involving motor vehicles often involve complicated issues of individual causation that predominate over common questions regarding the existence of a defect'") (citations omitted).  Recent opinions denying certification for a lack of factual predominance in cases "where an automobile is alleged to have a uniform defect" illustrate that Plaintiffs are mistaken.  *See, e.g.*, *Martin*, 2013 WL 3328231, at *24 (denying class certification in consumer fraud case involving common axle defect in vehicles because factual predominance requirement was not met); *In re E-350 (No. II)*, 2012 WL 379944, at *1 (denying certification of separate statewide classes on multiple claims for eight states where plaintiffs alleged that all vehicles had a common rollover defect).  Plaintiffs also ignore that "numerous courts have not certified, or have decertified, classes pursuing UTPCPL claims because the justifiable reliance requirement renders individual issues predominant over issues common to the class."  *Stoneback v. ArtsQuest*, 2013 WL 3090714, at *17 (E.D. Pa. June 20, 2013).  It is not correct that alleging a common defect in an automobile somehow negates the requirement that Plaintiffs show predominance of common legal issues.

finding that Plaintiffs are typical or adequate class representatives.

The misrepresentation Plaintiffs allegedly saw is depicted in ¶ 11 of the Amended Complaint.  It is a diagram that allegedly came with Plaintiffs' 1997 Volvo 850 vehicle, but the diagram actually depicts the Side Impact Protection System in a Volvo 900 Series vehicle—*not* a Volvo 850 vehicle.  (ECF No. 32, at 6-7.)  Plaintiffs' counsel personally redacted the diagram to eliminate the language identifying it as a Volvo 900 Series vehicle when he inserted it into the Amended Complaint.  (*Id.*)  Leaving for another day the issue of whether counsel who submitted an altered and intentionally misleading document to the Court as support for his pleaded claims is adequate under Rule 23, if Plaintiffs actually saw and relied on the original diagram before purchasing their vehicle, the actual document they saw was not redacted, and it specifically identified itself as a diagram for a different Volvo vehicle.  These are unique facts giving rise to a unique defense to Plaintiffs' consumer protection claim that renders them atypical and inadequate.

Plaintiffs' only response to Volvo's explanation that—as purchasers of a 12-year old used vehicle from a private party unconnected to Volvo—they are subject to unique defenses on their unjust enrichment and breach of implied covenant claims is to characterize Volvo's argument as "smoke and mirrors."  (ECF No. 25, at 14.)  Plaintiffs again concede the point by making no substantive response.

Plaintiffs deflect the issues related to the accident and their child's fatal injury by noting that this is not a personal injury case.  (ECF No. 25, at 7 & 14.) Although true, it misses the point.  Plaintiffs' unique facts necessarily must stand as proof for all, or nearly all, class members, the vast majority of whom never experienced an accident in which the alleged lack of a rear door bar mattered.  That Plaintiffs will inject the death of their child and the vehicle accident into any trial is illustrated by their briefing on the current motions.  In opposition to Volvo Car UK Limited's motion to dismiss for lack of personal jurisdiction, for example, Plaintiffs' implore the Court to find personal jurisdiction because the Volvo 850 purportedly "kill[ed] a child."  (ECF No. 24, at 2; *see also id.* at 5 ("Outrageously, VCC has now known for years that its deceptive advertising killed children ... ")  It is inevitable that the crashworthiness of the Volvo 850 in the context of this particular accident, Ana Webb's admitted comparative fault, and the death of Plaintiffs' child, among other issues, would dominate any class trial.

Plaintiffs next argue that "[m]any classes have been certified in which *some members of the proposed class have suffered personal injuries* because of a product defect while others have not 'where an automobile component suffers from a design defect that is uniform in a number of vehicles.'"  (ECF No. 25, at 14 (quoting *Neale*, 2013 U.S. Dist. LEXIS 43235, at *13-14 (emphasis added).) *Neale* is inapposite, however, because there were no allegations that the named

plaintiffs (or any other person) experienced an accident or personal injury caused by the allegedly defective vehicle component. *Id.* at *3-8. Even further, Plaintiffs' argument is contrary to the weight of authority again, which holds that personal injury cases generally are inappropriate for certification because of the crucial individual issue of causation. *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 627 (3rd Cir. 1996), *aff'd*, 521 U.S. 591 (1997); *Brown v. Se. Pa. Transp. Auth.*, 1987 WL 9273, at *10-11 (E.D. Pa. Apr. 9, 1987); *Delaney v. Borden, Inc.*, 99 F.R.D. 44, 44 (E.D. Pa. 1983); *accord, e.g.*, *In re Agent Orange Prods. Liab. Litig.*, MDL No. 381, 818 F.2d 145, 165 (2d Cir. 1987).

Finally, Plaintiffs argue that unique defenses "have nothing to do with adequacy." (ECF No. 25, at 16.) That is an incorrect statement in the Third Circuit, where "[a] proposed class representative is neither typical *nor adequate* if the representative is subject to a unique defense that is likely to become a major focus of the litigation." *Beck v. Maximus, Inc.*, 457 F.3d 291, 301 (3rd Cir. 2006) emphasis added); *accord In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 602 (3rd Cir. 2009).

> 2. <u>Plaintiffs Are Not Typical or Adequate Representatives Because They Cannot Show that All Class Members Suffered the Same Injury Caused by the Challenged Practice.</u>

As explained in our opening brief (ECF No. 19, at 32-36), a plaintiff who purportedly suffered an injury cannot represent a class that includes many

members who did not suffer injury or damages.  *See, e.g., Georgine*, 83 F.3d at

632; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594-95 (1997).  Plaintiffs

have not offered any legal authority establishing that proposed class members who

did not justifiably rely on the alleged misrepresentation to purchase their Volvo

850 vehicles and/or whose vehicles performed satisfactorily for their entire period

of vehicle ownership were injured or damaged in any way.  Plaintiffs are not

typical and cannot adequately represent the interests of those class members who

have not suffered any injury due to the alleged misrepresentation.  *See, e.g., Allen-*

*Wright v. Allstate Ins. Co.*, 2008 WL 5336701, at *4 (E.D. Pa. Dec. 17, 2008)

(plaintiffs are not typical because their alleged injury differed from class members

who may have suffered no injury); *Wall v. Sunoco, Inc.*, 211 F.R.D. 272,

280 (M.D. Pa. 2002) ("a presently injured plaintiff has a conflict of interest with

regard to a class of uninjured" individuals); *accord Bostick v. St. Jude Med.,*

*Inc.*, 2004 WL 3313614, at *15 (W.D. Tenn. Aug. 17, 2004) *In re Baycol Prods.*

*Litig.,* 218 F.R.D. 197, 210-11 (D. Minn. 2003).

## CONCLUSION

For these reasons, the Court should deny class certification and dismiss

and/or strike the class allegations from Plaintiffs' Amended Complaint.

Dated:  November 7, 2013          Respectfully submitted,


By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
**BRYAN CAVE LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020
pwherzog@bryancave.com

Richard B. Wickersham, Jr.
**POST & SCHELL, P.C.**
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone:  (215) 587-6612
Fax:  (215) 320-4875
rwickersham@postschell.com

Attorneys for Volvo Cars of North America, LLC
and Volvo Car Corporation


## Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on November 7, 2013 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.


By: */s/ Peter W. Herzog III*