IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>　　　　　　Defendants. | Civil Action No. 13-CV-2394-MMB |

**REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT
PURSUANT TO FED R. CIV. P. 12(e) AS TO ALL COUNTS OF
PLAINTIFFS' AMENDED COMPLAINT AND, ALTERNATIVELY,
TO DISMISS COUNTS I AND II PURSUANT TO FED. R. CIV. P. 9(b)**

Defendants, Volvo Cars of North America, LLC ("VCNA") and Volvo Car Corporation ("VCC") (collectively "Volvo" or "Defendants"), submit this reply in support of their motion for a more definite statement of all counts of the Amended Complaint or for dismissal of Counts I and II pursuant to Fed. R. Civ. P. 9(b).

## INTRODUCTION

Instead of addressing the key issues in Volvo's motion, Plaintiffs' opposition largely regurgitates the allegations of the Amended Complaint and exacerbates a recurring problem by republishing and then relying on a misleading diagram that Plaintiffs' counsel personally altered before inserting into the

Amended Complaint.  Volvo obviously has a general understanding of the allegations of Plaintiffs' Amended Complaint.  What it lacks, however, and what appears to have been intentionally omitted, is sufficient precision in the allegations to understand the legal basis for the claims alleged.  Only by requiring the Plaintiffs to make this clear can Volvo decide upon an appropriate response.

As explained in more detail below, the key issues presented by Volvo's request for a more definite statement are: (1) which Volvo entity allegedly misrepresented that the 1997 Volvo 850 was equipped with door bars in the rear doors and when, where, and how did Plaintiffs allegedly become aware of the representation in connection with a used car purchase that occurred in 2009; (2) what benefit did Plaintiffs allegedly confer on which Volvo entity when they purchased a 12-year old used Volvo from a private party with no connection to Volvo; and (3) what are the terms of the contract that Volvo was not a party to but purportedly breached.  These are straightforward issues that deserve straightforward answers and that will allow Volvo to frame an appropriate responsive pleading.

# ARGUMENT

## I. COUNTS I-IV SHOULD BE REPLEADED WITH THE REQUISITE SPECIFICITY PURSUANT TO RULE 12(e).

### A. Count I Does Not Plead Facts Sufficient to Allow Defendants to Respond to Plaintiffs' UTPCPL Claim.

In order for Defendants to respond to Plaintiffs' UTPCPL claim (Count I), Defendants need to know, at a minimum, what material contained the alleged misrepresentation, which Defendant(s) allegedly supplied it, and when and how Plaintiffs became aware of and relied on it. *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3rd Cir. 2008); *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3rd Cir. 2012). In response, Plaintiffs cite ¶ 8 of the Amended Complaint, which contains an amorphous allegation that Plaintiffs relied upon "Volvo advertising and marketing of its purported vehicle safety and its SIPS." (ECF No. 23, at 10.) But paragraph 8 does not identify which *specific* advertisements Plaintiffs allegedly relied on. Nor does it allege that Plaintiffs saw and relied upon those advertisements *prior* to purchase.

This is not some hypertechnical pleading issue—where and how would Plaintiffs have encountered in 2009 Volvo advertising for a vehicle that had been manufactured and sold 12 years earlier? If Plaintiffs are unable to allege truthfully that they saw such a misrepresentation and relied on it before purchasing the vehicle at issue, then the allegations are insufficient to state a claim

3

under the UTPCPL.  Plaintiffs should not be allowed to avoid such a challenge by vague allegations that they relied on Volvo's advertising generally.  Plaintiffs should be ordered to replead Count I with the required specificity.  *See*, *e.g.*, *Mixing & Mass Transfer Techs., L.L.C. v. Lightnin, Inc.*, 2006 WL 140414, at * 3 (M.D. Pa. Jan. 18, 2006); *Bailey v. Nationwide Affinity Ins. Co.*, 2010 WL 3167544, at *6 (W.D. Pa. Aug. 10, 2010).

> **B.      Count II Fails to Plead Facts Showing that Defendants Were Unjustly Enriched by Plaintiffs' Purchase of a Used Volvo 850 from a Third Party.**

The parties do not dispute that under Pennsylvania law, a claim for unjust enrichment (Count II) must allege the following elements: "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." (ECF No. 23, at 12; *see also Giordano v. Glaudio*, 714 F. Supp. 2d 508, 530 (E.D. Pa. 2010) (quotation omitted).)

