IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB, et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>               Defendants. | Civil Action No. 13-CV-2394-MMB |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS**

Defendants, Volvo Cars of North America, LLC ("VCNA") and Volvo Car Corporation ("VCC"), have moved for Rule 11 sanctions against Plaintiffs' counsel for inserting a misleadingly altered document into the Amended Complaint as purported factual support for its allegations. Counsel's opposition, which offers three justifications for his conduct, only serves to confirm that sanctions and disciplinary referral are appropriate.

First, counsel says the altered document adds "context and clarity to Plaintiffs' Complaint" and that it is "almost impossible" for anyone to look at the image and conclude that Plaintiffs tried to pass it off as an official Volvo advertisement. (ECF No. 37, at 3-4.) There is nothing in the Amended Complaint, however, that alerts the reader that the document has been altered to eliminate

language that specifically identified the Side Impact Protection System ("SIPS") pictured as the system in 900 Series Volvo vehicles.  Nor is there any suggestion anywhere that the image is being offered for "context and clarity," a claim that is inconsistent with labeling it a "FALSE ADVERTISEMENT."  Defendants contend that a reasonable person reading ¶ 11 of the Amended Complaint would conclude that Mr. Malofiy redacted the words "900 Series Side Impact Protection System" not for context or clarity but to mislead the reader into believing that the Volvo 850 had been advertised as containing rear door bars.  Indeed, when the textual allegations are combined with the image, Defendants submit it is "almost impossible" to come to any other conclusion.  Paragraph 11 not only specifically labels the image a "FALSE ADVERTISEMENT," but it also alleges that Volvo issued "press releases, advertisements and pictures" of the Volvo 850 SIPS "**with door bars in the rear doors**" and that the "SIPS system in the rear doors of the Volvo 850 was a fallacy, a creative myth, an advertised safety feature which **did not exist**." (ECF No. 12, at ¶ 11 (all emphasis original).)  Mr. Malofiy knows that the SIPS system pictured is of a 900 Series Volvo, not the 850 Volvo at issue in the case, but there is nothing in the four corners of the Amended Complaint that would allow anyone else—including the Court—to come to that conclusion.

Second, counsel argues that Defendants' motion is "frivolous" because the "image **is an exhibit in a state court case**."  (ECF No. 37, at 3-4 (emphasis

2

original).) The argument is both nonsensical and a non-sequitur. The fact that counsel marked his personally altered document as an exhibit to a deposition is of no consequence. Any piece of paper can be marked as a deposition exhibit, but that does not make it evidence or justify its use in any other pleading or proceeding. The redacted, altered, and self-described "FALSE ADVERTISEMENT" was neither offered nor admitted into evidence in the state court case, where the jury recently returned a dispositive verdict for Defendants, finding no defect in the 1997 Volvo 850 with no rear door bars. (*See* Exhibit A hereto.) The exhibit sticker that Mr. Malofiy asked the court reporter to put on his document in the state court action does not excuse his conduct in this Court.

Third, Mr. Malofiy defends his own conduct by attacking Defendants and their counsel and thus continuing a pattern in this case and elsewhere that is out of place and unprofessional. Like his other pleadings, Mr. Malofiy's opposition memorandum is littered with personal attacks and arguments that go far beyond zealous advocacy. He says Mr. Werberg's testimony that the diagram depicts a 900 Series Side Impact Protection System "shows that Mr. Werberg is a corporate designee willing to say whatever is most convenient for his company." (ECF No. 37, at 7.) And he accuses Mr. Wickersham of "open collusion" with other lawyers who also have sought Rule 11 sanctions for Mr. Malofiy's conduct in another pending federal court action. His "significant evidence" of that collusion consists

3

of Mr. Wickersham shaking hands with the other lawyers, who introduced themselves to him in the courtroom. (*Id.* at 9.) According to Mr. Malofiy, this shows that Defendants' motion "was clearly filed for an improper purpose" to "increase Mr. Malofiy's workload during trial." Mr. Malofiy could have avoided the motion in its entirety simply by removing the offending image from the Amended Complaint. He also could have requested an extension of time to respond to the motion if he needed it. His failure to do either is no excuse for unsupported personal attacks on opposing counsel.

Plaintiffs' opposition both establishes and continues the conduct for which Mr. Malofiy should be sanctioned. He inserted into the Amended Complaint a document he personally altered and then labeled a "FALSE ADVERTISEMENT." Nowhere in his *post-hoc* justifications does he offer any explanation for eliminating the caption "900 Series Side Impact Protection System" from the photograph in the original document. And instead of acknowledging any impropriety in doing so, or removing the offending diagram from the Amended Complaint as he was requested to do before this motion was filed, he calls Mr. Werberg a liar, accuses Mr. Wickersham of collusion, and characterizes the motion he necessitated "a litigation tactic" that "was clearly filed for an improper purpose." Mr. Malofiy's conduct warrants sanctions and a referral to appropriate disciplinary authorities.

Dated:  November 26, 2013	Respectfully submitted,


                                     By: */s/ Peter W. Herzog III*
                                     Peter W. Herzog III (pro hac vice)
                                     **BRYAN CAVE LLP**
                                     211 N. Broadway, Suite 3600
                                     St. Louis, MO 63102
                                     Phone: (314) 259-2000
                                     Fax: (314) 259-2020
                                     pwherzog@bryancave.com

                                     Richard B. Wickersham, Jr.
                                     **POST & SCHELL, P.C.**
                                     Four Penn Center, 13th Floor
                                     1600 John F. Kennedy Blvd.
                                     Philadelphia, PA 19103
                                     Phone:  (215) 587-6612
                                     Fax:  (215) 320-4875
                                     rwickersham@postschell.com

                                     Attorneys for Volvo Cars of North America, LLC and Volvo Car Corporation


## Certificate of Service

    I, Peter W. Herzog III, certify that the foregoing was electronically filed on November 26, 2013 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.


                                     By: */s/ Peter W. Herzog III*