UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB AND ANA WEBB<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>v.<br><br>VOLVO CARS OF N.A., LLC<br>  and<br>VOLVO CAR CORPORATION<br>  and<br>VOLVO CAR UK LIMITED<br>  and<br>VOLVO CARS OF N.A., INC.<br>  *Defendants* | CIVIL ACTION NO.: 13-cv-02394<br><br>JURY TRIAL DEMANDED |

PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
VOLVO CAR UK LIMITED'S
MOTION TO DISMISS AMENDED COMPLAINT FOR
LACK OF PERSONAL JURISDICTION
PURSUANT TO FED. R. CIV. P. 12(B)(2)

PREAMBLE

Defendant Volvo Car UK Limited (VCUK) advances two unusual reasons why the Amended Complaint should be dismissed against VCUK for lack of personal jurisdiction which Plaintiffs feel necessary to rebut. Plaintiffs also briefly note that VCUK's factual averments denying that it is 100% owned, operated, controlled, and managed by Volvo Car Corporation (VCC) are completely unsupported by the evidence—in fact, Defendant failed to produce any evidence supporting its position.

## I.   Plaintiffs' Basis for Personal Jurisdiction Does Not Have to Be Alleged in the Complaint

Defendant VCUK claims that it is not subject to personal jurisdiction by way of alter-ego theory because such a theory is not pled in the Amended Complaint. Plaintiffs are unaware of ***any*** authority stating that a plaintiff must plead his theory of personal jurisdiction in the complaint, even before a defendant files a 12(b)(2) motion to dismiss. In <u>Rieder v. Pima Cmty. College Dist. Office</u>, 2011 U.S. Dist. LEXIS 93547 (W.D. Pa. Aug. 18, 2011), the court noted that

> A defendant may raise a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction in its responsive pleading or in its first motion. Fed. R. Civ. P. 12(b)(2). Otherwise, the defense is deemed waived. Fed. R. Civ. P. 12(h). Once a defendant raises a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the burden shifts to the plaintiff to prove that the court has jurisdiction over the defendant.

<u>Id.</u> at *4. The rule Defendant thinks exists, that a Plaintiff's theory of personal jurisdiction must be explained in the complaint, is contrary to federal practice.

VCUK offers two cases that ostensibly support its novel position, but VCUK's reliance on those decisions is unavailing as they are not on point. In <u>Newman v. Forward Lands, Inc.</u>, 430 F. Supp. 1320, 1322 (E.D. Pa. 1977), the issue before the court was whether sufficient facts had been alleged allowing the corporate form to be disregarded. The case is wholly silent on whether theories of personal jurisdiction must be pled in the complaint. VCUK also quotes <u>Pell v. Weinstein</u>, 759 F. Supp. 1107, 1116 (M.D. Pa. 1991) to support its theory: "Since plaintiffs do not allege that Coated Sales was a sham or the later ego of the officer/director defendants, they are unable to pierce the corporate veil."

<u>Id.</u> This part of the opinion has absolutely nothing to do with personal jurisdiction, in fact it deals solely with liability, and presenting it as does concern jurisdiction is highly misleading. This type of argumentation should be frowned upon.

In summation, VCUK offers no authority to support the idea that Plaintiffs' theory of personal jurisdiction must be pled in their complaint and this contention should be rejected.

## II.    Plaintiffs Do Not Have to Show That VCUK and VCC are Alter Egos Under UK Law

Defendant VCUK maintains that under an alter-ego theory it can *only* be held liable under the laws of the United Kingdom. This motion is about whether VCUK is subject to **personal jurisdiction**—liability is *not* the issue—in Pennsylvania. As such, the laws of Pennsylvania and the United States are wholly applicable. Furthermore, VCUK cites **no authority** supporting the nostrum that a foreign country's laws would ever be used in determining whether personal jurisdiction exists over a defendant in one of the United States.

This is a spurious argument and should be rejected.

## III.    Defendant's Reply Confirms it is an Alter Ego of VCC

Defendant VCUK presents no convincing evidence to rebut Plaintiffs' position that it should be subject to alter-ego personal jurisdiction. Ironically, VCUK's Reply is

signed by the lead attorney for VCC, Richard Wickersham, who also happens to be VCUK's lawyer.

