

December 9, 2013

By ECF

Honorable Michael M. Baylson
Senior United States District Judge
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re:   *Webb, et al. v. Volvo Cars of North America, LLC, et al.*
      Case No. 2:13-cv-02394-MMB

Dear Judge Baylson:

In accordance with your instructions at the hearing in this matter on December 6, 2013, Volvo Car UK Limited ("VCUK") offers the following further response to Plaintiffs' contention that *Simeone v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665 (E.D. Pa. 2005), supports the exercise of personal jurisdiction over VCUK in this case under an alter ego theory. From briefing and argument, it appears to us that Plaintiffs have abandoned any attempt to establish either specific or general jurisdiction over VCUK and are proceeding solely under an alter ego theory.

As VCUK explained in its reply brief, Pennsylvania choice-of-law rules require the application of UK law to the question of alter ego *liability*. (ECF No. 35, at 4.) Plaintiffs do not dispute this, but contend that Pennsylvania law applies to the question of alter ego *jurisdiction*. (ECF No. 42, at 3.) Plaintiffs do not offer any authority or rationale in support of that contention. Although it appears to be an open question, *see Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 587 (5th Cir. 2010), VCUK believes that there is no persuasive or compelling rationale for disregarding Pennsylvania choice-of-law rules in order to facilitate the exercise of alter ego personal jurisdiction and that doing so is inconsistent with "traditional notions of fair play and substantial justice." *Bombardier*, 360 F. Supp. 2d at 678.

Plaintiffs have not shown that Volvo Car Corporation exercises more than "the degree of control normally associated with common ownership and directorship" over VCUK or that Volvo Car Corporation controls the day-to-day operations of VCUK such that VCUK can be said to be a mere department of Volvo Car

**Bryan Cave LLP**
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel (314) 259-2000
Fax (314) 259-2020
www.bryancave.com

**Bryan Cave Offices**
Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

**Bryan Cave
International Consulting**
A TRADE AND CUSTOMS CONSULTANCY
www.bryancaveconsulting.com
Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

Bryan Cave LLP

Honorable Michael M. Baylson
December 9, 2013
Page 2

Corporation. *Action Mfg. Co, Inc. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 422 (E.D. Pa. 2005). If applied as Plaintiffs advocate, *Bombardier* would permit Pennsylvania to exercise personal jurisdiction over every Volvo Car Corporation subsidiary located throughout the world, including, for example, Volvo Car Austria GmbH, Volvo Cars China, Volvo Cars Espana, Volvo Automobile France, Volvo Car Helas, Volvo Car Korea Co., Ltd., Volvo Auto Polska Sp Zo.o, Volvo Car Portugal SA, Volvo Cars Taiwan, and Volvo Cars South Africa, among many others. Indeed, if applied as Plaintiffs advocate, *Bombardier* would permit Pennsylvania to exercise personal jurisdiction over every subsidiary of every multinational corporation subject to jurisdiction in the Commonwealth of Pennsylvania. Such a contention cannot be squared with constitutional limitations on the exercise of personal jurisdiction or with the many Pennsylvania federal court decisions upholding the corporate distinctiveness doctrine even where evidence of the degree of control exercised by the parent is greater than the normal parent-subsidiary relationship evidenced here. *Gammino v. Verizon Commc'ns, Inc.*, 2005 U.S. Dist. LEXIS 35873, at *11 (E.D. Pa. Dec. 27, 2005); *accord, e.g., In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.*, 735 F. Supp. 2d 277, 322-25 (W.D. Pa. 2010); *Action Mfg. Co.*, 375 F. Supp. 2d at 425; *Colantonio v. Hilton Int'l Co.*, 2004 WL 1274387, at *5 (E.D. Pa. June 8, 2004); *Graco Children's Prods., Inc. v. Draco Corp.*, 1995 WL 299023, at *4-5 (E.D. Pa. May 15, 1995).

In addition, and as explained by Judge Schiller in *Bombardier*, "even where an alter ego relationship has been shown, personal jurisdiction must ultimately be consistent with traditional notions of fair play and substantial justice." 360 F. Supp. 2d at 678 (internal quotation omitted). The "unique burdens placed upon one who must defend oneself in a foreign legal market should have *significant weight* in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id.* at 678-79 (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 114 (1987) (emphasis added)). It is neither fair nor reasonable to exercise personal jurisdiction over VCUK on the facts of this case. The *only* reason that VCUK has been sued in Pennsylvania is that Plaintiffs' counsel purchased over the internet a vehicle brochure for a 1995 model year Volvo 850 (*not* the 1997 model year at issue here) published by VCUK that contains the words "strong steel bars in each door." Plaintiffs have offered no evidence that this brochure was ever available in the United States. By contrast, VCUK has provided uncontradicted evidence that it does not advertise in the United States. In the recently concluded trial before Judge Younge in the Court of Common Pleas, Mrs. Webb could not testify when or under what circumstances she allegedly saw the VCUK brochure. Mrs. Webb, who has lived in a number of foreign countries, cannot even allege that she saw the VCUK brochure in the United States. According to Plaintiffs' counsel, *after* filing suit in the Court of Common Pleas, he researched and assembled for his clients boxes of advertisements for Volvo vehicles from throughout the world. He then presented these advertisements to the Webbs with a request that they review them and tell him which they remembered seeing and which contributed to their decision to purchase the 1997 Volvo 850 in May 2012. For these reasons, among others, the brochure was excluded from evidence by Judge Younge. There is no connection between this proposed class action brought on behalf of U.S. purchasers and lessees and a brochure that was not disseminated outside the U.K. Both Volvo Car Corporation and Volvo Cars of North America are in the case and defending

Bryan Cave LLP

Honorable Michael M. Baylson
December 9, 2013
Page 3

Plaintiffs' allegations. To permit the exercise of personal jurisdiction over VCUK under these circumstances offends traditional notions of fair play and substantial justice.

Respectfully,

*[signature: Peter W. Herzog]*

Peter W. Herzog

PWH:sek
cc: Counsel of Record by ECF

4225365.1