IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK WEBB, et al.,<br><br>                    Plaintiffs<br><br>                    v.<br><br>VOLVO CARS OF N.A., LLC, et al.<br><br>                    Defendants | CIVIL ACTION<br><br>NO. 13-cv-02394 |
|---|---|

### ORDER

**AND NOW**, this 10th day of December, 2013, after holding a hearing on Defendant Volvo Car UK Limited's Motion to Dismiss for Lack of Jurisdiction (DE No. 18), Defendants Volvo Cars of North America, LLC and Volvo Car Corporation's Motion for More Definite Statement as to All Counts of Plaintiffs' Amended Complaint (DE No. 20) and Motion to Deny Class Certification and Dismiss or Strike Class Allegations in the Amended Complaint (DE No. 19), and Plaintiffs' Motion for Class Certification (DE No. 2), it is hereby **ORDERED** that:

(1) Plaintiffs' Motion for Class Certification (DE No. 2) and Defendants' Motion to Deny Class Certification (DE No. 19) are **DENIED WITHOUT PREJUDICE** as premature. This issue is not yet ripe for adjudication.

(2) With regard to the Motion to Dismiss for Lack of Personal Jurisdiction (DE No. 18), Plaintiffs are granted leave to conduct limited jurisdictional discovery by deposing Adam Clarke, the Solicitor and Company Secretary of Volvo Car UK Limited in England. Plaintiffs must advance the reasonable costs of defense counsel's hotel and transportation to and from the deposition. If Plaintiffs are ultimately successful in establishing the Court's personal jurisdiction over Volvo Car UK Limited, defense counsel shall reimburse the expenses advanced by Plaintiffs. If Plaintiffs ultimately fail to establish the Court's personal jurisdiction over Volvo

1

Car UK Limited, the Court may order Plaintiffs to pay defense counsel's reasonable attorney's fees.

As noted at the hearing, the Court questions whether plaintiffs require Volvo Car UK Limited as a party defendant in this case, merely to prove the authenticity of a brochure published by Volvo Car UK Limited, without necessarily ruling on its admissibility or relevancy. Plaintiffs may be able to establish sufficient facts by discovery directed to Volvo Car UK Limited.

(3) With regards to the Motion for More Definite Statement (DE No. 20), Plaintiffs are granted leave to file a Second Amended Complaint in this case no later than December 19, 2013, or if they stand on their present complaint, the court will rule on the Motion.

(4) The Court is concerned about the facts as revealed at the hearing that, as contended by defendants, a trial making a number of, if not all, the same allegations as in this case recently took place in the Court of Common Pleas of Philadelphia. The Court will require the parties to submit a brief summary of their contentions as to whether the result in that case may be relevant in this case, either as collateral estoppel or res judicata or otherwise. The parties shall submit a letter brief of not more than five (5) pages on this issue by December 19, 2013. In that letter brief, the parties shall advise the Court of their contentions and if they believe that the Court should delay any decision on this until a full trial transcript is available or for any further legal events. The Court will also entertain a motion for a stay of this case pending resolution of this issue, which should be discussed between counsel. If appropriate, the Court will have a hearing on this issue after the relevant facts are available.

BY THE COURT:

/s/ Michael M. Baylson
_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 13\13-2394 webb v. volvo cars\13-cv2394.121013.mtd.doc