UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB AND ANA WEBB<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC<br>*and*<br>VOLVO CAR CORPORATION<br>*and*<br>VOLVO CAR UK LIMITED<br>*and*<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-2394<br><br><br>*JURY TRIAL DEMANDED* |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' LETTERS

Plaintiffs strongly oppose Defendant Volvo Car UK Limited's (VCUK) motion to strike Plaintiffs' letters concerning personal jurisdiction because, contrary to Defendant's proclamations, they **are not** improper substantive communications with the Court. They were written to the Court – in good faith and for good reason - to clear up a misunderstanding and to respond to the Court's request of Plaintiffs regarding jurisdictional discovery of Defendant. This and more will be responded to below.

1.      Denied. The Court gave Defendant a chance to respond to <u>Simeone v. Bombardier-Rotax GmbH</u>, 360 F. Supp. 2d 665 (E.D. Pa. 2005), which Plaintiffs cited at the hearing. However, the Court provided Defendant a chance to respond to <u>Simeone</u>, only because defense counsel misrepresented to the Court that Defendant had *never* seen the case before. In

fact, Defendant was well aware of the Simeone case prior to the hearing because Plaintiff had referred to in Plaintiffs Answer (*Doc. No. 24*) and Sur Reply (*Doc. No. 24*), and because Plaintiffs' counsel informed defense counsel at the hearing that Simeone had previously been raised. **Defendant has not once informed the Court that it knew about Simeone and that it already had ample opportunity to respond to the content of the case**. Defendant's contention that its letter "complies precisely with the Court's instructions" ignores that it would have presumably not had the chance to write the December 9, 2013 letter had it been candid with the tribunal about its prior knowledge of the Simeone case.

Moreover, Defendant's letter failed to comply with the Court's instructions that Defendant should respond to the content of the Simeone case, and only the content of the Simeone case. Defendant's letter, as described in the paragraphs below, has nothing to do with Simeone and is an unauthorized brief on unrelated issues as more fully discussed below.

2.      Denied. Plaintiffs were not aware that they needed permission to write to the Court. The Court gave Plaintiffs leave to conduct a deposition to determine if VCUK has contacts with Pennsylvania **and specifically asked to be informed if Plaintiff wished to go forward with such a deposition**.

**Plaintiffs' first letter** (subject: Misunderstanding Concerning Personal Jurisdiction | Discovery) is not substantive in nature as it responds to that request. However, because Plaintiffs are *not* seeking to establish that VCUK itself has contacts with Pennsylvania, but instead have always sought to primarily establish personal jurisdiction by alter ego theory—which requires jurisdictional discovery of a completely different nature—explanation to the Court of the misunderstanding was required. The letter in question was designed only to resolve this

misunderstanding and to respond to the Court that given the Court's cautionary words and the cost of conducting the deposition in the UK ($9,800), that perhaps the more efficient use of time and money for the Court, counsel, and the parties would be to allow Plaintiff to conduct limited jurisdictional discovery on VCUK and VCC via requests for production of documents, interrogatories, and admissions.

**Plaintiffs' second letter** (subject: Response to Volvo's Letter on Personal Jurisdiction) discussed substantive issues only to demonstrate that:

> (a) <u>Simeone</u> had been extensively discussed in Plaintiffs briefs;
>
> (b) that Defendant knew about <u>Simeone</u> and continues to mislead the Court, and
>
> (c) because Defendant's letter had nothing to do with the content of <u>Simeone</u>.

Plaintiffs' counsel has a duty to his clients to note to the Court that Defendants have abused the Court's goodwill by crafting a letter that is wholly unresponsive to its authorized content, and seeks to inappropriately place additional issues in front of the Court. Defendant was granted permission by the Court to respond **only to the factual and legal content in <u>Simeone</u>**. Defendant's letter brazenly ignores the content of <u>Simeone</u>, and the propositions and facts Plaintiffs cited to in <u>Simeone</u>, and instead raises issues entirely unrelated to the case. For instance:

