## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WEBB, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED,  and<br>VOLVO CARS OF N.A., INC.,<br><br>Defendants. | Civil Action No.  13-CV-2394-MMB |

## REPLY TO PLAINTIFFS' OPPOSITION
## TO MOTION TO STRIKE

Volvo Car UK Limited ("VCUK") offers this brief reply to Plaintiffs' Opposition to VCUK's motion to strike.  (DE No. 47.)

Counsel for VCUK has now reviewed the recently received transcript of the hearing before the Court on December 6, 2013.  The transcript reflects that, at the hearing, the Court stated that it would give Plaintiffs a chance to respond to VCUK's letter brief on *Simeone v. Bombardier*.  (Dec. 6, 2013 Tr., at 46.)  Counsel present at the hearing, including apparently Mr. Malofiy, did not hear or failed to recall that the Court had stated it would "give the plaintiff a chance to reply."  In light of this, VCUK withdraws its request that the Court strike or reject Plaintiffs' letter response.

VCUK asks the Court, however, to consider addressing the repeated personal attacks made by, and the unprofessional conduct of, Plaintiffs' counsel. As a member of the Bar of this Court, Mr. Malofiy previously swore or affirmed that he would demean himself "as an attorney of this Court uprightly."  L.R. 83.5. The dictionary defines uprightly as honorably or respectably.  In derogation of this oath, Mr. Malofiy treats this process and opposing counsel with utter disrespect.

For example, Mr. Malofiy claims the Court misunderstood that "Plaintiffs are seeking to establish specific or general jurisdiction" over VCUK.  (DE No. 47, at 5.)  He says it is clear the Court misunderstood his argument because "[t]here is no other way to explain the Court's *sua sponte* offer to allow Plaintiffs to depose Adam Clarke to discover if VCUK has contacts with Pennsylvania **when Plaintiffs never made that argument at the hearing.**"  (*Id.* (emphasis original).)  In truth, however, the Court made no *sua sponte* offer, but permitted a limited jurisdictional deposition because, when asked what discovery was needed, Mr. Malofiy said "we need to do discovery to find out whether or not they [VCUK] did do business in the United States."  (Dec. 6, 2013 Tr., at 30-31.)

Mr. Malofiy's latest pleading also unnecessarily continues his attacks on VCUK's counsel, saying that "the Court provided Defendant a chance to respond to *Simeone* only because defense counsel misrepresented to the Court that Defendant had never seen the case before."  (DE No. 47, at 1.)  But Mr. Malofiy

made the identical argument to the Court at the hearing and simply ignores the

Court's response:

> MR. MALOFIY:   I don't mean to interrupt you.  I
> believe we did -- we did reference it immediately in our
> -- in our initial response.  So it wasn't in the surreply.  It
> was actually in our initial response, and so --
>
> THE COURT:       Well, I'm still going to give them a
> chance to respond to it.  Okay?
>
> MR. MALOFIY:   Understood.

(Dec. 6, 2013 Tr., at 47.)

Even when Mr. Malofiy addresses the merits, he fails in his obligation to do

so "uprightly."  He says Defendant's letter "has nothing to do with *Simeone* and is

an unauthorized brief on unrelated issues" and further that "Defendants' letter

claims at length that it has no contacts with Pennsylvania and should therefore not

be subject to personal jurisdiction."  (DE No. 47, at 3.)  Defendant's letter neither

ignores *Simeone* nor even mentions the argument that Mr. Malofiy says was made

"at length."  Mr. Malofiy also says that Ana Webb's testimony has nothing to do

with the alter ego determination, ignoring that *Simeone* expressly limited the

exercise of alter ego personal jurisdiction to circumstances that are "consistent with

traditional notions of fair play and substantial justice."  360 F. Supp. 2d at 678.

VCUK's letter explained why dragging it into Pennsylvania based solely on a

brochure for a different model year Volvo 850 that was not disseminated outside

the United Kingdom and may never have been seen in the United States is not consistent with traditional notions of fair play and substantial justice.

Counsel for VCUK have nearly 60 years of combined professional experience and are no strangers to vigorous advocacy.  However, Plaintiffs' counsel appears unwilling or unable to recognize the difference between professional advocacy and personal attacks.  This has led a number of judges to reprimand Mr. Malofiy—severely.  Earlier this year, Judge Raslavich described Mr. Malofiy's conduct as "shocking," "out-of-control," and "unprofessional."  *See* Transcript of Proceedings attached hereto as Exhibit A.  And only a few weeks ago, in the case recently concluded in the Court of Common Pleas, Judge Younge admonished Mr. Malofiy for the *same* type of argument on the *same* issue involving the *same* VCUK brochure.  *See* Transcript of Proceedings attached as Exhibit B.

The warnings Mr. Malofiy has received have not been heeded.  This Court noted the serious nature of Mr. Malofiy's conduct in eliminating unfavorable language from a brochure before inserting it into the Amended Complaint and labeling it a "FALSE ADVERTISEMENT."  The Court—understandably— allowed Mr. Malofiy the opportunity to remedy his conduct, just as Defendants had offered him that opportunity before seeking Rule 11 sanctions.  But within days of receiving still another chance to comport himself "uprightly," Mr. Malofiy has

twice again engaged in the very same kind of *ad hominem* attacks and unprofessional conduct for which he has been chastised previously.

VCUK respectfully requests that the Court consider whether something more is needed to curb conduct that, as Judge Raslavich concluded, is "an embarrassment to our entire profession, to the members of the Bar, to the members of the public." In addition, because Plaintiffs have rejected the jurisdictional deposition they requested, VCUK renews its request that the Court grant its motion to dismiss for lack of personal jurisdiction.

Dated:  December 13, 2013        Respectfully submitted,

By: */s/ Peter W. Herzog III*

Peter W. Herzog III (pro hac vice)
**BRYAN CAVE LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020
pwherzog@bryancave.com

Richard B. Wickersham, Jr.
**POST & SCHELL, P.C.**
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone:  (215) 587-6612
Fax:  (215) 320-4875
rwickersham@postschell.com

Attorneys for Volvo Car UK Limited

**<u>Certificate of Service</u>**

I, Peter W. Herzog III, certify that the foregoing was electronically filed on December 13, 2013 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

By: *<u>/s/ Peter W. Herzog III</u>*