

December 19, 2013

Bryan Cave LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel (314) 259-2000
Fax (314) 259-2020
www.bryancave.com

By ECF

Honorable Michael M. Baylson
Senior United States District Judge
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Bryan Cave Offices
Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

Bryan Cave
International Consulting
A TRADE AND CUSTOMS CONSULTANCY
www.bryancaveconsulting.com
Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

Re:   *Webb, et al. v. Volvo Cars of North America, LLC, et al.*
      Case No. 2:13-cv-02394-MMB

Dear Judge Baylson:

Pursuant to the Court's Order of December 10, 2013 (DE No. 44), Defendants offer the following summary of their contentions concerning the preclusive effect of the trial that recently concluded in the Court of Common Pleas of Philadelphia.

## Summary

Under Pennsylvania law, "[a] judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal." *Shafter v. Smith*, 673 A.2d 872, 874 (Pa. 1996); *accord Migliore v. Ackerman*, 2013 WL 4079650, at *11 (E.D. Pa. Aug. 12, 2013); *Green v. Green*, 1988 WL 92215, at *3 (E.D. Pa. Sept. 1, 1988). In the Court of Common Pleas, Mark Webb, Administrator for the Estate of Sabino Webb, pursued the following claims against Volvo Car Corporation and Volvo Cars of North America, LLC (argued "successor" to Volvo Cars of North America, Inc.): crashworthiness; strict products liability; negligence; breach of warranty; violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and punitive damages. The trial court allowed Plaintiff to withdraw the breach of warranty claim. At trial, the trial court entered nonsuits on the claims of negligence, violation of the UTPCPL, and punitive damages. Plaintiff's strict liability/crashworthiness claim was submitted to the jury on special interrogatories. The jury answered "No" to the following question: "DO YOU FIND THE DESIGN OF THE VOLVO 850 TO BE DEFECTIVE BECAUSE OF THE LACK OF DOOR BARS IN THE REAR DOORS"? Assuming that the trial court enters

Honorable Michael M. Baylson  
December 19, 2013  
Page 2

**Bryan Cave LLP**

judgment in accordance with its prior rulings and the jury's verdict, Plaintiffs' UTPCPL claim in this lawsuit will be barred by the doctrine of *res judicata*. Moreover, even if Plaintiffs were able to survive a Rule 12(b)(6) motion on their claims for unjust enrichment and breach of the implied covenant of good faith and fair dealing—a doubtful proposition since Plaintiffs had no dealings with any Volvo entity and instead purchased the 12-year old Volvo 850 in a private sale for $700—*res judicata* and/or collateral estoppel also would preclude re-litigating those claims in this Court.

## Explanation

### A.   *Res Judicata* Bars All Claims in this Case.

"A motion for compulsory nonsuit allows a defendant to test the sufficiency of a plaintiff's evidence." *Kratt v. Horrow*, 687 A.2d 830, 831 (Pa. Super. Ct. 1996). "An order granting a nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established." *Ford v. Jeffries*, 379 A.2d 111, 112 (Pa. 1977).

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81 (1984). Under Pa. R. Civ. P. 231(b), a compulsory nonsuit bars re-litigation of the same claim under the doctrine of *res judicata*.[1] *Id.* ("After the entry of a compulsory nonsuit the plaintiff may not commence a second action upon the same cause of action"); *Martin v. Perezous*, 1986 WL 6212, at *2 (E.D. Pa. June 2 1986) (*res judicata* bars claim that was subject to compulsory nonsuit in previous case). The compulsory nonsuit has *res judicata* effect even if the second suit was filed before the nonsuit was granted. *Ramage v. Merchant*, 1954 WL 4437, at **4-7 (Pa. Com Pl. Feb. 26, 1954) (applying *res judicata* to preclude second suit even though second suit was already pending when compulsory nonsuit was entered).

*Res judicata* bars Plaintiffs from re-litigating their UTPCPL claim in this lawsuit because the parties are considered identical for purposes of *res judicata*. In the state court case, Mark Webb,

---

[1] Even if Plaintiffs' UTPCPL claim was not barred by the compulsory nonsuit, it would be barred by the jury verdict because "[r]*es judicata* bars subsequent litigation not only of claims actually litigated in the first proceeding, but also of claims that could and should have been litigated because they arose from the same transaction or series of transactions." *Perelman v. Perelman*, 2013 WL 1842234, at *4 (E.D. Pa. May 2, 2013) (citation omitted); *accord, e.g., Newton v. First Union Nat'l Bank*, 316 F. Supp. 2d 225, 238 (E.D. Pa. 2004) ("all matters which might have been raised and decided in the former suit, as well as those which were actually raised therein, are *res adjudicata* in a subsequent proceeding between the same parties and their privies") (quotation omitted).

