IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>　　　　　Defendants. | Civil Action No.  13-CV-2394-MMB |

### [PROPOSED] ORDER

AND NOW, this _____ day of January, 2014, upon consideration of Defendants Volvo Cars of North America, LLC's and Volvo Car Corporation's Motion to Stay, it is hereby ADJUDGED, ORDERED and DECREED that the motion is GRANTED.  This civil action is STAYED pending entry of judgment in Case No. 00208 in the Court of Common Pleas of Philadelphia County.

　　　　　　　　　　　　　　　　　　　　　IT IS SO ORDERED,


　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　United States District Court Judge
　　　　　　　　　　　　　　　　　　　　　MICHAEL M. BAYLSON

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>    Defendants. | Civil Action No. 13-CV-2394-MMB |

**DEFENDANTS VOLVO CARS OF NORTH AMERICA, LLC'S
AND VOLVO CAR CORPORATION'S MOTION TO STAY**

Defendants, Volvo Cars of North America, LLC ("VCNA"), and Volvo Car Corporation ("VCC") (collectively "Defendants"), respectfully move to stay this case until Judgment is entered in *Mark Webb, and as Administrator for the Estate of Sabino Webb, deceased, vs. Volvo Cars of N.A., LLC d/b/t/a "Volvo," et. al.*, Civil Action No. 00208, Court of Common Pleas, Philadelphia County, Pa., for the following reasons.

  1.  In the Court of Common Pleas, Mark Webb, as Administrator for the Estate of Sabino Webb, pursued the following claims against VCC and VCNA (argued "successor" to Volvo Cars of North America, Inc.): crashworthiness; strict products liability; negligence; breach of warranty; violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and punitive

1

damages, all of which arose from the purchase of the same 1997 Volvo 850 vehicle at issue in this case. (DE 4-1, Second Am. Complaint in State Court Case.)

2. The state court allowed Plaintiff to withdraw the breach of warranty claim. It non-suited the negligence, UTPCPL, and punitive counts after evidence was presented at trial.

3. Plaintiff's strict liability/crashworthiness claim was submitted to the jury on special interrogatories. On November 15, 2013, the jury entered a verdict in favor of Volvo on Plaintiffs' strict liability/crashworthiness claim. The jury answered "No" to the following question: "DO YOU FIND THE DESIGN OF THE VOLVO 850 TO BE DEFECTIVE BECAUSE OF THE LACK OF DOOR BARS IN THE REAR DOORS"? (DE 41-1.)

4. In its December 10, 2013 Order, this Court noted that it was "concerned about the facts as revealed at the hearing that, as contended by defendants, a trial making a number of, if not all, the same allegations as in this case recently took place in the Court of Common Pleas of Philadelphia." (DE 44 at ¶ 4.)

5. This Court directed the parties to submit a brief summary of their contentions as to whether the result in that case may be relevant in this case, either as collateral estoppel or res judicata or otherwise. (*Id.*)

6. Defendants filed their brief on December 19, 2013.

2

7. In the December 10, 2013 Order, this Court stated that it "will also entertain a motion for a stay of this case pending resolution of this issue, which should be discussed between counsel." (DE 44 at ¶ 4.)

8. Pursuant to the Court's instructions, Defendants' counsel contacted Plaintiffs' counsel and proposed that the parties agree to stay this action pending the entry of judgment in the Court of Common Pleas. Mr. Malofiy declined Defendants' proposal.

9. Plaintiff filed a Second Amended Complaint ("SAC") on December 19, 2013. The SAC drops Mr. Webb as a Plaintiff and adds a few new claims in a failed effort to avoid the preclusive effect of the state court verdict and judgment. As explained in Defendants' letter brief (DE 52), however, Plaintiff's efforts to avoid the preclusive of the state court result by renaming their causes of action is unavailing. It is clear that the current case seeks to re-litigate the same issues and same facts as were resolved in the state court action. Assuming that the state court enters judgment in accordance with its prior rulings and the jury's verdict, Plaintiff's claims in this lawsuit will be barred by the doctrines of *res judicata* and/or collateral estoppel.

10. Although Defendants believe that the involuntary nonsuits and jury verdict in the Court of Common Pleas preclude further litigation of Plaintiff's claims in this Court, this Court cannot dismiss the SAC on grounds of *res judicata*

3

and collateral estoppel until a judgment has been entered in the Court of Common Pleas.

11. Plaintiff filed post-trial motions in the state court. The state court has 120 days within which to rule on the motions. *See* Pa.R.C.P. 227.4.

12. Defendants respectfully ask the Court to enter an Order staying this case until the state court rules on the post-trial motions or the motions are deemed denied by the passage of time and judgment is entered in the state court.

13. This Court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

14. A stay of less than 120 days will not prejudice Plaintiff.

15. A stay will preserve both the Court's and the parties' resources because, as the Court indicated, the issue of the *res judicata* and/or collateral estoppel effect of the state court judgment should be determined prior to further proceedings in the case.

16. The Court therefore should enter an order staying the case until the time at which Judgment is entered in the Court of Common Pleas of Philadelphia. *See generally Heuft Systemtechnik,GmbH v. Videojet Systems Intern., Inc.*, 1993

4

WL 147506, at *3 (N.D. Ill. May 6, 1993) (staying case because "after the German litigation reaches final judgment, Count I will be *res judicata*, leaving only Count II. While Count II will not be finally decided by the German litigation, there is reason to believe that the foreign suit may determine many of the issues contained in Count II"); *see also Landis*, 299 U.S. at 254.  Once Judgment is entered, Defendants will file a motion asserting all grounds for dismissal of the SAC, allowing the Court to address the case in a comprehensive and efficient manner.

17. Defendants sought Mr. Malofiy's consent to an extension of time to answer, move, or otherwise respond to the SAC until this Court rules on Defendants' Motion to Stay, but Mr. Malofiy did not respond.  Defendants are therefore also filing a motion for extension of time to respond to the SAC.

WHEREFORE, for these reasons, Defendants VCNA and VCC respectfully request that this Court enter an order staying this case until judgment is entered in *Mark Webb, and as Administrator for the Estate of Sabino Webb, deceased, vs. Volvo Cars of N.A., LLC d/b/t/a "Volvo," et. al.*, Civil Action No. 00208, Court of Common Pleas, Philadelphia County, Pa.

Dated: December 30, 2013    Respectfully submitted,

By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
**BRYAN CAVE LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020
pwherzog@bryancave.com

Richard B. Wickersham, Jr.
**POST & SCHELL, P.C.**
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone: (215) 587-6612
Fax: (215) 320-4875
rwickersham@postschell.com

Attorneys for Volvo Cars of North America, LLC and Volvo Car Corporation

## Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on December 30, 2013 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

By: */s/ Peter W. Herzog III*