UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB,<br>Individually and on behalf of all others similarly situated,<br>    *Plaintiffs*<br><br>            V.<br><br>VOLVO CARS OF N.A., LLC;<br>VOLVO CAR CORPORATION;<br>VOLVO CAR UK LIMITED;<br>VOLVO CARS OF N.A., INC.<br>    *Defendants* | CIVIL ACTION NO.:<br>13-CV-2394<br><br><br>*JURY TRIAL DEMANDED* |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY

Plaintiffs, Ana Webb, individually and on behalf of all others similarly situated, respectfully respond to Defendants' Motion to Stay the proceeding until judgment is entered in *Mark Webb, as Administrator for the Estate of Sabino Webb, deceased, vs. Volvo Cars of N.A., LLC, et al.,* Civil Action No. 00208, Court of Common Pleas, Philadelphia County, Pa.:

  1. Admitted.

  2. Admitted.

  3. Admitted. By way of further response, there were serious errors made that allowed Defendants to put on clearly inadmissible evidence. Namely, Defendants were allowed to expound at length on the Volvo 850's performance in FMVSS testing, but

binding precedent in Pennsylvania clearly states *any* evidence that an automobile passed a government standard is inadmissible. These issues, and others, are currently being argued in a post-trial motion in the Philadelphia Court of Common Pleas.

    4.    Admitted. By way of further response, Plaintiff's letter brief on *res judicata* and collateral estoppel clearly explained why binding Third Circuit precedent does not permit a finding that the state court case has any preclusive effect on the instant matter because the plaintiffs in each case are not in privity.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted. By way of further response, Plaintiffs do not see the purpose of delaying this litigation given that the parties differ in the two lawsuits and *res judicata* does not apply.

    9.    Admitted in part, denied in part. It is admitted that Plaintiff filed a Second Amendment Complaint. The rest of the paragraph is expressly denied. Without Mr. Webb as a plaintiff, there is no party in this action in privity with the Estate of Sabino Webb, the plaintiff in the state court action, thus preventing the application of *res judicata* or collateral estoppel. Furthermore, Defendants' focus on Plaintiffs' changes to the causes of action in the Second Amended Complaint is a non sequitur and red herring

designed to distract the Court from the fact that *res judicata* and collateral estoppel cannot be applied in this case because the *parties*, not the causes of action, in the two cases are different. Indeed, Plaintiffs' letter brief on *res judicata* focused exclusively on the identity and privity of the parties, and therefore was clearly not trying to avoid *res judicata* by changing the causes of action.

      10.      Denied as a conclusion of law to which no response is required.

      11.      Admitted.

      12.      Denied as a conclusion of law to which no response is required.

      13.      Denied as a conclusion of law to which no response is required.

      14.      Denied as a conclusion of law to which no response is required. By way of further response, such a stay will prejudice Plaintiffs' efforts to establish that Pennsylvania has personal jurisdiction over defendant Volvo Car UK Limited ("VCUK").

      15.      Denied. There is no *res judicata* or collateral estoppel because recent Third Circuit and United States Supreme Court precedent—precedent that Defendants failed to address in their letter brief on *res judicata*—establishes that the plaintiff in the instant action, Ana Webb, is not in privity with the plaintiff in the state court action, the Estate of Sabino Webb. Because there is no preclusive effect, the determination of the alter ego jurisdictional discovery question with respect to VCUK must proceed.

16. Denied as a conclusion of law to which no response is required.

17. Denied as moot.

Wherefore, for the reasons stated herein, Plaintiffs' respectfully ask this Honorable Court to deny Defendants' Motion to Stay.

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
1125 Walnut Street
Philadelphia, PA 19107
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

*/d/ January 13, 2014*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB,<br>Individually and on behalf of all others similarly situated,<br>    *Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC;<br>VOLVO CAR CORPORATION;<br>VOLVO CAR UK LIMITED;<br>VOLVO CARS OF N.A., INC.<br>    *Defendants* | CIVIL ACTION NO.:<br>13-CV-2394<br><br><br>*JURY TRIAL DEMANDED* |

# PLAINTIFFS' RESPONSE MEMORANDUM OF LAW OPPOSING DEFENDANTS' MOTION TO STAY

For reasons set forth fully in Plaintiffs' *Res Judicata* and Collateral Estoppel Letter Brief *(Doc. No. 53)*, the pending litigation, *Mark Webb, as Administrator for the Estate of Sabino Webb, deceased, vs. Volvo Cars of N.A., LLC, et al.,* Civil Action No. 00208, Court of Common Pleas, Philadelphia County, Pa. (hereinafter, "the Sabino Webb Case"), does not have any preclusive effect with regards to the present case. Should the Court find the doctrines of *res judicata* or collateral estoppel inapplicable, the grant of a stay in the instant litigation would be moot. Thus, the pendency of post-trial motions has no effect as to whether the instant action should be stayed.

