# United States District Court
## Eastern District of Pennsylvania

| | |
|---|---|
| Ana Webb<br>Individually and on behalf of all others similarly situated,<br>    *Plaintiffs*<br><br>v.<br><br>Volvo Cars of N.A., LLC;<br>Volvo Car Corporation;<br>Volvo Car UK Limited;<br>Volvo Cars of N.A., Inc.<br>    *Defendants* | Civil Action No.: 13-2394<br><br>*Jury Trial Demanded* |

## Plaintiffs' Motion for Alter Ego Personal Jurisdiction Discovery

Plaintiffs request that limited jurisdictional discovery be granted to determine if Volvo Car Corporation (VCC) and Volvo Car United Kingdom Limited (VCUK) are alter egos, and VCC's jurisdictional contacts with Pennsylvania can be imputed to VCUK:

1. On May 1, 2013, Plaintiffs filed suit against VCC and its North American and United Kingdom subsidiaries in this Court.

2. On October 3, 2013, Defendant VCUK filed a Fed Civ. Pro. R. 12(b)(2) motion to dismiss for lack of personal jurisdiction.

3. On October 21, 2013, Plaintiffs filed an Answer (*Doc. No. 24*) stating that they were seeking to establish personal jurisdiction by an alter ego theory, or by specific jurisdiction.

4. The vast majority of Plaintiffs' Answer's brief was devoted to establishing that VCUK is the alter ego of its parent corporation, VCC.

5.     Plaintiffs cited Simeone v. Bombardier-Rotax GmbH, 360 F. Supp. 2d 665 (E.D. Pa. 2005) in their Answer Brief, at p.16 (*ECF doc. pg.32*).

6.     Simeone, and the many other cases cited by Plaintiffs, recognize the alter ego theory of personal jurisdiction which states that foreign subsidiaries not subject to specific or general personal jurisdiction can still be subject to personal jurisdiction in Pennsylvania by the imputation of their parent company's contacts with Pennsylvania.

7.     **Defendant VCUK does not dispute that alter ego theory is a valid way to establish personal jurisdiction in the Eastern District of Pennsylvania.**

8.     At the hearing of December 6, 2013, due to an honest misunderstanding, the Court thought that Plaintiffs were only seeking to establish that VCUK itself has contacts with Pennsylvania and should be subject to personal jurisdiction on that basis. (12/6/13 Hearing Transcript, pp.29:9–17, 33:2–21, 39:1–2, 39:22–24). For that reason, the Court offered to allow Plaintiffs the ability to depose Adam Clarke, the company secretary of VCUK, to determine if VCUK has contacts with Pennsylvania.

9.     The Court said that VCUK's motion to dismiss for lack of personal jurisdiction would likely be granted if the deposition did not take place, or did not reveal there were contacts with Pennsylvania.

10.    Plaintiffs sent a letter to the Court on December 13, 2013, explaining the misunderstanding concerning Plaintiffs' legal argument as to why there is personal jurisdiction over VCUK by way of alter ego theory, and specifying the type of jurisdictional discovery being requested by Plaintiffs.

11. Plaintiffs seek jurisdictional discovery, but not with a deposition of Adam Clarke. Plaintiffs instead seek a Request for Production of Documents, Interrogatories, and Request for Admissions directed at VCUK to determine if it is an alter ego of VCC.

12. Plaintiffs have presented a wealth of evidence that VCC dominates its subsidiary, VCUK, in their Answer and Sur Reply (*Doc. No. 42*), in part:

   a. VCC owns 100% of VCUK's stock;
   b. the CEO of VCUK is *always* appointed by VCC;
   c. VCUK's CEO serves as a VCC regional president;
   d. VCUK's CEO reports to VCC management;
   e. VCUK does not publicly list management structure except VCC's;
   f. VCUK's website lists its board of directors as VCC's board of directors;

13. VCUK's incorporation is not legitimate or independent in any way from VCC, and as such the corporate veil should be pierced pursuant to long-standing precedent in the Third Circuit, and VCC's jurisdictional contacts imputed to VCUK.

14. Plaintiffs have requested jurisdictional discovery under an alter ego theory since the beginning of this dispute, starting with their Response (*Doc. No. 24*), at pp.22–23.

Wherefore, Plaintiffs ask for jurisdictional discovery to determine if VCC controls VCUK to such a degree that the corporate veil should be pierced and VCC's contacts with Pennsylvania should be imputed to VCUK.

