# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

ANA WEBB, et al.,

            Plaintiffs,

      v.

VOLVO CARS OF N.A., LLC,
VOLVO CAR CORPORATION,
VOLVO CAR UK LIMITED, and
VOLVO CARS OF N.A., INC.,

            Defendants.

Civil Action No. 13-CV-2394-MMB

## DEFENDANTS VOLVO CARS OF NORTH AMERICA, LLC'S AND VOLVO CAR CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY

Defendants, Volvo Cars of North America, LLC ("VCNA"), and Volvo Car Corporation ("VCC") (collectively "Defendants"), offer this reply in support of their Motion to Stay.

## INTRODUCTION

Ana Webb has opposed Defendants' Motion to Stay on two grounds.  First, she says that a stay is an "extraordinary remedy" that is not warranted here. Second, she says that, by dropping her husband, Mark Webb, as a named plaintiff in this case, she can avoid completely the preclusive effects of an adverse state court judgment in a case making the same claims concerning the same vehicle prosecuted by her husband.  For the reasons explained below, the Court should

reject Plaintiff's arguments and stay the case pending the entry of final judgment in the Court of Common Pleas of Philadelphia County.

## ARGUMENT

For reasons previously explained, Defendants believe that the involuntary nonsuits and jury verdict in *Mark Webb, and as Administrator for the Estate of Sabino Webb, deceased, vs. Volvo Cars of N.A., LLC d/b/t/a "Volvo," et. al.*, Civil Action No. 00208, Court of Common Pleas of Philadelphia County preclude further litigation of the claims alleged in this case.  (DE 52 & 56.)  However, as also explained, this Court cannot dismiss this litigation on grounds of *res judicata* or collateral estoppel until a judgment has been entered in the Court of Common Pleas.  (DE 52 & 56.)

Plaintiff's argument that the Court should not stay this case temporarily because a stay is an extraordinary remedy not warranted here is unpersuasive.  At the Court's invitation, Defendants moved to stay the case until the entry of judgment by the Court of Common Pleas.  The state court has until March 25, 2014 to rule on post-trial motions.  A stay of a few months is both rational and reasonable, and will allow this Court to then address the preclusive effect of the state court judgment on a full record.

Plaintiff's argument that the stay should be denied because the state court judgment does not have preclusive effect is premature and backward.  Defendants

requested a stay so the Court could resolve that issue most efficiently and on a full record, as part of its decision whether Plaintiff's Second Amended Complaint states a claim for relief under Fed. R. Civ. 12(b)(6). As explained below, furthermore, the argument that a judgment in the Court of Common Pleas can be avoided by dropping Mr. Webb as a named Plaintiff is incorrect. But again, this issue can and should be addressed by motion and briefing after judgment is entered in the Court of Common Pleas.

Ms. Webb argues that *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299 (3d Cir. 2009), is "binding precedent" that this Court must follow. *Nationwide* predicted that the Pennsylvania Supreme Court would follow the United States Supreme Court in rejecting the concept of "virtual representation." *Nationwide*, 571 F.3d at 312 ("Accordingly, in line with *Taylor*, and for the reasons articulated therein, we reject the notion of 'virtual representation' as an exception to nonparty collateral estoppel to the extent it embraces anything more than the understanding that privity requires a prior legal or representative relationship between a party to the prior action and the nonparty against whom estoppel is asserted"). Defendants are not asserting "virtual representation" here, and *Nationwide* is therefore inapposite. Even further, to the extent it has any relevance at all, *Nationwide* favors application of *res judicata* here, because there was "a prior legal or representative relationship between a

party to the prior action and the nonparty against whom estoppel is asserted." *Id.* Ana Webb and Mark Webb are the lone legal heirs of the Estate of Sabino Webb. PA. CONST. STAT. § 2103 (2) ("If no issue survives the decedent, then to the parents or parent of the decedent").  That is, if the Estate had prevailed on the UTPCPL claim in the state court case, Ana Webb would have inherited half of the funds through intestacy.  As the heirs to the Estate, Mr. and Mrs. Webb were the real parties who stood to benefit, and who had actual control of the litigation through Mr. Webb's role as Administrator of the Estate.  The legal relationship between Ana Webb and the Estate, along with the actual control she had over the litigation through her husband's role as Administrator, easily meet the requirements of federal common law as articulated in *Taylor v. Sturgell*, 553 U.S. 880 (2008).

