IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>              Plaintiffs,<br><br>     v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>              Defendants. | Civil Action No. 13-CV-2394-MMB |

**DEFENDANT VOLVO CAR UK LIMITED'S
MEMORANDUM IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY</u>**

**INTRODUCTION**

At the hearing on December 6, 2013, Plaintiff's counsel, Mr. Malofiy, asked the Court for an opportunity to conduct limited discovery to establish counsel's theory that Volvo Car UK Limited ("VCUK") is the alter ego of Volvo Car Corporation for jurisdictional purposes. When asked what limited discovery he was seeking, counsel said a deposition of "one corporate designee." The Court granted Mr. Malofiy's limited request, but conditioned it on payment of reasonable expenses for VCUK's counsel to travel to the United Kingdom for the deposition—subject to repayment by VCUK if Plaintiff successfully established jurisdiction. The Court also told Mr. Malofiy that it intended to grant VCUK's

motion to dismiss if he declined to proceed with the deposition. Mr. Malofiy declined to take the deposition he requested (and received authority to conduct) from this Court and instead now seeks unlimited (and certain to be massive) written discovery of VCUK in the form of interrogatories, document requests, and requests for admissions. For the reasons explained below, the Court should deny Plaintiff's motion. (DE No. 60.)[1]

## BACKGROUND

During the briefing on VCUK's motion to dismiss for lack of jurisdiction, Plaintiff sought jurisdictional discovery to show that VCUK was the alter ego of a Swedish company, Volvo Car Corporation ("VCC"). (DE No. 24.) VCUK opposed the request for such discovery because Plaintiff offered only speculation and conclusory assertions in response to VCUK's evidentiary showing. VCUK's sworn testimony showed, among other things, that VCUK did not do any business in Pennsylvania, did not advertise in the United States, and was a proper corporation organized and existing under the laws of the United Kingdom. (DE No. 18-2, Declaration of Adam Clarke ("Clarke Dep.") at ¶¶ 5-14.)

---

[1] At the time of the December 6, 2013 hearing, the Plaintiffs were Mark and Ana Webb. Since that time, Plaintiffs removed Mr. Webb in an Amended Complaint in a facile (and vain) attempt to avoid the preclusion bars created by their loss in the state court case on the same causes of action. VCUK will refer to the singular Plaintiff throughout the brief in an effort to avoid confusion, even though at the time of the previous briefing and hearing, there were two Plaintiffs.

During the hearing on the motion to dismiss, Mr. Malofiy asked the Court to allow him to depose "one corporate designee" to establish his theory of alter ego jurisdiction.  (Ex. 1, Transcript of Hearing at 28:13-23.)  He said that he sought the discovery to show "that Volvo Cars of UK is the alter ego of VCC," "to find out where these advertisements went, where these advertisements were ... ," and "to find out whether or not they did business in the United States."  (*Id.* at 29:06-09; 29:18-21; and 30:23-31:03.)  Mr. Malofiy also told the Court that he was willing to travel to the United Kingdom to take the deposition.  (*Id.* at 47:13-14 ("If I have to, I would travel there to do the …").)

The Court ruled on Plaintiff's request for jurisdictional discovery by allowing Plaintiff to depose Adam Clarke for three hours in the United Kingdom.  (*Id.* at 47:19-21.)  The Court also ruled that Plaintiff would have to advance reasonable travel expenses for VCUK's counsel to go to the United Kingdom for the deposition, but the Court also made it clear that if Plaintiff succeeded in establishing jurisdiction, VCUK would be required to repay the expenses advanced.  (*Id.* at 47:23-48:06.)  Mr. Malofiy commented that he thought the Court's decision was "very fair."  (*Id.* at 48:07-08.)

