# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| MARK WEBB and ANA WEBB, ) | 13-CV-2394 |
| individually and on behalf of all ) | |
| others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Philadelphia, PA |
| VOLVO CARS OF N.A., LLC, et al., ) | |
| ) | December 6, 2013 |
| Defendant. ) | 10:05 a.m. |

```
                      TRANSCRIPT OF MOTION
              BEFORE THE HONORABLE MICHAEL J. BAYLSON
                  UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiffs: | FRANCIS MALOFIY, ESQUIRE<br>THE BEASLEY BUILDING<br>1125 Walnut Street<br>Philadelphia, PA  19107 |
| For the Defendant: | PETER W. HERZOG, III, ESQUIRE<br>BRYAN CAVE, LLP<br>211 N. Broadway<br>Suite 3600<br>1 Metropolitan Square<br>St. Louis, MO  63102<br><br>RICHARD B. WICKERSHAM, JR., ESQUIRE<br>POST & SCHELL, P.C.<br>FOUR PENN CENTER<br>1600 John F. Kennedy Boulevard<br>13th Floor<br>Philadelphia, PA  19103-2808 |
| Audio Operator: | INNA GOLDSHTEYN |
| Transcribed by: | DIANA DOMAN TRANSCRIBING<br>P.O. Box 129<br>Gibbsboro, New Jersey  08026-0129<br>Office:   (856) 435-7172<br>Fax:      (856) 435-7124<br>E-mail:   dianadoman@comcast.net |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1   to point to certain information that's available to the Court.
2   One thing is the disclosures which show that VCUK --
3              THE COURT:  Well, I just went through all your
4   exhibits.  They don't -- they don't show anything about Volvo
5   UK.
6              MR. MALOFIY:  And -- and --
7              THE COURT:  So do you want to take any further
8   discovery?  Do you want to file any additional --
9              MR. MALOFIY:  Sure.  That's --
10             THE COURT:  -- memo?
11             MR. MALOFIY:  What I would like to do is have limited
12  discovery to look at the issue.
13             THE COURT:  What limited discovery --
14             MR. MALOFIY:  I would just like to --
15             THE COURT:  -- specifically?
16             MR. MALOFIY:  I would have one -- I would like to
17  have one corporate designee, a very simple -- a deposition of
18  the corporate designee who knows about --
19             THE COURT:  Of what corporate designee?
20             MR. MALOFIY:  Corporate designee for Volvo Cars
21  Corporation and also from Volvo Cars of UK.  If they're one and
22  the same, that's fine, but just to identify what their global
23  marketing strategy is, where they market it to --
24             THE COURT:  Well, that's not -- well, you've got to
25  -- you've got to -- I mean, do you contest the truth of these

1  -- of these statements in the declaration of Adam Clarkd?
2              MR. MALOFIY:  I believe that -- and I think that --
3              THE COURT:  Answer yes or no.
4              MR. MALOFIY:  Yes.
5              THE COURT:  Well, what -- on what basis?
6              MR. MALOFIY:  On the basis that it's our position
7  that Volvo Cars of UK is the alter ego of VCC.  In other
8  words --
9              THE COURT:  That doesn't answer the question that --
10 you don't become subject to an alter -- to personal
11 jurisdiction in the United States, even if your alter ego, if
12 your -- if your based in the UK and the parent corporation is a
13 Swedish corporation, that doesn't -- even assuming you're
14 right, that they're an alter ego, which is a big leap of faith
15 on your part without any information, that doesn't establish
16 personal jurisdiction here.  Why don't you go sue them in the
17 UK?
18             MR. MALOFIY:  Well, I think that's an option, but
19 it's our position I think, one, we have to do discovery to find
20 out where these advertisements went, where these advertisements
21 were --
22             THE COURT:  Well, they -- what -- look, you -- you're
23 in the United States.  Okay?  You're a lawyer in Philadelphia.
24             MR. MALOFIY:  Sure.
25             THE COURT:  You've had lots of time to work on this

1  case.  Right?  This is a very tragic accident.  When did the
2  young child die?
3          MR. MALOFIY:  May 4, 2009, Your Honor.
4          THE COURT:  2009.
5          MR. MALOFIY:  Well May 11, 2009 was the death.
6          THE COURT:  All right.  So you've had five years to
7  work on this case.  When were you retained?
8          MR. MALOFIY:  Some time in -- in 2009.
9          THE COURT:  All right.  So you've been in the case
10 for five years.  Okay?  Probably more than five years.  So
11 you've had lots of time.  Now, if you say Volvo Car UK conducts
12 business in the United States, you've had lots of time to get
13 evidence about that, but you haven't submitted anything.
14         MR. MALOFIY:  One of the issues is we didn't have any
15 time to do the evidence on that because at the time, we didn't
16 know --
17         THE COURT:  But what kind of investigation did you
18 do?
19         MR. MALOFIY:  Well, one of the issues was mom and dad
20 said that they saw advertisements or they know that they saw
21 something that said the Volvo 850 has door bars on all four
22 doors.  In discover --
23         THE COURT:  But that doesn't establish jurisdiction
24 in the United States over Volvo UK.  You're avoiding the issue.
