IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>        Defendants. | Civil Action No. 13-CV-2394-MMB |

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL
FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Volvo Cars of North America, LLC ("VCNA"), improperly named as Volvo Cars of N.A., LLC, and Volvo Car Corporation ("VCC") (collectively "Defendants"), submit the following statement of undisputed material facts in support of their Motion for Summary Judgment on all claims brought by Plaintiff Ana Webb in the Second Amended Complaint. (Dkt. 54.)

    1.    On or about May 2, 2011, Plaintiff Mark Webb, as administrator of the estate of Sabino Webb, filed a Complaint in the Court of Common Pleas, Philadelphia County, Pa., Civil Action Number 110500208, against VCNA, among others, based on the purchase of a 1997 Volvo 850 vehicle that was in an accident in which Mark and Ana Webb's son suffered fatal injuries ("Court of Common

Pleas Action").  (Docket Copy of Complaint, attached hereto as Exhibit 1 ("Ex. 1").)

2. On or about October 20, 2011, Plaintiff Mark Webb, as administrator of the estate of Sabino Webb, filed a Second Amended Complaint in the Court of Common Pleas Action ("SAC") against, among others, VCC and VCNA, Graco Children's Products, Inc., its parent company, Newell Rubbermaid, Inc., William Julian, and Maria Castrovillo.  (Docket Copy of Second Amended Complaint, attached hereto as Exhibit 2 ("Ex. 2").)

3. According to the allegations of the SAC, on or about May 4, 2009, a PT Cruiser vehicle driven by William Julian and owned by Maria Castrovillo struck a 1997 Volvo 850 vehicle owned and driven by Plaintiff's spouse, Ana Webb.  Mark and Ana Webb's infant son, Sabino, suffered injuries in the accident that led to his death approximately seven days later.  (Ex. 2 at ¶¶ 1, 40-46, 50, 56, 65-67.)

4. In Count I of the SAC, Plaintiff alleged that VCC and VCNA defectively manufactured and designed the Volvo 850 vehicle owned by Ana Webb in that the vehicle allegedly was not crashworthy because, among other things, it lacked a side impact protection system.  (Ex. 2 at ¶¶ 1, 178-94.)

5. In Count II of the SAC, Plaintiff alleged that the Volvo 850 vehicle owned by Ana Webb was unreasonably dangerous and defective when it was put

into the stream of commerce by VCC and VCNA because, among other alleged reasons, the vehicle lacked adequate side impact protection. (Ex. 2 at ¶¶ 1, 195-203.)

6. In Count III of the SAC, Plaintiff alleged that VCC and VCNA were negligent with respect to the design, manufacture and sale of the Volvo 850 vehicle owned by Ana Webb because, among other alleged reasons, the vehicle lacked adequate side impact protection. (Ex. 2 at ¶¶ 1, 204-16.)

7. In Count IV of the SAC, Plaintiff alleged that VCC and VCNA breached express and implied warranties with respect to the Volvo 850 vehicle owned by Ana Webb because, among other alleged reasons, the vehicle lacked adequate side impact protection. (Ex. 2 at ¶¶ 1, 217-30.)

8. In Count V of the SAC, Plaintiff alleged that VCC and VCNA violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") by misrepresenting that the Volvo 850 vehicle had a Side Impact Protection System and anti-intrusion door bars, beams and/or systems to protect occupants when, in fact, the vehicle did not. (Ex. 2 at ¶¶ 231-54.)

9. In the Court of Common Pleas Action, William Julian, the driver of the PT Cruiser vehicle involved in the accident, and Maria Castrovillo, the owner of the PT Cruiser, filed a third party claim against Ana Webb. (Docket Copy of

Answer to Plaintiff's Second Amended Complaint, New Matter, and New Matter Joinder Complaint filed on Nov. 16, 2011, attached hereto as Exhibit 3 ("Ex. 3").)

10. On or about September 11, 2013, Plaintiff withdrew Count IV (breach of express and implied warranties) in the Court of Common Pleas Action. (Court of Common Pleas Action, Docket Copy of Praecipe to Withdraw Count IV of Plaintiff's Second Amended Complaint, attached hereto as Exhibit 4 ("Ex. 4").)

11. On or about November 8, 2013 orally, and subsequently in writing on November 18, 2013, VCC and VCNA moved for a directed verdict and compulsory nonsuit on Counts I-III and V of the SAC and on Plaintiff's request for punitive damages. (Court of Common Pleas Action, Docket Copy of Joint Motion for Directed Verdict and Compulsory Non Suit of Defendants, Volvo Car Corporation and Volvo Cars of North America, LLC, attached hereto as Exhibit 5 ("Ex. 5").)

12. On or about November 14, 2013, the Court of Common Pleas granted VCC and VCNA's motion with respect to Count III (Negligence) and Count V (UTPCPL), and non-suited those counts. (Court of Common Pleas, Excerpt from Trial Transcript (11/14/13 a.m.), attached hereto as Exhibit 6 ("Ex. 6") at 97:9-11, 97:14-15.)

