UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC<br>and<br>VOLVO CAR CORPORATION<br>and<br>VOLVO CAR UK LIMITED<br>and<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-2394<br><br>*JURY TRIAL DEMANDED* |

# ORDER

AND NOW, on _____ day of _____, 2015, upon consideration of DEFENDANTS' MOTION TO LIFT STAY, and Plaintiffs' response in opposition thereto, and the record as a whole, Defendants' motion is **DENIED**.

_____
THE HONORABLE MICHAEL BAYLSON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC<br>   and<br>VOLVO CAR CORPORATION<br>   and<br>VOLVO CAR UK LIMITED<br>   and<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-2394<br><br>*JURY TRIAL DEMANDED* |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO LIFT STAY

The Court should not lift the stay at this time as the appeal in the state court case is continuing and will be determinative of key issues in this class action, if and when it is certified. The plaintiff in the state court case, Mark Webb, filed his Brief on Appeal on January 14, 2014, with the Superior Court. The state court's rulings at trial created several unambiguous issues of reversible error that require a new trial be granted. If and when a new trial is granted, the plaintiff in the state court case is absolutely positive that he will be able to prove that the Volvo 850 is a defective product. Whether the Volvo 850 is defective obviously has direct bearing on the deceptive advertising claims Plaintiff, Ana Webb, has alleged against Volvo in this case.

Furthermore, because Ana Webb and Mark Webb are not the same legal entity or

individual, and are not in privity with each other, res judicata and collateral estoppel simply do not apply—as Plaintiff's letter brief of December 19, 2013, explained (attached).

Therefore, Plaintiff opposes Volvo's request to lift this stay as it will confuse the substantive issue in this case and likely increase the work load of the Court and counsel.

Plaintiff, Ana Webb, now answers Defendants' motion:

1. On December 30, 2013, Defendants filed a motion to stay this action pursuant to this Court's December 10, 2013 Order in which the Court stated that it would "entertain a motion for a stay of this case."

    **1.**    **Admitted.**

2. Defendants believed that the involuntary nonsuits and jury verdict in the Court of Common Pleas precluded further litigation of Plaintiff's claims in this Court, but this Court could not dismiss the Second Amended Complaint on grounds of *res judicata* and collateral estoppel until further proceedings took place in the Court of Common Pleas.

    **2.**    **Denied as conclusions of law to which no response is required.**

3. On March 26, 2014, the Court of Common Pleas entered judgment on the verdict in favor of William Julian, Volvo Car Corporation and Graco Children's Products and against Mark and Ana Webb.

    **3.**    **Denied in part, admitted in part. It is denied that Ana Webb is or was a plaintiff in the Court of Common Pleas in any way, or that she brought action against Volvo in the state court. It is admitted that the Court of Common Pleas entered judgment on the verdict in favor of William Julian, Volvo Car Corporation, and**

> **Graco Children's Products, and against the Estate of Sabino Webb. ==It is also admitted that judgment was entered against Ana Webb—who was a *defendant* in the Court of Common Pleas.==**

4. On April 2, 2014, Plaintiff filed a Notice of Appeal from the Judgment in the Court of Common Pleas, and on May 14, 2014, Plaintiff filed his Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b).

> **4. Denied in part, admitted in part. It is denied that "Plaintiff" in this case, Ana Webb, filed a Notice of Appeal from the Judgment in the Court of Common Pleas or filed a 1925(b) statement. It is admitted that the plaintiff in the state court, Mark Webb, did file a Notice of Appeal and a 1925(b) statement on those dates.**

5. On November 10, 2014, Judge John M. Younge filed his opinion denying all post-trial motions by Plaintiff in *Mark Webb, and as Administrator for the Estate of Sabino Webb, deceased v. Volvo Cars of N.A., LLC d/b/t/a "Volvo", et al.*, Civil Action No. 110500208, Court of Common Pleas, Philadelphia County, Pa.

