# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>   Defendants. | Civil Action No. 13-CV-2394-MMB |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTIONS TO LIFT STAY AND FOR SUMMARY JUDGMENT

Plaintiff elected not to file a memorandum in opposition to Defendants' motion for summary judgment and apparently plans either to contend that the Court's temporary stay should remain in place or to rely on counsel's oral argument.[1] Defendants Volvo Cars of North America, Inc. and Volvo Car Corporation submit this short combined reply brief in support of their motions to lift the stay and for summary judgment on all claims in Plaintiff Ana Webb's Second Amended Complaint because the claims are barred by the doctrines of *res judicata* and collateral estoppel.

---

[1] Plaintiff did oppose Defendants' motion to lift the Court's stay, but she has not moved separately for a further stay, and the stay previously entered in this case expires automatically today (January 30, 2015) (ECF No. 63 ("the case shall be returned to the Court's active docket in 365 days or upon further order of the Court").

Defendants showed in their opening brief that there is privity between Ana Webb and her husband, Mark Webb, acting as Administrator of the Estate of Sabino Webb, because Ana Webb was a beneficiary of the Estate and would have recovered, along with her husband, any proceeds awarded in the state court lawsuit. *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008); *In re Newbold's Estate*, 65 Pa. Super. 151, 154-55 (Pa. Super. Ct. 1916); Restatement (Second) of Judgments § 41(1)(c) (1982). Defendants also showed there is privity because Ana Webb was "'adequately represented by someone with the same interests who [wa]s a party' to the suit," such as in "suits brought by trustees, guardians, and other fiduciaries." *Taylor*, 553 U.S. at 894. The Estate and Mark Webb, as Administrator of the Estate, each owed a fiduciary duty to Ana Webb in controlling the state court litigation because she was a beneficiary of the Estate. *See In re Estate of Bosico*, 412 A.2d 505, 507 (Pa. 1980). Either reason for finding privity is sufficient to bar this suit in its entirety based on the jury's verdict and the compulsory nonsuits in the state court action.

There is privity for a third reason as well. Ana and Mark Webb are married, and a spousal relationship creates privity under Pennsylvania law. *Silverstein v. Percudani*, 2005 WL 1252199, 6 (M.D. Pa. May 26, 2005) ("Pennsylvania courts have found the spousal relationship sufficient to establish privity for the purposes of claim and issue preclusion"); *Seamon v. Bell Telephone Co. of Pennsylvania,*

576 F. Supp. 1458, 1460 (W.D. Pa.1983), *aff'd mem.*, 740 F.2d 958 (3rd Cir. 1984) (finding that *res judicata* barred the plaintiff from bringing her claims where her husband had previously litigated similar claims because the spousal relationship was sufficient to establish privity).

Mark Webb controlled the state court action, and after losing at trial, quickly removed his name from this action in an obvious attempt to avoid claim and issue preclusion, leaving Ana Webb as the sole plaintiff in this case. While Mrs. Webb might contend that the Court should ignore her spousal status because Mr. Webb brought the state court action only as Administrator of the Estate, this Court should not ignore the reality of the relationship and that fact that both Webbs functioned as a couple in bringing claims and protecting their joint economic interests.

Thus, whether as husband of Ana Webb or as Administrator of the Estate of Sabino Webb, Mark Webb is in privity with Ana Webb. *Res judicata* and collateral estoppel bar this lawsuit. The Court therefore should grant summary judgment in favor of Defendants on all counts of the Second Amended Complaint.

Dated:  January 30, 2015  Respectfully submitted,


        By: */s/ Peter W. Herzog III*
        Peter W. Herzog III (pro hac vice)
        Wheeler Trigg O'Donnell LLP
        370 Seventeenth Street, Suite 4500
        Denver, CO  80202
        Tel:  (303) 244-1800
        Fax:  (303) 244-1879
        pherzog@wtotrial.com

        Richard B. Wickersham, Jr.
        Post & Schell, P.C.
        Four Penn Center, 13th Floor
        1600 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        Phone:  (215) 587-6612
        Fax:  (215) 320-4875
        rwickersham@postschell.com

        Attorneys for Volvo Cars of North America, LLC and Volvo Car Corporation

## Certificate of Service

I, Peter W. Herzog III, do hereby certify that service of a true and correct copy of the foregoing document was electronically filed via the ECF System (which is available for public viewing and printing) and has been served this day upon all registered users in this case.


        By: */s/ Peter W. Herzog III*

4