United States District Court
Eastern District of Pennsylvania

| | |
|---|---|
| Ana Webb<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>v.<br><br>Volvo Cars of N.A., LLC<br>  and<br>Volvo Car Corporation<br>  and<br>Volvo Car UK Limited<br>  and<br>Volvo Cars of N.A., Inc.<br>*Defendants* | Civil Action No.: 13-cv-2394-MMB |

# Order

And Now, on this _____ day of _____, 2015, upon consideration of Plaintiffs' Motion to Stay, any response of Defendants, and the record as a whole, it is hereby ordered and decreed that the motion is **Granted**.

By the Court:

_____
The Honorable Michael M. Baylson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC<br>  and<br>VOLVO CAR CORPORATION<br>  and<br>VOLVO CAR UK LIMITED<br>  and<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-CV-2394-MMB<br><br><br>*JURY TRIAL DEMANDED*<br><br><br>*ORAL ARGUMENT REQUESTED* |

## PLAINTIFF'S MOTION TO STAY

Plaintiffs, Ana Webb and all other members of the class similarly situation, by their undersigned counsel, hereby request that the case be stayed pending adjudication of the appeal currently pending in Webb. v. VCNA, 1367 EDA 2014.

*****
*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ February 18, 2015*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC<br>and<br>VOLVO CAR CORPORATION<br>and<br>VOLVO CAR UK LIMITED<br>and<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-CV-2394-MMB<br><br><br>*JURY TRIAL DEMANDED*<br><br>*ORAL ARGUMENT REQUESTED* |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STAY THE CASE

Plaintiffs firmly reject Defendants' arguments that this action is precluded by res judicata or collateral estoppel. However, given that the state court case, which is currently under appeal to the Superior Court, impacts upon many issues in dispute in this action, including damages, Plaintiffs believe that the wisest and most economical decision is to stay this case until resolution of that appeal.

The trial court made several basic errors in the state case, which make it highly likely that the issue of whether the Volvo 850 is a defective vehicle will be retried. Namely, the Court obviously misinterpreted binding precedent and instructed the jury that irrelevant evidence was relevant to their determination. The Court also erroneously precluded Plaintiff's expert's vehicle testing—**which showed that the Volvo 850 catastrophically failed government safety standards Volvo claims the 850 passed**—on the incorrect and inexplicable assumption that only someone from the government could perform the tests.

Thus, given that the underlying case will likely be retried, Plaintiffs ask that this case be stayed pending a resolution of the appeal.

I.   MATTER BEFORE THE COURT

Before the Court is PLAINTIFFS' MOTION TO STAY the entire case pending the resolution of the appeal in Webb. v. VCNA, 1367 EDA 2014. Please note that Plaintiff's Answer to Defendants' Motion for Summary Judgment is being concurrently filed with this Motion to Stay.

II.   FACTUAL BACKGROUND

On January 31, 2014, this Court ordered that the case be stayed pending finalization of the trial court's ruling in the parallel state court case. (*Doc. No. 63*). On January 31, 2015, the stay expired. Id. Volvo filed a Motion for Summary Judgment on December 30, 2014, claiming that this action is precluded by the decision of the state court. (*Doc. No. 65*). On May 14, 2014, the plaintiff filed his Notice of Appeal in the state court action, and on January 14, 2015, he filed his appellate brief.

III.   LEGAL STANDARD

A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Comm'n, 387 F.2d 768, 773 (3d Cir. 1967). The party moving for a stay must demonstrate a "compelling reason" to grant that relief. Stadler v. McCullough, 882 F.Supp. 1524, 1527 (E.D. Pa. 1995).

IV.   ARGUMENT – COMPELLING REASONS EXIST TO STAY THE CASE BECAUSE THE APPEAL IN THE STATE CASE IS HIGHLY LIKELY TO SUCCEED GIVEN SEVERAL ERRORS MADE BY THE TRIAL COURT

It will help the Court to know the issues on the state case appeal, so that the Court can make an informed decision about res judicata and the stay. In short, there were serious legal and factual errors made by the state court which make it highly likely that the case will be retried. Because of the impact of such a retrial will have on this case, Plaintiffs believe it would be unwise to proceed with this action until the appeal is resolved. Specifically, the impact on damages the state court case appeal could have would be enormous, and could result in both the parties and the Court in this case expending much time, effort, and money litigating issues in vain. The

determination of whether the Volvo 850 is defective or not would vary considerably based on that determination.

