## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>           Plaintiffs,<br><br>       v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>           Defendants. | Civil Action No. 13-CV-2394-MMB |

### [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2015, upon consideration

of Plaintiff Ana Webb's Motion to Stay the Case, it is hereby ADJUDGED,

ORDERED and DECREED that the motion is DENIED.

                IT IS SO ORDERED,

                _____
                United States District Court Judge
                MICHAEL M. BAYLSON

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VOLVO CARS OF N.A., LLC, <br> VOLVO CAR CORPORATION, <br> VOLVO CAR UK LIMITED, and <br> VOLVO CARS OF N.A., INC., <br><br> Defendants. | Civil Action No. 13-CV-2394-MMB |

## MEMORANDUM OF DEFENDANTS VOLVO CARS OF NORTH AMERICA, LLC AND VOLVO CAR CORPORATION IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY

Defendants, Volvo Cars of North America, LLC ("VCNA"), improperly also named as Volvo Cars of N.A., LLC, and Volvo Car Corporation ("VCC") (collectively "Defendants"),[1] submit this memorandum in opposition to Plaintiff's motion to stay.

### INTRODUCTION

The Court should deny Plaintiff's motion because a stay pending appeal of the related state court judgment would contravene Pennsylvania law, which the

---

[1] Volvo Cars UK Limited ("VCUK") has pending its motion to dismiss (DE No. 18) for lack of personal jurisdiction. As it is not a party subject to the jurisdiction of this Court, VCUK did not join Defendants' motion for summary judgment and does not speak to the instant motion opposition.

Court is obligated to apply in this diversity case.  In 1996 the Pennsylvania

Supreme Court decided a case that presented the procedural question raised here.

It rejected a stay of related litigation and held that a judgment is final for purposes

of *res judicata* and collateral estoppel regardless of a pending appeal.  Since that

time, courts in this District consistently have refused to grant a stay in the

circumstance presented here.  Indeed, staying this case would create a federal rule

that is contrary to the preclusive treatment afforded a judgment under Pennsylvania

law, an outcome prohibited by United States Supreme Court precedent.

*Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996) ("Federal courts

may not 'employ their own rules ... in determining the effect of state judgments,'

but must 'accept the rules chosen by the State from which the judgment is taken'")

(quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-82 (1982)).

Moreover, even if the Court were to examine the merits of the related appeal in

deciding whether to issue a stay, it would find the appeal likely to fail for many of

the reasons the trial court, via Judge Younge, explained in its thorough Pa.R.A.P.

1925(b) opinion.  For these and other reasons explained more fully below, the

Court should deny Plaintiff's motion to stay.

## ARGUMENT

## I.   THE COURT SHOULD DENY THE MOTION TO STAY.

### A.   The Court Should Deny the Motion Because a Stay Pending Appeal Contravenes Pennsylvania Law.

#### 1.   Federal Courts Must Give a State Court Judgment the Same Preclusive Effect as Would Be Given that Judgment Under the Law of the State in Which it Was Rendered.

Pennsylvania law governs the application of *res judicata* and collateral estoppel in this case because the Court's subject matter jurisdiction is based on diversity. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Prusky v. Reliastar Life Ins. Co.*, 502 F. Supp. 2d 422, 427 n.10 (E.D. Pa. 2007), *aff'd*, 532 F.3d 252 (3d Cir. 2008). The Supreme Court holds that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Federal courts must "accept the rules chosen by the State from which the judgment is taken." *Kremer,* 456 U.S. at 481-82; *accord Matsushita Elec.,* 516 U.S. at 373.

#### 2.   Pennsylvania Would Give Preclusive Effect to the Judgment Regardless of a Pending Appeal.

Prior to *Shaffer v. Smith*, 673 A.2d 872 (Pa. 1996), Pennsylvania law was unsettled regarding the finality of a judgment on appeal for purposes of *res*

*judicata* and collateral estoppel.[2]  In 1996, however, *Shaffer* provided the

necessary clarity:  "[T]he related question of what effect a civil appeal has on an

otherwise final judgment has been answered.  A judgment is deemed final for

purposes of *res judicata* or collateral estoppel unless or until it is reversed on

appeal."  *Shaffer*, 673 A.2d at 874.

