# EXHIBIT 1

IN THE SUPERIOR COURT OF PENNSYLVANIA

**No. 1367 EDA 2014**

**MARK WEBB,**
**As Administrator for the ESTATE OF SABINO WEBB, deceased,**
**Appellant**

**vs.**

**VOLVO CARS OF NORTH AMERICA, LLC,**
**VOLVO CAR CORPORATION,**
**GRACO CHILDREN'S PRODUCTS, INC.**
**(d/b/t/a NEWELL RUBBERMAID, INC.),**
**WILLIAM JULIAN AND ANA (WEBB) SOARES,**
**Appellees**

**JOINT APPLICATION OF APPELLEES,**
**VOLVO CARS OF NORTH AMERICA, LLC,**
**VOLVO CAR CORPORATION, AND GRACO CHILDREN'S**
**PRODUCTS, INC. (d/b/t/a NEWELL RUBBERMAID, INC.),**
**TO STRIKE APPELLANT'S BRIEF, TO STRIKE AND EXPUNGE**
**THE REPRODUCED RECORD**
**AND/OR TO QUASH THE APPEAL**

Appellees, Volvo Cars of North America, LLC, and Volvo Car Corporation (hereinafter "Volvo"), and Graco Children's Products, Inc. (d/b/t/a Newell Rubbermaid, Inc.) (hereinafter "Graco"), by and through their counsel, and pursuant to Pennsylvania Rule of Appellate Procedure 123, hereby respectfully request that this Honorable Court strike the Brief filed by Appellant, Mark Webb, As Administrator for the Estate of Sabino Webb (hereinafter "Webb"), strike and expunge Webb's Reproduced Record, and/or quash the appeal, due to Webb's

violation of numerous Rules of Appellate Procedure as well as a Stipulated Protective Order, and in support thereof, aver as follows:

1.    On January 14, 2015, Webb filed his Brief and Reproduced Record with this Court. A true and correct copy of this Court's Docket Sheet is attached hereto as Exhibit "A."

2.    As discussed in greater detail, below, Webb's Brief and Reproduced Record are substantially defective and fail to comply with numerous Rules of Appellate Procedure and, as a result, Appellees cannot meaningfully respond and thus respectfully request that this Court strike and expunge these documents and/or quash Webb's appeal.

I.    **VIOLATION OF PA.R.A.P. 2154(A) – FAILURE TO FILE AND SERVE THE DESIGNATION OF THE CONTENTS OF THE REPRODUCED RECORD AND STATEMENT OF ISSUES ON APPEAL**

3.    Under Pennsylvania Rule of Appellate Procedure 2154(a), Webb was required to file and serve a Statement of the Designation of the portions of the Reproduced Record that he intended to file with his Brief no later than thirty (30) days before the date his Brief was due for filing with this Court. See Pa.R.A.P. 2154(a).

4.    Accordingly, his Rule 2154 Statement was due to be filed and served on or before December 15, 2014. See Pa.R.A.P. 2154(a).

5.      Webb failed to comply with Pennsylvania Rule of Appellate Procedure 2154(a), as he *never* filed a Statement of the Designation of the Contents of the Reproduced Record.  See Exhibit "A."

6.      As a result, the Appellees have been prejudiced because they have been deprived of the opportunity to review and object to and/or supplement the contents of the Reproduced Record that Webb has submitted.

7.      Moreover, because Webb has not included all relevant documents referenced in his own appeal and to which the Appellees wish to direct the attention of this Court for purposes of appellate review, pursuant to Pennsylvania Rule of Appellate Procedure 2152(a)(3), the Appellees will improperly be required to file a Supplemental Reproduced Record at their own considerable expense.  See Pa.R.A.P. 2152(a)(noting the requirements for the contents of the reproduced record).

