**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANA WEBB, et al.,<br><br>               Plaintiffs,<br><br>      v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>               Defendants. | Civil Action No. 13-CV-2394-MMB |

**DEFENDANTS' FURTHER MEMORANDUM
IN SUPPORT OF PENDING MOTION FOR SANCTIONS**

Defendants, Volvo Cars of North America, LLC ("VCNA"), improperly also named as Volvo Cars of N.A., LLC, and Volvo Car Corporation ("VCC") (collectively "Defendants"), submit this further memorandum in support of their motion for sanctions against Plaintiff's counsel, Francis Malofiy. (DE No. 32.)[1]

Mr. Malofiy knowingly, misleadingly, and personally altered an original document, and then inserted the altered original into Plaintiffs' Amended Complaint and other pleadings, in a deliberate attempt to provide factual support for his allegation that the 1997 Volvo 850 was marketed and advertised as

---

[1] *See* DE Nos. 32, 37, 42 for the briefing by the parties on Defendants' motion for sanctions. The Court held a hearing on the motion on December 6, 2013, the transcript of which is at DE No. 49.

containing rear door bars.  Counsel's conduct violates Rule 11(b) and his duty of candor to the Court.   (*See* DE Nos. 32 & 42.)  During the December 6, 2013 hearing, Mr. Malofiy admitted that he removed the words "Volvo 900 Series" from the document he inserted into the Amended Complaint, which he then described (inaccurately) as a Volvo 850 advertisement.  (DE 49 at 55:14-23.)  The Court stated that "this is very serious conduct by a lawyer to take an exhibit that has language in it and eliminate the language because it's not favorable."  (*Id.* at 56:21-23.)  The Court took the sanctions motion under advisement.  (*Id.* at 54:24-25.)  Soon thereafter, the Court stayed the case.

Now that the stay has been lifted, Defendants' sanctions motion is ripe for decision.  A favorable decision on the pending motion for summary judgment filed by VCC and VCNA would not moot Defendants' motion for sanctions because the Court's jurisdiction to impose sanctions for misconduct continues even after dismissal of a case.  *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395-96 (1990) (affirming Rule 11 sanction imposed against plaintiffs and their attorneys after voluntary dismissal of underlying case); *DiPaolo v. Moran*, 277 F. Supp. 2d 528, 531 (E.D. Pa. 2003) ("Although plaintiff and his attorney argue that the court lacks jurisdiction to specify the type and amount of the appropriate sanctions after a case has been dismissed on its merits, the court is within its jurisdiction and discretion to do so").

Mr. Malofiy's conduct here and elsewhere far exceeds the bounds of permissible advocacy.  Even after this Court unambiguously expressed its misgivings, Mr. Malofiy's penchant for *ad hominem* attacks and unsupported invective has not abated.  His appellate brief in the state court action, offered in support of his motion for stay in this Court, personally and repeatedly attacks the trial judge, accusing him of "inexcusable, reversible error," of "incorrectly and embarrassingly believ[ing] that only the U.S. Government could perform" FMVSS testing, and of "surreptitiously revers[ing] its position" in order to affirm the jury's verdict.  (DE 77-1 at 19, 24 & 30.)  And Mr. Malofiy's memorandum in support of his motion to stay repeatedly claims that the trial court erroneously excluded evidence that the Volvo 850 "**catastrophically failed**" Federal Motor Vehicle Safety Standards.  (DE 76 at 3 & 5 (emphasis original).)  He omits to acknowledge that the "evidence," if it exists at all, has *never* been produced in any proceeding, including as part of an offer of proof required to preserve the issue for appeal.

Mr. Malofiy appears not to acknowledge or accept the constraints of professionalism, decorum, fact, law, or court rule in any proceeding, and his improprieties are not confined to this case.  In addition to those identified in Defendants' earlier briefing (DE 48-1 & 48-2), Judge Diamond recently sanctioned Mr. Malofiy for litigation misconduct.  *Marino v. Usher*, 2014 WL 2116114, at *1 (E.D. Pa. May 21, 2014) ("I will impose sanctions because Malofiy: (1) inveigled

3

an inculpatory affidavit from unrepresented Defendant William Guice; and (2) after falsely assuring Guice that he was only a witness, entered a default against him"). Judge Diamond held that:

> Defendants have shown clearly and convincingly that Attorney Francis Malofiy has acted disgracefully: lying to an unsophisticated, impoverished, unrepresented Defendant, thus convincing that Defendant to expose himself (probably baselessly) to substantial liability.

(*Id.* at *13.) Judge Diamond also condemned Mr. Malofiy's discovery behavior, but declined to sanction him for it. (*Id.* at *7 ("although I condemn Malofiy's discovery behavior, I decline to impose sanctions on that basis").)

The Court should sanction Mr. Malofiy by ordering him to pay Defendants' attorneys' fees incurred in filing and briefing the sanctions motion. This Court also should provide notice of this misconduct and the sanctions to the appropriate disciplinary authorities, including the Chief Judge of this District. 2 L.R. 83.6. Finally, the Court should order Mr. Malofiy to provide a copy of the sanctions Order to the Pennsylvania Bar Association and any other bar of which he is a member and to certify to this Court that he has done so.

Dated:  February 27, 2015        Respectfully submitted,

By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202
Tel:  (303) 244-1800
Fax:  (303) 244-1879
pherzog@wtotrial.com

Richard B. Wickersham, Jr.
POST & SCHELL, P.C.
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone:  (215) 587-6612
Fax:  (215) 320-4875
rwickersham@postschell.com

Attorneys for Volvo Cars of North America, LLC and Volvo Car Corporation

## Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on February 27, 2015 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

By: */s/ Peter W. Herzog III*