# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>           Defendants. | Civil Action No. 13-CV-2394-MMB |

## DEFENDANTS' REPLY MEMORANDUM
## IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, Volvo Cars of North America, LLC ("VCNA"), improperly also named as Volvo Cars of N.A., LLC, and Volvo Car Corporation ("VCC") (collectively "Defendants"), submit this reply memorandum in support of their motion for summary judgment on all claims in Plaintiff's Second Amended Complaint because the claims are barred by the doctrines of *res judicata* and collateral estoppel.

## INTRODUCTION

Defendants showed in their prior briefing in support of summary judgment (DE 65 & 73) that there is privity between Ana Webb and her husband, Mark Webb, acting as Administrator of the Estate of Sabino Webb, because (1) Ana Webb was a beneficiary of the Estate and would have recovered, along with her

husband, any proceeds awarded in the state court lawsuit; and (2) Ana Webb was adequately represented in the state court case because the Estate and its Administrator were fiduciaries with respect to her financial interest in the Estate. *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). *Res judicata* and collateral estoppel therefore bar Ana Webb's claims in this case. The Court should grant summary judgment in favor of Defendants and against Plaintiff Ana Webb on all claims alleged in the Second Amended Complaint.

## ARGUMENT

I. **THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF VCC AND VCNA BECAUSE PLAINTIFF'S CLAIMS ARE BARRED BY *RES JUDICATA*.**

    A. **The Compulsory Nonsuit of the UTPCPL Claim and/or the Judgment in the Court of Common Pleas Bars Relitigation of the UTPCPL Claim in this Case.**

        1. <u>The Compulsory Nonsuit of the UTPCPL Claim in State Court Bars Relitigation of the UTPCPL Claim in this Case</u>.

Plaintiff contends that the state court granted the compulsory nonsuit of the UTPCPL claim only because plaintiff lacked "standing."[1]  (DE 77 at 14-15 (citing Motion for Compulsory Nonsuit at 11-12).)  Building upon that faulty premise, Plaintiff then relies on federal cases in which the first-filed case was dismissed for

---

[1]      Plaintiff cherry picks a few statements from the trial court record to support the claim that the nonsuit was granted for lack of standing.  (DE 77 at 13 (citing Trial Transcript at p. 7 (DE 77-1 at 7) & DE 77 at 14 (citing Joint Motion at ¶¶ 45-48).)  As explained below, however, numerous other grounds also compelled the compulsory nonsuit, and there is *nothing* to support Mr. Malofiy's speculation that it was granted solely because of Sabino Webb's lack of standing.

lack of Article III standing to argue that the compulsory nonsuit has no preclusive effect because a claim dismissed for lack of "standing" is not a decision on the merits. (*Id.* at 12-13.) Plaintiff's contention that the compulsory nonsuit does not bar the claims in this case is wrong for two fundamental (and independent) reasons: (1) Volvo's motion for a compulsory nonsuit was not based only on Sabino Webb's lack of statutory standing; and (2) a compulsory nonsuit for lack of statutory standing *is* a decision on the merits.

The record does not contain an explanation of the trial court's reasons for granting the compulsory nonsuit. Nor does the trial court's Pa.R.A.P. 1925(b) opinion explain the decision because the nonsuit of the UTPCPL claim was not even appealed. (DE 66-7 at 3 (Trial Transcript at 97:9-11, 97:14-15).) Volvo offered four separate independent and factually supported reasons for a compulsory nonsuit on the UTPCPL claim. Volvo contended that the Estate and its Administrator lacked statutory standing to bring a private right of action under the UTPCPL because the infant decedent did not purchase the vehicle and could not have relied on any advertising. (DE 77-1at 29-32 (Joint Motion at ¶¶ 45-53).) Volvo also argued that Ana Webb, who was *not* a plaintiff, was also not the owner of the vehicle, and that even if she could have pursued the UTPCPL claim, she did not become legal owner of the vehicle until the day *after* the accident. (DE 77-1at 28-29 (Joint Motion at ¶¶ 38-40).) Finally, Volvo argued that the Estate and its

3

Administrator had not introduced any admissible evidence of deceptive advertising by VCC or VCNA.  (DE 77-1at 29 (Joint Motion at ¶¶ 41-44).)  Two of the four arguments advanced have nothing to do with Sabino Webb and independently support the compulsory nonsuit in ways unrelated to his lack of statutory standing. Plaintiff in the state court action has not appealed the compulsory nonsuit, and that decision is now final for all purposes.  Counsel's retrospective and self-serving speculation in this Court concerning the reason it was granted does not deprive the decision of its preclusive effect.

