

Peter W. Herzog
303-244-0117
pherzog@wtotrial.com

March 4, 2015

By ECF

Honorable Michael M. Baylson
Senior United States District Judge
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

    Re:    *Webb v. Volvo Cars of North America, LLC, et al.*
             Case No. 2:13-cv-02394-MMB

Dear Judge Baylson:

    Please allow this letter to respond to Mr. Malofiy's letter of last evening. Neither Mr. Wickersham nor I have any recollection that "the Court specifically asked the parties [during the February 4 telephone conference] whether the Motion for Sanctions, and the other prior motions, were moot" or that "[i]t was agreed by all parties at the end of the telephone conference that the motions, including for sanctions, were indeed moot." Indeed, although we acknowledge that the status of the Motion for Sanctions (DE 32, 37, 41 & 49) was listed as an item on the Court's hearing agenda (DE 72), Mr. Wickersham's and my collective recollection of the brief telephone conference, which we believe was not on the record, is that the Court specifically advised the parties it would not make any substantive rulings that day. The Court allowed Mr. Malofiy to file an opposition to the pending summary judgment motion (DE 65) and any other filing he wanted to make. The Court then gave Volvo until February 27, 2015 to file any pleadings it desired in reply. In that respect, we feel much as the Honorable John M. Younge did in responding to Mr. Malofiy's post-trial arguments: "I will say that you remember things in a way that's totally distinct and different from the way I remember it." (DE 79-2 at 3.)

    An additional point contained in Mr. Malofiy's letter warrants response. Neither Mr. Wickersham nor I contacted the press regarding any of the filings made in this case on February 27. Nor did Mr. Wickersham or I respond to the press inquiry made after the filing. It is highly ironic, furthermore, that Mr. Malofiy would complain of "irrelevant personal attacks" on him. Despite repeatedly being chastised for his unprofessional behavior, including "repeated relentless attacks on his opponent's family" (DE 48-1 at 11) and Judge Diamond's published condemnation of his behavior, *Marino v. Usher*, 2014 WL 2116114 (E.D. Pa. May 21, 2014),

370 Seventeenth Street | Suite 4500 | Denver, Colorado 80202-5647 | P 303.244.1800 | F 303.244.1879 | wtotrial.com

# WheelerTrigg O'Donnell LLP

Honorable Michael M. Baylson
March 4, 2015
Page 2

Mr. Malofiy personally and repeatedly attacked the trial court in an effort to convince the Court to stay this case. He accused Judge Younge, a jurist with more years of experience on the bench than Mr. Malofiy has in practice, of inexcusable error and embarrassing ignorance and of authoring an opinion that "surreptitiously reversed its position." (DE 77-1 at 19, 24 & 30.)

As noted in the Memorandum that is the subject of Mr. Malofiy's correspondence (DE 80 at 3), his conduct here and elsewhere—including his inaccurate letter of last evening—far exceeds the bounds of permissible advocacy. Mr. Wickersham and I are prepared to address this or any other matter in the case in any manner the Court wishes.

Respectfully,

Peter W. Herzog

PWH:sek
cc:     Counsel of Record (by ECF)