

FRANCIS ALEXANDER LLC

March 4, 2015

THE HONORABLE MICHAEL M. BAYLSON
United States District Courthouse
601 Market Street
Philadelphia, PA 19106
T: (267) 299-7730
F: (267) 299-5078

      **Re:**    **WEBB v. VOLVO ET AL. | No.: 2:13-cv-02394-MMB**
              Defense Counsel's Ad Hominem Attacks on Opposing Counsel Must
              Cease Immediately

Dear Judge Baylson:

      On March 3, 2015, by letter Plaintiffs requested a telephone conference with the Court to immediately address a filing (*Doc. No. 80*) by Defendants that gratuitously attempts to smear Plaintiffs' counsel by extensively referencing proceedings that have absolutely nothing to do with this case. Furthermore, the filing was ostensibly in support of a sanctions motion (*Doc. No. 32*) that had: (1) already been addressed and resolved in December 2013, and (2) defense counsel agreed was moot on a telephone conference with the Court on February 4, 2015.

      Plaintiffs did not file the original letter on the docket because the issue is not a substantive issue appropriate for the public docket. In reply, Defendants filed a letter on March 4, 2015, *on the docket*, that engages in yet even more inappropriate personal attacks on Plaintiffs' counsel. These attacks are an obvious and inappropriate litigation tactic to prejudice Plaintiffs' case by repeatedly referencing impertinent matters in an attempt to shift the Court's attention from the issue at hand, Volvo's deceptive advertising. Plaintiffs note that they could point out defense counsel are hardly paragons of virtue—defense counsel Bruce Wickersham was recently excoriated by a judge in the Eastern District and threatened with contempt for deliberately disobeying a court order (*Civ. No. 08-04856, Doc. No. 486-1, at p.39*)—but importing such irrelevant issues into substantive filings has no place in the litigation.

      Remarkably, defense counsel's letter claims to not remember the Court asking the parties on the 2/4/15 telephone conference if the motions referenced in the Court's Order (*Doc. No. 72*) were moot. In fact, the Court did ask the parties if those motions were moot at the end of the call, and the parties agreed they were. This was nothing more than a housekeeping issue as the motions in question were all mooted by the Second Amended Complaint or resolved in December 2013.

      Plaintiffs strenuously object to Defendants' motion practice and renew their request that Defendants be directed to stop attacking Plaintiffs' counsel with completely irrelevant and impertinent matters. Plaintiffs' counsel has not attacked defense counsel in this case and Defendants' gratuitous and improper filings must stop immediately. We ask for an appropriate order and admonition. Plaintiffs' original letter is attached to this reply.

Respectfully, I am,      *Francis Malofiy, Esquire*      cc: To all counsel of record



March 3, 2015

The Honorable Michael M. Baylson
United States District Courthouse
601 Market Street
Philadelphia, PA 19106
T:(267) 299-7730
**F: (267) 299-5078**

               Re:      WEBB V. VOLVO ET AL. | No.: 2:13-cv-02394-MMB
                          Plaintiffs Request an Immediate Telephone Conference

Dear Judge Baylson:

       On Friday, February 27, 2015, Defendants filed a wholly improper memorandum on the docket which engages in irrelevant personal attacks on Plaintiffs' counsel. Plaintiffs request an immediate telephone conference with the Court and Defendants regarding this filing given the seriousness of the situation.

       In October 2013, Volvo filed a Motion for Sanctions (*Doc. No. 32*) concerning an exhibit to the Amended Complaint, a motion which was addressed at a hearing before the Court on December 6, 2013. At the hearing, the Court expressed concerns about the way the exhibit had been modified and gave Plaintiffs the option to file a Second Amended Complaint without the exhibit. Plaintiffs did so (*Doc. No. 54*), and were under the impression that filing the Second Amended Complaint had rendered the issue moot.

       Further, the Court ordered the parties in January 2015 to address whether the sanctions motion, and other prior motions, were moot. (*Doc. No. 72*). With respect to that order, at a telephone conference on February 4, 2015, the Court specifically asked the parties whether the Motion for Sanctions, and the other prior motions, were moot. **It was agreed by all parties at the end of the telephone conference that the motions, including for sanctions, were indeed moot.**

       However, on February 27, 2015, Volvo inexplicably filed a memorandum in support of the moot motion for sanctions. Plaintiffs are extremely confused why Defendants agreed the motion for sanctions was moot, but have now filed a memorandum in support of the motion.

       It appears the filing was made ***solely to attack Plaintiffs' counsel*** on the public docket by raising wholly irrelevant matters to this case. Just a few hours after Volvo filed their memorandum, Plaintiffs' counsel received a rare Friday night email from a reporter asking for comment about the improper memorandum. If Volvo filed this memorandum on the docket, regarding a motion it agreed was moot, for the sole purpose of publicly attacking Plaintiffs' counsel and having the press seize on the improper memorandum, then that is a very serious situation that must be addressed by the Court. This is not the first time that Volvo has made completely irrelevant personal attacks on Plaintiff's counsel in filings on this case and such conduct should cease immediately.

       Should the Court desire that Plaintiffs address this through formal motion practice, and not a telephone conference, Plaintiffs will do so immediately.

       Respectfully, I am,       *Francis Malofiy, Esquire*       cc: To all counsel of record