# United States District Court
# Eastern District of Pennsylvania

| | |
|---|---|
| Ana Webb<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>v.<br><br>Volvo Cars of N.A., LLC<br>  and<br>Volvo Car Corporation<br>  and<br>Volvo Car UK Limited<br>  and<br>Volvo Cars of N.A., Inc.<br>*Defendants* | Civil Action No.: 13-cv-2394-MMB |

# Order

And Now, on this _____ day of _____, 2015, upon consideration of Plaintiffs' Motion to Strike Memorandum of Defendant VCUK and Enter Default, any response of Defendant Volvo Car UK Limited, and the record as a whole, it is hereby ordered and decreed that the motion is **Granted** and

- Volvo Car UK Limited's Memorandum (*Doc. No. 78*) is stricken.
- The Clerk of Courts shall enter default against defendant Volvo Car UK Limited.

By the Court:

_____
The Honorable Michael M. Baylson

# United States District Court
# Eastern District of Pennsylvania

| | |
|---|---|
| Ana Webb<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>v.<br><br>Volvo Cars of N.A., LLC<br>  *and*<br>Volvo Car Corporation<br>  *and*<br>Volvo Car UK Limited<br>  *and*<br>Volvo Cars of N.A., Inc.<br>  *Defendants* | Civil Action No.: 13-cv-2394-MMB<br><br><br>*Jury Trial Demanded*<br><br><br>*Oral Argument Requested* |

# Plaintiffs' Motion to Strike Memorandum of Defendant VCUK and Enter Default

Defendant Volvo Car UK Limited ("VCUK") has indisputably failed to file an answer or response to the Second Amended Complaint, despite having over a year to do so. Plaintiffs ask that a default be entered against VCUK for its failure to answer or respond to the Second Amended Complaint. In order for VCUK to not be found in default, VCUK must demonstrate that its failure to timely file a response was due to excusable neglect. Given that VCUK unambiguously knew that such a response was due, but failed to file one, VCUK cannot show excusable neglect.[1]

The only filing VCUK has made is a clearly improper memorandum of law (*Doc. No. 78*), which it claims is in support of its prior motion to dismiss the First Amended Complaint (*Doc. No. 18*). However, given that a Second Amended Complaint was filed in 2013, VCUK's prior motion

---

[1] This is especially so given that defense counsel's recent filings have focused on attacking and disparaging Plaintiffs' counsel; perhaps that time would have been more productively spent making sure VCUK was complying with the Rules.

to dismiss is clearly moot. Even more perplexingly, VCUK's counsel told the Court on February 4, 2015, in a telephone conference, that the prior motion to dismiss *was* moot. It is unclear why VCUK is now apparently trying to resurrect the prior mooted motion. Defendant VCUK's motion practice is clearly improper and the defective memorandum should be stricken from the docket.

Plaintiffs aver in support of their motion:

1. Defendant Volvo Car UK Limited ("VCUK") filed a motion to dismiss the First Amended Complaint for lack of personal jurisdiction on October 3, 2013 (*Doc. No. 18*).

2. Plaintiffs filed a Second Amended Complaint ("SAC") on December 19, 2013 (*Doc. No. 54*).

3. VCUK filed a motion for an extension of time to answer or respond to the SAC on December 30, 2013 (*Doc. No. 57*).

4. The Court stayed the case on January 31, 2014, but ruled that when the case was unstayed VCUK had 21 days to answer or respond to the SAC. (*Doc. No. 63*).

5. The case was automatically unstayed on January 31, 2015. Id.

6. VCUK's answer or response to the SAC was due February 23, 2015.[2]

7. On February 4, 2015, during a telephone conference, the Court asked VCUK—pursuant to a Court order (*Doc. No. 72*)—if its motion to dismiss (*Doc. No. 18*) the First Amended Complaint was moot; VCUK's counsel agreed that it was moot.

8. The filing of the SAC had rendered VCUK's prior motion to dismiss moot.

9. As of the filing of this instant motion on March 4, 2015, VCUK has not filed any responsive motion or pleading to Plaintiffs' SAC.

10. VCUK's only recent filing was an untimely memorandum (*Doc. No. 78*) on February 27, 2015, which inexplicably sought to resurrect the obviously moot prior motion to dismiss the First Amended Complaint.

