IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>    Defendants. | Civil Action No. 13-CV-2394-MMB |

**DEFENDANT VOLVO CAR UK LIMITED'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE AND FOR ENTRY OF DEFAULT**

Without waiving its jurisdictional defense, Defendant Volvo Car UK Limited ("VCUK") submits this memorandum in opposition to Plaintiff's motion to strike and for the entry of a default. (DE No. 84.)[1]

**INTRODUCTION**

In yet another incendiary and unnecessary pleading, Mr. Malofiy accuses defense counsel of gross negligence, professional incompetence, dishonesty, and bad faith. (DE No. 84 at 9-14.) He also falsely repeats—nine times—that defense counsel told the Court on February 4, 2015, that VCUK's motion to dismiss was

---

[1] The filing of this opposition memorandum does not constitute a general appearance but rather is a continuation of the limited and special appearance made by VCUK to contest personal jurisdiction in this Court.

moot. (DE No. 84 at 3, 6 & 9-11.) When Mr. Malofiy made the same false accusation in his March 3, 2015 letter to the Court, we politely disputed his recollection and pointed out that the Court specifically stated it was *not* making any substantive rulings during the brief telephone conference. (DE No. 82). We now state specifically and unambiguously that defense counsel did not represent, was not asked to agree, and did not agree that the motion to dismiss VCUK for lack of jurisdiction was moot. Indeed, defense counsel had prepared to argue that the motion to dismiss and the motion for sanctions both were ripe for decision and should be granted, as evidenced by the subsequent filings on February, 27, 2015.[2] As noted, however, the Court did not hear argument on these matters. Instead, it established a final briefing schedule for any outstanding issue that any party wanted to raise.

There is, furthermore, no legal or factual basis for the entry of a default against VCUK. Mr. Malofiy's retaliatory motion should be rejected for multiple

---

[2] Mr. Malofiy recognizes the inconsistency between defense counsels' purported "representation" that the motions to dismiss VCUK and for sanctions were moot and defendants' subsequent filings on February 27, 2015, but he apparently never considers the possibility that the inconsistency might result from his own faulty memory rather than from defense counsel's "professional incompetence." (DE No. 84 at 10.) Mr. Malofiy also appears oblivious to the inconsistency in asking the Court to address what he describes as irrelevant personal attacks on him while repeatedly describing defense counsel as professionally incompetent, dishonest, and acting in bad faith. We believe, as did Judge Raslavich, that Mr. Malofiy's accusations here and elsewhere evidence a need for some type of professional intervention. (*See* DE No. 48-1 at 8 (" I don't know whether this man needs anger management therapy, ethics training, or both. I suspect it's the latter. I suspect it's both.").)

reasons.  First, it is well established—even advocated by *Wright & Miller*—that VCUK did not need to re-file an identical motion to dismiss for lack of personal jurisdiction simply because Plaintiff filed an amended pleading while VCUK's motion to dismiss was pending—the Second Amended Complaint contained no additional substantive allegations to support the exercise of personal jurisdiction over VCUK.  Second, if necessary, the Court can and should construe VCUK's February 27 memorandum (DE No. 78) as a renewal of its earlier motion to dismiss for lack of personal jurisdiction.  Third, the record establishes that there is no personal jurisdiction over VCUK, so the entry of a default would be meaningless, unnecessary, and improper.  Fourth, Plaintiff waived any purported default by treating VCUK's motion to dismiss as applicable to the Second Amended Complaint.  Finally, Plaintiff does not meet the substantive requirements for the entry of a default under applicable Third Circuit precedent.

    The Court similarly should deny Plaintiff's motion to strike VCUK's February 27 memorandum.  There is nothing redundant, immaterial, impertinent, or scandalous in informing the Court that VCUK's motion to dismiss for lack of jurisdiction remains pending and is ripe for decision.  Even further, the memorandum is not a pleading subject to Fed. R. Civ. P. 12(f).

    For these reasons, explained more fully below, the Court should deny Plaintiff's motion in its entirety.

