UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC;<br>VOLVO CAR CORPORATION;<br>VOLVO CAR UK LIMITED;<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-cv-2394-MMB |

# ORDER

AND NOW, on this _____ day of _____, 2015, upon consideration of PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MEMORANDUM IN SUPPORT OF SANCTIONS, any response of Defendants, and the record as a whole, it is hereby ORDERED and DECREED that the motion is GRANTED and the memorandum is stricken.

Volvo is further ordered to focus on the merits of the case, and not engage in personal attacks on Plaintiffs' counsel. Should Defendants fail to follow this order, Plaintiffs may seek sanctions against Defendants and defense counsel upon further application to the Court.

BY THE COURT:

_____
THE HONORABLE MICHAEL M. BAYLSON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC;<br>VOLVO CAR CORPORATION;<br>VOLVO CAR UK LIMITED;<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-CV-2394-MMB<br><br><br>*JURY TRIAL DEMANDED*<br><br><br>*ORAL ARGUMENT REQUESTED* |

## Plaintiffs' Motion to Strike Defendants' Memorandum in Support of Sanctions

Defendants recently filed a memorandum in support of a motion for sanctions that dates back to October 2013. This memorandum is highly improper and must be struck from the record for two reasons. **First**, the motion for sanctions the memorandum purports to support (regarding an exhibit to the Amended Complaint) is moot. The motion was addressed at a hearing on December 6, 2013. The Court expressed concern about the exhibit in question and directed Plaintiffs to file a Second Amended Complaint without the exhibit. Plaintiffs, respecting the Court's concerns, followed the Court's instruction and filed a Second Amended Complaint without the exhibit in question. Thus, the motion *was moot as it was addressed and resolved*. **Second**, the memorandum is rife with impertinent and irrelevant personal attacks on Plaintiffs' counsel. The memorandum was filed on the docket *solely* so that Defendants could attack Plaintiffs' counsel. In fact, Defendants have made it a habit to litter their filings with personal attacks on Plaintiffs' counsel, often referring to issues and cases that are completely irrelevant to the issue in dispute in this case. **Third**, Volvo has attempted to shift the Court's attention away from the merits of the case. This case is not about Plaintiffs' counsel, it is about **Volvo deceptively and falsely advertising the Volvo 850 with safety features it clearly does not have.**

Plaintiffs aver in support of their motion:

1. Plaintiffs filed an Amended Complaint on September 16, 2013 (*Doc. No. 12*).

2. Defendants filed a motion for sanctions against Plaintiffs and Plaintiffs' counsel on October 30, 2013 (*Doc. No. 32*), regarding an image used by Plaintiffs to support the Amended Complaint.

3. Plaintiffs filed a response denying the allegations in the motion for sanctions. (*Doc. No. 37*).

4. On December 9, 2013, the Court had a hearing on this motion.

5. At the hearing, the Court expressed disapproval of the image and told Plaintiffs that, if they desired, they could file a Second Amended Complaint that addressed the image in question. See Exhibit 1 – Transcript of December 9, 2013 Hearing, at p.54–58.

6. Plaintiffs filed a Second Amended Complaint ("SAC") on December 19, 2013 (*Doc. No. 54*) without the image in question.

7. It was Plaintiffs' understanding that filing the Second Amended Complaint without the image in question would resolve the sanctions motion. After that hearing, and the filing of the Second Amended Complaint, nothing more was written or addressed regarding the motion.

8. On January 31, 2014, this case was stayed for one year.

9. On January 31, 2015, the case was automatically unstayed.

10. On January 29, 2015, the Court had scheduled a telephone conference with the parties for February 4, 2015, and ordered the parties to address the housekeeping matter of whether the motion for sanctions, and two other motions, were moot. (*Doc. No. 72*).

11. On February 4, 2015, the Court held a telephone conference with the parties and, at the end of the conference, it was agreed that the motions were indeed moot.

12. It was obvious that all of these motions were moot, as the Court's order implies and intuits (*Doc. No. 72*), because the matters had all been previously addressed and the Second Amended Complaint had been filed.

13. However, on February 27, 2015, Defendants inexplicably filed a memorandum in support of the moot motion for sanctions. (*Doc. No. 80*).

