IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CAR UK LIMITED, and<br>VOLVO CARS OF N.A., INC.,<br><br>　　　　　　Defendants. | Civil Action No. 13-CV-2394-MMB |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendants, Volvo Cars of North America, LLC, improperly also named as Volvo Cars of N.A., LLC, and Volvo Car Corporation (collectively "Defendants"), submit this memorandum in opposition to Plaintiff's motion to strike the memorandum that Defendants filed as Docket Entry No. 80.

## INTRODUCTION

We apologize to the Court in advance for further unnecessary briefing on this issue and write only to preserve our opposition. Plaintiff's current motion repeats the same arguments that Mr. Malofiy made in a March 3, 2015 letter he chose not to file on the Court's docket. Defendants responded on March 4, 2015 (DE No. 82), and Mr. Malofiy replied later that day. (DE No. 83). Whether improperly presented in letter form (*see* LR 5.1.2 (requiring all documents to be

filed in Electronic Filing System) & Judge Baylson's Pretrial & Trial Procedures—Civil Cases, at H(4) ("correspondence on substantive matters is not accepted and will not be considered")) or as a motion to strike, Mr. Malofiy's arguments are unavailing and should be rejected.

## ARGUMENT

The Court should deny the motion to strike because, as we have noted previously, a motion to strike under Rule 12(f) "applies to pleadings, and 'motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'" *United States v. Viola*, 2003 WL 21545108, at *3 (E.D. Pa. July 7, 2003) (*quoting* 2 Moore's Federal Practice, § 12.37 (Matthew Bender 3d ed.)); *Manville Sales Corp. v. Paramount Sys., Inc.*, 1988 WL 54060, at *1 (E.D. Pa. May 23, 1988) (motion to strike "only applies to pleadings" and is not appropriate with respect to "any matter other than that contained in the actual pleadings"). Mr. Malofiy's latest motion to strike is, again, procedurally improper.

Even if the Federal Rules allowed such a motion, Defendants' memorandum contains nothing that is "redundant, immaterial, impertinent, or scandalous" within the meaning of Fed. R. Civ. P. 12(f). Defendants filed the memorandum to inform the Court of their contention that the sanctions motion remains pending and ripe for decision. Contrary to Mr. Malofiy's repeated vitriolic accusations, the memorandum contains no improper personal attacks on him. Indeed, during the

December 2013 hearing, this Court stated that it "is very serious conduct by a lawyer to take an exhibit that has language in it and eliminate the language because it's not favorable." (*Id.* at 56:21-23.)  It *is* very serious conduct, and Defendants believe it is conduct for which sanctions should be ordered.  That Mr. Malofiy engaged in misconduct, and got caught doing it, then deleted the personally altered document from his amended pleading at the strong suggestion of this Court, does not erase the underlying misconduct.

Defendants also informed the Court of another case in this District in which Judge Diamond sanctioned Mr. Malofiy for litigation misconduct, showing that counsel's misconduct in this case is not an isolated event.  The Court had invited all counsel on February 4 to raise by written memorandum any issues the parties believed the Court should address.  Defendants' memorandum was an appropriate substantive and procedural response to that invitation.

Plaintiff contends that the Court should strike Defendants' memorandum because the sanctions motion is moot, but the arguments she offers in favor of that contention are legally and factually wrong.  They are legally wrong for the reasons previously discussed.  They are factually wrong because the motion is not moot.

First, Plaintiff again falsely states that counsel agreed the sanctions motion was moot. (DE No. 86 at 7.)  Plaintiff also contends that "Defendants *knew* that their motion was moot given the filing of the Second Amended Complaint." (*Id.* at

9.) We repeat that defense counsel did not represent, was not asked to agree, and did not agree that the motion for sanctions was moot at the teleconference or any other time. (*See* DE No. 85 at 2 & n.2.)

Second, Plaintiff argues that the sanctions motion "had obviously been mooted by the filing of the Second Amended Complaint." (DE No. 86 at 7.) Mr. Malofiy cites no authority in support of his "obvious" proposition, and settled case law is precisely contrary.[1] *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) (affirming Rule 11 sanction imposed against plaintiffs and their attorneys after voluntary dismissal of underlying case); *DiPaolo v. Moran*, 277 F. Supp. 2d 528, 531 (E.D. Pa. 2003) ("Although plaintiff and his attorney argue that the court lacks jurisdiction to specify the type and amount of the appropriate sanctions after a case has been dismissed on its merits, the court is within its jurisdiction and discretion to do so"); *see also Hutchinson v. Hahn*, 402 F. App'x 391, 396 (10th Cir. 2010) ("To the extent that Plaintiff and Ms. Godlove are arguing that the filing of the amended complaint somehow mooted the motions for sanctions, we reject that argument as form over substance") (citation omitted).

---

[1] It should be noted that Plaintiff initially failed to cure the sanctionable conduct within the 21-day period provided under the Federal Rules and instead caused further briefing and even a Court hearing on the motion. Amending the complaint after the hearing—in an effort to avoid even harsher sanctions—does not excuse the sanctionable conduct or moot the motion.

Third, Mr. Malofiy says that it was his subjective understanding that filing the Second Amended Complaint would render the sanctions motion moot. Plaintiff's counsel bases this understanding on the Court's suggestion during the hearing that Plaintiff's counsel should think carefully regarding whether he wanted to include the exhibit he improperly altered in the amended complaint that he planned to file.  (DE No. 86 at 7.)  But the Court never held or even suggested that filing a new complaint without the offending image would moot the motion for sanctions.  Indeed, the Court specifically stated on the record that it was not ruling on the motion for sanctions and was taking it under advisement:  "Now, as far as the sanctions go, I'm going to take that under advisement just to see what happens."  (DE No. 49 at 54:24-25.)  Mr. Malofiy's understanding is again contrary to the record and provides no basis for striking Defendants' memorandum.

## CONCLUSION

For these reasons, Plaintiff's motion to strike should be denied.

Dated:  March 18, 2015                    Respectfully submitted,

By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
Wheeler Trigg O'Donnell LLP
211 North Broadway, Suite 1200
One Metropolitan Square
St. Louis, MO  63102
pherzog@wtotrial.com

>Richard B. Wickersham, Jr.
>POST & SCHELL, P.C.
>Four Penn Center, 13th Floor
>1600 John F. Kennedy Blvd.
>Philadelphia, PA 19103
>Phone: (215) 587-6612
>Fax: (215) 320-4875
>rwickersham@postschell.com
>
>Attorneys for Defendants Volvo Cars of North America, LLC and Volvo Car Corporation

## Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on March 18, 2015 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

>By: */s/ Peter W. Herzog III*