UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB<br>Individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>v.<br><br>VOLVO CARS OF N.A., LLC<br>VOLVO CAR CORPORATION<br>VOLVO CAR UK LIMITED<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-CV-2394-MMB<br><br><br>*JURY TRIAL DEMANDED*<br><br>*ORAL ARGUMENT REQUESTED* |

# REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AND ENTER DEFAULT[1]

Defendant Volvo Car UK Limited's ("VCUK") response to Plaintiffs' Motion to Strike and Enter Default sedulously ignores the pink elephant in the room, which is that **when amended complaints are filed, all pending motions to dismiss are moot and must be refiled.** Defense counsel, Peter Herzog, explicitly told the Court he understood this at the December 2013 hearing, when the following exchange took place between counsel and the Court:

> THE COURT: Now, if you -- if you decide to – you don't have to file an amended complaint, but if you decide to do one, you may think whether you want to put it back in and then explain why it's not relevant.
> MR. MALOFIY: Yes.
> THE COURT: All right?
> MR. MALOFIY: Thank you, Your Honor.
> THE COURT: And if that happens, [Defendants' are] going to have to file -- refile a motion to dismiss or whatever -- or an answer, whatever you want to do.
> MR. HERZOG: Yes, sir. Understood.

---

[1] In the alternative, should the Court not wish to enter default, VCUK should be directed to Answer the Complaint, as it has absolutely waived the right to file a motion to dismiss under FRCP 12(b).

<u>See</u> Hearing of December 6, 2013 (*Doc. No. 84-1*), at p.57 (emphasis added). This clearly establishes that VCUK and defense counsel knew their responsibilities, but failed to follow them.

The bottom line when this Court is considering Plaintiff's Motion to Strike and Enter Default is that VCUK and its counsel unambiguously failed to file a motion to dismiss the Second Amended Complaint, despite knowing that they had to file such a motion:

- Defendant VCUK and its counsel, Peter Herzog, explicitly told the Court that they understood they had to refile their motion to dismiss if Plaintiffs filed a Second Amended Complaint. <u>Id.</u>

- After the Second Amended Complaint was filed, VCUK explicitly requested an extension of time to respond to or answer the Second Amended Complaint, which was granted. (*Doc. No. 57*).

- VCUK had over one year, while the case was stayed, to consider the appropriate motion to file.

- The Court explicitly gave notice of the mootness of VCUK's prior motion to dismiss when it filed an Order asking the parties if the motion was moot. (*Doc. No. 72*).

- The parties, despite defense counsel's disagreement on this point, agreed that the motion to dismiss was moot on the February 4, 2015 telephone conference.

- VCUK failed to file a motion to dismiss the Second Amended Complaint, but instead filed an inexplicable memorandum in support of its moot motion to dismiss (*Doc. No. 78*).[2]

Defendant VCUK avoids addressing any aspect of these largely undisputed facts, and instead essentially argues in response that it should not have to follow basic procedural rules, that the Court should ignore VCUK's errors and accept the improper memorandum it filed,[3] and that Plaintiffs

---

[2] VCUK's claim that Plaintiffs waived their rights to a default are incorrect and nonsensical. As soon as it became apparent that VCUK had failed to file a motion to dismiss the Second Amended Complaint by February 23, 2015, Plaintiffs filed this motion.

[3] The cases VCUK cites for the proposition that the Court can consider VCUK's prior motion to dismiss, (*Doc. No. 85, at p.8*), do not involve the instant scenario where VCUK was specifically directed by the Court to refile the motion to dismiss in the event a Second Amended Complaint was filed, *and VCUK agreed to do so*. (*Doc. No. 84-1, at p.57*). This is a willful failure on VCUK's part to follow the Court's direction, likely because VCUK did not want to start the jurisdictional

are engaging in "unnecessary" motion practice by noting that Defendant failed to follow the rules. Defendant VCUK, by arguing so strongly that it does not have to abide by the rules, has demonstrated that it cannot make a showing of excusable neglect which would allow VCUK to submit an untimely response or answer. In fact, VCUK did not argue or refer to excusable neglect anywhere in its response to Plaintiffs' motion.

Plaintiffs also note that VCUK's response *yet again includes improper ad hominem attacks on Plaintiffs' counsel*.[4] There has a been pattern of conduct by defense counsel repeatedly personally attacking Plaintiffs' counsel to distract the Court from Volvo's false advertising of its cars with safety features they do not have. Plaintiffs ask that these personal attacks be stricken from the record. The sheer number of personal attacks defense counsel have launched against Plaintiffs' counsel in nearly all of their filings is mind boggling and they have no place in this litigation.

## Conclusion

As a result of VCUK's indifference to the rules, and the manifest lack of excusable neglect on the part of its counsel, Plaintiffs ask that its improper memorandum be stricken and that default be entered against it. In the alternative, should the Court not wish to enter default, VCUK should be directed to Answer the Complaint, as it has absolutely waived the right to file a motion to dismiss under FRCP 12(b).

---

argument anew given the manner in which defense counsel had twisted Plaintiffs' position. See Plaintiffs' Brief (*Doc. No. 84*) at p.11–15.

[4] VCUK's response to this motion claims that the "record establishes that there is no personal jurisdiction over VCUK, so the entry of default would be meaningless, unnecessary, and improper." See Response (*Doc. No. 85*), at p.3). In fact, the record establishes that this statement is obviously false, because Plaintiffs have demonstrated in motion practice, with an overwhelming amount of evidence, that VCUK is an alter ego of defendant Volvo Car Corporation and is subject to alter ego personal jurisdiction. *Doc. No. 24* – Response to Motion to Dismiss; *Doc. No. 42* – Sur-Reply Opposing Motion to Dismiss. Should the Court reach the question of whether VCUK is subject to personal jurisdiction, Plaintiffs intend to renew their request for *alter ego* jurisdictional discovery. That VCUK repeatedly misrepresents to the Court Plaintiffs' positions on the type of personal jurisdiction that is being asserted over VCUK is extremely troubling.

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ March 20, 2015*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Reply in Support of Motion to Strike and Enter Default was filed with the United States District Court Eastern District of Pennsylvania via the ECF Filing System and served upon all counsel of record:

Richard B. Wickersham, Jr., Esquire
Post & Schell, P.C.
Four Penn Center
1600 JFK BLVD. | 13th Floor
Philadelphia, PA 19103
T: (215) 587-6612
F: (215) 320-4875
E:  rwickersham@postschell.com

Peter W. Herzog, III, Esquire
Wheeler Trigg O'Donnell LLP
211 North Broadway | Suite 1200
One Metropolitan Square
St. Louis, MO 63102
T: (303) 244-1800
F: (303) 244-1879
E: pherzog@wtotrial.com

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ March 20, 2015*