IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK WEBB, et al., | CIVIL ACTION |
| --- | --- |
| v. | NO. 13-cv-02394 |
| VOLVO CARS OF N.A., LLC, et al. | |

**MEMORANDUM RE: VOLVO CAR UK LIMITED'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

**Baylson, J.**                                                                                   **May 28, 2015**

## I.   Introduction

This is a putative class action asserts violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count I), unjust enrichment (Count II), breach of express warranty and implied warranty of merchantability (Counts III and IV), and negligent misrepresentation and fraud (Counts V and VI) against Volvo Car Corporation ("VCC") and two of its subsidiaries, Volvo Cars of North America, Inc. ("VCNA") and Volvo Car UK Limited ("VCUK").  VCUK moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2).  Plaintiff moves for default against VCUK and to strike two supplemental briefs filed by Defendants in support of VCUK's motion to dismiss and a motion for sanctions.

## II.   Background

Plaintiff's claims are based on Defendants' alleged failure to install a Side Impact Protection Systems ("SIPS") equipped with steel "door bars" in the rear passenger-side doors of Volvo 850 vehicles.  The named plaintiff, Ana Webb, alleges that she purchased one of these vehicles based on advertising that touted Volvo as a leader in automobile safety and that claimed Volvo vehicles contained SIPS on all passenger doors.

VCUK filed its 12(b)(2) motion on October 3, 2013.  ECF No. 18.  According to an attached declaration by Adam Clarke, VCUK's Solicitor and Company Secretary, VCUK is a wholly owned subsidiary of VCC and organized under the laws of the United Kingdom.  Ex. A ¶¶ 11, 14, ECF No. 18-2.  It shares no officers and has no control over or interest in VCNA.  *Id.* ¶¶ 12–13.  It "distributes vehicles manufactured by [VCC] to independent Volvo dealers in the United Kingdom and acts as a service and support organization . . . in the UK."  *Id.* ¶ 4.  Mr. Clarke avers that VCUK does not design or manufacture vehicles.  *Id.*  Nor does VCUK distribute or sell vehicles in the United States; advertise in the United States; engage in business in the United States;  own property, bank accounts, or offices in Pennsylvania; or have employees in Pennsylvania.  *Id.* ¶¶ 4–7, 10.  Although VCUK maintains a website, it is not targeted to residents of Pennsylvania or the United States, and individuals cannot purchase vehicles for delivery in the United States.  *Id.* ¶¶ 8–9.

On December 6, 2013, the Court held oral argument on VCUK's 12(b)(2) motion, VCC and VCNA's motions for a more definite statement and to deny class certification and strike class allegations, and Plaintiff's motion for class certification.  At argument, the Court reviewed Plaintiff's exhibits in opposition to VCUK's motion and concluded that they were not relevant to whether it had jurisdiction over VCUK, and that therefore Mr. Clarke's declaration was uncontradicted.  ECF No. 49, at 10:7–28:5.  Plaintiff requested limited discovery in the form of a deposition of a corporate designee to contest the facts contained in Clarke's declaration, which the Court granted in a subsequent order.  *Id.* at 28:3–31:24, 46:24–50:19; ECF No. 44.  The Court instructed Plaintiff's counsel that "if you don't take the deposition . . . I'm going to dismiss [VCUK] for lack of personal jurisdiction."  ECF No. 49, at 50:15–17.  The Court granted Plaintiff leave to file a second amended complaint to address the motion for a more definite

statement, and denied both parties' motions regarding class certification as premature. ECF No. 44. After Plaintiff filed a second amended complaint on December 19, 2013, Defendants filed for an extension of time to answer or respond on December 30. The Court granted Defendants "twenty-one (21) days after the Court rules on Defendants' Motion to Stay (ECF No. 56) to move, answer, or otherwise respond to the Second Amended Complaint (ECF No. 54)." ECF No. 58.

The Court then stayed this action on January 31, 2014 pending entry of final judgment in a related state-court action that might have preclusive effect.[1] The stay ended automatically on January 30, 2015, and the Court held an unrecorded telephone conference to discuss the status of the case on February 4, 2015. ECF No. 75. During the conference, the Court raised the issue of whether the motions still pending when the stay began – specifically, VCUK's Motion to Dismiss and Defendants' Motion for Sanctions – had become moot during the year the case was inactive, or still presented live issues. The Court did not, however, rule on whether the motions were moot. Instead, the Court invited the parties to address any issues it did not rule on during the conference by motion. ECF No. 74. Defendants filed renewed motions to dismiss and for sanctions. ECF No. 78; ECF No. 80. Plaintiff moves to strike Defendants' renewed motions and for the Court to enter default against VCUK. ECF No. 84; ECF No. 86.

---

[1] Plaintiff's husband, Mark Webb, asserted claims as the administrator of their deceased son's estate and individually against Defendants Volvo Car Corp. and Volvo Cars of North America in the Philadelphia Court of Common Pleas for crashworthiness/strict products liability, negligence, breach of warranty, and UTPCPL violations. At the close of a jury trial, the state court granted compulsory nonsuit on Mr. Webb's negligence and UTPCPL claims and on the issue of punitive damages, as well as allowed Mr. Webb to withdraw his breach of warranty claim. The jury returned a verdict in favor of Defendants on the crashworthiness/strict products liability claim, finding that Ana Webb's negligence caused the automobile accident that killed the couple's son. The state court entered final judgment on the verdict on March 26, 2014, and Mr. Webb appealed. ECF No. 66-11, at 134. Defendants have filed a motion for summary judgment arguing that Plaintiff's claims in this action are barred by the doctrine of *res judicata*, which Plaintiff opposes and which is still pending. ECF No. 65; ECF No. 77; ECF No. 81.