Plaintiffs defend the sufficiency of their allegations by repeating them, (ECF No. 23, at 12), but they still have not identified what benefit was conferred on which Volvo defendant by their secondhand purchase of a 12-year old Volvo vehicle.  Plaintiffs do not allege that they purchased their vehicle directly from Volvo or from a Volvo dealer.  If, as it appears, Plaintiffs' contention is that any

4

used car purchase confers a benefit on the manufacturer and/or distributor sufficient to state a claim for unjust enrichment, they should be required to allege clearly what benefit which Defendant(s) allegedly received. *See*, *e.g.*, *Deron v. SG Printing, Inc.*, 2012 WL 1902577, at *6 (M.D. Pa. May 25, 2012); *D.A. Hill Co. v. Clevetrust Realty Investors*, 573 A.2d 1005, 1010 (Pa. 1990).

    **C.**    **Count III Should Be Repleaded Because It Fails to Allege the Existence of a Contract Between Plaintiffs and Defendants Necessary to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing.**

Plaintiffs' third cause of action alleges that the collective Volvo breached an implied covenant of good faith and fair dealing. Plaintiffs do not dispute that, to sustain their claim, they "must properly plead the elements of a claim of breach of contract." *Sheinman Provisions, Inc. v. Nat'l Deli, LLC*, 2008 WL 2758029, at *3 (E.D. Pa. July 15, 2008); *see also Long v. Valley Forge Military Acad. Found.*, 2008 WL 5157508, at *9 (E.D. Pa. Dec. 8, 2008); *Se. Pa. Transp. Auth. v. Holmes*, 835 A.2d 851, 859 (Pa. Commw. Ct. 2003). Plaintiffs claim that they have satisfied the pleading requirements because they have alleged that "[e]ach contract of sale and lease agreement entered by Plaintiffs ... for the purchase and lease of the Class Vehicles contains an implied term requiring Defendants to adhere to a duty of good faith and fair dealing." (ECF No. 23, at 13.) They further claim that "it is pleaded and must be accepted as true that a contractual relationship existed between plaintiffs and defendants." (*Id*.)

As noted, however, the Amended Complaint does not allege that Plaintiffs purchased the vehicle from Volvo or from a Volvo dealer.  The purchase and sale of a used Volvo vehicle between two private parties would not, and did not, include any Volvo entity.  Volvo knows from the other lawsuit that Plaintiffs filed that they bought the vehicle from a private party unconnected to Volvo in any way.  And Plaintiffs know that Volvo knows that they bought the vehicle from someone who has no connection to any of the Volvo Defendants.  Plaintiffs also know that if they included factual allegations that demonstrated the absence of a contract between Plaintiffs and Volvo, their claim for breach of contract against Volvo would be subject to dismissal under Rule 12(b)(6).  Plaintiffs should not be allowed to hide behind general allegations that they know are inapplicable to them in an effort to avoid a motion to dismiss for failure to state a claim.  Defendants are entitled to a more definite statement of the purported contract on which Count III is based.  *Sheinman Provisions, Inc.*, 2008 WL 2758029, at *3; *Long*, 2008 WL 5157508, at *9; *Se. Pa. Transp. Auth.*, 835 A.2d at 859.

### D. Plaintiffs' Concession that Their Request for Injunctive Relief Is a Remedy and Not a Separate Cause of Action Mandates that It Be Repleaded.

With respect to Count IV ("Injunctive Relief"), Plaintiffs concede that they "have not requested 'injunctive relief' as a separate cause of action" and that they "clearly demand injunctive relief as a remedy ... " (ECF No. 23, at 14.)

4197849.1

Accordingly, by Plaintiffs' own concession, Defendants cannot respond to this separate count because it is not a stand-alone cause of action.  Thus, Plaintiffs should be ordered to replead this remedy as part of the relief they seek, not as a separate cause of action.  *Rymal v. Bank of Am.*, 2011 WL 6100979, at *12 (D. Haw. Dec. 6, 2011); *accord In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, 2013 WL 1282223, at *10 (D.S.C. Mar. 27, 2013) (same); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010); *Diamond Phoenix Corp. v. Small*, 2005 WL 1530264, at *4 (D. Me. June 28, 2005).

## II. ALTERNATIVELY, COUNTS I AND II SHOULD BE DISMISSED AND REPLEADED WITH SPECIFICITY BECAUSE THEY WERE NOT PLEADED IN ACCORDANCE WITH RULE 9(b)'S HEIGHTENED PLEADING REQUIREMENTS.