**First**, VCUK incorrectly refuses to use in its Reply the test Pennsylvania courts apply when determining if alter-ego theory personal jurisdiction exists. See <u>Gammino v. Verizon Communs.</u>, 2005 U.S. Dist. LEXIS 35873, *7–9 (E.D. Pa. 2005) (citing <u>Arch v. American Tobacco Co., Inc.</u>, 984 F. Supp. 830 (E.D. Pa. 1997) (explaining a ten-factor test delineating when personal jurisdiction is warranted under alter-ego theory)). Yet, the primary case cited by Defendant as allegedly marginalizing the <u>Gammino</u> test, <u>Action Mfg. Co., Inc. v. Simon Wrecking Co.</u>, 375 F. Supp. 2d 411, 421-22 (E.D. Pa. 2005), **explicitly states that the alter-ego test Plaintiffs use is valid**. <u>Id.</u> at 422; see also <u>Pell v. Weinstein</u>, 759 F. Supp. 1107, 1116 (M.D. Pa. 1991) (using the Plaintiffs' test, and quoted by VCUK in another part of its brief). Defendant would rather have the Court look at the piercing the corporate veil test which looks to factors like "gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stockholder." <u>Action Mfg.</u>, 375 F. Supp. at 421–22. Even if using those factors—which do not control the alter-ego personal jurisdiction determination—VCUK is clearly VCC's alter ego according to the evidence Plaintiffs presented in their prior brief.

**Second**, VCUK incorrectly claims that Plaintiffs have not presented evidence that VCC controls its day-to-day operations, a crucial alter-ego determination. This is incorrect as Plaintiffs have shown that:

- the CEO of VCUK is appointed by VCC;
- VCUK does not dispute its CEO serves as a VCC regional official;
- VCUK does not list an actual management structure other than VCC's;
- VCUK does not have a board of directors;
- VCUK uses VCC advertising and marketing material;
- VCC retains global marketing companies that cover markets including the UK;
- VUK's website is indisputably VCC's website; and
- VCUK employees even use VCC email addresses.

Plaintiff has uncovered all of this, and much more, without conducting **any** jurisdictional discovery.

**Third**, VCUK presents no evidence showing that VCUK has any sort of independence from VCC. Plaintiffs' evidentiary offering is significant and should shift the burden to Defendant to show why alter-ego theory personal jurisdiction is not warranted. **VCUK has failed to produce a single piece of evidence to the Court that demonstrates it retains even a modicum of independence from VCC.** Although VCUK tries to explain away the evidence showing that it is completely controlled by its parent company, those facts paint a picture of a shell company that operates at the behest of VCC to market and distribute VCC products throughout the world, including the UK and English-speaking countries.

## IV. Jurisdictional Discovery Should Be Allowed

Contrary to Defendant's assertions, Plaintiffs have presented copious evidence showing that VCC controls *every* aspect of VCUK's existence as it is 100% owned, operated, controlled, and managed by VCC. Even if the Court does not consider this evidence conclusive enough to establish that VCC is VCUK's alter ego, it is sufficient to warrant a period of jurisdictional discovery. See Sowonski v. AMTRAK, 1999 U.S. Dist. LEXIS 9608, *5–6 (E.D. Pa. June 23, 1999) (noting that parties "are entitled to a 'fair opportunity to engage in jurisdictional discovery' to obtain 'facts necessary for thorough consideration of the [jurisdictional] issue'" (quoting Federal Ins. Co. v. Richard I. Rubin & Co., Inc., 12 F.3d 1270, 1285 n.11 (3d Cir. 1993))).

## V. Conclusion

VCUK is clearly VCC's alter ego and should be subject to personal jurisdiction in Pennsylvania. Plaintiff urges the Court to look to Directory Dividends Inc. v. SBC Communication, Inc., 2003 U.S. Dist LEXIS 12214, *6–7 (E.D Pa 2003) and Simeone v. Bombardier-Rotax GMBH, 360 F. Supp. 2d 665 (E.D. Pa. 2005) for guidance, as the judges who wrote those opinions carefully considered and analyzed alter-ego personal jurisdiction cases with facts similar to this one.

*****
*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

*/d/ November 26, 2013*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Sur-Reply In Opposition to Volvo Car UK Limited's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) was filed with the United States District Court Eastern District of Pennsylvania in person and/or via the ECF Filing System and served upon all counsel of record:

Richard B. Wickersham, Jr., Esquire
Post & Schell, P.C.
Four Penn Center
1600 JFK BLVD. | 13th Floor
Philadelphia, PA 19103
T: (215) 587-6612
F: (215) 320-4875
E: rwickersham@postschell.com

Peter W. Herzog, III, Esquire
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
T: (314) 259-2000
F: (314) 259-2020
E: pwherzog@bryancave.com

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

*/d/ November 26, 2013*