> a. Defendant's letter discusses choice of law in the alter ego personal jurisdiction determination. ***Nowhere* in <u>Simeone</u> is choice of law discussed.**
>
> b. Defendant's letter claims at length that it has no contacts with Pennsylvania and should therefore not be subject to personal jurisdiction. Not only is that proposition not contained in <u>Simeone</u>, but **<u>Simeone</u>'s holding demonstrably contradicts such an assertion because it holds that <u>it is not necessary for a subsidiary to have contacts with a jurisdiction to find personal jurisdiction is warranted.</u>**

    c.   Defendant's letter discusses Ana Webb and her reliance on VCUK's ads. This has absolutely nothing to do with the alter ego determination discussed in <u>Simeone</u> and is far outside the conceivable scope of what a legitimate response might have looked like.

    3.   Denied. The listed facts are literally not disputed. Plaintiffs' extensively detailed these facts in their Answer brief. Defendant's Reply Brief (*Doc. No. 35*) did not dispute any of the facts in Plaintiffs' second letter, instead claiming that these facts—such as the undisputed fact that VCUK's president is a Volvo Car Corporation regional president—is "normal" in a parent-subsidiary relationship. <u>Id.</u> at p.8. In other words, VCUK disputes that these facts warrant piercing the corporate veil, not that they are true. Moreover, Volvo states that it is "unprofessional" to claim that VCUK is not a legitimate corporation and that such a statement possibly warrants sanctions. This is an outrageous and unsubstantiated legal threat: **the alter ego test's precise purpose is to determine the *legitimacy* of a subsidiary corporation's existence**—and Plaintiffs have presented a wealth of evidence VCUK's incorporation is nothing more than a facade. Instead of responding on the merits to Plaintiffs' well-documented arguments that the corporate veil should be pierced, Volvo seeks to distract the Court by threatening to file a stroppy sanctions motion; such conduct should be depressed.

    4.   Denied. It was clear throughout the hearing, that due to an honest misunderstanding the Court did not recognize the existence of alter ego personal jurisdiction. Defendant was undoubtedly aware that the Eastern District of Pennsylvania recognized the alter ego theory of personal jurisdiction – as it had commented in its briefs – but decided *instead* to remain totally silent contributing to the unnecessary confusion of the Court.

Plaintiffs' letters are not substantive in nature, nor were they written in bad faith, as they were designed to alert the Court to the misunderstanding, and also that the scope of VCUK's December 9, 2013 letter goes *far* beyond what the Court authorized. Defendant's expectation that it can mislead the Court and not expect a vigorous and justified response from Plaintiffs is unfounded.

5.      Denied. Defendant's argument is pernicious. Defendant knows that the alter ego theory is Plaintiffs' primary legal theory for personal jurisdiction and that the Court believes Plaintiffs are seeking to establish specific or general jurisdiction over Defendant. There is no other way to explain the Court's *sua sponte* offer to allow Plaintiffs' to depose Adam Clarke to discover if VCUK has contacts with Pennsylvania ***when Plaintiffs never made that argument at the hearing.*** Instead of helping to clarify the issue so that the Court could come to a reasoned conclusion on the merits, Defendant is shockingly trying to use Plaintiffs' first letter—a letter that sought to explain the Court's misunderstanding—to dismiss VCUK from the case before the alter ego issue has been fully considered, or limited jurisdiction discovery as Plaintiff requests could be had. This is nothing more than a circumvention of the judicial process, it is disingenuous, and should be rejected.

*****

*Respectfully submitted,*

FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
1125 Walnut Street
Philadelphia, PA 19107
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ December 13, 2013*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' LETTERS was filed via the ECF Filing System and served upon all counsel of record:

Peter W. Herzog, III, Esquire
BRYAN CAVE LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
T: (314) 259-2000
F: (314) 259-2020
E: pwherzog@bryancave.com

Richard B. Wickersham, Jr., Esquire
POST & SCHELL, P.C.
Four Penn Center
1600 JFK BLVD. | 13th Floor
Philadelphia, PA 19103
T: (215) 587-6612
F: (215) 320-4875
E: rwickersham@postschell.com

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
1125 Walnut Street
Philadelphia, PA 19107
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

*/d/ December 13, 2013*