4233297.1

Honorable Michael M. Baylson
December 19, 2013
Page 3

Bryan Cave LLP

as administrator of the Estate of his deceased child, was the plaintiff, while Mr. Webb, in his individual capacity, and his spouse, Ana Webb, are the plaintiffs in this Court. These same individuals argued in the Court of Common Pleas that the Volvo 850 was a Webb "family purchase." The rule of *res judicata* "should not be defeated by minor differences of form, parties or allegations, when these are contrived only to obscure the real purpose—a second trial on the same cause between the same parties." *Stevenson v. Silverman*, 208 A.2d 786, 788 (Pa. 1965). "*Res judicata* applies equally when there is complete identity of parties, privity with prior parties, or when the parties have an otherwise close or particular relationship." *Williams v. Lehigh Cnty. Dep't of Corr.*, 19 F. Supp. 2d 409, 411-12 (E.D. Pa. 1998) (citations and quotation marks omitted). Pennsylvania courts have favored the definition of privity found in Black's Law Dictionary: "[i]n its broadest sense, 'privity' is defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Ammon v. McCloskey*, 655 A.2d 549, 554 (Pa. Super. Ct. 1995) (citation omitted); *Bergdoll v. Commonwealth*, 858 A.2d 185, 197 n.4 (Pa. Commw. Ct. 2004).

"Courts typically find that privity exists where: (1) the nonparty has succeeded to, or shares a concurrent right to the party's interest in, property, (2) the nonparty controlled the prior litigation, and (3) the party adequately represented the nonparties' interests in the prior proceeding." *GGIS Ins. Servs., Inc. v. Lincoln Gen. Ins. Co.*, 2012 WL 1164994, at *4 n.5 (M.D. Pa. Apr. 9, 2012); *see also Jett v. Beech Interplex, Inc.*, 2004 WL 1595734, at *4 (E.D. Pa. July 15, 2004) ("Courts have found privity to exist when the actual party in the previous litigation adequately represented the nonparty's interest in the prior proceeding").

"The Third Circuit has long recognized that privity is a legal conclusion; the privity inquiry should be flexible enough to acknowledge the realities of parties' relationships." *Hitchens v. Cnty. of Montgomery*, 98 F. App'x 106, 114 (3d Cir. 2004). Those realities support application of the doctrine here for two reasons. Mark and Ana Webb are the legal heirs of the Estate of Sabino Webb. Pa. Const. Stat. § 2103 (2) ("If no issue survives the decedent, then to the parents or parent of the decedent"). That is, if the Estate had prevailed on the UTPCPL claim in the state court case, Mark and Ana Webb would have inherited the funds through intestacy. Mr. Webb controlled the prior litigation in his role as administrator of the Estate. Moreover, he adequately represented his and his wife's interests in the prior proceeding. Although one factor would be sufficient for privity to attach, multiple factors are present here.

The fact that Plaintiffs have purported to name Volvo Car UK Ltd. ("VCUK") as a defendant in this case does not alter the conclusion that *res judicata* applies. We have already pointed out that this Court does not have personal jurisdiction over VCUK. Even if VCUK were subject to jurisdiction in Pennsylvania, however, the Court of Common Pleas case included Volvo Car Corporation, VCUK's corporate parent. The parent/sub relationship is sufficiently close to support the application of *res judicata* in a subsequent suit. *Creely v. Crestview Ctr.*, 2005 WL 2178920, at *3 (E.D. Pa. Sept. 7, 2005), *aff'd*, 184 F. App'x 197 (3d Cir. 2006) (holding that a parent and subsidiary company "have the close and significant relationship necessary in order to be in privity

4233297.1

Honorable Michael M. Baylson
December 19, 2013
Page 4

Bryan Cave LLP

with each other for the purposes of *res judicata*"). *Res judicata* bars re-litigation of Plaintiffs' UTPCPL claim in this Court.