Nevertheless, on December 19, 2013, Defendants filed a Statement arguing that the Sabino Webb Case may preclude the present action. (*Doc. No. 52)*. Further, on December 30, 2013, Defendants moved to stay the present action until there is a ruling on

post-trial motions filed in the Sabino Webb Case, or until the motions are deemed denied by the passage of time and judgment is entered in state court. (*Doc. No. 56*).

A stay is an extraordinary remedy and the party seeking even merely a stay of discovery pursuant to Federal Rules of Civil Procedure bears the burden of showing good cause exists for the stay. Fed. R. Civ. P. 26(c); *In re Plastics Additives Antitrust Litig.,* No. Civ. A 03-2038, 2004 WL 2743591, at *5 (E.D. Pa. Nov. 29, 2004); *State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C.,* No. CV 2007-0051, 2007 U.S. Dist. LEXIS 74459, at *3 (E.D.N.Y. Oct. 4, 2007). Because stays delay and obstruct litigation, they are considered "extraordinary remedies" which are "not preferred." *In re Plastics Additives Antitrust Litig.,* C.A. No. 03-2038, 2004 U.S. Dist. LEXIS 23989, at *15 (E.D. Pa. Nov. 29, 2004); *Coyle v. Hornell Brewing Co.,* Civil No. 08-2797 (JBS/JS), 2009 U.S. Dist. LEXIS 49109, at *9 (D.N.J. June 9, 2009). Furthermore, "[d]elay tends to discourage prosecution of civil litigation. As time passes, memories of witnesses fade. The inherent value of a claim for damages . . . diminishes." *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 269 F. Supp. 540, 542 (E.D. Pa. 1967).

Here, despite the fact that Defendants seek a stay of all activity pending further resolution of the state court proceedings, they have done no more than state that a stay will not prejudice Plaintiffs and will help to conserve resources. By itself, these averments do not establish that any extraordinary remedy, such as a stay, should be granted. Furthermore, Plaintiffs are currently in the midst of trying to establish personal jurisdiction over defendant Volvo Car UK Limited. A stay will prohibit Plaintiffs from

ascertaining facts about this Court's jurisdiction over defendant Volvo Cars UK Limited. Concurrent with this response, Plaintiffs are filing a Motion for Alter Ego Personal Jurisdiction Discovery in an effort to acquire more facts showing that Volvo Car Corporation completely controls all aspects of VCUK.

Therefore, any stay will seriously prejudice Plaintiffs' efforts to defeat defendant VCUK's Rule 12(b)(2) motion and the Court should deny Defendants' motion as Defendants have not carried their burden of showing good cause exists to grant a stay.

*****
*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
1125 Walnut Street
Philadelphia, PA 19107
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

*/d/ January 13, 2014*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiffs' response and Memorandum of Law Opposing Defendants' Motion to Stay was filed with the United States District Court Eastern District of Pennsylvania on January 13, 2014 via electronic mail and/or via the ECF Filing System and served upon all counsel of record:

>Richard B. Wickersham, Jr., Esquire
>Post & Schell, P.C.
>Four Penn Center
>1600 JFK BLVD. | 13th Floor
>Philadelphia, PA 19103
>T: (215) 587-6612
>F: (215) 320-4875
>E:  rwickersham@postschell.com
>
>Peter W. Herzog, III, Esquire
>Bryan Cave LLP
>211 N. Broadway, Suite 3600
>St. Louis, MO 63102
>T: (314) 259-2000
>F: (314) 259-2020
>E: pwherzog@bryancave.com

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
1125 Walnut Street
Philadelphia, PA 19107
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

*/d/ January 13, 2014*