*Respectfully submitted,*
Francis Alexander, LLC
/s/ Francis Malofiy
Francis Malofiy, Esquire
Attorney ID No.: 208494
1125 Walnut Street
Philadelphia, PA 19107
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
/d/ January 13, 2014

# United States District Court
## Eastern District of Pennsylvania

---

| | |
|---|---|
| Ana Webb<br>Individually and on behalf of all others similarly situated,<br>   *Plaintiffs*<br><br>v.<br><br>Volvo Cars of N.A., LLC;<br>Volvo Car Corporation;<br>Volvo Car UK Limited;<br>Volvo Cars of N.A., Inc.<br>   *Defendants* | Civil Action No.: 13-2394<br><br>*Jury Trial Demanded* |

---

### Memorandum of Law in Support of Plaintiffs' Motion for Alter Ego Personal Jurisdiction Discovery

## I. Alter Ego Theory Jurisdictional Discovery is Legally Recognized

"One may use 'the alter ego doctrine to secure jurisdiction over nonresident corporations upon a finding that either the 'dominant' or 'subservient' corporation does business within the state.'" Directory Dividends Inc. v. SBC Communication, Inc., 2003 U.S. Dist LEXIS 12214, *9 (E.D Pa 2003) (quoting Aamco Automatic Transmissions, Inc. v. Tayloe, 368 F. Supp.1283, 1300 (E.D. Pa. l973)). Alter ego jurisdiction is appropriate when "the record demonstrates that the subsidiary is the 'alter ego' of the parent to the extent that domination and control by the parent corporation renders the subsidiary a mere instrumentality of the parent." Gammino v. Verizon Communs., 2005 U.S. Dist. LEXIS 35873, *7–9 (E.D. Pa. 2005) (quoting Botwinick v. Credit Exch., Inc., 419 Pa. 65, 213 A.2d 349, 353 (Pa. 1965)). The parent company must essentially

exercise a degree of control over the subsidiary so that the interaction between the parent and the subsidiary is akin to that of a corporation and one of its departments. Directory Dividends, 2003 U.S. Dist. LEXIS 12214 at 9.

There are "ten factors this court has considered when determining whether a subsidiary is an alter ego of a parent are: 1) ownership of all or most of the stock of the subsidiary; 2) common officers and directors; 3) a common marketing image; 4) common use of a trademark or logo; 5) common use of employees; 6) an integrated sales system; 7) interchanges of managerial and supervisory personnel; 8) subsidiary performing business functions which the principal corporation would normally conduct through its own agents or departments; 9) subsidiary acting as a marketing arm of the principal corporation, or as an exclusive distributor, and 10) receipt by the officers of the related corporation of instruction from the principal corporation." Gammino, 2005 U.S. Dist. LEXIS 35873 at *7–9 (citing Arch v. American Tobacco Co., Inc., 984 F. Supp. 830, 830 (E.D. Pa. 1997)).

Volvo states in its Reply Brief, p.5 (*Doc. No. 35*), that additional factors should be considered in the alter ego determination, including "gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stockholder." Action Mfg. Co., Inc. v. Simon Wrecking Co., 375 F. Supp. 2d 411, 421-22 (E.D. Pa. 2005). Plaintiff rejects that these factors should be included in the alter ego test as many of them are inapplicable to this case, but believe that, on the whole, these factors still show that VCC and VCUK are the same company.

Once established that a parent company and its subsidiaries are not separate entities, the jurisdictional contacts of one subsidiary—or the parent company—can be imputed to all other entities in the unified corporation. Directory Dividends, 2003 U.S. Dist LEXIS 12214 at *22.