Two of the enumerated grounds for nonparty preclusion in *Sturgell* are applicable here.  First, there is a "pre-existing 'substantive legal relationship'" between the person to be bound and a party to judgment."  *Sturgell*, 553 U.S. at 894.  Second, "a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit," such as "suits brought by a trustee, guardian or other fiduciary."  *Id.* at 894-95 (citations omitted).  There was a pre-existing legal relationship between the Estate and the heirs created by PA. CONST. STAT. § 2103 (2).  Furthermore, the

Estate and Mark Webb owed a fiduciary duty to Ana Webb in controlling the litigation.  Both *Sturgell* grounds identified are met here.

If there is no conflict between federal common law and Pennsylvania law, then either may be applied.  But if there is a conflict, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81 (1984).  In his letter brief, Mr. Malofiy argues that "Pennsylvania's res judicata and collateral estoppel rules apply to this dispute." (DE 53, at 2.)  Under Pennsylvania law, the rule of *res judicata* "should not be defeated by minor differences of form, parties or allegations, when these are contrived only to obscure the real purpose—a second trial on the same cause between the same parties."  *Stevenson v. Silverman*, 208 A.2d 786, 788 (Pa. 1965). In Pennsylvania, "there is no prevailing definition of 'privity' which can be applied automatically to all cases," *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1317 (Pa. Super. 1983), and "the privity enquiry should be flexible enough to acknowledge the realities of parties' relationships."  *Myers v. Kim*, 55 Pa. D. & C.4th 93, 101 (Pa. Com. Pl. 2001).  The substance of those realities shows that privity exists here under Pennsylvania law.

Pennsylvania courts favor the definition of privity articulated in Black's Law Dictionary: "'[i]n its broadest sense, 'privity' is defined as mutual or successive

relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right.'" *Ammon v. McCloskey*, 440 Pa. Super. 251, 655 A.2d 549, 554 (Pa. Super. Ct. 1995) (citation omitted); *Bergdoll v. Commonwealth*, 858 A.2d 185, 197 n.4 (Pa. Commw. Ct. 2004), *aff'd*, 583 Pa. 44 (2005).  Pennsylvania courts have found relationships similar to the relationship here to constitute privity for purposes of *res judicata*. *Perelman v. Adams*, 945 F. Supp. 2d 607, 618 (E.D. Pa. 2013) (finding employer and employee to be parties in privity for purposes of applying principles of *res judicata*) (applying Pennsylvania law); *Thompson v. Karastan Rug Mills*, 323 A.2d 341, 345 (Pa. Super. Ct. 1974) (manufacturer and retailer are in privity for purposes of *res judicata*); *see also O'Brien v. Valley Forge Specialized Educ. Servs.*, 2004 WL 2316425, at *9 (E.D. Pa. Oct. 13, 2004), *aff'd*, 173 F. App'x 977 (3rd Cir. 2006) ("because plaintiffs in the state court action (the O'Briens) acted as the *de facto* legal representatives of Plaintiffs in this case, privity exists between the parties").  So even if *res judicata* was not available under federal common law (it is), Ana Webb's claims in this case would be barred under Pennsylvania law.

Collateral estoppel also will bar re-litigation of many issues even if Defendants are not entitled to bar Ana Webb's claims in their entirety under *res judicata* (they are).  Under Pennsylvania law, "[t]he doctrine of collateral estoppel is a broader concept than *res judicata*[,]" and "[u]nlike *res judicata*, there

is no requirement that there be an identity of parties between the two actions to invoke the bar." *Day*, 464 A.2d at 1318-19.

This brief discussion shows that there is a strong likelihood that the Second Amended Complaint is barred by the doctrine of *res judicata*.  Even if not, the claims may effectively be barred by principles of collateral estoppel.  The Court should make those decisions on a full record with comprehensive briefing after judgment is entered in the Court of Common Pleas in the near future.  A brief stay to allow the state court judgment to become final will conserve the time and resources of the parties and the Court.

## CONCLUSION

WHEREFORE, for these reasons, Defendants VCNA and VCC respectfully request that this Court enter an order staying this case until judgment is entered in *Mark Webb, and as Administrator for the Estate of Sabino Webb, deceased, vs. Volvo Cars of N.A., LLC d/b/t/a "Volvo," et. al.*, Civil Action No. 00208, Court of Common Pleas, Philadelphia County, Pa.

7

Dated:  January 21, 2014            Respectfully submitted,


By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
**BRYAN CAVE LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020
pwherzog@bryancave.com

Richard B. Wickersham, Jr.
**POST & SCHELL, P.C.**
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone:  (215) 587-6612
Fax:  (215) 320-4875
rwickersham@postschell.com

Attorneys for Volvo Cars of North America, LLC
and Volvo Car Corporation


## Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on January 21, 2014 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.


By: */s/ Peter W. Herzog III*

4247962.1                                            8