The Court stated that Plaintiff "had a high burden to overcome because of this affidavit," that the evidence submitted by Plaintiff with his opposition to the motion was "remote," and that there did not appear to be any need to have VCUK

3

in the case.  (*Id.* at 48:17-23.)  The Court also warned Mr. Malofiy that if he did not take the deposition of Mr. Clarke under the terms the Court authorized, the Court intended to grant VCUK's motion to dismiss for lack of jurisdiction:

> [I]f you don't take the deposition, I'm going to tell you that I'm going to dismiss them for lack of personal jurisdiction.  All right?  I think you've got a big burden to do here, but I'll give you the latitude if you want to put the money out.

(*Id.* at 50:15-19.)

Plaintiff declined to proceed with the deposition of Mr. Clarke.  Nonetheless, Plaintiff now seeks to avoid dismissal by asking the Court to approve far-reaching written discovery in the form of requests for production of documents, interrogatories, and requests for admissions.[2]  In contrast to Mr. Malofiy's previous representation to the Court that its ruling was "very fair," Plaintiff now argues that the Court "misunderstood" his argument and based its ruling on that misunderstanding:

> At the hearing of December 6, 2013, due to an honest misunderstanding, the Court thought that Plaintiffs were only seeking to establish that VCUK itself has contacts with Pennsylvania and should be subject to personal jurisdiction on that basis.  For that reason, the Court offered to allow Plaintiffs the ability to depose Adam

---

[2] Mr. Malofiy does not attach his proposed written discovery, preferring instead to seek a blanket pre-authorization.  Based on past experience in the state court proceeding, the proposed written discovery will have no bounds, will number in the dozens or even hundreds of requests, and will require extensive and costly motion practice.

4

4247894.2

Clarke, the company secretary of VCUK, to determine if
VCUK has contacts with Pennsylvania.

(DE No. 60 at ¶ 8.) A review of the hearing transcript, however, shows that the Court understood Plaintiff's arguments. Understanding the arguments of Plaintiff's counsel and the legal framework at issue, the limited discovery on that issue specifically requested having been allowed but declined, the Court should execute on its stated intention to grant VCUK's motion to dismiss and deny this application as moot.

## ARGUMENT

I. THE COURT SHOULD GRANT VCUK'S MOTION TO DISMISS AND DENY PLAINTIFF'S MOTION.

### A. The Court Should Grant the Motion to Dismiss Because Plaintiff Chose Not to Depose Mr. Clarke.

VCUK's motion to dismiss was fully briefed and argued, and the only reason the Court did not grant it during the hearing on December 6 was that Plaintiff sought a deposition of "one corporate designee." The Court granted Plaintiff's request for that deposition, but specifically warned Mr. Malofiy that "if you don't take the deposition, I'm going to tell you that I'm going to dismiss them for lack of personal jurisdiction." (*Id.* at 50:15-19.) Plaintiff chose not to depose Mr. Clarke. Plaintiff's purported excuse for not taking the deposition it asked for—that counsel now disagrees with the Court's ruling because he thinks the Court misunderstood Plaintiff's argument—is rebutted by the record. The Court

5

therefore should dismiss VCUK for lack of personal jurisdiction based on the reasons explained in VCUK's briefing and at argument. (DE Nos. 18, 35 & 43.) Such a ruling would render this application moot.

    **B.    The Court Should Grant VCUK's Motion to Dismiss and Deny this Motion Because the Discovery Would Serve No Purpose.**

Plaintiff relied heavily on *Simeone v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665 (E.D. Pa. 2005), in support of her argument for the exercise of jurisdiction over VCUK based on an alter ego theory, and this Court even ordered additional briefing specifically on that case from the parties. (DE Nos. 42 & 43.) That supplemental briefing has been concluded and demonstrates that dismissal is proper. The court in *Bombardier* explained that "even where an alter ego relationship has been shown, personal jurisdiction must ultimately be consistent with traditional notions of fair play and substantial justice." 360 F. Supp. 2d at 678 (internal quotation omitted). The "unique burdens placed upon one who must defend oneself in a foreign legal market should have *significant weight* in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id.* at 678-79 (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 114 (1987) (emphasis added)).