25         MR. MALOFIY:  I don't mean to avoid it.  One of the

1   things is we need to do discovery to find out whether or not
2   they did do business in the United States, and I'd like to find
3   that out.
4           THE COURT:  Well, you want a corporate designee of
5   Volvo Car Corporation and of Volvo Car UK?
6           MR. MALOFIY:  Yes.
7           THE COURT:  All right.  What's the defendant's
8   position?
9           MR. HERZOG:  Your Honor, he just said that he needs
10  discovery to determine whether or not Volvo Car UK did business
11  in the United States and what the extent of its advertising
12  was, and we submitted a declaration that is now uncontroverted,
13  Judge, that says that Volvo Car UK Limited does not advertise
14  vehicles for sale in the United States.  Volvo Car UK Limited
15  does not target or otherwise direct any advertising to
16  residents of the United States and further says --
17          THE COURT:  What's your position that he wants to
18  take your corporate designee deposition?
19          MR. HERZOG:  That's a fishing expedition, Your Honor.
20          THE COURT:  What?
21          MR. HERZOG:  It's a fishing expedition.  It's
22  further --
23          THE COURT:  Do you object to it?
24          MR. HERZOG:  We object to it, Your Honor.
25          THE COURT:  Okay.  Do you have -- now, look, you've

1    THE COURT:  Is there -- what?

2    MR. MALOFIY:  I don't mean to interrupt you.  I
3    believe we did -- we did reference it immediately in our -- in
4    our initial response.  So it wasn't in the surreply.  It was
5    actually in our initial response, and so --

6    THE COURT:  Well, I'm still going to give them a
7    chance to respond to it.  Okay?

8    MR. MALOFIY:  Understood.

9    THE COURT:  All right.  Now, Adam Clarkd is the
10   person who -- he's based in Great Britain, is that right?

11   MR. HERZOG:  Yes, Your Honor.  Yes, Your Honor.

12   THE COURT:  All right.

13   MR. MALOFIY:  If I have to, I would travel there to
14   do the --

15   THE COURT:  Well, I'm coming to that, but you're not
16   going to -- just going to travel there.  Here's what's going to
17   happen.

18   MR. MALOFIY:  Sure, Your Honor.

19   THE COURT:  You're going to -- you can take his --
20   I'll -- you can take his deposition, and I'm going to limit it
21   to three hours.

22   MR. MALOFIY:  Thank you, Your Honor.

23   THE COURT:  All right.  And -- but you're going to
24   pay for Volvo, present counsel to go there.  All right?  It's
25   going to be at your expense.

1    MR. MALOFIY:  Okay.  To go to UK.
2    THE COURT:  Their plane fare -- their plane fare.
3  Right.  You're to advance their cost.  Now, if it turns out
4  that I establish personal jurisdiction, that you -- that you
5  turn out to be correct, then they'll have to pay this back to
6  you.  Okay?
7    MR. MALOFIY:  Understood, Your Honor.  That's very
8  fair.
9    THE COURT:  But if not, then this is going to be at
10 your expense.  Furthermore, if you are unsuccessful, I may
11 award attorney's fees against you for their time going to
12 London.  I'm not going to make you pay their attorney's fees in
13 advance.  Okay?
14   But you -- I mean, here's an individual who's filed a
15 very categorical denial of jurisdiction with facts.  Okay?
16   MR. MALOFIY:  Yes.
17   THE COURT:  And in my view, you have a very high
18 burden to overcome because of this affidavit.  Now, maybe --
19 you know, I've never met this man.  I can't -- I'm not going to
20 decide credibility based on this, but the evidence that you've
21 come forward with so far, Mr. Malofiy, is remote, and
22 furthermore, I really question whether you need Volvo UK as a
23 defendant in this case.
24   If you're right about this brochure and -- that you
25 just showed me, the one that was -- doesn't have an exhibit

1  it's just a question of, you know, a parent being responsible
2  for the acts of its subsidiary.  That's just -- that's just a
3  common-law doctrine, and furthermore, it may be admissible
4  about Volvo Car of North America if they ever had any
5  familiarity with it or used it.  Now, that may be a little more
6  remote.  I don't know.
7       But I really -- I really think you ought to double
8  think this, because you're going to have to put out several
9  thousand dollars for plane fares and hotel rooms, and if both
10 -- if two lawyers want to go, I don't think it's unfair to --
11 for you to pay for two lawyers to do that, but I think -- given
12 what I've seen so far, I think that's a fair allocation of
13 expenses here.  Okay?
14      But I really think that this is not necessary and
15 that you -- but, you know, if you don't take the deposition,
16 I'm going to tell you I'm going to dismiss them for lack of
17 personal jurisdiction.  All right?  I think you've got a big
18 burden to do here, but I'll give you the latitude if you want
19 to put the money out.
20      MR. MALOFIY:  Will you be the Judge that will
21 continue on with this case?  Because I just --
22      THE COURT:  What?
23      MR. MALOFIY:  Will you be the Judge that will
24 continue on with this case?
25      THE COURT:  As long as I'm alive I will.  Yeah.