13. The Court submitted Counts I (Crashworthiness) and II (Product Liability) against VCC to the jury. On November 15, 2013, the jury returned a

verdict in favor of VCC: "Jury verdict in favor of Defendants, Volvo Car Corporation and Graco Children's Products, finding that the design of their products was NOT defective." (Court of Common Pleas Action, Docket Copy of Trial Worksheet, attached hereto as Exhibit 7 ("Ex. 7").)

14. The jury also returned a Verdict Slip containing answers to jury interrogatories. (Court of Common Pleas Action, Docket Copy of Verdict Slip, attached hereto as Exhibit 8 ("Ex 8").)

15. The jury specifically found that the design of the Volvo 850 vehicle owned by Ana Webb was not defective because of the lack of door bars in the rear doors. (*Id.* at Question 1.)

16. The jury answered "No" to the following question: "DO YOU FIND THE DESIGN OF THE VOLVO 850 TO BE DEFECTIVE BECAUSE OF THE LACK OF DOOR BARS IN THE REAR DOORS"? (*Id.*)

17. The jury specifically found that Ana Webb's negligence was 100% of the cause of the fatal injuries sustained by her son, Sabino Webb. (*Id.* at Questions 7, 8, 9.)

18. On March 24, 2014, the Court of Common Pleas denied Plaintiff's post-trial motions. (Court of Common Pleas Action, Docket Copy of March 24, 2014 Order, attached hereto as Exhibit 9 ("Ex. 9").)

19. On March 26, 2014, the Court of Common Pleas entered judgment on the verdict in favor of William Julian, Volvo Car Corporation and Graco Children's Products and against Mark and Ana Webb. (Court of Common Pleas Action, Docket Copy of Praecipe to Enter Judgment Pursuant to Pa.R.C.P. 227.4(2), attached hereto as Exhibit 10 ("Ex. 10").)

20. On April 2, 2014, Plaintiff filed a Notice of Appeal from the Judgment in the Court of Common Pleas. (Court of Common Pleas Action, Docket Copy of Notice of Appeal, attached hereto as Exhibit 11 ("Ex. 11").)

21. On May 14, 2014, Plaintiff filed his Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b). (Court of Common Pleas Action, Docket Copy of Plaintiff's Concise Statement of Matters Complained of on Appeal, attached hereto as Exhibit 12 ("Ex. 12").)

22. Mark and Ana Webb are the parents of Sabino Webb. (Ex. 2 at ¶ 8; *Mark and Ana Webb, et al. v. Volvo Cars of N.A., LLC, et al.*, Case No. 2:13-cv-02394 (Federal Court Complaint ("Dkt. 1") at ¶¶ 2, 24).) [1]

23. On or about May 1, 2013, more than six months before the jury verdict was rendered in the Court of Common Pleas, Plaintiffs Mark and Ana Webb filed a putative class action complaint in this Court against Defendants VCNA,

---

[1] In order not to inundate the Court with additional copies of pleadings and/or exhibits that are readily available in the Court's file, Defendants will refer to the ECF docket numbers ("Dkt.") of documents previously filed in this case.

4322328.4                                        6

improperly named as Volvo Cars of N.A., LLC, VCC, and Volvo Car UK Limited ("VCUK"). (Dkt. 1.)

24. In the Federal Court Complaint, Plaintiffs Mark and Ana Webb alleged that they jointly purchased the 1997 Volvo 850, and that the vehicle was struck by another vehicle, leading to the death of their son, Sabino Webb. (Dkt. 1 at ¶¶ 24, 28-56.)

25. Plaintiffs Mark and Ana Webb alleged various details regarding the vehicle accident that caused the death of their son. (Dkt. 1 at ¶¶ 28-56.)

26. Plaintiffs Mark and Ana Webb specifically alleged that their son died prematurely "due to blunt force injuries to the head *because of the lack of the door bars in the rear doors of the Volvo 850*." (Dkt. 1 at ¶ 56.)

27. Plaintiffs Mark and Ana Webb further alleged their son died "as a result of the lack of adequate side impact protection of the Volvo 850 which enhanced the injuries and the defective design and construction of the Volvo 850." (Dkt. 1 at ¶ 57.)

28. The Federal Court Complaint purported to plead four causes of action—deceptive trade practices, unjust enrichment, breach of the duty of good faith and fair dealing, and injunctive relief—all based on the allegations that the Defendants misrepresented that the Volvo 850 vehicle they had purchased had a Side Impact Protection System and anti-intrusion door bars, beams and/or systems

to protect occupants, when in fact the vehicle did not, or failed to disclose that the Volvo 850 vehicle they had purchased did not have a Side Impact Protection System, anti-intrusion door bars, beams and/or systems to protect occupants. (Dkt. 1 at Counts I-IV.)

29. On September 16, 2013, Plaintiffs Mark and Ana Webb filed an Amended Complaint in this Court. (*Mark and Ana Webb, et al. v. Volvo Cars of N.A., LLC, et al.*, Case No. 2:13-cv-02394 (Amended Complaint ("Dkt. 12")).)

30. Just as in the initial complaint, Plaintiffs Mark and Ana Webb alleged that their son died prematurely "as a result of the lack of adequate side impact protection of the Volvo 850 which enhanced the injuries and the defective design and construction of the Volvo 850." (Dkt. 12 at ¶ 62.)