> **5. Denied in part, admitted in part. It is denied that "Plaintiff" in this case, Ana Webb, filed any post-trial motions. It is admitted that Judge Younge denied post-trial motions filed by Mark Webb, plaintiff in the state court case, civil action no. 110500208.**

6. The proceedings in the Court of Common Pleas have advanced to a conclusion and no longer create an impediment toward adjudicating the issues of *res judicata* and collateral estoppel.

Defendants thus simultaneously move for summary judgment on these issues.

6. **Denied. The Court should not lift the stay at this time as the appeal in the state court case is continuing and will be determinative of key issues in this class action, if and when it is certified. The plaintiff in the state court case, Mark Webb, filed his Brief on Appeal on January 14, 2014, with the Superior Court. The state court's rulings at trial created several unambiguous issues of reversible error that require a new trial be granted. If and when a new trial is granted, the plaintiff in the state court case is absolutely positive that he will be able to prove that the Volvo 850 is a defective product. Whether the Volvo 850 is defective obviously has direct bearing on the deceptive advertising claims Plaintiff has alleged against Volvo in this case.**

   **Furthermore, because Ana Webb and Mark Webb are not the same legal entity or individual, and are not in privity with each other, res judicata and collateral estoppel simply do not apply—as Plaintiff's letter brief of December 19, 2013, explained (attached).**

   **Therefore, Plaintiff opposes Volvo's request to lift this stay as it will confuse the substantive issues in this case and likely increase the work load of Court and counsel.**

WHEREFORE, plaintiff Ana Webb respectfully asks this Court that the stay not be lifted.

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ January 16, 2015*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion to Lift Stay was filed with the United States District Court Eastern District of Pennsylvania via the ECF Filing System and served upon all counsel of record:

Richard B. Wickersham, Jr., Esquire
Post & Schell, P.C.
Four Penn Center
1600 JFK BLVD. | 13th Floor
Philadelphia, PA 19103
T: (215) 587-6612
F: (215) 320-4875
E: rwickersham@postschell.com

Peter W. Herzog, III, Esquire
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
T: (314) 259-2000
F: (314) 259-2020
E: pwherzog@bryancave.com

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ January 16, 2015*



December 19, 2013

THE HONORABLE MICHAEL M. BAYLSON
United States District Courthouse
601 Market Street
Philadelphia, PA 19106
T: (267) 299-7520
F: (267) 299-5078

    Re:  **WEBB V. VOLVO ET AL. | No.: 2:13-cv-02394-MMB**
       Res Judicata and Collateral Estoppel Letter Brief

Dear Judge Baylson:

  Res judicata and collateral estoppel, also known as claim and issue preclusion, should not be invoked in this case because the lawsuits have different plaintiffs not in privity with each other. Both res judicata and collateral estoppel require the plaintiff against whom preclusion is asserted be the same plaintiff as in the prior action, or be in privity with the prior plaintiff. This is not the case here.

  The plaintiff in the state case was the Estate of Sabino Webb. The state lawsuit was deliberately filed with the Estate as the plaintiff—without claims by Mark and Ana Webb, individually or as husband and wife—to avoid the appearance the Webbs' were trying to profit from their son's death. The plaintiff in the current case is Ana Webb.[1] **That Ana Webb is the mother of Sabino Webb is by fact and law not enough to establish privity in Pennsylvania.** Binding precedent in the Third Circuit states that privity can only be established if (1) a substantive legal relationship exists between the Estate and Ana, or (2) there was an actual understanding that the Estate was representing Ana Webb's interests in the state court action.

  First, no substantive legal relationship exists between Ana Webb and the Estate of Sabino Webb because precedent indicates that mere familial connections do not create privity. Second, Ana Webb never agreed to let the Estate of Sabino Webb represent her legal rights in the state court case against Volvo. That she filed the current federal case is an indication there was no such understanding.

  The truth is that Ana Webb filed this lawsuit solely to expose Volvo's deceptive advertising scheme and to prevent other parents from buying a dangerous vehicle. Given that Ana Webb was not a plaintiff in the state court action, and is not in privity with the Estate of Sabino Webb, res judicata and collateral estoppel cannot deny Ana Webb her day in court to hold Volvo accountable.