The errors of the state court were serious and highly prejudicial:

**First,** in Pennsylvania, evidence of compliance with government standards is irrelevant to strict liability product defect actions. Gaudio v. Ford Motor Co., 2009 PA Super 102, 976 A.2d 524, 547 (Pa. Super. 2009); see also Lewis v. Coffing Hoist Div., Duff-Norton Co., 515 Pa. 334, 342-44, 528 A.2d 590, 593–94 (1987). Despite this clear case law, the Court chose to instruct the jury that evidence of compliance with government standards *was* relevant to the strict liability products claims they were deciding, over the plaintiff's objection. See Appellant's Brief at p.18.

Defense counsel for Volvo then spent a third of his closing claiming over and over that the Volvo 850 passed Federal Motor Vehicle Safety Standard ("FMVSS") 214, which tests rear door strength. Id. at p.22. Defense counsel even told the jury that FMVSS 214 tells car companies how to build safe cars, a thoroughly inadmissible argument. Id. In summation, the jury was explicitly told to consider completely irrelevant, highly prejudicial evidence when coming to its conclusion. As such, the trial court clearly made a reversible legal error, which was then exploited and magnified by Volvo's counsel. The plaintiff in that case fully expects the Superior Court to overturn the jury's verdict on this basis.

**Second,** even if the jury could properly consider evidence of compliance with government standards in strict liability actions, the trial court improperly precluded the plaintiff's expert's testimony and testing **showing that the Volvo 850 catastrophically fails FMVSS 214**. Id. at p.23. The trial court *sua sponte* precluded the testing because it erroneously assumed that only the government could test federal standards, not the plaintiff's expert. In fact, the trial court's assumption was completely wrong: independent labs and car companies conduct the FMVSS testing, the federal government does not. Thus, the hugely important rebuttal testing done by the plaintiff, which costs hundreds of thousands of dollars, was precluded based on a baffling misunderstanding by the trial court. Apparently, the trial court literally expected the plaintiff to petition the federal government to do the testing for the case. For this reason as well the plaintiff expects the Superior Court will order a new trial given the magnitude of the errors made.

**Third,** there are several other bases on which the trial court made serious, reversible errors which the plaintiff in the state court action expects to be successful, including not allowing the

plaintiff in that action to impeach Volvo's corporate designee with Volvo's own advertising materials. Id. at p.37. Volvo claimed that they removed door bars from the Volvo 850 because they determined that door bars were dangerous to the car's passengers. Yet, Volvo's own advertisements at the time showed that Volvo models contemporaneous with the 850 used door bars. This was fertile ground for impeachment. The plaintiff in the state court action, however, was told that he was not permitted to use Volvo's own advertising to impeach Volvo's corporate designee because the advertisements could not be authenticated. But the Court's ruling put the cart before the horse, because obviously Volvo's corporate designee could have authenticated the advertisements.

The importance of the appeal, and of this instant case, cannot be understated. Volvo is selling a vehicle, the Volvo 850, which lacks a basic safety feature. It cannot pass the government standard and it has no business being on the road. Many families and their children are at risk because of Volvo's business practices and the defects in the state trial; Plaintiff is zealously trying to make sure that the shortcomings of the Volvo 850 are brought to light so that more families do not have to suffer the tragedy that befell the Webbs.

## V.   Conclusion

Plaintiffs request that their Motion to Stay be granted because of the impact the state appeal that it will have on the instant case, most notably in the area of damages where the determination of whether the Volvo 850 is defective or not would vary considerably based on that determination.

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ February 18, 2015*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Stay was filed with the United States District Court Eastern District of Pennsylvania via the ECF Filing System and served upon all counsel of record:

Richard B. Wickersham, Jr., Esquire
Post & Schell, P.C.
Four Penn Center
1600 JFK BLVD. | 13th Floor
Philadelphia, PA 19103
T: (215) 587-6612
F: (215) 320-4875
E: rwickersham@postschell.com

Peter W. Herzog, III, Esquire
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
T: (314) 259-2000
F: (314) 259-2020
E: pwherzog@bryancave.com

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ February 18, 2015*