      In deciding the precise issue before it—the finality of a criminal conviction

on appeal in state court—the court held "that the pendency of an appeal of a

criminal conviction does not deprive a party of the right to invoke collateral

estoppel in a civil proceeding unless or until that conviction is reversed on appeal."

*Id. at 875.*  The court also "recognize[d] that the subsequent appellate reversal of a

criminal conviction will nullify the evidentiary foundation upon which a civil

judgment is predicated[,]" and found that setting aside the civil judgment was the

---

[2]     *See Bailey v. Ness*, 733 F.2d 279, 281 (3d Cir. 1984) (finding that Pennsylvania law was unclear).  Because of this, the *Bailey* Court stayed the case pending appeal.  *Id.* at 282.  After *Shaffer*, however, Pennsylvania law is settled, and the approach used in *Bailey* is no longer valid. *Rutter v. Rivera*, 74 F. App'x 182, 187 (3d Cir. 2003) (citing *Shaffer* and holding that worker's compensation decision was final for purposes of collateral estoppel even though "appeal of that decision was pending before the Workers' Compensation Appeal Board at the time of trial"); *In re McGinley*, 2002 WL 1205033, at *5 n.7 (Bkrtcy. E.D. Pa. May 14, 2002) ("Since the law in Pennsylvania is now clear that, for purposes of *res judicata* or collateral estoppel, a judgment is deemed final unless and until it is reversed, the rationale for following the Third Circuit's approach in *Bailey* is no longer valid"); *Coover v. Saucon Valley School Dist.*, 955 F. Supp. 392, 412 (E.D. Pa. 1997) ("Finally, we turn to Plaintiff's contention under *Bailey v. Ness,* 733 F.2d 279 (3d Cir. 1984) that no preclusive effect should be given to Judge Panella's September 4, 1996 decision until the state appeals process has been completed.  We do not find this argument persuasive").  Since the Pennsylvania Supreme Court decided *Shaffer*, courts consistently hold that a judgment is *final* notwithstanding a pending appeal.

proper method to remedy such a circumstance.  *Id.* at 875 & n.3 ("Restatement (Second) of Judgments § 16 (1980), which provides for the setting aside of a judgment and the restitution of benefits received under it when the judgment is based on an earlier judgment that is subsequently reversed"); *see also In re Kridlow*, 233 B.R. 334, 346 (Bkrtcy. E.D. Pa.,1999) ("we will accord it collateral estoppel effect as to the issues decided therein unless and until that Decision is reversed, modified, or vacated.  If any of these contingencies occur, we will entertain a motion to vacate or modify our decision").

Since *Shaffer*, judges in this District consistently hold that a Pennsylvania state court judgment is final for *res judicata* or collateral estoppel while the judgment is being appealed.  *See, e.g.*, *Shank v. East Hempfield Twp.*, 2010 WL 2854136, at *13 (E.D. Pa. July 20, 2010) ("A judgment is final 'unless or until it is reversed on appeal'") (quoting *Shaffer*); *M & M Stone Co. v. Hornberger*, 2009 WL 3245460, at *7 (E.D. Pa. Sept. 30, 2009) ("The pendency of an appeal does not defeat finality for purposes of preclusion"); *Schuldiner v. Kmart Corp.*, 450 F. Supp. 2d 605, 609 (E.D. Pa. 2006)  *aff'd,* 284 F. App'x 918 (3d Cir.2008) ("Nor does Schuldiner's plan to appeal the summary judgment rulings against him in state court affect the finality of the state trial court decisions"); *Regscan, Inc. v. Brewer*, 2006 WL 401852, at *5-6  (E.D. Pa. Feb. 17, 2006) *aff'd*, 289 F. App'x 488 (3d Cir. 2008) ("the *Shaffer* case clearly establishes that a possible appeal by

RegScan of the state court summary judgment order does not prevent the application of *res judicata* or collateral estoppel in the federal action"); *see also Prusky*, 502 F. Supp. 2d at 428 ("It is of no import for *res judicata* purposes that both parties have appealed our judgment in *Prusky II*").

     *Schuldiner* is instructive.  There, the plaintiff sought a stay of the second-filed case pending appeal of the Pennsylvania state court judgment. 450 F. Supp. 2d at 608.  The court rejected the request for a stay because Pennsylvania law holds that a judgment is final for preclusive purposes even if the judgment is being appealed.  *Id.* at 608-09.  The same is true here, and the same result should occur.