8.      Specifically, Volvo would have designated additional documents necessary to be included in the Reproduced Record, including but not limited to the following, at a minimum:

        a.      Volvo's Answer with New Matter and Cross-Claim to the Second Amended Complaint;

        b.      Volvo's Pre-Trial Memorandum;

        c.      Volvo's Trial Exhibits;

      d.    Volvo's Points for Charge;

      e.    Volvo's Proposed Verdict Sheet;

      f.    Volvo's Answer to the Motion for Post-Trial Relief; and

      g.    Volvo's Brief in Opposition to the Motion for Post-Trial

Relief.[1]

    9.    In addition, Graco would have designated the following documents to

be included in the Reproduced Record:

      a.    Plaintiff's Second Amended Proposed Jury Instructions;

      b.    Dr. Corrigan's expert report;

      c.    Graco's Answer to the Motion for Post-Trial Relief; and

      d.    Graco's Brief in Opposition to the Motion for Post-Trial Relief.

## II.   IMPROPER INCLUSION OF DOCUMENTS AND IMAGES IN THE BRIEF AND REPRODUCED RECORD THAT ARE NOT IN THE CERTIFIED RECORD

    10.    Furthermore, upon review of Webb's Brief and Reproduced Record

and this Court's Certified Record, counsel for Volvo has discovered that the Brief

and Reproduced Record contain images and documents that are not part of this

Court's Certified Record.

---

[1] Appellees are aware that their Trial Exhibits (admitted of record below) and Briefs in Opposition to the Motion for Post-Trial Relief (docketed below) are not currently in the Certified Record. Appellees intend to supplement the record to include these documents, in accordance with the Rules of Appellate Procedure.

11.    Most significantly, Webb has improperly included the following undocketed items in his Reproduced Record:

a.    Plaintiff's Bench Brief Regarding Strict Liability and Negligence and Post-Impact Enhancement;

b.    The following expert reports, which were not introduced into evidence or included in the Certified Record as stand-alone documents/exhibits: David Renfrore, Ph.D.; Chandra Thorbole, Ph.D.; Stan Andrews; Ron Fournier; John Willard; Daryl Ebersole, P.E.; Dr. Ian Hood; David Hopkins; Joe Gill; and

c.    All of the Plaintiff's Exhibits (none of which have been included in this Court's Certified Record), which consist of Volume III of the Reproduced Record.

12.    Significantly, Webb attempts to include, in his Reproduced Record, certain documents which he contends are Exhibits, but which he acknowledges in his own Table of Contents were "Not identified" at trial, such as Hopkin's CV.  In this regard, Webb's Table of Contents indicates that this document can be found in the Transcript at November 7, 2014 at page 43, line 15.  However, a review of that page of the Transcript reveals that Webb's counsel referred to the document, but did not attempt to introduce it as an Exhibit.  See 2128a (N.T. 11/7/14, at p. 43, line 15)("Looking at the top of your CV, it says….").

13.     Furthermore, the Table of Contents for Volume III of the Reproduced Record does not include any citation to the corresponding pages of the Reproduced Record where the cited documents allegedly appear, which makes it virtually impossible for the Appellees and the Court to find the referenced documents.

14.     In addition, it does not appear that Webb's alleged Trial Exhibits contained in Volume III of the Reproduced Record are set forth in the order provided in the Table of Contents.  For example, the first Trial Exhibit listed in the Table of Contents is a Map of Bridesburg.   See Table of Contents to the Reproduced Record, at p. iv.  However, the first eleven (11) documents set forth in Volume III of the Reproduced Record are photographs of various door bars, only some of which are numbered in accordance with the Rules of Appellate Procedure.

15.     The Reproduced Record also improperly includes documents that are not in the Certified Record and *that are not even identified in the Table of Contents* for the Reproduced Record, including, but not limited to:

a.     Plaintiff's 2nd Request for Production of Documents and Interrogatories Direct to Defendant Volvo Car Corporation (R. 3132a-3170a);

b.     Response of Defendant, Volvo Car Corporation, to Plaintiff's Second (sic) Request for Production of Documents and Interrogatories [November, 2012] (R. 3171a-3195a); and

c.    E-mail correspondence between counsel for Volvo and Webb's counsel concerning discovery (R. 3208).

16.    None of the aforementioned documents are included in this Court's Certified Record.  Nevertheless, Webb improperly included all of these documents in his Reproduced Record.