Further, Plaintiff conflates Article III standing with the elements required for a private right of action under the UTPCPL.  The UTPCPL prohibits "unfair methods of competition" and "unfair or deceptive acts or practices."  *See* 73 P.A. § 201-2.  The statute can be enforced by the attorney general in an action for an injunction, restitution, or civil penalties.  73 P.A. § 201-4, 201-4.1, 201-8.  A private plaintiff, however, is limited to those circumstances in which there is proof of justifiable reliance leading to an ascertainable loss.  73 P.A. § 201-9.2; *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221, 224 (3d Cir.2008); *accord Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012).  The statute thus creates additional elements for a private UTPCPL claimant.  *See* 73 P.A. § 201-9.2.

These elements are necessary for *statutory* standing under the UTPCPL and differ from Article III standing in federal court.[2]

"[T]he differences between statutory, constitutional, and prudential standing are important." *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 294-95 (3d Cir. 2007). "[I]t is necessary for the Court to distinguish Article III standing issues from statutory standing and cause of action issues because 'the question whether a plaintiff states a claim for relief 'goes to the merits' in the typical case, not the justiciability of a dispute, and conflation of the two concepts can cause confusion.'" *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 886 (E.D. Pa. 2012) (quoting *Bond v. United States*, 131 S.Ct. 2355, 2362 (2011).)

The "question of whether or not a particular cause of action authorizes an injured plaintiff to sue is *a merits question*, affecting statutory standing, not a jurisdictional question, affecting constitutional standing." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008) (emphasis added); *accord Vander Luitgaren v. Sun Life Assur. Co. of Canada*, 765 F.3d 59, 63 (1st Cir. 2014) ("Unlike constitutional standing, statutory standing is part and parcel of the merits of a particular claim"); *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 934 (8th Cir. 2012) ("statutory standing goes to the merits of the claim");

---

[2]     It is clear, furthermore, that the compulsory nonsuit could *not* have been based on a lack of Article III standing, because the doctrine applies only in federal courts.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1229 n.6 (10th Cir. 2012); *Katz v. Pershing, LLC*, 672 F.3d 64, 75 (1st Cir. 2012); *U.S. v. Oregon*, 671 F.3d 484, 490 n.6 (4th Cir. 2012). Accordingly, to the extent the compulsory nonsuit was based on a lack of statutory standing, the only standing defect raised in the trial court, it *was* a judgment on the merits and *is* entitled to preclusive effect in this Court. *See Frank C. Minvielle LLC v. Atl. Ref. Co.*, 337 F. App'x 429, 436 (5th Cir. 2009) (J. Jolly concurring) (state court's grant of summary judgment against plaintiff for lack of statutory standing under Louisiana law in first case "was a decision on the merits of the plaintiff's claim" and thus "*res judicata* is a bar to this case"); *Henik ex rel. LaBranche & Co. v. LaBranche*, 433 F. Supp. 2d 372, 379 (S.D.N.Y. 2006) (judgment in first case regarding "procedural issue of standing to proceed derivatively" held to be "'a decision on the merits' for the purposes of preclusion").

        2.    <u>The Jury's Verdict Bars the UTPCPL Claim in this Case</u>.

Defendants also showed in their initial memorandum that Plaintiff's UTPCPL claim is barred by the jury's verdict and the judgment entered on that verdict because "[r]*es judicata* bars subsequent litigation not only of claims actually litigated in the first proceeding, but also of claims that could and should have been litigated because they arose from the same transaction or series of transactions." *Perelman v. Perelman*, 2013 WL 1842234, at \*4 (E.D. Pa. May 2,

2013) *aff'd* 454 F. App'x 142 (citation omitted); *accord*, *e.g.*, *Newton v. First Union Nat'l Bank*, 316 F. Supp. 2d 225, 238 (E.D. Pa. 2004).  Plaintiff did not respond to this argument and appears to rely for her opposition only on the argument that privity is lacking and/or her request for a stay.  Thus, unless she prevails on those arguments, she should be deemed to have conceded this point.