---

[2] The Court later issued an Order that Defendants would have until February 27, 2015, to file certain motions. (*Doc. No. 74*). Plaintiffs see no indication whatsoever this Order was intended to modify the Court's prior order allowing Defendants 21 days to answer or respond to the SAC after the stay was lifted. In any case, whether the due date for defendant VCUK's response to the SAC was February 23 or February 27, 2015, time has well since expired for VCUK's responsive motion or pleading.

11. The untimely memorandum is in violation of the Federal Rules of Civil Procedure ("FRCP") and the Court's Orders; it should be stricken from the docket.

12. Due to VCUK's lack of responsive motions or pleadings to the SAC, the Clerk should be directed to enter a default against VCUK pursuant to FRCP 55.[3]

13. In order to file a response or answer to the SAC out-of-time, VCUK must make a motion and show that its failure to respond or answer was the result of "excusable neglect." FRCP 6(b)(1)(B).

14. VCUK cannot make a showing of excusable neglect given that it indisputably knew it had to answer or respond to the SAC but failed to do so.

15. Even if a default is not entered against VCUK, VCUK has waived its right to object on the basis of personal jurisdiction by failing to timely respond or answer, see FRCP 12(b, h), and should be directed to answer the SAC.

Wherefore, Plaintiffs ask that defendant Volvo Car UK Limited's improper memorandum be struck and a default be entered against VCUK.

*****
*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ March 4, 2015*

---

[3] Normally, Plaintiffs would simply ask the Clerk to enter the default; however, out of an abundance of caution, Plaintiffs are asking the Court to consider the issue before taking such a step.

| | |
|---|---|
| Ana Webb<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>v.<br><br>Volvo Cars of N.A., LLC<br>   and<br>Volvo Car Corporation<br>   and<br>Volvo Car UK Limited<br>   and<br>Volvo Cars of N.A., Inc.<br>   *Defendants* | Civil Action No.: 13-cv-2394-MMB<br><br>*Jury Trial Demanded*<br><br>*Oral Argument Requested* |

## Memorandum of Law in Support of Plaintiffs' Motion to Strike Memorandum of Defendant VCUK and Enter Default

Defendant Volvo Car UK Limited ("VCUK") has indisputably failed to file an answer or response to the Second Amended Complaint, despite having over a year to do so. Plaintiffs ask that a default be entered against VCUK for its failure to answer or respond to the Second Amended Complaint. In order for VCUK to not be found in default, VCUK must demonstrate that its failure to timely file a response was due to excusable neglect. Given that VCUK unambiguously knew that such a response was due, but failed to file one, VCUK cannot show excusable neglect.[4]

The only filing VCUK has made is a clearly improper memorandum of law (*Doc. No. 78*), which it claims is in support of its prior motion to dismiss the First Amended Complaint (*Doc. No. 18*). However, given that a Second Amended Complaint was filed in 2013, VCUK's prior motion to dismiss is clearly moot. Even more perplexingly, VCUK's counsel told the Court on February

---

[4] This is especially so given that defense counsel's recent filings have focused on attacking and disparaging Plaintiffs' counsel; perhaps that time would have been more productively spent making sure VCUK was complying with the Rules.

4, 2015, in a telephone conference, that the prior motion to dismiss *was* moot. It is unclear why VCUK is now apparently trying to resurrect the prior mooted motion. Defendant VCUK's motion practice is clearly improper and the defective memorandum should be stricken from the docket.

## I. Matter Before the Court

Before the Court is Plaintiffs' Motion to Strike Memorandum Defendant VCUK and Enter Default.

## II. Factual Background

Defendant Volvo Car UK Limited has failed to file a response or answer the Second Amended Complaint.

On October 3, 2013, defendant VCUK filed a Motion to Dismiss the First Amended Complaint for lack of personal jurisdiction (*Doc. No. 18*). Plaintiffs filed a Second Amended Complaint ("SAC") on December 19, 2013 (*Doc. No. 54*). On December 30, 2013, all Defendants, including VCUK, moved for an extension of time (*Doc. No. 57*) to answer or respond to the SAC. On January 31, 2014, the Court ordered that this case be stayed for one year and automatically unstayed on January 31, 2015 (*Doc. No. 63*). The Court's order further stated that Defendants would have 21 days after the case was unstayed to answer or respond to the SAC. Id. This case was unstayed on January 31, 2015, and VCUK's answer or response to the SAC was thus due on February 23, 2015.[5]