## **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On December 6, 2013, this Court held a hearing on VCUK's motion to dismiss the First Amended Complaint for lack of personal jurisdiction. During that hearing, Plaintiff sought a deposition of Adam Clarke, contending that the deposition was needed to establish personal jurisdiction over VCUK in Pennsylvania. (DE No. 49 at 16-18, 27-33, 44.) Although the Court repeatedly expressed doubt regarding Plaintiff's proffered justification for demanding the deposition, the Court nevertheless granted Plaintiff leave to depose Mr. Clarke for three hours, provided that Plaintiff advanced reasonable expenses for VCUK's counsel to travel to the United Kingdom for the deposition—subject to repayment by VCUK if Plaintiff successfully established jurisdiction. (*Id.* at 33:12-14, 38:20-22; 39:23-24. 47:09-48:23.) The Court specifically warned Mr. Malofiy: "**if you don't take the deposition, I'm going to tell you that I'm going to dismiss them for lack of personal jurisdiction.**" (DE No. 49 at 50:15-19 (emphasis added).) Mr. Malofiy did not object to the Court's ruling or suggest that he needed something additional or different in terms of discovery. To the contrary, he described the Court's ruling as "very fair." (DE No. 84-1 at 48:07-08.) The Court memorialized its ruling in an Order dated December 10, 2013. (DE No. 44.)

Mr. Malofiy decided not to conduct the deposition of VCUK authorized by the Court, and he notified the Court of his decision by letter dated December 11,

4

2013.  In that letter, Mr. Malofiy wrote that after "reflecting upon the words of the Court, and after having received the estimate from defense counsel of $9,800, it appears that this deposition [of Adam Clarke] will not proceed for these and other reasons."  Instead, on December 19, 2013, Plaintiff Ana Webb filed a Second Amended Complaint in which Mark Webb was removed from the case in an effort to avoid the preclusive effect of the judgment in the state court case.  (DE No. 54.)  The Second Amended Complaint did not contain any new facts that implicated the issue of personal jurisdiction over VCUK.

Approximately three weeks later, having declined the very deposition he demanded and was authorized to take, Mr. Malofiy filed a "Motion for Alter Ego Personal Jurisdictional Discovery" in an attempt to avoid the dismissal the Court had warned would be forthcoming.  (DE No. 60.)  He no longer described the Court's December 6, 2013 ruling as "very fair" and no longer sought to depose the "one corporate designee" he had demanded previously.  Instead, Mr. Malofiy sought authorization to serve written discovery consisting of undefined requests for production of documents, interrogatories, requests for admissions, as well as a follow up deposition "if VCUK inadequately answers Plaintiffs' requested discovery."  (DE No. 6 at 8.)  And in contrast to his previous representation that a three-hour deposition of Mr. Clarke was "very fair," Mr. Malofiy argued that this

5

Court had "misunderstood" his argument and based its ruling on that misunderstanding. (DE No. 60 at 2.)

In the "Motion for Alter Ego Personal Jurisdictional Discovery," Mr. Malofiy did not contend that VCUK's motion to dismiss had been mooted by the filing of Plaintiff's Second Amended Complaint approximately a month earlier. Rather, he argued against the legal position advocated in VCUK's reply in support of its jurisdictional motion and sought jurisdictional discovery to oppose it. (DE No. 60 at 1, 3 & 5 (citing DE No. 35).) In requesting leave to conduct extensive written discovery on the issue of personal jurisdiction, Mr. Malofiy also conceded the Court had informed him that "VCUK's motion to dismiss for lack of personal jurisdiction would likely be granted if the deposition [of Adam Clarke in the United Kingdom] did not take place." (*Id.* at 2.) If Plaintiff believed that the filing of the Second Amended Complaint in December 2013 had "obviously mooted the prior motion to dismiss" (DE No. 84 at 8), as Mr. Malofiy now contends, there would have been no reason in January 2014 to ask for jurisdictional discovery to oppose that motion. Knowing that the Second Amended Complaint premised personal jurisdiction over VCUK on the same substantive allegations that had been contained in the First Amended Complaint, however, Plaintiff treated VCUK's motion to dismiss for lack of personal jurisdiction as applicable to the Second Amended Complaint.