14. This memorandum was filed solely so that Defendants **could personally attack Plaintiffs' counsel** with matters that are completely irrelevant to this case. Defendants have made

it a habit to attack Plaintiffs' counsel in many of their filings by citing material regarding Plaintiffs' counsel that is totally impertinent to the subject matter of this lawsuit.

15. In response, Plaintiffs' immediately wrote a letter to the Court asking that a conference be scheduled to address this improper filing (*Doc. No. 83*), and represented that they would file a formal motion to strike if the Court desired.

16. The Court has not commented on Plaintiffs' letter, thus Plaintiffs are filing this formal motion to strike. Plaintiffs ask that the memorandum be struck from the record as it was filed to support a completely moot motion, and because it raises completely impertinent matters that are designed solely to attack Plaintiffs' counsel.

Wherefore, Plaintiffs ask that Defendants' improper memorandum be struck and that Volvo be ordered to refrain from personally attacking Plaintiffs' counsel.

\*\*\*\*\*

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ March 16, 2015*

United States District Court
Eastern District of Pennsylvania

| | |
|---|---|
| Ana Webb<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>v.<br>Volvo Cars of N.A., LLC;<br>Volvo Car Corporation;<br>Volvo Car UK Limited;<br>Volvo Cars of N.A., Inc.<br>*Defendants* | Civil Action No.: 13-cv-2394-MMB<br><br><br><br><br>*Jury Trial Demanded*<br><br><br>*Oral Argument Requested* |

# Memorandum of Law in Support of Plaintiffs' Motion to Strike Defendants' Memorandum in Support of Sanctions

Defendants recently filed a memorandum in support of a motion for sanctions that dates back to October 2013. This memorandum is highly improper and must be struck from the record for two reasons. **First**, the motion for sanctions the memorandum purports to support (regarding an exhibit to the Amended Complaint) is moot. The motion was addressed at a hearing on December 6, 2013. The Court expressed concern about the exhibit in question and directed Plaintiffs to file a Second Amended Complaint without the exhibit. Plaintiffs, respecting the Court's concerns, followed the Court's instruction and filed a Second Amended Complaint without the exhibit in question. Thus, the motion *was moot as it was addressed and resolved*. **Second**, the memorandum is rife with impertinent and irrelevant personal attacks on Plaintiffs' counsel. The memorandum was filed on the docket *solely* so that Defendants could attack Plaintiffs' counsel. In fact, Defendants have made it a habit to litter their filings with personal attacks on Plaintiffs' counsel, often referring to issues and cases that are completely irrelevant to the issue in dispute in this case. **Third**, Volvo has attempted to shift the Court's attention away from the merits of the case. This case is not about Plaintiffs' counsel, it is about **Volvo deceptively and falsely advertising the Volvo 850 with safety features it clearly does not have.**

# I. Matter Before the Court

Before the Court is Plaintiffs' Motion to Strike Defendants' Memorandum in Support of Sanctions.

# II. Questions Presented

Question 1: Is the Motion for Sanctions moot?

**Suggested Answer: Yes. Plaintiffs filed a Second Amended Complaint without the exhibit in question, and the parties agreed the motion was moot at a February 4, 2015 telephone conference.**

Question 2: Should Defendants memorandum be stricken from the record?

**Suggested Answer: Yes. The memorandum is improper because the motion for sanctions is moot, and the memorandum includes impertinent and irrelevant personal attacks on Plaintiffs' counsel.**

Question 3: Should Defendants be ordered to cease personally attacking Plaintiffs' counsel in their filings?