**III.     Contentions of the Parties**

Plaintiff argues that the parties agreed during the February 4 telephone conference that the motions were moot, and that VCUK waived its jurisdictional challenge by failing to renew its motion to dismiss within twenty-one days after the Court ordered the stay in January 2013 in accord with the Court's January 6, 2014 order granting Defendants an extension of time.  ECF No. 84; ECF No. 86.  Defendants deny Plaintiff's contention that they agreed during the February 4 telephone conference that the pending motions were moot.  ECF No. 85, at 2.  Defendants further argue 1) that the court "may consider" VCUK's original "motion as being addressed to the amended pleading" because the second amended complaint did not cure the prior complaint's defects; 2) that VCUK's supplemental brief should be construed as a motion to dismiss the second amended complaint; 3) that the Court may not enter default against VCUK because it lacks personal jurisdiction and the substantive requirements for entry of default are not met; and 4) that Plaintiff has waived her arguments by treating VCUK's motion as a motion to dismiss the second amended complaint.  *Id.* at 2–3.

**IV.     Analysis**

As an initial matter, the Court will not strike Defendants' memoranda in support of their motion for sanctions and VCUK's motion to dismiss because they are not pleadings.  Fed. R. Civ. P. 12(f).  Even if striking a memorandum of law in support of a motion were procedurally proper, the Court's recollection of the February 4 telephone conference is that the question of whether the motions to dismiss and for sanctions were moot was not resolved.  The Court invited the parties to address this or any other issues by a motion filed by the deadline set during the telephone conference for Plaintiff's brief opposing summary judgment.  ECF No. 74.

The Court further agrees with Defendants that VCUK was not required to file a redundant motion to dismiss for lack of personal jurisdiction after Plaintiff filed a second amended

4

complaint that did not contain any new allegations pertaining to this issue. *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 641, n.1 (E.D. Pa. 1999). The Court will therefore consider VCUK's motion to dismiss to apply to the Second Amended Complaint.

Plaintiff has the burden of proving that the Court may exercise personal jurisdiction over VCUK. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d. Cir.1998). As the Court explained at oral argument, the declaration of Adam Clarke establishes that VCUK has no contacts with Pennsylvania that could allow the Court to exercise personal jurisdiction, and Plaintiff's exhibits do not contradict Mr. Clarke's declaration. ECF No. 49, at 10:7–28:5.

Plaintiff argues that although VCUK does not itself have contacts with Pennsylvania, VCC's contacts with Pennsylvania may be imputed to VCUK because VCUK is the "alter ego" of VCC, its parent company. Other courts in this jurisdiction have asserted personal jurisdiction over a foreign company that has no contacts with Pennsylvania, but shares the following with an affiliated entity doing business in Pennsylvania:

> 1) ownership of all or most of the stock of the subsidiary; 2) common officers and directors; 3) a common marketing image; 4) common use of a trademark or logo; 5) common use of employees; 6) an integrated sales system; 7) interchange of managerial and supervisory personnel; 8) subsidiary performing business functions which the principal corporation would normally conduct through its own agents or departments; 9) subsidiary acting as marketing arm of the principal corporation, or as an exclusive distributor; and 10) receipt by the officers of the related corporation of instruction from the principal corporation.

*Directory Dividends, Inc. v. SBC Commc'ns, Inc.*, No. CIV.A. 01-CV-1974, 2003 WL 21961448, at *3 (E.D. Pa. July 2, 2003). The touchstone of the analysis, however, is whether

there is a "degree of control exercised by the parent [is] greater than normally associated with common ownership and directorship." *Visual Sec. Concepts, Inc. v. KTV, Inc.*, 102 F. Supp. 2d 601, 605 (E.D. Pa. 2000). Although VCUK is wholly owned by, shares a common brand with, and appears to share some management personnel with and act as a "marketing arm" for VCC, Plaintiff has not produced evidence that VCC exercises more than a normal degree of control over VCUK.

The Court gave Plaintiff the opportunity to depose Mr. Clarke in order to obtain evidence of either VCUK's contacts with Pennsylvania or its lack of independent existence from VCC, of which Plaintiff has not availed himself. Plaintiff therefore cannot establish that the Court may exercise personal jurisdiction over VCUK.

**V.      Conclusion**

For the foregoing reasons, Plaintiff's Motion to Strike Memorandum Improperly Filed by Defendants, Motion to Strike Memorandum Improperly Filed by Defendant Volvo Car UK Limited and for Entry of Default on Defendant Volvo Car UK Limited, and Motion for Alter Ego Discovery are DENIED. Defendant Volvo Car UK Limited's Motion to Dismiss for Lack of Jurisdiction is GRANTED, with prejudice.

An appropriate order follows.

O:\CIVIL 13\13-2394 webb v. volvo cars\13-cv2394 Mem. re Mot. to Dismiss Volvo UK.doc