### A. Rule 9(b) Applies to Plaintiffs' UTPCPL and Unjust Enrichment Claims.

Plaintiffs seek to skirt the pleading requirements of Rule 9(b), claiming that it does not apply here.  Plaintiffs are wrong.  Rule 9(b) applies to the allegations in Count I and II of Plaintiffs' Amended Complaint because they have pleaded that Defendants engaged in fraudulent conduct, and the gravamen of their Amended Complaint sounds in fraud.  While Defendants acknowledge that some courts in this District have held that Rule 9(b) does not apply to a UTPCPL claim where there are allegations of deception, that is not true where the gravamen of the

allegations sound in fraud.  *See*, *e.g.*, *Kushnir v. Aviva Life & Annuity Co.*, 2013 WL 4479196, at *4-6 (E.D. Pa. Aug. 22, 2013) (applying Rule 9(b)'s heightened pleading standards and dismissing UTPCPL claim where the gravamen of plaintiffs' claims were fraud-based misrepresentation claims); *In re Balko*, 348 B.R. 684, 696-97 (Bkrtcy. W.D. Pa. 2006) (applying Rule 9(b) standards to UTPCPL claim where allegations were fraud-based); *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270-72 (3rd Cir. 2006) (holding that causes of action sounding in fraud are subject to Rule 9(b)'s heightened pleading requirements).

Here, Plaintiffs plead that Defendants violated the UTPCPL's catchall provision, which includes fraudulent conduct.  *See* ECF No. 12 at 29, ¶ 8 (xxi). The Amended Complaint repeatedly alleges that Defendants falsely advertised and marketed the Volvo 850.  (*Id.* at ¶¶ 7-9, 11.)  The only fair reading of Plaintiffs' Amended Complaint is that Defendants allegedly fraudulently misrepresented that the 1997 Volvo 850 contained steel door bars in the rear doors, when it did not. Accordingly, based on the allegations of the Amended Complaint, Rule 9(b)'s heightened pleading requirements should apply to Plaintiffs' UTPCPL and unjust enrichment claims.  *Kushnir*, 2013 WL 4479196 at *4-6; *In re Balko*, 348 B.R. at 696-97; *In re Suprema Specialties, Inc.*, 438 F.3d at 270-72.

### B. Plaintiffs' UTPCPL and Unjust Enrichment Claims Fail to Satisfy 9(b) Requirements.

Plaintiffs claim that if Rule 9(b) applies, the Third Circuit rejects a strict

8

application of 9(b).  (ECF No. 23, at 18.)  Not so.  The Third Circuit follows the letter of the rule and requires "at a minimum, that plaintiffs support their allegations of [fraud] with all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue."  *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3rd Cir. 2002) (citation omitted); *see also Frederico v. Home Depot*, 507 F.3d 188, 200 (3rd Cir. 2007) ("the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation").

As described above, Plaintiffs have not identified any advertisement or marketing materials that they received, read, considered, and relied upon *prior to their vehicle purchase* that stated that the Volvo 850 had rear door beams and that would constitute fraud on the part of Defendants.  Nor have they alleged who published the alleged misrepresentation, when it was published, and how, where and when the misrepresentation was communicated to them.  Rule 9(b) requires such specificity.  *See, e.g.*, *Kee v. Zimmer, Inc.*, 871 F. Supp. 2d 405, 412-13 (E.D. Pa. 2012); *Thomas v. Chase Bank*, 2010 WL 1948266, at *2 (E.D. Pa. May 14, 2010); *Frederico*, 507 F.3d at 202-03; *Lum v. Bank of Am.*, 361 F.3d 217, 225 (3rd Cir. 2004).  Accordingly and alternatively, Counts I and II should be dismissed under Fed. R. Civ. P. 9(b).

## CONCLUSION

WHEREFORE, Defendants VCNA and VCC respectfully request that this Court order Plaintiffs to file a more definite statement of the claims alleged in Counts I-IV.  Alternatively, as to Counts I and II, VCNA and VCC respectfully request that this Court dismiss those counts for failure to plead the claim with particularity as required by Fed. R. Civ. P. 9(b).

Dated:  November 7, 2013            Respectfully submitted,

By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
**BRYAN CAVE LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020
pwherzog@bryancave.com

Richard B. Wickersham, Jr.
**POST & SCHELL, P.C.**
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone:  (215) 587-6612
Fax:  (215) 320-4875
rwickersham@postschell.com

Attorneys for Volvo Cars of North America, LLC and Volvo Car Corporation

## **Certificate of Service**

I, Peter W. Herzog III, certify that the foregoing was electronically filed on November 7, 2013 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

By: */s/ Peter W. Herzog III*