The jury verdict and compulsory nonsuits also operate to bar Plaintiffs' unjust enrichment and breach of contract claims because those claims could have been brought in the Court of Common Pleas and arise from the same transaction. *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260-61 (3d Cir. 2010) (*res judicata* applied because plaintiff's claim in second suit was "simply seeking another form of relief ... based on the same underlying factual averments"); *Newton*, 316 F. Supp. 2d at 238 ("all matters which might have been raised and decided in the former suit, as well as those which were actually raised therein, are *res adjudicata* in a subsequent proceeding between the same parties and their privies") (quotation omitted); *Tobias v. Halifax Twp.*, 28 A.3d 223, 227 (Pa. Commw. Ct. 2011) (where both suits were based upon same alleged agreement and defendant's alleged failure to comply with that agreement, the ultimate issues were the same in both proceedings and plaintiff could not avoid bar by "recasting the nomenclature for the relief requested"); *Bell v. Twp. of Spring Brook*, 30 A.3d 554, 559-60 (Pa. Commw. Ct. 2011) (changing the name of plaintiff's action does not evade the bar presented by a prior judgment because "[s]uch a form over substance rationalization is what the doctrine is intended to preclude by barring re-litigation of issues and facts previously determined ... the critical inquiry is whether [the plaintiff] raised, or had the opportunity to previously raise the facts or issues which are part of the" second proceeding); *Kelly v. Kelly*, 887 A.2d 788, 792-93 (Pa. Super. Ct. 2005) ("A judgment upon the merits bars a subsequent suit upon the same cause, though brought in a different form of action, and a party therefore cannot, by varying the form of action or adopting a different method of presenting his case, escape the operation of the principle that one and the same cause of action shall not be twice litigated"); *Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 682 (Pa. Super. Ct. 1995) ("*Res judicata* may bar a second action based upon the same transaction even if additional grounds for relief are presented").

**B.     Collateral Estoppel Bars a Finding that Plaintiffs' Vehicle Was Defective.**

Pennsylvania law governs the application of both *res judicata* and collateral estoppel. *Prusky v. Reliastar Life Ins. Co.*, 502 F. Supp. 2d 422, 428 n.10 (E.D. Pa. 2007) ("because our jurisdiction is based on diversity of citizenship, we apply the Pennsylvania jurisprudence regarding *res judicata* and collateral estoppel"). "Issue preclusion bars re-litigation of identical issues adjudicated in a prior action against the same party or a party in privity." *Hitchens*, 98 F. App'x at 111. "'Under Pennsylvania law, issue preclusion applies where: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.'" *Id.* at *10 (quoting *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357-58 (3d Cir. 1999)); *accord Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998) (same).

4233297.1

Bryan Cave LLP

Honorable Michael M. Baylson
December 19, 2013
Page 5

The parties against whom issue preclusion is sought—Mark and Ana Webb—are sufficiently identical for the reasons explained previously.  Their attempt to include VCUK as a defendant in this case is irrelevant because "'[u]nlike claim preclusion, there is no requirement that there be an identity of parties between the two actions to preclude re-litigation of an issue, and issue preclusion may be asserted as either a 'sword or a shield' by a stranger to the prior action as long as the party against whom it is asserted was a party or in privity with a party.'" *Malone v. West Marlborough Twp. Bd. of Sup'rs*, 603 A.2d 708, 711-12 (Pa. Cmwlth. Ct. 1992) (citation omitted); *accord Barr v. Bartolo*, 927 A.2d 635, 641 (Pa. Super. Ct. 2007).  Because the jury unambiguously found that the 1997 Volvo 850 was not defective due to the absence of door bars in the rear doors, the Webbs are collaterally estopped from re-litigating that issue in this Court.  And because all of the Plaintiffs' claims in this case are predicated on the contention that the absence of door bars in the rear doors rendered the 1997 Volvo 850 defective and unsafe, the claims also are barred by the doctrine of issue preclusion or collateral estoppel.

## Conclusion

For the reasons explained above, Defendants believe that the involuntary nonsuits and jury verdict in the Court of Common Pleas preclude further litigation of Plaintiffs' claims in this Court.  Under Pennsylvania law, however, this Court cannot dismiss on grounds of *res judicata* or collateral estoppel until a judgment has been entered in the trial court.  The trial court has 120 days, or until March 25, 2014, within which to rule on post-trial motions that have been filed by Mr. Webb in the Court of Common Pleas.  Pursuant to the Court's instructions, the undersigned contacted Mr. Malofiy and proposed that the parties agree to stay this action pending the entry of judgment in the Court of Common Pleas.  Mr. Malofiy declined Defendants' proposal, so Defendants are preparing and intend to move the Court for a stay until judgment is entered in the trial court.  At that time, and assuming that the judgment entered is in accordance with the jury's verdict and the trial court's prior rulings, Defendants will then move to dismiss the instant case on grounds of *res judicata* and collateral estoppel.

Respectfully,

Peter W. Herzog

PWH:sek
cc: Counsel of Record by ECF

4233297.1