A party has a right to engage in jurisdictional discovery so that a jurisdictional issue may be considered thoroughly. Square D Co. v. Scott Elec. Co., 2008 U.S. Dist. LEXIS 34127, *3 (W.D. Pa. Apr. 25, 2008); see also Sowonski v. AMTRAK, 1999 U.S. Dist. LEXIS 9608, *5–6 (E.D. Pa. June 23, 1999) (noting that parties "are entitled to a 'fair opportunity to engage in jurisdictional discovery' to obtain 'facts necessary for thorough consideration of the [jurisdictional] issue'" (quoting Federal Ins. Co. v. Richard I. Rubin & Co., Inc., 12 F.3d 1270, 1285 n.11 (3d Cir. 1993))). Courts have realized that when "the anemic factual record interferes with [Plaintiffs'] ability to meet [their] burden" in showing the defendant is subject to personal jurisdiction, the granting of jurisdictional discovery is necessary if Plaintiffs can make a prima facie showing jurisdiction may be warranted. Arlington Indus. v. Elec. Custom Distribs., Inc., 2010 U.S. Dist. LEXIS 134177 (M.D. Pa. Dec. 20, 2010). Jurisdictional discovery is usually permitted unless a plaintiff's claim is "clearly frivolous." Massachusetts School of Law at Andover, Inc. v. American Bar Assoc., 107 F.3d 1026, 1042 (3d Cir. 1997).

## II. Jurisdictional Discovery Under An Alter Ego Theory is Warranted in this Case

Plaintiffs believe that their evidentiary showing is sufficient to find that VCC is VCUK's alter ego and VCC's jurisdictional contacts should be imputed to VCUK. In the event the Court finds that there is not enough evidence to prove that VCUK is VCC's alter ego, Plaintiffs request

jurisdictional discovery to prove this fact. Plaintiffs have thus far made a prima facie evidentiary offering in their Answer and Sur Reply, including, but not limited to, proving that:

- VCC owns 100% of VCUK's stock;
- the CEO of VCUK is *always* appointed by VCC;
- VCUK's CEO serves as a VCC regional president;
- VCUK's CEO reports to VCC management;
- VCUK does not publicly list an actual management structure except VCC's;
- VCUK's website lists its board of directors as VCC's board of directors;
- VCC's corporate designee forthrightly admits that VCC subsidiaries, such as VCUK, are nothing more than marketing and distribution divisions for VCC;
- VCC's corporate brochures list the United Kingdom as a *VCC* sales market, ***representing VCUK sales totals as its own***;
- VCC maintains and tightly controls a global marketing campaign, in which its subsidiaries, like VCUK, play bit roles;
- Advertising material produced by VCC is used by VCUK;
- VCUK's website, its most public face, explicitly admits that it is actually VCC's website;
- VCC's website, and all of its subsidiaries' websites, are actually one website owned and controlled by VCC;
- VCUK and VCC use the same trademark and copyrights on their websites and marketing material;
- VCC and its subsidiaries, including VCUK, present an identical image to the world and consumers; and
- VCUK employees even use VCC email addresses.

Given that the Third Circuit has stated that jurisdictional discovery should be granted unless a plaintiff's basis for jurisdiction is frivolous, <u>Arlington Indus.</u>, 2010 U.S. Dist. LEXIS 134177, and considering the substantial evidence Plaintiffs have presented showing that VCUK and VCC are alter egos of each other, jurisdictional discovery based on Plaintiffs' alter ego theory should be granted.

### III. Nature of Jurisdictional Discovery Requested

Plaintiffs believe that she can adequately supplement the record to prove that VCUK is VCC's alter ego by being allowed to serve VCUK and VCC with a Combined Request for

Document Production, Interrogatories, and Request for Admissions. Plaintiffs do not believe that deposing a VCUK or VCC corporate designee is necessary, but respectfully reserves the right to do so if VCUK inadequately answers Plaintiffs' requested discovery.

*****
*Respectfully submitted,*
Francis Alexander, LLC
/s/ Francis Malofiy
Francis Malofiy, Esquire
Attorney ID No.: 208494
1125 Walnut Street
Philadelphia, PA 19107
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
/d/ January 13, 2014

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing MOTION AND BRIEF TO for ALTER EGO PERSONAL JURISDICTION DISCOVERY was filed with the United States District Court Eastern District of Pennsylvania in person and/or via the ECF Filing System and served upon all counsel of record:

Peter W. Herzog, III, Esquire
BRYAN CAVE LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
T: (314) 259-2000
F: (314) 259-2020
E: pwherzog@bryancave.com

Richard B. Wickersham, Jr., Esquire
POST & SCHELL, P.C.
Four Penn Center
1600 JFK BLVD. | 13th Floor
Philadelphia, PA 19103
T: (215) 587-6612
F: (215) 320-4875
E: rwickersham@postschell.com

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
/s/ Francis Malofiy
Francis Malofiy, Esquire
Attorney ID No.: 208494
1125 Walnut Street
Philadelphia, PA 19107
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*
/d/ January 13, 2014