It is neither fair nor reasonable to exercise personal jurisdiction over VCUK on the facts of this case. The *only* reason that VCUK has been sued in Pennsylvania is that Plaintiff's counsel purchased over the internet a vehicle

6

brochure for a 1995 model year Volvo 850 (*not* the 1997 model year at issue here) published by VCUK that contains the words "strong steel bars in each door." Plaintiff offered no evidence that this brochure was ever available in the United States (and even if it found its way into the United States by some wayward means, it pictures a vehicle sold only in the United Kingdom).  By contrast, VCUK provided uncontradicted evidence that it does not advertise in the United States. (Clarke Dec. at ¶ 6.)  Nor has Plaintiff ever explained how or why it would be *reasonable* (the Supreme Court's word in *Asahi*) to stretch the long arm of personal jurisdiction all the way to the United Kingdom because of a brochure about a vehicle that was not sold or advertised in the United States.[3]

In the recently concluded trial before Judge Younge in the Court of Common Pleas of Philadelphia County, Mrs. Webb could not testify when or under what circumstances she allegedly saw the VCUK brochure.  Mrs. Webb, who has lived in a number of foreign countries, cannot even allege that she saw the VCUK brochure in the United States.  According to Plaintiff's counsel, *after* filing suit in the Court of Common Pleas, he researched and assembled for his clients boxes of

---

[3] As VCUK has explained previously, if applied as Plaintiff advocates, *Bombardier* would permit Pennsylvania to exercise personal jurisdiction over every Volvo Car Corporation subsidiary located throughout the world under an alter ego theory.  (DE No. 43 at 2.)  Such an expansive exercise of personal jurisdiction would violate the Due Process Clause of the United States Constitution and ride roughshod over considerations of international comity.  As the Supreme Court concluded only a few weeks ago, "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761-62 (2014).

advertisements for Volvo vehicles from throughout the world. He then presented these advertisements to the Webbs with a request that they review them and tell him which they remembered seeing and which contributed to their decision to purchase the used 1997 Volvo 850 in a private sale in May 2012. For these reasons, among others, the brochure was excluded from evidence by Judge Younge.

There is no connection between this proposed class action brought on behalf of U.S. purchasers and lessees and a brochure that was not disseminated outside the U.K. Both Volvo Car Corporation and Volvo Cars of North America are in the case and defending Plaintiffs' allegations. As previously explained, the rationale offered by Plaintiff for exercising jurisdiction over VCUK here would authorize any court in Pennsylvania to exercise alter ego jurisdiction over any subsidiary of any multinational corporation anywhere in the world. The exercise of personal jurisdiction over VCUK under these circumstances offends traditional notions of fair play and substantial justice. *See generally Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 114 (1987) ("A consideration of these factors in the present case clearly reveals the unreasonableness of the assertion of jurisdiction over Asahi, even apart from the question of the placement of goods in the stream of commerce").

8

Any discovery to attempt to prove alter ego thus would serve no useful purpose because the exercise of jurisdiction would not be reasonable or comport with the requirements of fair play and substantial justice. Accordingly, the Court should dismiss the claims against VCUK for lack of personal jurisdiction and deny Plaintiff's motion for jurisdictional discovery. *See generally Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448, 454 (E.D. Pa. 1999) (denying jurisdictional discovery because it would not be worthwhile).

## CONCLUSION

For these reasons, VCUK respectfully asks the Court to grant its motion to dismiss for lack of personal jurisdiction and deny Plaintiff's motion for jurisdictional discovery.

Dated: January 30, 2014             Respectfully submitted,

By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
**BRYAN CAVE LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020
pwherzog@bryancave.com

9

        Richard B. Wickersham, Jr.
**POST & SCHELL, P.C.**
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone: (215) 587-6612
Fax: (215) 320-4875
rwickersham@postschell.com

Attorneys for Volvo Car UK Limited

### Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on January 30, 2014 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

By: */s/ Peter W. Herzog III*

10

4247894.2