31. Plaintiffs Mark and Ana Webb also alleged various details regarding the vehicle accident that caused the death of their son. (Dkt. 12 at ¶¶ 33-62.)

32. Plaintiffs Mark and Ana Webb again purported to plead four causes of action—deceptive trade practices, unjust enrichment, breach of the duty of good faith and fair dealing, and injunctive relief—all based on the allegations that the Defendants misrepresented that the Volvo 850 vehicle they had purchased had a Side Impact Protection System and anti-intrusion door bars, beams and/or systems to protect occupants, when in fact the vehicle did not, or failed to disclose that the Volvo 850 vehicle they had purchased did not have a Side Impact Protection

System, anti-intrusion door bars, beams and/or systems to protect occupants.  (Dkt. 12 at Counts I-IV.)

33. On December 10, 2013, after learning of the jury verdict and other decisions in the Court of Common Pleas, this Court ordered the parties to provide "a brief summary of their contentions as to whether the results in that case may be relevant in this case, either as collateral estoppel or res judicata or otherwise." (Dkt. 44.)

34. On the day these submissions were due, Plaintiff Ana Webb filed a Second Amended Complaint against Defendants VCNA, VCC, and VCUK in which Mark Webb was removed as a Plaintiff, Ana Webb was identified as the owner of the Volvo 850 vehicle, and allegations regarding the vehicle accident and death of Sabino Webb were removed.  (Dkt. 54.)

35. Plaintiff Ana Webb continued to allege that her Volvo 850 vehicle was defectively designed and manufactured and not crashworthy.  (Dkt. 54 at ¶ 5; *see also id.* at ¶ 12.)

36. Plaintiff Ana Webb also alleged that the Volvo 850 presents a "danger . . . to [drivers] and their loved ones, especially in the unfortunate but not uncommon event of an angular side-impact collision."  (Dkt. 54 at ¶ 8.)

37. The Second Amended Complaint purported to plead two of the four previous alleged causes of action—deceptive trade practices and unjust

enrichment—again based on the allegations that the Defendants misrepresented that the Volvo 850 vehicle they had purchased had a Side Impact Protection System and anti-intrusion door bars, beams and/or systems to protect occupants, when in fact the vehicle did not, or failed to disclose that the Volvo 850 vehicle they had purchased did not have a Side Impact Protection System, anti-intrusion door bars, beams and/or systems to protect occupants. (Dkt. 54 at Counts I-II.)

38. In addition, the Second Amended Complaint purported to plead four claims that had not previously been pleaded in the case—breach of express warranty, breach of implied warranty, negligent misrepresentation and fraud—all based on the allegations that the Defendants misrepresented that the Volvo 850 vehicle they had purchased had a Side Impact Protection System and anti-intrusion door bars, beams and/or systems to protect occupants, when in fact the vehicle did not, or failed to disclose that the Volvo 850 vehicle they had purchased did not have a Side Impact Protection System, anti-intrusion door bars, beams and/or systems to protect occupants. (Dkt. 54 at Counts III-VI.)

39. The Second Amended Complaint alleges in Count III that all Defendants breached an express warranty that the Volvo 850 vehicle was of "good quality, free of defects, and [was] safe," because the vehicle "did not contain the essential, industry-standard safety feature of solid-steel anti-intrusion door bars on all four doors to protect against side-impact crashes." (Dkt. 54 at ¶¶ 77-78.)

40. The Second Amended Complaint alleges in Count III that "Volvo's false, deceptive and/or misleading representations and/or omissions ... explicitly and implicitly told Ana Webb and other class members that the Class Vehicles did have solid-steel anti-intrusion door bars on all four doors …." (Dkt. 54 at ¶ 79.)

41. The Second Amended Complaint alleges in Count IV that the Defendants "breached the implied warranty of merchantability because the Class Vehicles were not of a merchantable quality owing to their falsely-represented and undisclosed safety issues owing to the absence of solid-steel anti-intrusion door bars in the rear passenger doors." (Dkt. 54 at ¶ 86.)

42. The Second Amended Complaint alleges in Count V and VI that the three defendants are liable for negligent misrepresentations and common law fraud based on the allegations that the Defendants misrepresented that the Volvo 850 vehicle they had purchased had solid-steel anti-intrusion door bars in the rear passenger doors to protect occupants, when in fact the vehicle did not, or failed to disclose that the Volvo 850 vehicle they had purchased did not have solid-steel anti-intrusion door bars in the rear passenger doors to protect occupants. (Dkt. 54 at Counts V and VI.)

Dated:  December 30, 2014                    Respectfully submitted,


                                              By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
**BRYAN CAVE LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020
pwherzog@bryancave.com

Richard B. Wickersham, Jr.
**POST & SCHELL, P.C.**
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone:  (215) 587-6612
Fax:  (215) 320-4875
rwickersham@postschell.com

Attorneys for Volvo Cars of North America, LLC and Volvo Car Corporation


## Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on December 30, 2014 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.


                                              By: */s/ Peter W. Herzog III*