---

[1] The Second Amended complaint was filed with only Ana Webb as plaintiff. Mark Webb, her husband, was removed.

## II. CHOICE OF LAW

When a federal court is deciding if a state court decision is res judicata, or collateral estoppel exists, the state's rules apply. Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986); see also Lance v. Dennis, 546 U.S. 459, 126 S. Ct. 1198, 1202, 163 L. Ed. 2d 1059 (2006); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). Thus, Pennsylvania's res judicata and collateral estoppel rules apply to this dispute.

## III. RES JUDICATA AND COLLATERAL ESTOPPEL GENERALLY

For res judicata to apply, also known as claim preclusion, Pennsylvania requires that the lawsuit sought to be barred and the prior final judgment satisfy each of four elements:
- (1)   Identity of the things sued upon;
- (2)   Identity of the cause of action;
- (3)   Identity of parties [or their privies] to the action; [*and*]
- (4)   Identity of the quality or capacity of the parties;

Kean v. Forman, 752 A.2d 906, 909 (Pa. Super. 2000); Stevens Painton Corp. v. First State Insurance Co., 746 A.2d 649, 654 (Pa. Super. 2000); see also Bearoff v. Bearoff Bros., Inc., 458 Pa. 494, 327 A.2d 72, 74 (Pa. 1974).

The doctrine of collateral estoppel, also known as issue preclusion, is closely related to res judicata and applies where each of the following four prongs are met:
- (1)   issue decided in prior action is identical to one presented in later action;
- (2)   prior action resulted in final judgment on merit;
- (3)   party against whom collateral estoppel is asserted was party to prior action or is in privity with party to prior action; *and*
- (4)   party against whom collateral estoppel is asserted had full and fair opportunity to litigate issue in prior action.

Myers v. Kim, 55 Pa. D. & C.4th 93, 98 (March 16, 2001) (emphasis added) (citing Rue v. KMart Corp., 552 Pa. 13, 17, 713 A.2d 82, 84 (1998); Shaffer v. Smith, 543 Pa. 526, 673 A.2d 872 (1996); Balent v. City of Wilkes-Barre, 542 Pa. 555, 669 A.2d 309, 313 (Pa. 1995)).

## IV. LEGAL STANDARD FOR IDENTITY OF PARTIES AND PRIVITY

Neither res judicata or collateral estoppel can be applied against a plaintiff unless the plaintiffs in each case are the **same plaintiff** or are in **privity** with each other. Id.[2] This is not the case here.

The Third Circuit Court of Appeals recognizes the lack of Pennsylvania state cases addressing when a plaintiff may be found in privity with a prior litigant. Instead, it applies precedent from the Supreme Court of the United States in predicting how the Pennsylvania Supreme Court would rule on privity in res judicata and collateral estoppel questions. Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 312-313 n.17 (3d Cir.

---

[2] For res judicata and collateral estoppel in Pennsylvania to apply, the party against whom preclusion is asserted must be a party, or in privity to a party, to the prior adjudication. Wikowski v. Welch, 173 F.3d 192 (3d Cir. 1999).

2009) (applying <u>Taylor v. Sturgell</u>, 553 U.S. 880, 901 (2008)) (noting that although <u>Taylor</u> "concerned federal preclusion law, it is nonetheless highly persuasive here, given the close similarity between Pennsylvania law and federal common law on this topic"). Thus, the <u>Nationwide</u> decision is **binding precedent** in the Eastern District of Pennsylvania for the purposes of deciding res judicata and collateral estoppel.