     3.    <u>The Court Should Deny the Motion Regardless of the Merits of the Appeal Because a Stay Contravenes the Pennsylvania Law this Court Is Required to Apply.</u>

     The Pennsylvania Supreme Court's holding that a judgment is final for preclusive purposes regardless of a pending appeal is binding on this Court under the Full Faith and Credit Act.  That Act "mandates that the 'judicial proceedings' of any State 'shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken.'"  *Matsushita*, 516 U.S. at 373 (quoting 28 U.S.C. § 1738).  "This statute has long been understood to encompass the doctrines of *res judicata*, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'"  *San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal.*, 545 U.S. 323, 336 (2005).

"The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." *Matsushita*, 516 U.S. at 373. "'Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Kremer*, 456 U.S. at 482 (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). A federal court, therefore, cannot apply a rule that is contrary to "'the rules chosen by the State from which the judgment is taken.'" *Matsushita*, 516 U.S. at 373 (quoting *Kremer,* 456 U.S. at 481-82). Granting a stay in this case pending appeal of the related state court action would be contrary to settled Pennsylvania jurisprudence and is prohibited by the Supreme Court. *Id.*; *Kremer,* 456 U.S. at 481-82; *see also Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986) ("'It has long been established that § 1738 does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments'") (citation omitted). For these reasons, the Court should deny Plaintiff's motion to stay.

## B.    The Appeal Likely Will Not Succeed.

Plaintiff offers her husband's opening brief on appeal of the state court judgment and asks this Court to conclude that the appeal will be successful. Plaintiff accuses the trial court of "inexcusable, reversible error," of authoring a "self-defeating" opinion that "unwittingly" concedes error, of "incorrectly and

embarrassingly believ[ing] that only the U.S. Government could perform" FMVSS testing, and of "surreptitiously revers[ing] its position" in order to affirm the jury's verdict.  (DE 77-1 at 19, 21, 24 & 30.)  Initially, the Court should note that the arguments Plaintiff claims make it "highly likely" the state court appeal will succeed pertain to the strict liability claim alone.  (DE 76 at 5-6.)  However, even if the strict liability verdict in favor of Defendants in the state court case was overturned on appeal, the claims against Defendants ***in this case*** nevertheless would be barred by *res judicata* because of the involuntary nonsuit on the UTPCPL claim.  That claim was based on the same allegations that underpin all the claims in this case—Defendants either misrepresented that the 1997 Volvo 850 had anti-intrusion door bars in all four doors or failed to disclose that it did not. (*See* DE 66, SUMF Nos. 37-38.)  Because the nonsuit on the UTPCPL claim is not at issue on the state court appeal, the claims in this case are barred regardless of the outcome of those proceedings.

Turning to the appeal itself, it is so wrought with procedural error and appellate violations that the only thing "highly likely" is that appeal will be protracted and unsuccessful.  (*See* Ex. 1, Joint Application of Appellees to Strike Appellant's Brief, to Strike and Expunge the Reproduced Record and/or to Quash the Appeal.)  At a minimum, it is likely that the Reproduced Record will have to be revised and re-filed, leading to further delay in reaching the merits of the appeal.

And if the merits are reached, the Superior Court is likely to find that all claims of error have been waived, some in multiple ways.  As the trial court stated to Plaintiff's counsel at the Post-Trial Motion Hearing:

> THE COURT:  "I don't necessarily agree that that's what happened, Counsel.  And, you know, the record is what the record is.  But I will say that you remember things in a way that's totally distinct and different from the way I remember it."

(Ex. 2, Post-Trial Motion Hearing (3/20/14) at 108.)

Plaintiff offers three arguments to support his claim in this Court that the "appeal in the state case is highly likely to succeed."  (DE 76 at 4.)  We address the arguments in turn.

1.    Jury Instruction and Evidence of Federal Motor Vehicle Safety Standards.

Plaintiff's first argument is that the state court erred by giving the following jury instruction:

> Jurors, you have heard evidence that Volvo and Graco products were compliant with the testing required by the Federal Motor Vehicle Safety Standard.  The purpose of the Federal Motor Vehicle Safety Standard is to establish minimal performance standards for automobile safety. You may not find for Volvo or Graco simply because their products passed [federal] motor vehicle safety standards.