17.    In addition, in his Brief, Webb has included portions of documents that are not in the Certified Record, such as Figure 21, included at page 32 of the Webb's Brief and the page from a brochure for a Volvo 960, included at page 38 of Webb's Brief.[2]

18.    Finally, the following documents have been erroneously omitted from the Certified Record; nevertheless, Webb has included them in his Reproduced Record, but has not moved pursuant to the Rules of Appellate Procedure to have the documents included in the Certified Record:

a.    Plaintiff's Brief in Support of his Post-Trial Motions;

b.    All of the trial transcripts; and

c.    The transcript of the hearing on the Post-Trial Motions.

19.    Accordingly, Appellees have filed the instant Application, which requests that this Court strike Webb's Brief and Reproduced Record.

---

[2] It also appears that Webb's Brief violates Pa.R.A.P. 124, which requires "[l]ettering [to] be... no smaller than 14 point in the text and 12 point in footnotes." In addition, although Webb's counsel states, in the Affidavit of Compliance, that the Brief does not exceed the word count set forth in Pa.R.A.P. 2135(a), the Affidavit of Compliance does not state the total number of words in the Brief and its length is suspect for non-compliance with the Rule.

20.   Pennsylvania Rule of Appellate Procedure 2101 (addressing "Conformance with Requirements") sets the general standard for Briefs and Reproduced Records filed with appellate courts in this Commonwealth, and states as follows:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa. R.A.P. 2101.

21.   It is well known that Pennsylvania's appellate courts "will only consider documents which are part of the certified record," and that they will "not consider any document contained in the reproduced record which is not in the certified record." Roth Cash Register Co., Inc. v. Micro Systems, Inc., 2005 PA Super. 54, 868 A.2d 1222, 1223 (2005).   See also Hames v. Philadelphia Hous. Auth., 696 A.2d 880, 882 n.3 (Pa. Commw. 1997)(noting that the Court granted the motion to strike certain medical records from the reproduced record because they were not part of the certified record).

22.   Where a party includes, in its Reproduced Record, documents which are not part of the Certified Record, those materials will not be considered by the

appellate court.   As Pennsylvania's appellate courts have noted, when a party

attempted to side-step this principle:

> Appellant has included within her reproduced record various documents which she claims support her argument that this issue has been fully and fairly determined on the merits. Of course, "this Court may only rely on what appears in the certified record." In re J.I.R., 2002 PA Super. 295, 808 A.2d 934, 935 (Pa. Super. 2002), appeal denied, 573 Pa. 672, 821 A.2d 587 (2003)(quoting Bennyhoff v. Pappert, 2001 PA Super. 365, 790 A.2d 313, 317 (Pa. Super. 2001), appeal denied, 573 Pa. 682, 823 A.2d 143 (2003)). **A document does not become part of the official record simply by including a copy in the reproduced record.** Rosselli v. Rosselli, 2000 PA Super. 106, 750 A.2d 355 (Pa. Super. 2000), appeal denied, 564 Pa. 696, 764 A.2d 50 (2000). **Accordingly, we may not consider these extraneous matters as supportive of Appellant's arguments.**

Krosnowski v. Ward, 2003 PA Super. 414, 836 A.2d 143, 148 (2003)(emphasis

added).  See also Watson v. Pennsylvania Dep't of Corrections, 990 A.2d 164, 167

(Pa. Commw. 2010), appeal denied, 608 Pa. 626, 8 A.3d 348 (2010)("[a]n

appellate court is required to confine its review to the record"); Grever v.

Unemployment Compensation Board of Review, 989 A.2d 400, 403 (Pa. Commw.

2010)(striking the extra-record documents included in the claimant's reproduced

record); Barran v. State Board of Medicine, 670 A.2d 765, 770 n.6 (Pa. Commw.

1996), appeal denied, 544 Pa. 685, 679 A.2d 230 (1996)(indicating that the Court

correctly issued an order granting the motion to strike extraneous material from the

reproduced record).

23.   Compliance with the Pennsylvania Rules of Appellate Procedure regarding reproduced records on appeal is *mandatory*.  See Rosselli v. Rosselli, 2000 PA Super. 106, 750 A.2d 355, 357 (2000), appeal denied, 564 Pa. 696, 764 A.2d 50 (2000)(citing Pennsylvania Human Relations Comm'n v. Ammon K. Graybill, Jr., Inc., Real Estate, 482 Pa. 143, 147, 393 A.2d 420, 422, n.3 (1978); Gigliotti v. Machuca, 409 Pa. Super. 50, 53, 597 A.2d 655, 656, n.3 (1991)).