**B.      Ana Webb's Remaining Claims Are Barred by *Res Judicata*.**

Defendants also explained in their opening memorandum that the remaining claims in this case were barred by the judgment based on the compulsory nonsuit of the UTPCPL claim and the jury's verdict on the strict liability claim.  (DE 65 at 30-32.)  Plaintiff did not respond to this argument and appears to rely for her opposition only on the argument that privity is lacking and/or her request for a stay.  Thus, unless she prevails on those arguments, she should be deemed to have conceded this point.

**C.      There is Privity Between the Plaintiffs in the Two Cases.**

Plaintiff accuses Defendants of ignoring *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299 (3d Cir. 2009), in their opening memorandum, and she "challenges" us to show that any of the *Nationwide* Court's enumerated grounds for privity apply here.  (DE 77 at 17-18, 20-21.)  Far from ignoring *Nationwide*, Defendants showed that the *Nationwide* Court found the Supreme Court's decision in *Taylor v. Sturgell*, 553 U.S. 880 (2008), "highly

persuasive" with respect to Pennsylvania law and adopted *Taylor*'s enumerated grounds for privity.  (DE 65 at 25.)  Defendants then relied on the grounds announced by the Supreme Court in *Taylor* (and adopted by *Nationwide*) to show that two of the six enumerated grounds articulated in both cases established privity. (*Id.* at 25-30.)

        1.    <u>Ana Webb Is in Privity with Plaintiff Mark Webb, Acting as Administrator of the Estate of Sabino Webb, Because She Is a Beneficiary of the Estate.</u>

Defendants showed in their opening brief that there is privity between Ana Webb and her husband, Mark Webb, acting as Administrator of the Estate of Sabino Webb, because Ana Webb was a beneficiary of the Estate and would have been entitled to recover, along with her husband, any proceeds awarded in the state court lawsuit.  (DE 65 at 25-28.)  As an heir at law to the Estate under Pennsylvania law, Ms. Webb is in privity with the Estate.  Defendants cited Pennsylvania authority—*In re Newbold's Estate*, 65 Pa. Super. 151, 154-55 (Pa. Super. Ct. 1916)—and a plethora of authority from other jurisdictions, authority supported by Restatement (Second) of Judgments § 41(1)(c) (1982), all of which hold that an heir to an estate, such as Ana Webb, is in privity with the estate (and its trustee or administrator) for purposes of *res judicata*.  (DE 65 at 26-28 (citing cases and other authority).)

Plaintiff ignores this authority and contends instead that privity cannot be

based upon a mere familial or "blood" relationship.  (DE 77 at 19.)  Plaintiff relies

on *Wood v. Borough of Lawnside*, 2009 U.S Dist. LEXIS 89909, 2009 WL

3152114 (D.N.J. Sept. 28, 2009), as support.  *Wood* is inapposite for a multitude of

reasons.  First, Defendants' argument was not based on the familial relationship

alone but on the fact Plaintiff was an heir at law to the Estate.[3]  Second, unlike this

case (to which Pennsylvania law applies), the New Jersey district court in *Wood*

examined *res judicata* under federal common law.  2009 WL 3152114, at *1-2.

Third, under Pennsylvania law, a spousal relationship does create privity for

purposes of *res judicata* and collateral estoppel.  *Silverstein v. Percudani*,  2005

WL 1252199, at *6 (M.D. Pa. May 26, 2005) ("Pennsylvania courts have found the

spousal relationship sufficient to establish privity for the purposes of claim and

issue preclusion"); *Seamon v. Bell Telephone Co. of Pennsylvania,* 576 F. Supp.

1458, 1460 (W.D. Pa.1983), *aff'd mem.*, 740 F.2d 958 (3rd Cir. 1984) (finding that

*res judicata* barred the plaintiff from bringing her claims where her husband had

previously litigated similar claims because the spousal relationship was sufficient

to establish privity).  Plaintiff's unpublished case from a New Jersey federal court

---

[3]      Heirs at law, by definition, all have a familial relationship with the decedent.  It is not the familial relationship alone, however, that confers privity but the fact that there is a pre-existing legal relationship defined by statute that derives from the familial relation.  Under Plaintiff's view, heirs at law would never be in privity with the estate of the decedent for purposes of *res judicata*, despite a century of jurisprudence to the contrary.

applying federal common law that fails even to address the issue of privity between an heir at law and an estate is not persuasive.