The Court ordered the parties in January 2015 to address whether the prior motion to dismiss, and other old motions, were moot at a telephone conference held on February 4, 2015. (*Doc. No. 72*). At the telephone conference it was agreed by all parties that the motions mentioned

---

[5] The Court later issued an Order that Defendants would have until February 27, 2015, to file certain motions. (*Doc. No. 74*). Plaintiffs see no indication whatsoever this Order was intended to modify the Court's prior order allowing Defendants 21 days to answer or respond to the SAC after the stay was lifted. In any case, whether the due date for defendant VCUK's response to the SAC was February 23 or February 27, 2015, time has well since expired for VCUK's responsive motion or pleading.

in Doc. No. 72, including VCUK's motion to dismiss for lack of personal jurisdiction (*Doc. No. 18*), **were indeed moot.**

On February 27, 2015, VCUK improperly and untimely filed a memorandum (*Doc. No. 78*) in support of its Motion to Dismiss the First Amended Complaint for lack of personal jurisdiction (*Doc. No. 18*). However, as VCUK's experienced lawyers well know, the prior motion to dismiss was rendered moot by the filing of the SAC—VCUK even asked for an extension of time to respond to *the SAC* back in December 2013. In addition, VCUK agreed on February 4, 2015, that the prior motion to dismiss was moot. It is unclear from VCUK's filing why it is trying to resurrect and support a moot motion to dismiss that concerned the First Amended Complaint.

Given that VCUK asked that it be given an extension of time to answer or respond to the SAC, and given that VCUK explicitly agreed with the Court that its prior motion to dismiss was moot, VCUK's memorandum filed on February 27, 2015, is improper, nonsensical, and untimely.

## III. Legal Standard

Under Federal Rule of Civil Procedure ("FRCP") 12(b), a defendant has 21 days to answer or respond to a pleading. After VCUK sought an extension of time to answer or respond to the SAC—as well as a stay on the case—this Court ruled that the case was stayed and that VCUK had 21 days from the lifting of the stay on this case to answer or respond to the SAC. (*Doc. No. 63*). The stay was lifted automatically on January 31, 2015, giving VCUK until February 23, 2015, to answer or respond to the SAC. Id. To date, VCUK has not filed a responsive pleading or motion regarding the SAC. When a party fails to respond or answer a complaint a default may be entered against that party. See FRCP 55 ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Under FRCP 6(b), a failure to file within the appropriate time frame can only be excused:

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

    (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

    (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

FRCP 6(b) (emphasis in original).

Given that time has since expired for VCUK to file a response or answer to the SAC, VCUK can only be permitted to file an answer if it files a motion for a post-deadline extension which demonstrates that the party "failed to act because of excusable neglect." Id. § 6(b)(1)(B); see also Lujan v. Nat′l Wildlife Fed′n, 497 U.S. 871, 895–96 (U.S. 1990); Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) ("Pursuant to the Rule, any post deadline extension must be upon motion made, and is permissible only where the failure to meet the deadline was the result of excusable neglect." (quotation marks omitted)); Kimberg v. Univ. of Scranton, 411 Fed. Appx. 473, 477 (3d Cir. 2010). Factors the Court should consider in determining whether the neglect at issue was excusable include the lack of diligence of the opposing party, whether the cause of the delay was within the reasonable control of the moving party, a lack of good faith, prejudice to the other party, and whether the "asserted inadvertence reflects . . . professional incompetence." Kimberg, 411 Fed. Appx. at 477.

## IV. Argument

Defendant VCUK has unambiguously failed to answer or respond to the Second Amended Complaint despite having over a year to do so.

### a. VCUK's Memorandum Should Be Stricken and Default Entered

Defendant VCUK was required to file an answer or response to the Second Amended Complaint on February 23, 2015, pursuant to FRCP 12(b) and the Court's Order (*Doc. No. 63*). Instead of answering or responding to the SAC, on February 27, 2015, VCUK filed a memorandum in support of a prior motion to dismiss regarding the *First Amended Complaint*. (*Doc. No. 78*, at p.1) (stating "Defendant Volvo Car UK Limited ('VCUK') submits this memorandum regarding its motion to dismiss for lack of personal jurisdiction. (DE No. 18)."). That memorandum incorrectly and inexplicably claims that the prior motion is now "ripe for decision." Id. at p.1, 4. This is a blatantly incorrect assertion as Plaintiffs filed the SAC on December 19, 2013, which obviously mooted the prior motion to dismiss.