VCUK filed in opposition to the motion for jurisdictional discovery on January 30, 2014.  (DE No. 62.)  In the opposition, VCUK asked the Court to execute its stated intention to grant the motion to dismiss for lack of personal jurisdiction because Plaintiff had refused to take the deposition of Adam Clarke that had been authorized.  (*Id.* at 5-6.)  The next day, the Court stayed the case pending the final judgment in state court and thus did not have a reason or need to execute on its stated intention to dismiss VCUK for lack of personal jurisdiction.  (DE No. 63.)

## ARGUMENT

I. **THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR ENTRY OF A DEFAULT AGAINST VCUK.**

   A. **There Was No Need for VCUK to Re-file an Identical Motion to Dismiss for Lack of Personal Jurisdiction.**

It is well established in the case law that VCUK was not required to re-file an identical motion to dismiss, making the identical arguments based on the identical exhibits, in response to Plaintiff's Second Amended Complaint.  Cases from this District have long recognized the sensible, practical, and efficient approach to the circumstance presented here—treat the prior motion as applicable to the amended pleading if the same defect is presented.  In other words, defendants "'are not required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.  If some of the defects raised in the original motion remain in the new pleading, the court simply

7

may consider the motion as being addressed to the amended pleading.'" *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999) (*quoting* 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1476 at 558 (2nd ed.1990)); *Sun Co. v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 367 n.3 (E.D. Pa. 1996) (same); *see also Sunset Financial Resources, Inc. v. Redevelopment Group V, LLC*, 417 F. Supp. 2d 632, 642 n.15 (D.N.J. 2006) (same); 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, *Fed. Prac. & Proc. Civ*. § 1476 (3d ed. 2015).

Here, the same defects raised by VCUK's original motion to dismiss—that this Court lacks personal jurisdiction over it—exist in the Second Amended Complaint. The Second Amended Complaint contained no substantive additions to the allegations on which personal jurisdiction over VCUK was premised. As such, and precisely as Mr. Malofiy himself previously has done, the Court should construe VCUK's motion to dismiss the First Amended Complaint as directed to the Second Amended Complaint. *See Jordan,* 66 F. Supp. 2d at 641 n.1; *Badger Design & Constructors*, 939 F. Supp. at 367 n.3. The Court need not require VCUK to engage in the hypertechnical formality of re-filing an identical pleading addressing identical substantive allegations of jurisdiction with identical arguments and evidence already before the Court. Given that the Court previously told Mr. Malofiy it intended to dismiss VCUK if he failed to proceed with the

deposition of Mr. Clarke, the Court should execute on that statement now, dismiss VCUK for lack of personal jurisdiction, and deny Plaintiff's motion for the entry of a default.[3]

> **B. The Court Should Construe VCUK's February 27 Memorandum as a Renewal of Its Motion to Dismiss for Lack of Personal Jurisdiction.**

The Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Courts are not bound by the title of a submission, but can instead look to the substance of the submission. *Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1045 (5th Cir. 1984) ("neither the courts nor the parties are bound by the title given to the motion"); *Woodard v. Victory Records, Inc.*, 2013 WL 5951768, at *2 (N.D. Ill. Nov. 7, 2013) ("the court is not bound by the title of their motion and will address the substance of the parties' dispute"); *see also United States v. Dieter*, 429 U.S. 6, 8-9 (1976) ("It is true that the Government's post-dismissal motion was not

---

[3] It is unclear whether Plaintiff has abandoned or waived her motion for a stay of proceedings pending a decision on the appeal of the final judgment in the related state court case. (DE No. 76.) *Cf. Khan v. Parsons Global Servs., Ltd.*, 521 F.3d 421, 428 (D.C. Cir. 2008) (party waived right to move to stay pending arbitration by filing motion for summary judgment); *S. Sys., Inc. v. Torrid Oven Ltd.*, 105 F. Supp. 2d 848, 855-56 (W.D. Tenn. 2000) (denying motion to stay pending arbitration where party invoked assistance of the Court in a manner inconsistent with an intent to arbitrate). At a minimum, it should be noted that Mr. Malofiy's prior request to stay this case to avoid potentially unnecessary work for the Court and counsel (DE No. 68 at 3 & DE No. 78), is itself at odds with his present motion practice requesting that the Court take affirmative action in the case by authorizing the entry of a default against VCUK and striking one of its filings.

captioned a 'petition for rehearing,' but there can be no doubt that in purpose and effect it was precisely that, asking the District Court to 'reconsider (a) question decided in the case' in order to effect an 'alteration of the rights adjudicated'").