**Suggested Answer: Yes. Defendants and defense counsel have filed several documents on the record that personally attack Plaintiffs' counsel with issues that have absolutely nothing to do with this case.**

## III. Factual Background

In October 2013, Volvo filed a Motion for Sanctions (*Doc. No. 32*) concerning an exhibit to Plaintiffs' Amended Complaint, a motion which was addressed at a hearing before the Court on December 6, 2013. Exhibit 1 – 12/6/13 Hearing Transcript, at p.54–58. At the hearing, the Court expressed concerns about the way the exhibit was edited and presented.[1] Initially, the Court said that it would take the issue under advisement, id. at 55, however, there was then a colloquy with the Court and the Court then addressed the matter by heavily suggesting that Plaintiffs file a Second Amended Complaint without the exhibit:

| | |
|---|---|
| THE COURT: | Well, you -- I'm going to -- you -- you know, you ought to think -- if you want to file an amended complaint -- |
| MR. MALOFIY: | Okay. I understand. |
| THE COURT: | -- you know, you ought to think whether you want to reproduce that with this language. |
| MR. MALOFIY: | Right. |
| THE COURT: | ***Okay?*** |
| MR. MALOFIY: | ***Fair enough***. |

Exhibit 1 at p.56 (emphases added). As directed by the Court, Plaintiffs did file a Second Amended Complaint without the exhibit (*Doc. No. 54*), and it was Plaintiffs' understanding that filing the Second Amended Complaint had rendered the issue moot. Nothing more was written or raised concerning the motion for sanctions after the Second Amended Complaint was filed.

After the case was stayed on January 31, 2014, and unstayed a year later, the Court ordered the parties in January 2015 to address whether the sanctions motion, and two other prior motions, were moot. (*Doc. No. 72*). This was a housekeeping matter, as the motions had obviously been mooted by the filing of the Second Amended Complaint. At a telephone conference on February 4, 2015, the Court specifically asked the parties whether the Motion for Sanctions, and the other

---

[1] Plaintiffs understand and respect the Court's position, and as a result followed the Court's instruction and filed the Second Amended Complaint without the exhibit. The exhibit in question was taken exactly as it was from a prior deposition of a Volvo employee. It was heavily edited in such a way so that it was obvious that it was not being presented as an actual Volvo ad. It was included to add clarity to the context of what Ana Webb focused on when she reviewed the ad. It was not intended to be deceptive and, after consideration of the Court's concerns at the hearing, it was taken out of the Second Amended Complaint *entirely*.

prior motions, were moot. **It was agreed by all parties at the end of the telephone conference that the motions, including for sanctions, were indeed moot.**

However, on February 27, 2015, Volvo inexplicably filed a memorandum in support of the moot motion for sanctions (*Doc. No. 80*). Not only is this memorandum procedurally improper given the mootness of the motion it purports to support, **but it appears to have been filed solely so that defense counsel could raise issues concerning Plaintiffs' counsel that have nothing to do with this litigation.**[2] Defense counsel has unfortunately made it a habit throughout this litigation to repeatedly and personally attack Plaintiffs' counsel.

On March 3, 2015, by letter Plaintiffs requested a telephone conference with the Court to immediately address the improper filing (*Doc. No. 80*) by Defendants that gratuitously attempts to smear Plaintiffs' counsel. Plaintiffs have now filed this formal motion.

## IV. Legal Application

Defendants' memorandum in support of the moot sanctions motion is procedurally improper and was filed in bad faith. At the hearing of December 6, 2013, the Court addressed the sanctions motion. The Court's decision on the matter was that Plaintiffs, if they desired, should file a Second Amended Complaint without the exhibit in question. Exhibit 1, at p.54–58. The Court heavily implied that Plaintiffs should do so. In accordance and deference to the Court's instruction, Plaintiffs did file a Second Amended Complaint without the exhibit in question. Thus, the issue was rendered moot by Plaintiffs addressing the Court's concerns by following the Court's direction.

---

[2] Plaintiffs' counsel would like to defend himself against what was written in Defendants' improper memorandum concerning the Marino v. Usher case, but it (1) has no place in this lawsuit, and (2) the matter referenced by Defendants is ongoing and Plaintiffs' counsel cannot respond. It is particularly pernicious for Defendants to raise impertinent issues to attack Plaintiffs' counsel knowing that he is unable to respond at this time because the matter is pending. Suffice it to say that Plaintiffs' counsel respectfully disagrees with the decision of the Court in that case and will be appealing the ruling as soon as possible.

After the stay on the case was lifted, the Court ordered the parties to address whether the sanctions motion was moot at the February 4, 2015 telephone conference (*Doc. No. 72*). And, in fact, at that conference it was agreed by the parties that those motions referred to by the Court in Doc. No. 72 were stale.