First, <u>Nationwide</u> explicitly rejects the adoption of "virtual representation" as a way of establishing privity. <u>Id.</u> at 311–312. Virtual representation is the idea that merely because "the relationship between a party and a non-party is 'close enough'" the nonparty can be barred from further litigation of the issue. <u>Id.</u> at 312 (quoting <u>Taylor</u>, 553 U.S. at 898). In other words, there needs to be an actual "prior legal or representative relationship between a party to the prior action and the nonparty against whom estoppel is asserted." <u>Id.</u>

Second, <u>Nationwide</u> notes that there are six discrete, narrow exceptions governing when a nonparty to a prior action can be found to be in privity with the prior plaintiff:

1) the nonparty agrees to be bound by the determination of issues in an action between others;
2) a substantive legal relationship—i.e. traditional privity—exists that binds the nonparty;
3) the nonparty was "adequately represented by someone with the same interests who was a party";
4) the nonparty assumes control over the litigation in which the judgment is rendered;
5) the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation; and,
6) the nonparty falls under a special statutory scheme that "expressly forecloses successive litigation by nonlitigants.

<u>Id.</u> at 312–13 (alterations omitted). The first, fourth, fifth, and sixth exceptions have no applicability to this case and Ana Webb.[3]

The only conceivable way, according to <u>Nationwide</u>, Ana Webb can be held to be in privity with the Estate of Sabino Webb is under the second and third exceptions: if Ana Webb has a substantive legal relationship with the Estate, or she was "adequately represented" by the prior plaintiff. <u>Id.</u> Neither exception applies to this case.

### V.   NO SUBSTANTIVE LEGAL RELATIONSHIP EXISTS BETWEEN ANA WEBB AND THE ESTATE OF SABINO WEBB

"Nonparty preclusion may be justified based on a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgment." <u>Id.</u> (quotation marks omitted) (alteration omitted). Relationships that establish a substantive legal relationship include

---

[3] With respect to the fourth factor, Ana retained no control over the state case. The only involvement she had in that case was that of a defendant. <u>See</u> Exhibit A, p.19:23–20:15. That her husband controlled the state case is irrelevant as a husband is not in privity with his wife. <u>See Wood v. Borough of Lawnside</u>, 2009 U.S. Dist. LEXIS 89909, *16–17 (D.N.J. Sept. 28, 2009). Furthermore, there is no legal support for the idea of "two degrees of privity," where a nonparty (Mark Webb) in privity with a prior party (Estate), can then have his privity imputed to his wife, also a nonparty. This "close enough" conception of privity, virtual representation, was explicitly abolished by the Third Circuit in <u>Nationwide</u>, 571 F.3d 299 at 313.

"preceding and succeeding owners of property, bailee and bailor, and assignee and assignor."[4] Id. In applying Nationwide and Taylor, a New Jersey district court confirms that familial connections—such as a marriage *contract*—are not enough to bind a nonparty. See Wood v. Borough of Lawnside, 2009 U.S. Dist. LEXIS 89909, *16–17 (D.N.J. Sept. 28, 2009).

In Wood, a husband and wife were told by their town to take down a political sign. Id. at 2-4. The wife sued for free speech violations and won. Id. The husband then sued for free speech violations and the defendants raised res judicata as a defense. Id. The district court held the husband's claim was not barred because he was not in privity with his wife merely because they were married. Id. The Wood decision therefore stands for the proposition that the fact an individual is related to a prior plaintiff does not deprive her of the ability to assert her legal rights. This holding comports with the Nationwide court's abolishment of virtual representation, the theory that a party can be found to be in privity if their relationship is "close enough." Nationwide, 571 F.3d at 312.