(Ex. 3, 11/10/14 Opinion by Judge Younge ("11/10/14 Opinion") at 4.)  According to Plaintiff, this was reversible error because evidence of compliance with Federal

Motor Vehicle Safety Standards ("FMVSS") is irrelevant in a strict liability

product defect action.  (DE 76 at 5.)  This jury instruction, however, was submitted

by *the plaintiff* in the state court case.  (11/10/14 Opinion at 4 ("the Plaintiff

actually submitted this charge with his proposed jury instructions and agreed that

the basic substance and language of this charge should be read to the Jury").)  It

also was the plaintiff who, despite the trial court's urgings, made the decision to try

the case on theories of *both* negligence and crashworthiness (not to mention a

claim for punitive damages) making government standards affirmatively

admissible during trial.  (*Id.* at 5-6.)  Volvo even filed a motion *in limine* to

preclude the negligence claim, but Plaintiff opposed the motion and insisted on

proceeding under both theories.  None of the cases on which Plaintiff relies

involved a situation in which a plaintiff intentionally proceeded to trial on dual

theories of negligence and strict product liability.  (*See id.* at 6.)[3]  And, as the state

court recognized, the "instruction was actually favorable to the Plaintiff."  *Id.*

---

[3]      Nor do any of Plaintiff's cases involve the particular type of strict liability claim at issue in the state court trial—crashworthiness.  Under Pennsylvania law, evidence of compliance with government standards (FMVSS) *is* admissible in a crashworthiness case as non-dispositive evidence on the issue of whether the vehicle is "reasonably crashworthy."  *Kupetz v Deere & Co., Inc.*, 644 A.2d 1213, 1218 (Pa. Super. 1994); *Wood v. Smith*, 495 A.2d 601 (Pa. Super. 1985).  Such evidence also is admissible on the elements of risk-utility for strict liability under the Pennsylvania Supreme Court's adoption of such standard in *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 401 (Pa. 2014).

10

Furthermore, Plaintiff's own authority—*Gaudio v. Ford Motor Co.*, 976 A.2d 524 (2009)—specifically recognizes that "a plaintiff may 'open the door' to the introduction of evidence of compliance with industry or government standards." *Id.* at 544; *see also Leaphart v. Whiting Corp.*, 564 A.2d 165, 171(Pa. Super. 1989) ("even if the evidence [of industry standards] was in fact inadmissible, the appellants having introduced the evidence in their case in chief, cannot later deprive their opposition the privilege of denying it"). Mr. Malofiy "opened the door" to government standards (FMVSS) during his Opening Statement, on the very first direct examination question (literally) of his main liability expert, and indeed throughout his case-in-chief. (DE 77-1 at 36-37 (citing R. 1786a-87a).)

After the door was opened, the defense properly responded during their cases-in-chief. Mr. Malofiy did not request a limiting instruction that his affirmative evidence, or that submitted by Defendants after he opened the door, was relevant only to the negligence claim. After the close of evidence, Mr. Malofiy and his co-counsel agreed to the language of the now "disputed" jury instruction describing it as "fine" and allowing it to be given to the jury without objection or exception. Finally, Mr. Malofiy failed to object to the closing arguments he now challenges on appeal during which the record evidence related to government standards was discussed. For these reasons, any challenge to the

11

evidence or jury charge concerning Federal Motor Vehicle Safety Standards was waived (at many levels).  The trial court is in accord.  (*See* 11/10/14 Opinion at 4-7.)

The appeal will fail because there is no error on this point, because the plaintiff opened the door, and/or because the plaintiff waived the error, if there was any.

2.    Exclusion of the Untimely Disclosed Expert Evidence.

Plaintiff's second argument is that the state court erred by excluding his expert's purported testimony that the Volvo 850 failed FMVSS 214 testing he allegedly conducted.  Although Mr. Malofiy now characterizes his expert's FMVSS 214 testing as "rebuttal," the proffered expert conceded that he performed the purported FMVSS 214 testing *before* he authored his original report and, as such, plainly it was not a "rebuttal" opinion.  In any event, the trial court properly ruled on a specific motion *in limine* to preclude the *untimely* opinion of Plaintiff's liability expert witness with respect to his own purported FMVSS 214 test—the data for which has never been produced to Volvo, if it even exists.  (*See* 11/10/14 Opinion at 9-15 (additional expert report excluded because it was produced three months after deadline, thirty days before trial with insufficient time for Volvo's experts to examine and/or rebut it, and was not a proper rebuttal report).)  The preclusion of untimely expert disclosures that would prejudice an opposing party

12

rests squarely within the discretion of the trial judge and is an unlikely basis for reversal on appeal.  (*See id.* at 10-11 (citing cases).)