24.   As noted herein, approximately two-thirds of the material in Webb's Reproduced Record is not in this Court's Certified Record.  Because all of this material is outside of this Court's official, Certified Record, Appellees request that this Court strike Webb's Brief and Reproduced Record, and order Webb to file a Pa.R.A.P. 2154 Designation of the documents that he intends to include in the Corrected Reproduced Record, and permit the Appellees to object to the Designation and/or provide a Counter-Designation before Webb files his Corrected Reproduced Record.

25.   Any other result will be contrary to all prevailing legal authority and will unduly, and severely, prejudice Appellees.  It will be extremely difficult, if not impossible, for the Appellees to cite to the Reproduced Record in its current state, given the improper documentation included in the Reproduced Record and the incomplete Table of Contents.  Moreover, due to the overwhelming number of

improper documents included in the Reproduced Record, the entire Reproduced Record must be stricken.

26.    In the alternative, Appellees request that this Court quash Webb's appeal, as discussed more fully in Section IV, below.

**III.   VIOLATION OF STIPULATED PROTECTIVE ORDER BY INCLUSION OF DOCUMENTS IN THE REPRODUCED RECORD THAT ARE CONFIDENTIAL**

27.    Furthermore, upon review of Webb's Reproduced Record, counsel for Volvo has discovered that the Reproduced Record contains documents that are confidential and subject to non-disclosure by an Order of the court below.

28.    Specifically, the parties executed a Stipulated Protective Order wherein they agreed that if documents that were designated as confidential during the underlying litigation were filed with any Court, the documents would be filed under seal.  A copy of the Stipulated Protective Order is attached hereto as Exhibit "B."

29.    Webb included numerous documents in the Reproduced Record that are clearly marked "Webb: Confidential Pursuant to Protective Order."  See e.g., 3209a-3262a.  Notably, Webb did not file the Reproduced Record under seal or otherwise attempt to comply with the Stipulated Protective Order.

30.    Such confidential documents are not even germane to a single issue or argument raised by Webb on appeal.

31.     Had Webb complied with Pennsylvania Rule of Appellate Procedure 2154(a) and served a Statement of the Designation of the Contents of the Reproduced Record this violation of a Court Order could have been challenged at that time.

32.     Based upon Webb's violation of the Stipulated Protective Order, Appellees request that this Court strike the Reproduced Record and expunge all copies of the Reproduced Record filed by Webb with this Court.

**IV.   WEBB'S SUBSTANTIAL VIOLATIONS OF THE RULES OF APPELLATE PROCEDURE WILL IMPEDE APPELLATE REVIEW, AND THEREFORE, HIS BRIEF AND REPRODUCED RECORD SHOULD BE STRICKEN AND THE APPEAL SHOULD BE QUASHED**

33.     Based upon all of the foregoing violations of the Rules of Appellate Procedure, the Appellees have filed the instant Application, which requests that this Court strike Webb's Brief and expunge his Reproduced Record, and quash the appeal.

34.     Pennsylvania Rule of Appellate Procedure 2101 (addressing "Conformance with Requirements") sets the general standard for Briefs and Reproduced Records filed with appellate courts in this Commonwealth, and states as follows:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, *and, if the*

> *defects are in the brief or reproduced record of the*
> *appellant and are substantial, the appeal or other matter*
> *may be quashed or dismissed.*

Pa.R.A.P. 2101 (emphasis added).

35.    Compliance with the Pennsylvania Rules of Appellate Procedure regarding reproduced records on appeal is *mandatory*.  See Rosselli v. Rosselli, 2000 PA Super. 106, 750 A.2d 355, 357 (2000), appeal denied, 564 Pa. 696, 764 A.2d 50 (2000)(citing Pennsylvania Human Relations Comm'n v. Ammon K. Graybill, Jr., Inc., Real Estate, 482 Pa. 143, 147, 393 A.2d 420, 422 n.3 (1978); Gigliotti v. Machuca, 409 Pa. Super. 50, 53, 597 A.2d 655, 656 n.3 (1991)).