Plaintiff's only other argument is that privity requires a deliberate, legally cognizable action, and being an heir at law is not such an action.  (DE 77 at 19-20.) Plaintiff cites no specific authority in support of this argument, but rather extrapolates it from the facts of a few cases involving a deliberate action. Plaintiff's novel proposition is rebutted by on point Pennsylvania authority (*In re Newbold's Estate*) holding that the heir of an estate is in privity with the administrator of the estate for purposes of *res judicata*, by numerous cases from other jurisdictions, and by the Restatement (Second) of Judgments, § 41(1)(c). (*See* DE 65 at 26-28 (citing cases and other authority).)

2. <u>Ana Webb Is in Privity with the Estate and Its Administrator because both Owed Her a Fiduciary Duty and Her Interests Were Adequately Represented by the Administrator</u>.

Defendants also explained in their opening memorandum that privity exists because Ana Webb was "'adequately represented by someone with the same interests who [wa]s a party' to the suit," such as in "suits brought by trustees, guardians, and other fiduciaries."  *Taylor*, 553 U.S. at 894.  The Estate and Mark Webb, as Administrator of the Estate, each owed a fiduciary duty to Ana Webb in the state court action because Ana Webb was and is a beneficiary of the Estate. *Estate of Bosico*, 412 A.2d 505, 507 (Pa. 1980); *In re Estate of Harrison*, 745 A.2d

676, 679 (Pa. Super. Ct. 2000).  As such, there is privity between Ana Webb and

the Estate and between Ana Webb and Mark Webb, acting as Administrator of the

Estate.  *Res judicata* therefore bars Ana Webb's claims in this case.

   Plaintiff's arguments on this point are both confusing and confused.

Plaintiff contends that there was no understanding that the Estate was representing

Ana Webb in the state court action because she was a defendant in that action,

because she filed this action with her husband, Mark Webb, and because there

never was an agreement that the Estate was representing her in the state court case.

(DE 77 at 20-21.)  The Estate, however, represented her interests as a beneficiary

of the Estate, and acted as a fiduciary in doing so.  No understanding or action on

the part of Ana Webb was required; the duty is imposed by operation of law.  The

argument that she was a "defendant" in the state court action is disingenuous.  The

Estate brought no claims against her, and she was not adverse to the Estate.

Indeed, had the Estate prevailed, she would have been entitled to half of any

money judgment.  Ana Webb no doubt "understood" that she would have the right

to share in the proceeds of any victory by the Estate.  And the filing of this action

with her husband, who was Administrator of the Estate, is not relevant to whether

her interests as a beneficiary were represented by her fiduciaries in the state court

action.[4]  The Estate and its Administrator were fiduciaries who adequately represented Ana Webb's interest as a beneficiary with respect to claims arising from her purchase of the vehicle that is at issue in both cases.  Under *Taylor* (and *Nationwide*), this establishes privity between the Estate and Ms. Webb such that the judgment in the state court case precludes this action under principles of *res judicata*.  *Taylor*, 553 U.S. at 894; *Nationwide*, 571 F.3d. at 312-13.

Finally, the Court should not lose sight of the fact that both Mark Webb and Ana Webb were represented by Mr. Malofiy in the state court trial.

## II.   THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF VCC AND VCNA BECAUSE COLLATERAL ESTOPPEL PRECLUDES RELITIGATION OF A KEY FACTUAL PREREQUISITE OF ALL OF PLAINTIFF'S CLAIMS.

Plaintiff's claims are barred for an additional reason.  Defendants showed in their opening memorandum why the jury's finding that the vehicle was not defective precludes all claims in this case—all claims are predicated on the contention that the absence of door bars in the rear doors rendered the 1997 Volvo 850 defective and unsafe.  (DE 65 at 32-35.)  Plaintiff's cursory response (two short paragraphs) contends that she only needs to show that Defendants advertised goods with the intent not to sell them as advertised, and that a finding of defect is

---

[4]      Plaintiff contends that a nationwide class action could not have been filed in state court. (DE 77 at 16 n.5.)  Even if correct, the argument is irrelevant.  Defendants' summary judgment motion addresses Ana Webb's individual claims only.

not required to meet that element. (DE 77 at 21.) [5] While this is *one* element of *one* category of *one* claim (the UTPCPL claim), which lacks evidentiary support sufficient to defeat a Fed. R. Civ. P. 56 motion, this is not an element of any other claim pleaded. Plaintiff's naked assertion that "the same logic applies to Plaintiff's other causes of action" effectively concedes the point by failing to respond to it substantively.