Defendant VCUK's insistence that its prior, moot motion to dismiss is somehow not moot is belied by the fact that:

(1) Defendant VCUK petitioned the Court on December 30, 2013, for an extension of time to answer or respond *to the SAC* (*Doc. No. 57*);

(2) VCUK's request for an extension of time to answer or respond to the SAC was granted by the Court (*Doc. Nos. 58, 63*); and

(3) The Court asked VCUK to address if its prior motion to dismiss was moot (*Doc. No. 72*), and defense counsel for VCUK told the Court on February 4, 2015, during a telephone conference, **that the motion was moot**.

The filing made by defense counsel for VCUK on February 27, 2015, is procedurally nonsensical, inexcusably defective, and should be stricken from the record. At this point, VCUK has not filed ***any*** responsive motion or pleading to the SAC. Because VCUK has totally failed to file a response or answer to the SAC pursuant to the FRCP and the Court's Orders, despite ample time to do so, the Clerk should be directed to enter a default against VCUK pursuant to FRCP 55.

> **b. VCUK's Motion Practice is Grossly Negligent, Not Excusable, Reflects Professional Incompetence, Bad Faith, and Unfairly Prejudices Plaintiffs—Default Should be Entered Against It**

VCUK should not be permitted to file a responsive pleading or motion regarding the SAC and a default should be entered against it. Under FRCP 6(b), when a party fails to file within the appropriate time period, a late filing is only permitted if the party makes a motion to grant a post-deadline extension that demonstrates that its failure to file a pleading or motion was because of "excusable neglect." Id. § 6(b)(1)(B); Dripp, 604 F.3d at 784; see also Lujan, 497 U.S. at 895–96. Factors to consider when determining if the neglect in question is not excusable include the lack of diligence of the opposing party, whether the "asserted inadvertence reflects . . . professional incompetence," whether the cause of the delay was within the reasonable control of the party, a lack of good faith by the untimely party, and prejudice to the other party. Kimberg, 411 Fed. Appx. at 477. VCUK's failure to respond to the SAC was not a product of excusable neglect.

> **i. VCUK's Motion Practice Shows an Amazing Lack of Diligence**

VCUK's counsel are veteran trial lawyers who are—or at least should be—intimately familiar with the Federal Rules. VCUK's counsel knew, without a shadow of a doubt, that Plaintiffs had filed a Second Amended Complaint on December 19, 2013, and, being experienced attorneys, knew that the prior motion to dismiss was moot. Defense counsel for VCUK even explicitly requested an extension of time to respond to or answer the SAC (*Doc. No. 57*), which the Court

granted (*Doc. Nos. 58, 63*). Furthermore, the Court ordered VCUK to address whether its motion to dismiss was moot (*Doc. No. 72*), and on February 4, 2015, VCUK's counsel verbally told the Court that indeed the prior motion to dismiss was moot. This, as noted above, was already obvious given the filing of the SAC. Yet, despite there being no ambiguity as to what VCUK's obligations were, VCUK's counsel nevertheless failed to file any responsive pleading or motion to the SAC by the February 23, 2015 deadline. Instead, it untimely filed a patently defective and procedurally nonsensical memorandum in support of the motion to dismiss that it had already represented to the Court was moot. VCUK's filing and motion practice cannot be squared with the Federal Rules, the Court's Orders, and VCUK's own motions and representations to the Court; the only conclusion is that defense counsel showed an inexcusable lack of diligence in handling this matter that does not establish excusable negligence.

      ii.      **VCUK's Motion Practice Shows Professional Incompetence on the Part of Defense Counsel**

Defense counsel are experienced litigators. Their motions and representations to the Court show that they knew they had to respond to or answer the SAC. Instead, after defense counsel explicitly agreed that its prior motion to dismiss was moot, they filed a memorandum in support of the motion ***they had just told the Court was moot***.

To be clear: At issue is not some minor failure to calculate a timeline correctly, nor is this an understandable mistake due to the complexity of an esoteric, little-used procedural rule. When an amended complaint is filed, prior motions to dismiss are moot and a new response is required. See FRCP 12(b, h); see also, e.g., K.W. v. Holtzapple, 299 F.R.D. 438, 442 (M.D. Pa. 2014). VCUK and its counsel obviously knew this as they filed a request for an extension of time to respond to or answer the SAC (*Doc. No. 57*). They had over one year to plan for this deadline, but instead all they were thinking about was improperly attacking Plaintiffs' counsel. In addition, VCUK and its counsel **told the Court on February 4, 2015, that their prior motion was moot**, clearly indicating that they knew a new responsive pleading or motion had to be filed. VCUK's counsel abject failure to respond to the SAC, and their inexplicable filing that bizarrely attempts to resurrect their admittedly mooted motion to dismiss, constitutes professional incompetence and does not militate in favor of a finding of excusable neglect.