VCUK's memorandum regarding its pending motion to dismiss (DE No. 78), clearly evidenced its position that the motion to dismiss for lack of personal jurisdiction was, and a request that the Court construe the motion as, directed to Plaintiff's Second Amended Complaint. As explained in Section D below, furthermore, VCUK's conduct in this respect was consistent with the manner in which Plaintiff had treated VCUK's motion to dismiss previously. Based on the persuasive reasoning of the authorities cited above, the Court should deem VCUK's timely February 27, 2015 "Memorandum Regarding Its Motion to Dismiss for Lack of Personal Jurisdiction" to be a renewal of its previously filed Rule 12 (b)(2) motion to dismiss for lack of personal jurisdiction, if needed. Indeed, VCUK's memorandum specifically "renew[ed] its request that the Court dismiss the claims against it for lack of personal jurisdiction." (DE No. 78 at 2.) On these facts the motion for entry of a default is without basis and should be denied.

    **C.**    **Entry of a Default in the Absence of Personal Jurisdiction Would Be a Meaningless, Unnecessary, and an Improper Act.**

It is well settled that a default judgment entered without personal jurisdiction over the defendant is void. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d

Cir. 2008); *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 443 (E.D. Pa. 2006); *Williams v. Mercer Mut. Ins. Co.*, 1996 WL 122625, at *2 (E.D. Pa. Mar. 19, 1996). These precedents similarly counsel against the entry of a default where, as here, the record establishes that the condition precedent for the granting of VCUK's motion to dismiss—Mr. Malofiy's failure to proceed with the deposition of Adam Clarke—was satisfied before the Second Amended Complaint was filed and as of the date that the Court's stay expired by its own terms. But for the fact that the Court's prior ruling was not self-executing, VCUK's motion to dismiss already would have been granted, and the ruling would constitute law of the case as it pertains to the Second Amended Complaint. Because personal jurisdiction remains lacking and because the Court delayed dismissing VCUK only to permit Mr. Malofiy the opportunity to depose Mr. Clarke, the Court should deny the motion for a default and dismiss Plaintiff's claims against VCUK because it does not have personal jurisdiction over VCUK. *See, e.g.*, *D'Onofrio*, 430 F. Supp. 2d at 443 ("Because a court without personal jurisdiction over a defendant cannot enter a valid default judgment, I will deny Plaintiff's motion for default judgment and dismiss Defendants Il Sannio, Il Mattino, and Messaggero Veneto with prejudice for lack of personal jurisdiction").

### D. Plaintiff Waived Any Basis to Move for Entry of a Default Against VCUK.

As explained above, *after* filing the Second Amended Complaint in December 2013, Plaintiff and Mr. Malofiy treated VCUK's motion to dismiss as applicable to the Second Amended Complaint. In doing so, Plaintiff either waived her right to seek the entry of a default against VCUK and/or is equitably estopped from doing so. *See, e.g.*, *FOC Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp.*, 612 F. Supp. 2d 1080, 1085 (D. Ariz. 2009) ("The Court agrees with Defendant that Plaintiff's five-month silence and litigation-as-usual conduct effectively waived any right to entry of default judgment") (citations omitted); *Ciccarello v. Joseph Schlitz Brewing Co.*, 1 F.R.D. 491, 493 (S.D.W.Va. 1940) (plaintiff's conduct may constitute "waiver of any right to a default judgment"). Plaintiff's (and her counsel's) own conduct is inconsistent with the position now advocated in support of the entry of a default. This inconsistent conduct is an additional and independent reason to deny Plaintiff's motion.[4]

---

[4] To avoid further—and similarly unnecessary—motion practice, Defendants Volvo Car Corporation and Volvo Cars of North America, LLC respectfully ask the Court to clarify that the pending motion for summary judgment on grounds of claim and issue preclusion (DE No. 65) constitutes an appropriate responsive pleading under Rule 12(b)(6)/(d), as Plaintiff has acknowledged by filing a substantive opposition. In the alternative the Court, *sua sponte*, may stay the filing of a responsive pleading until it decides the pending motion for summary judgment.