Defendants *knew* that their motion was moot given the filing of the Second Amended Complaint, but Defendants filed the memorandum anyway so that they could attack Plaintiffs' counsel by referring to issues that have nothing to do with the case at bar, as can be seen from the memo's content. Defendants have made it a habit to personally attack Plaintiffs' counsel in this case to distract the Court from Volvo's deceptive advertising of the Volvo 850 with safety features it does not have.

In support of Plaintiffs' contention that defense counsel is regularly personally attacking or threatening Plaintiffs' counsel, Plaintiffs present several highly inappropriate filings by defense counsel:

- On February 27, 2015, defense counsel filed the gratuitous and improper memorandum on sanctions which is at issue in this motion to strike (*Doc. No. 80*). Besides being a moot issue, the memorandum heavily referenced and quoted matters that have *nothing to do with this case* to personally attack Plaintiffs' counsel. When Plaintiffs' sent an undocketed letter to the Court on March 3, 2014, asking that these personal attacks be halted, Defendants unbelievably responded by filing a letter, *on the docket*, yet again personally attacking Plaintiffs' counsel with impertinent material. (*Doc. Nos. 82, 83*). These attacks were completely unprovoked and reflect a concerted effort by defense counsel to attack Plaintiffs' counsel with irrelevant matters on the docket.

- On March 10, 2015, after Plaintiffs filed a motion pointing out that defendant Volvo Car UK Limited ("VCUK") had failed to answer the Second Amended Complaint, defense counsel responded to that motion by again filing a document that attacks Plaintiffs' counsel by raising and quoting irrelevant and impertinent issues and cases. (*Doc. No. 85*).

- Earlier in the case, defense counsel filed a motion incorrectly accusing Plaintiffs of engaging improper communications with the Court. Defense counsel had to eventually issue a mea culpa and withdraw the motion. (*Doc. No. 48*). However, instead of gracefully acknowledging that they were wrong, defense counsel spent five pages virulently attacking Plaintiffs' counsel with completely irrelevant issues from other cases to distract the Court from their screw up. These attacks were completely unprovoked and, again, had nothing to do with the subject matter of the motion.

- Also earlier in the case, defense counsel outrageously, without any basis, threatened to file sanctions against Plaintiffs' counsel for arguing that VCUK is the alter ego of Volvo Car Corporation, the very thing the law requires Plaintiffs to prove under the Alter Ego Jurisdiction argument. (*Doc. Nos. 46; 47, at p.4*). To be clear, Plaintiffs have produced voluminous evidence showing VCUK does not have an independent corporate existence and is an alter ego of VCC. (*Doc. Nos. 24, 42, 47*). Defense counsel's improper and continuing attempts to smear and threaten Plaintiffs' counsel litter the docket and are evidence of bad faith.

In short, defense counsel is obviously trying to create a public record so that they can continue to litter their filings with personal attacks on Plaintiffs' counsel. Defense counsel is regrettably attempting to engage in litigation through intimidation, as evidenced by their obsessive focus on Plaintiffs' counsel and not on the issues in dispute, namely **Volvo's deceptive advertising of cars with safety features they do not have**.

## V. Conclusion

Plaintiffs request that their Motion to Strike be granted because Defendants' memorandum is improper, and also request that these continued personal attacks on Plaintiffs' counsel be halted.

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ March 16, 2015*

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Strike Defendants' Memorandum in Support of Sanctions was filed with the United States District Court Eastern District of Pennsylvania via the ECF Filing System and served upon all counsel of record:

Richard B. Wickersham, Jr., Esquire
Post & Schell, P.C.
Four Penn Center
1600 JFK BLVD. | 13th Floor
Philadelphia, PA 19103
T: (215) 587-6612
F: (215) 320-4875
E:  rwickersham@postschell.com


Peter W. Herzog, III, Esquire
Wheeler Trigg O'Donnell LLP
211 North Broadway | Suite 1200
One Metropolitan Square
St. Louis, MO 63102
T: (303) 244-1800
F: (303) 244-1879
E: pherzog@wtotrial.com

*****
*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ March 16, 2015*