Applying the commonsense holding of Wood to this case leads to the conclusion that Ana Webb is not in privity with the Estate of Sabino Webb. First, she is a beneficiary of the Estate solely because she was Sabino Webb's mother; that is, her only relation to the previous plaintiff is familial in nature. That her only connection to the Estate is familial in nature is made clear in Mark Webb's deposition in the state court case, when Volvo's attorney asks him "do you agree that your wife signed a renunciation in representing the Estate?" and "do you understand as the Legal Representative of the Estate, that Ana Soares Webb renunciated her ability and rights to prosecute this lawsuit on behalf of your son?" Exhibit A, p.19:23–20:15. Given that Ana Webb's only connection to the Estate is blood, there is no substantial legal relationship that gives rise to privity. Second, Defendants argued in the lower court trial that the Estate of Sabino Webb was not the correct party to have brought the claim, pointing out that Sabino Webb did not buy the Volvo 850 or rely on the misleading brochure in the car's glove box; Ana Webb was the purchaser and saw the ad. Exhibit B, p.65:7–66:22; see also Exhibit C, p.1 (Defendant Motion for Summary Judgment: "two (2) month-old infant lacks standing to bring these claims because he lacked exposure to any alleged false or misleading statements and otherwise lacked capacity to understand such statements sufficient to induce reliance as required to maintaining a cause of action under the Unfair Trade Practices and Consumer Protection Law."). The judge in the state trial apparently agreed, granting a nonsuit even though there was a jury question—whether the glove box brochure was misleading and was relied upon. Given that there was a jury question the only logical reason the nonsuit was granted was because the Estate was the wrong party to bring the deceptive advertising claim. **That the wrong party brought the deceptive advertising claim in state court in no way precludes the right party, Ana Webb, from litigating her grievances.**

Furthermore, looking at the examples of substantive legal relationships provided by Taylor, and lower courts like Perelman, such relationships require deliberate, legally cognizable actions to establish privity with a prior litigant.[5] Ana Webb became a beneficiary not through any deliberate attempt to form a legal relationship, but only because she is Sabino's mother. It would be a perversion of justice if Ana Webb's claims were barred by preclusion because mothers traditionally inherit from their dead sons.

---

[4] An employment contract has also been held to establish a substantive legal relationship. Perelman v. Adams, 2013 U.S. Dist. LEXIS 72118 (E.D. Pa. May 21, 2013).
[5] For instance, bailee and bailor, assignee and assignor, employee and employer are all require deliberate action.

Thus, the Estate of Sabino Webb has no substantive legal relationship with Ana Webb for the purposes of res judicata and collateral estoppel.

## VI. THE ESTATE OF SABINO WEBB DID NOT "ADEQUATELY REPRESENT" THE INTERESTS OF ANA WEBB

Nationwide states that "[u]nder the adequate representation exception, the interests of the party and nonparty must be squarely aligned and ***there must be either an understanding that the party is acting in a representative capacity*** or special procedural protections must have been in place in the original action to ensure the due process rights of nonparties who might face issue or claim preclusion." Nationwide, 571 F.3d 299 at 313 (citing Taylor, 553 U.S. at 901) (quotation marks omitted) (emphasis added). This exception is "carefully circumscribed." Id. There cannot only be "some kind of relationship" between the prior litigant and the plaintiff against whom preclusion is asserted, instead an identifiable understanding that the prior litigant was representing the current plaintiff's interests is needed. Taylor, 553 U.S. at 901.

There was no understanding that the Estate of Sabino Webb was representing Ana Webb in any respect in the state court action, something Defendants explicitly noted. See Exhibit A, p.19:23–20:15. In fact, she was a defendant in the overall state court case and deliberately chose not to file any claims in that action. Further evidence there was no understanding the Estate was representing Ana Webb's interests is that Ana Webb filed this action in federal court, asserting her own rights separate from the Estate. At no point did she contemplate or agree that the Estate was acting in a representative capacity for her.[6]

Because there was no understanding Ana Webb was being represented by the Estate of Sabino Webb, Ana Webb cannot be held to be in privity with the Estate for the purposes of res judicata and collateral estoppel.

## VII. CONCLUSION

For Ana Webb to be precluded from asserting her claims she must be held to be in privity with the Estate of Sabino Webb. It is clear in light of the Taylor and Nationwide decisions that she is not in privity with the Estate and that she deserves her day in court to expose Volvo's deceptive advertising.

Respectfully, I am,

Francis Malofiy, Esquire
*FAM/ajf*
cc: To all counsel of record

---

[6] Nor were there any special procedural protections implemented to protect her rights in the state action.