Even further, Mr. Malofiy rested his case in the state court without advancing the alleged evidence.  He did not make an offer of proof with respect to the evidence he claims was improperly excluded, did not ask the trial court to re-open his case-in-chief, and did not ask to present a rebuttal case.  Once again, therefore, he waived (at many levels) any challenge to the trial court's exclusion of the untimely and never produced "FMVSS test evidence."

### 3.    Impeachment with Advertising Materials.

Plaintiff's third empty argument is that the state court improperly refused to let the plaintiff impeach a Volvo corporate designee with Volvo advertising materials during trial.  (DE 76 at 6.)  But the state court never held that Mr. Malofiy could not cross-examine Volvo's witnesses with advertising done by VCC or VCNA.  The state court instead put proper evidentiary conditions on the use of any advertising (*e.g.*, authentication, relevance, non-prejudicial), and when Mr. Malofiy was unwilling (or more accurately unable) to meet the foundations for admissibility, he abandoned the line of questioning altogether.  (*See* 11/10/14 Opinion at 17 ("The Plaintiff sought to introduce unauthenticated brochures and manuals, the origins of which were unknown").)  The state court properly excluded a brochure from a different Volvo model and a different corporate publisher

because it was irrelevant and unfairly prejudicial.  (*Id.* at 16-18.)  Furthermore, Mr.

Malofiy never made an offer of proof of the desired evidence for post-trial or

appellate review.  Thus, any challenge on appeal also was waived (or abandoned).

## CONCLUSION

In sum, the Court should deny Plaintiff's motion without considering the

merits of the state court appeal because Pennsylvania law that holds that the state

court judgment is final for preclusive purposes.  But even if the Court was to

examine the merits of the appeal, it would discern no viable appellate issue.[4]  A

lengthy stay of this case pending appeal will not advance the interests of justice or

provide a path to the survivability of this action.  The Court should deny the

motion to stay and decide the pending summary judgment motion.

---

[4]       Although not mentioned in Plaintiff's motion to stay or in her opposition to the summary
judgment motion, Plaintiff's husband also argues in his opening brief on appeal that the trial
court erred in denying Plaintiff's ability to call certain witnesses in his case-in-chief (that he later
fully cross-examined) and in allowing the opinion of Volvo's qualified biomedical engineer that
the forces from the subject accident made it non-survivable for a 3 month-old infant.  To avoid
any argument by Mr. Malofiy that Defendants somehow conceded these errors by not responding
to them here, Defendants state only that the claims of error also are meritless for the reasons
stated by Judge Younge.  (11/10/14 Opinion at 18-25.)  Finally, Mr. Malofiy argues in the state
court brief that the trial court improperly kept Ana Webb on the verdict form after she had no
reason to be in the case.  The trial court properly rejected this argument, which Mr. Malofiy
waived by failing to identify it in his motion for post-trial relief and then accepted when Ms.
Webb failed to appeal.

Dated:  February 27, 2015          Respectfully submitted,


                                   By: */s/ Peter W. Herzog III*
                                   Peter W. Herzog III (pro hac vice)
                                   Wheeler Trigg O'Donnell LLP
                                   211 N. Broadway, Suite 1200
                                   One Metropolitan Square
                                   St. Louis, MO  63102
                                   Tel:  (303) 244-1800
                                   Fax:  (303) 244-1879
                                   pherzog@wtotrial.com

                                   Richard B. Wickersham, Jr.
                                   **POST & SCHELL, P.C.**
                                   Four Penn Center, 13th Floor
                                   1600 John F. Kennedy Blvd.
                                   Philadelphia, PA 19103
                                   Phone:  (215) 587-6612
                                   Fax:  (215) 320-4875
                                   rwickersham@postschell.com

                                   Attorneys for Volvo Cars of North America,
                                   LLC and Volvo Car Corporation


### Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on February 27, 2015 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.


                                   By: */s/ Peter W. Herzog III*

15