36.    As noted herein, Webb's Brief and Reproduced Record violate numerous Rules of Appellate Procedure.  As a result, the Brief and Reproduced Record must be stricken.  Any other result will be contrary to all prevailing legal authority and will unduly, and severely, prejudice the Appellees,  who will be forced to spend a great deal of time and expense in order to prepare a Supplemental Reproduced Record, so that this Court may conduct a meaningful review of this appeal.

37.    In certain cases involving multiple rule violations, Pennsylvania's appellate courts have imposed sanctions, including dismissing or quashing an appeal under Pennsylvania Rules of Appellate Procedure 2101 and 2188.  See Pa.R.A.P. 2188 (indicating that upon the failure of the appellant to file a statement

designating the contents of the reproduced record, "an appellee may move for dismissal of the matter"). See also Arnoldy v. Forklift L.P., 2007 PA Super 143, 927 A.2d 257 (2007)(citing Booher v. Olczak, 2002 PA Super. 106, 797 A.2d 342, 344 (2002)("In appropriate cases involving failure to comply with the Rules of Appellate Procedure, we will not hesitate to impose sanctions, including dismissing or quashing an appeal.")); Commonwealth of Pennsylvania v. Hardy, 2007 PA Super 48, 918 A.2d 766 (2007), appeal denied, 596 Pa. 703, 940 A.2d 362 (2008)("When defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."); Rosselli v. Rosselli, 2000 PA Super. 106, 750 A.2d 355, 359 (2000), appeal denied, 564 Pa. 696, 764 A.2d 50 (2000)(quashing appeal due to multiple violations of the rules of appellate procedure regarding the reproduced record); Laird v. Ely & Bernard, 365 Pa. Super. 95, 97-98, 528 A.2d 1379, 1380-81 (1987), appeal denied, 520 Pa. 576, 549 A.2d 136 (1998)(quashing appeal where the moving party failed to adhere to the rules of appellate procedure governing briefs and reproduced records).

38.     This Court should not overlook Webb's complete disregard for the Rules of Appellate Procedure governing the Brief and Reproduced Record, as well as the violation of the Stipulated Protective Order, in the instant appeal.   In fact,

Plaintiff's Reproduced Record, as filed, is so defective that it will substantially impede any meaningful review of this appeal.

39.    As a result, the Appellees respectfully request that this Honorable Court strike Webb's Brief and expunge the Reproduced Record, and quash the appeal.

40.    Any other result will be contrary to prevailing legal authority and will unduly, and severely, prejudice the Appellees.

**WHEREFORE,** Appellees request that this Honorable Court grant this Application, and Quash Webb's appeal.  In the alternative, Appellees request that this Court strike Webb's Brief, expunge the Reproduced Record, and require Webb to file a Pa.R.A.P. 2154 Designation of the Contents of the Corrected Reproduced Record, so that Appellees have the opportunity to object to the Designation and/or provide a Counter-Designation before Webb files a Corrected Reproduced Record, and establish a new future briefing schedule.

**POST & SCHELL, P.C.**

BY: _____

**KARYN DOBROSKEY RIENZI, ESQUIRE
RICHARD B. WICKERSHAM, JR., ESQUIRE
COUNSEL FOR APPELLEES,
VOLVO CARS OF NORTH AMERICA, LLC
AND VOLVO CAR CORPORATION**

GIBBONS, P.C.

BY: _____
    **MADELINE SHERRY, ESQUIRE**
    **COUNSEL FOR APPELLEE,**
    **GRACO CHILDREN'S PRODUCTS, INC.**
    **(d/b/t/a NEWELL RUBBERMAID, INC.)**

## VERIFICATION

**KARYN DOBROSKEY RIENZI, ESQUIRE**, states that she is co-counsel

for appellees, Volvo Cars of North America, LLC and Volvo Car Corporation, that

she is acquainted with the facts set forth in the foregoing Application, that the same

are true and correct to the best of her knowledge, information and belief and that

this statement is made subject to the penalties of 18 Pa.C.S. §4904 relating to

unsworn falsification to authorities.


**KARYN DOBROSKEY RIENZI, ESQUIRE**