Plaintiff previously has conceded our argument with respect to her UTPCPL claim in any event. Only a month ago, in her opposition to the motion to lift the stay, Plaintiff wrote that "[w]hether the Volvo 850 is defective obviously has direct bearing on the deceptive advertising claims Plaintiff has alleged against Volvo in this case." (DE 68 at 5.) This unquestionably is true because, as Defendants explained, the jury's finding precludes Plaintiff from meeting the elements of materiality or justifiable reliance required to prove the UTPCPL claim. (DE 65 at 33-34.) Plaintiff offers no response and simply ignores these essential elements of her UTPCPL claim.[6] Plaintiff's failure to respond effectively concedes the point that the UTPCPL is barred by the doctrine of collateral estoppel.

---

[5] Plaintiff states that "[e]ven if the Volvo 850 is not defective, it is still illegal for Volvo to falsely advertise the Volvo 850 with rear door bars." (DE 77 at 21.) Assuming, *arguendo*, that Plaintiff is correct, there is no record evidence VCC or VCNA advertised that the Volvo 850 was equipped with rear door bars.

[6] Apparently aware of the fundamental inconsistency of asking this Court to stay the case pending appeal of the jury's finding that the vehicle was not defective and arguing that the

The Court should grant summary judgment in favor of Defendants because the jury's finding of no defect precludes Plaintiff from proving specific required elements of all claims alleged in the Second Amended Complaint.

## III.   THE COURT SHOULD NOT STAY THIS CASE.

Defendants have fully briefed this issue in their opposition to Plaintiff's motion to stay and only briefly summarize their opposition here.[7]  The Court should deny Plaintiff's motion because a stay pending appeal of the related state court judgment would contravene Pennsylvania law, which the Court is obligated to apply in this diversity case.  *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996) (rejecting a stay and holding that a judgment is final for purposes of *res judicata* and collateral estoppel regardless of a pending appeal).  Staying this case would create a federal rule that is contrary to the preclusive treatment afforded a judgment under Pennsylvania law, an outcome prohibited by the United States Supreme Court.  *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 481-82 (1982).  Finally, even if the Court were to examine the merits of the appeal, the Court would find that the appeal is

---

finding is not relevant to any claims in this case, Plaintiff now asserts without explanation that a finding of defect "likely will have an impact on damages." (DE 77 at 21.)  It is unclear what Plaintiff means by this.  In any event, the finding of no defect goes directly to materiality and justifiable reliance and therefore bars the UTPCPL claim.

[7]     Defendants incorporate by reference their opposition to Plaintiff's motion to stay. (DE 79.)

14

likely to fail for many of the reasons the trial court explained in its thorough Pa.R.A.P. 1925(b) opinion.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion for summary judgment on all claims alleged in the Second Amended Complaint.

Dated:  February 27, 2015                    Respectfully submitted,

                                             By: */s/ Peter W. Herzog III*
                                             Peter W. Herzog III (pro hac vice)
                                             Wheeler Trigg O'Donnell LLP
                                             211 North Broadway, Suite 1200
                                             One Metropolitan Square
                                             St. Louis, MO  63102
                                             pherzog@wtotrial.com

                                             Richard B. Wickersham, Jr.
                                             POST & SCHELL, P.C.
                                             Four Penn Center, 13th Floor
                                             1600 John F. Kennedy Blvd.
                                             Philadelphia, PA 19103
                                             Phone:  (215) 587-6612
                                             Fax:  (215) 320-4875
                                             rwickersham@postschell.com

                                             Attorneys for Volvo Cars of North America,
                                             LLC and Volvo Car Corporation

## **Certificate of Service**

I, Peter W. Herzog III, certify that the foregoing was electronically filed on February 27, 2015 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

By: */s/ Peter W. Herzog III*