### iii. VCUK's Failure to Respond to the SAC was Fully Within Its Control

VCUK and its counsel had absolute control over VCUK's improper filing and non response to the SAC. VCUK requested an extension of time to respond to the SAC, which was granted by the Court (*Doc. Nos. 57, 58, 63*). The Court furthermore obtained VCUK's agreement at the February 4, 2015, telephone conference that VCUK's prior motion to dismiss was moot. VCUK thus knew exactly what its obligations were under the rules and the Court's Orders, but unambiguously failed to satisfy those obligations. This blatant failure to file the correct motions by the correct deadlines—even though VCUK obtained an extension of time to answer the SAC that, in effect, lasted more than a year—requires a finding that the gross negligence exhibited by defense counsel was not excusable.

### iv. VCUK's Improper Filing Smacks of Bad Faith, as Does VCUK's Counsel's Conduct Throughout this Litigation, Which Has Severely Prejudiced Plaintiffs

VCUK's counsel's improper and procedurally defective memorandum (*Doc. No. 78*) is replete with misrepresentations to the Court. In litigating the now moot motion to dismiss for lack of personal jurisdiction, defense counsel acted in a blatantly dishonest manner—both at a hearing and in motion practice—which severely prejudiced Plaintiffs' case against VCUK. VCUK found it so attractive to file its improper memorandum trying to resurrect the moot motion to dismiss (*Doc. No. 18*) because such a filing enabled VCUK to capitalize on these past misrepresentations.

#### A. VCUK's Counsel Made Deliberate and Demonstrably False Statements to the Tribunal Which Prejudiced Plaintiffs

For instance, when VCUK first moved to dismiss the complaint for lack of personal jurisdiction, Plaintiffs responded by extensively briefing and arguing to the Court that VCUK was subject to personal jurisdiction by way of Alter Ego Personal Jurisdiction, a well-established theory in the Eastern District. See (*Doc. No. 24* – Response to Motion to Dismiss; *Doc. No. 42* – Sur-Reply Opposing Motion to Dismiss). However, at the hearing of December 6, 2013, when this issue was being argued, defense counsel dishonestly feigned ignorance to the Court about the alter ego personal jurisdiction theory being used by Plaintiffs. Specifically, defense counsel Peter Herzog, was asked by the Court if Plaintiffs had cited Simeone v. Bombardier-Rotax GMBH, 360 F. Supp.

2d 665 (E.D. Pa. 2005)—a case referenced by Plaintiffs' counsel at the hearing—in Plaintiffs' briefs. Mr. Herzog then blatantly lied to the bench:

> THE COURT: Well, all right. Let me turn -- well, first of all, have you addressed this case [Simeone] in your brief, Mr. Wickersham or Mr. Herzog?
>
> MR. HERZOG: **No, we have not, Your Honor, because it was raised in his surreply.**
>
> THE COURT: All right. So I'll give you a chance to do that, all right, and cite any other cases --
>
> MR. HERZOG: Yes, Your Honor.

Exhibit 1 – Transcript of 12/6/13 Hearing, at p.46:14–21 (emphasis added). This was an obvious lie **because VCUK's reply brief discusses Simeone**, (*Doc. No. 35*, at p.9 n.2), in response to Plaintiffs' initial brief which extensively relied on Simeone, (*Doc. No. 24*, at p.16–21)—all of which Mr. Herzog knew. Indeed, it was on the basis of Mr. Herzog's deliberate misrepresentation to the Court that the issue had not been fully briefed that the Court granted VCUK the opportunity to file a further letter brief on Simeone and alter ego jurisdiction. Yet, the letter brief ultimately filed by VCUK had almost nothing to do with Simeone and alter ego jurisdiction, as noted previously by Plaintiffs (*Doc. No. 47, at p.2–5*), but instead raised new and irrelevant arguments and issues that the Court never authorized VCUK to pursue. When Plaintiffs tried to respond to the newly raised issues, Defendants filed an unwarranted motion to strike which absurdly and baselessly threatened to file sanctions against Plaintiffs' counsel. (*Doc. No. 46*). VCUK was later forced to withdraw the motion. (*Doc. No. 48*). VCUK, in other words, dishonestly took advantage of the Court's desire to see that this case was fairly and fully litigated. This conduct regarding VCUK's personal jurisdiction arguments manifestly demonstrates a lack of good faith on the part of defense counsel and unfairly prejudiced Plaintiffs.