### E. Plaintiff Does Not Meet the Requirements for Entry of a Default Against VCUK.

The Third Circuit "does not favor entry of defaults or default judgments," *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir.1984), as it prefers adjudications on the merits. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting that "we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable"); *see also Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003); *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir.1983); *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951). "Thus, because a party is 'not entitled to a default judgment as of right,' the court must use 'sound judicial discretion' in weighing whether or not to enter a default judgment." *Eastern Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 652 F. Supp. 2d 599, 604 (E.D. Pa.2009).

"'Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Hill*, 69 F. App'x at 51 (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)); *accord Knit With v. Knitting Fever, Inc.*, 2011 WL 2038600, at *1 (E.D. Pa. May 25, 2011). The Court should deny the motion for entry of a default because (1) Plaintiff treated VCUK's motion to dismiss as if it applied to the Second Amended Complaint; (2) VCUK has meritorious defenses,

13

including the lack of personal jurisdiction; (3) Plaintiff is not prejudiced in any way since she is well aware (and has briefed) VCUK's personal jurisdiction defense; and (4) there is no evidence of bad faith by VCUK—all parties sensibly treated VCUK's motion to dismiss as applicable to the Second Amended Complaint. *See Hill*, 69 F. App'x at 52 (affirming district court's denial of motion for default judgment where "two of the three *Chamberlain* factors (prejudice and culpable conduct) suggest Hill should not have been granted a default judgment, and one factor (litigable defense) is inconclusive"); *Knitting Fever*, 2011 WL 2038600, at *2-*3 (vacating default judgment where there was a meritorious defense, no prejudice to plaintiff, and no bad faith); *Blue Ribbon Commodity Traders, Inc. v. Progresso Cash & Carry*, 2008 WL 2909360, at *3-4 (E.D. Pa. July 23, 2008) (same); *Scully Co. v. OneBeacon Ins. Co.*, 2004 WL 414041, at *4 (E.D. Pa. Mar. 3, 2004) (same).[5]

## II.  THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STRIKE.

Fed. R. Civ. P. 12(f) states that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* Motions to strike "are not favored." *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 142 (E.D. Pa. 2011). The Court should deny Plaintiff's motion to

---

[5]  Although Plaintiff is seeking the entry of a default, not a default judgment, her motion is designed to deprive VCUK completely of its jurisdictional defense. In that respect, the motion resembles a motion for the entry of a default judgment on the issue of personal jurisdiction.

strike for two reasons. First, a motion to strike under Rule 12(f) "applies to pleadings, and 'motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'" *United States v. Viola*, 2003 WL 21545108, at *3 (E.D. Pa. July 7, 2003) (*quoting* 2 *Moore's Federal Practice*, § 12.37 (Matthew Bender 3d ed.)); *Manville Sales Corp. v. Paramount Sys., Inc.*, 1988 WL 54060, at *1 (E.D. Pa. May 23, 1988) (motion to strike "only applies to pleadings" and is not appropriate with respect to "any matter other than that contained in the actual pleadings"). Second, there is nothing redundant, immaterial, impertinent, or scandalous in the memorandum. Fed. R. Civ. P. 12(f). The Court thus should deny Plaintiff's motion to strike.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion to strike and for the entry of a default against Volvo Car UK Limited.

Dated: March 10, 2015　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: */s/ Peter W. Herzog III*
　　　　　　　　　　　　　　　　　　Peter W. Herzog III (pro hac vice)
　　　　　　　　　　　　　　　　　　Wheeler Trigg O'Donnell LLP
　　　　　　　　　　　　　　　　　　211 North Broadway, Suite 1200
　　　　　　　　　　　　　　　　　　One Metropolitan Square
　　　　　　　　　　　　　　　　　　St. Louis, MO  63102
　　　　　　　　　　　　　　　　　　pherzog@wtotrial.com

>Richard B. Wickersham, Jr.
>POST & SCHELL, P.C.
>Four Penn Center, 13th Floor
>1600 John F. Kennedy Blvd.
>Philadelphia, PA 19103
>Phone: (215) 587-6612
>Fax: (215) 320-4875
>rwickersham@postschell.com
>
>Attorneys for Volvo Cars of North America, LLC and Volvo Car Corporation

### Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on March 10, 2015 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

>By: */s/ Peter W. Herzog III*