        B.    VCUK's Counsel Dishonestly Feigned—and Continues to Feign—Ignorance about the Nature of Jurisdictional Discovery Sought by Plaintiffs

More importantly, during the hearing and throughout the litigation Plaintiffs explicitly stated that they were seeking jurisdictional discovery based on an alter ego theory. (*Doc. No. 24*, at p.22–23); (*Doc. No. 60*); Exhibit 1, at p.28–29 ("MR. MALOFIY: [Plaintiffs are seeking

jurisdictional discovery on] the basis that it's our position that Volvo Cars of UK is the alter ego of VCC."). However, at the hearing, it is respectfully submitted that the Court misunderstood Plaintiffs' alter ego theory arguments and thought they were trying to establish specific or general jurisdiction[6]—Plaintiffs' counsel could admittedly have been more clear—and also what Plaintiffs were seeking with respect to jurisdictional discovery. The Court thought that Plaintiffs wanted discovery solely to establish that VCUK *had contacts* with Pennsylvania. Exhibit 1, at p.32, 48.

Plaintiffs tried to clarify the type of jurisdictional discovery it was seeking by letters and motions. (*Doc. No. 47, 60*). VCUK's counsel, however, outrageously told the Court that VCUK should be dismissed from the case because Plaintiffs could not establish that VCUK had contacts with Pennsylvania—despite VCUK knowing that Plaintiffs' requested discovery was on the basis of establishing alter ego jurisdiction which does not require a showing that VCUK has contacts with Pennsylvania. (*Doc. No. 62*). Throughout this dispute, defense counsel has sought to obfuscate and misrepresent the nature of Plaintiffs' arguments and filings, especially with respect to personal jurisdiction, even baselessly threatening to file for sanctions when Plaintiffs made routine, good-faith legal and factual arguments. (*Doc. No. 47, at p.4*).

At present, VCUK's counsel, with the filing of the improper memorandum on February 27, 2015, continues to knowingly misrepresent to the Court the nature of the jurisdictional discovery that was explicitly requested by Plaintiffs. (*Doc. No. 78*, p.2–3). VCUK's memorandum explicitly asks the Court to dismiss it from this case, arguing that Plaintiffs have failed to conduct jurisdictional discovery. Id. at p.4. These arguments in the improper memorandum, which twist and distort the reality of Plaintiffs' submissions, unfairly prejudice Plaintiffs.

Because VCUK's improper memorandum dishonestly misrepresents the nature of the jurisdictional discovery requested by Plaintiffs, and seeks dismissal of VCUK from the case on that

---

[6] Exhibit 1, at p.29 ("The Court: [Y]ou don't become subject to . . . personal jurisdiction in the United States, even if your alter ego . . . that doesn't establish personal jurisdiction here."). The Alter Ego Theory of personal jurisdiction holds that if personal jurisdiction is exercised over a parent company, such as Volvo Car Corporation ("VCC"), then personal jurisdiction can be established over a subsidiary like VCUK by showing that it is an alter ego of the parent—*even if the subsidiary has no contacts with the forum state*. See Simeone v. Bombardier-Rotax GMBH, 360 F. Supp. 2d 665 (E.D. Pa. 2005); Directory Dividends Inc. v. SBC Communication, Inc., 2003 U.S. Dist LEXIS 12214, *6-7 (E.D Pa 2003).

basis, it is axiomatic that VCUK's failure to respond to the SAC is based not only on professional incompetence, but a bad-faith desire to misrepresent the issues in dispute to the Court and unfairly prejudice Plaintiffs' case.

        C.    <u>VCUK's Counsel Has Acted in Bad Faith Throughout this Litigation, Engaging in Inappropriate Personal Attacks on Plaintiff's Counsel</u>

In support of Plaintiffs' contention that defense counsel is motivated by bad faith, or a lack of good faith, Plaintiffs present several highly inappropriate filings by defense counsel that personally attack or threaten Plaintiffs' counsel in order to divert the Court's attention from Volvo's deceptive advertising. Most recently, defense counsel filed a gratuitous and improper memorandum (*Doc. No. 80*) in support of a mooted motion for sanctions (*Doc. No. 32*).[7] Despite the motion being moot, having been addressed in December 2013, defense counsel filed the completely unjustified memorandum attacking Plaintiffs' counsel **by referencing matters that simply have nothing to do with this case and are completely impertinent to the issues at hand**. This is a classic, but wholly inappropriate, attempt to smear opposing counsel and is a litigation ploy that should be vigorously condemned.[8] After Plaintiffs wrote a letter to the Court asking that Defendants be directed to stop making irrelevant ad hominem attacks on Plaintiffs' counsel, defense counsel shockingly filed a letter, on the public docket, that engaged in yet more attacks. (*Doc. Nos. 82, 83*).

This is not the first time defense counsel has attacked Plaintiffs' counsel in this case with irrelevant material from other lawsuits. When defense counsel had to issue a mea culpa and withdraw a motion against Plaintiffs because defense counsel made a mistake (*Doc. No. 48*), instead of gracefully acknowledging that they were wrong, defense counsel spent five pages attacking

---

[7] When defense counsel agreed that its prior motion to dismiss was moot on the February 4, 2015 conference call, it also agreed that the prior motion for sanctions was moot.

[8] Regarding the impertinent issues cited by defense counsel concerning the <u>Marino v. Usher</u> case, Plaintiffs' counsel denies the allegations and findings, but, as the matter is ongoing, he is unable to comment further. Plaintiffs note that defense counsel are hardly paragons of virtue and that defense counsel Bruce Wickersham was recently excoriated by a judge in the Eastern District, and threatened with contempt, for deliberately disobeying a court order. (*Civ. No. 08-04856, Doc. No. 486-1, at p.39*). However, this type of sniping is unprofessional, irrelevant, and should cease immediately.

Plaintiffs' counsel with completely irrelevant issues from other cases to distract the Court from their screw up. Furthermore, defense counsel outrageously, and without any basis, threatened to file sanctions against Plaintiffs for arguing that VCUK is the alter ego of VCC, the very thing the law requires Plaintiffs to prove. (*Doc. Nos. 46; 47, at p.4*). To be clear, Plaintiffs have produced voluminous evidence showing VCUK does not have an independent corporate existence and is an alter ego of VCC. (*Doc. Nos. 24, 42, 47*). Defense counsel's improper and continuing attempts to smear and threaten Plaintiffs' counsel litter the docket and are evidence of bad faith.

Defense counsel is regrettably attempting to engage in litigation through intimidation, as evidenced by their obsessive focus on Plaintiffs' counsel and not on the issues in dispute, namely **Volvo's deceptive advertising of cars with safety features they do not have**.

## V. In the Alternative, VCUK Should Be Directed to Answer the Second Amended Complaint

The failure to file a motion to dismiss results in a waiver of objections to personal jurisdiction. See FRCP 12(h)(1)(B)(i) (stating that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing . . . to make it by motion under this rule"). If the Court declines to direct the Clerk to enter a default against VCUK, VCUK should be directed to Answer the Second Amended Complaint and not allowed to file a motion to dismiss. VCUK has clearly waived its privilege of filing a motion to dismiss under the FRCP and has therefore waived its objection that it is not subject to personal jurisdiction.

## VI. Conclusion

Plaintiffs request that their Motion to Strike be granted because VCUK's memorandum is improper and in violation of the FRCP. Plaintiffs request that their Motion to Enter Default be granted because of VCUK's nonresponse to the SAC. In the alternative, Plaintiffs ask that VCUK be directed to Answer the SAC.

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*

Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ March 4, 2015*

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Strike Memorandum of Defendant VCUK and Enter Default was filed with the United States District Court Eastern District of Pennsylvania via the ECF Filing System and served upon all counsel of record:

Richard B. Wickersham, Jr., Esquire
Post & Schell, P.C.
Four Penn Center
1600 JFK BLVD. | 13th Floor
Philadelphia, PA 19103
T: (215) 587-6612
F: (215) 320-4875
E:  rwickersham@postschell.com


Peter W. Herzog, III, Esquire
Wheeler Trigg O'Donnell LLP
211 North Broadway | Suite 1200
One Metropolitan Square
St. Louis, MO 63102
T: (303) 244-1800
F: (303) 244-1879
E: pherzog@wtotrial.com

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ March 4, 2015*