# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION, and<br>VOLVO CARS OF N.A., INC.,<br><br>Defendants. | Civil Action No. 13-CV-2394-MMB |

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants Volvo Cars of North America, LLC ("VCNA"), improperly named as Volvo Cars of N.A., Inc., and Volvo Car Corporation ("VCC") (collectively "Volvo"), submit the following statement of undisputed material facts in support of their Motion for Partial Summary Judgment on Count I of the Second Amended Complaint. (Dkt. 54.)

1. On May 2, 2011, Mark Webb, as administrator of the estate of his deceased son, Sabino Webb, filed a Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania, Civil Action Number 110500208, against VCNA, among others, based on the purchase of a 1997 Volvo 850 vehicle that was in an accident in which Mark and Ana Webb's son suffered fatal injuries ("Court of Common Pleas Action"). (Complaint in Court of Common Pleas Action, attached hereto as Ex. 1.)

2. Mark and Ana Webb are the married parents of Sabino Webb. (Ex. 1 at ¶ 7; *Mark and Ana Webb, et al. v. Volvo Cars of N.A., LLC, et al.*, Case No. 2:13-cv-02394, Federal Court Complaint (Dkt. 1 at ¶¶ 2, 24).)[1]

3. On or about October 20, 2011, Plaintiff Mark Webb, as administrator of the estate of Sabino Webb, filed a Second Amended Complaint in the Court of Common Pleas Action ("SAC") against, among others, VCC and VCNA, Graco Children's Products, Inc., its parent company, Newell Rubbermaid, Inc., William Julian, and Maria Castrovillo. (Second Amended Complaint in Court of Common Pleas Action, attached hereto as Ex. 2.)

4. According to the allegations of the SAC, on or about May 4, 2009, a PT Cruiser vehicle driven by William Julian and owned by Maria Castrovillo struck a 1997 Volvo 850 vehicle owned and driven by Plaintiff's spouse, Ana Webb. Mark and Ana Webb's infant son, Sabino, suffered injuries in the accident that led to his death approximately seven days later. (Ex. 2 at ¶¶ 1, 40-46, 50, 56, 65-67.)

5. In Counts I-IV of the SAC, Plaintiff alleged various product liability and warranty claims. (Ex. 2 at Counts I-IV.)

---

[1] In order not to inundate the Court with additional copies of pleadings and/or exhibits that are readily available in the Court's file, Defendants will refer to the ECF docket numbers ("Dkt.") of documents previously filed in this case.

6. In Count V of the SAC, Plaintiff alleged that VCC and VCNA violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") by misrepresenting that the Volvo 850 vehicle had a Side Impact Protection System and anti-intrusion door bars, beams and/or systems to protect occupants when, in fact, the vehicle did not, or failing to disclose that the Volvo 850 vehicle did not have those features. (Ex. 2 at ¶¶ 238-244.)

7. On or about November 8, 2013 orally, and subsequently in writing on November 18, 2013, VCC and VCNA moved for a directed verdict and compulsory nonsuit on Counts I-III and V of the SAC and on Plaintiff's request for punitive damages. (Court of Common Pleas Action, Docket Copy of Joint Motion for Directed Verdict and Compulsory Non Suit of Defendants, Volvo Car Corporation and Volvo Cars of North America, LLC, attached hereto as Ex. 3.)

8. In the Joint Motion, VCC and VCNA contended that there was no statutory standing for a private right of action under the UTPCPL because Sabino Webb did not purchase the vehicle and did not rely on any advertising. (Ex. 3 at ¶¶ 45-53.) They also showed that the evidence established that Ana Webb was the title owner to the Volvo 850, but that she did not obtain ownership of the Volvo 850 until May 5, 2009, the day following the accident. (*Id.* at ¶¶ 38-40.) And they

showed that Plaintiff had not introduced any admissible evidence of deceptive advertising.[2] (*Id.* at ¶¶ 41-44.)

9.  On or about November 14, 2013, the Court of Common Pleas granted VCC and VCNA's motion with respect to Count III (Negligence) and Count V (UTPCPL), and non-suited those counts. (Court of Common Pleas Action, Excerpt from Trial Transcript (11/04/13 a.m.) at 97:9-11, 97:14-15, attached hereto as Ex. 4.)

10.  The Court submitted Counts I (Crashworthiness) and II (Product Liability) against VCC to the jury. On November 15, 2013, the jury returned a verdict in favor of VCC. (Court of Common Pleas Action, Docket Copy of Trial Worksheet, attached hereto as Ex. 5.)

11.  On March 26, 2014, the Court of Common Pleas entered judgment on in favor of William Julian, Volvo Cars of North America, Volvo Car Corporation and Graco Children's Products and against Mark and Ana Webb. (Court of Common Pleas Action, Praecipe to Enter Judgment Pursuant to Pa.R.C.P. 227.4(2), attached hereto as Ex. 6.)

---

[2] Ana Webb testified to three allegedly deceptive advertisements—the 850 Owner's Manual, the 850 Collison Pamphlet, and the 850 window sticker—and none stated or described that there were "door bars" in the rear doors of the Volvo 850 vehicle. (*Id.* at ¶¶ 42-43.)

12. On April 2, 2014, Plaintiff filed a Notice of Appeal from the Judgment in the Court of Common Pleas. (Court of Common Pleas Action, Docket Copy of Notice of Appeal, attached hereto as Ex. 7.)

13. Plaintiff did not appeal the trial court's non-suit of the UTPCPL claim, and told the Superior Court that he "does waive" the claim going forward. (*Webb v. Volvo Cars of N. Am., LLC*, 148 A.3d 473, 477 (Pa. Super. Ct. 2016) ("At the close of evidence, the trial court directed a verdict in favor of defendant William Julian and entered nonsuit on Appellant's negligence and deceptive trade practices causes of action against Appellees. Appellant has not appealed those decisions"), attached hereto as Ex. 8); Court of Common Pleas Action, Docket Copy of Plaintiff's Concise Statement of Matters Complained of on Appeal, attached hereto as Ex. 9, at 2 ("As Plaintiff stated in post-trial argument, Plaintiff does waive the negligence claim, the punitive damages claim, and the deceptive trade practices claim going forward").

14. On September 9, 2016, the Pennsylvania Superior Court reversed the judgment on the jury verdict because the court submitted an erroneous jury instruction and remanded for a re-trial on the strict liability claims. (Ex. 8, *Webb v. Volvo Cars of N. Am., LLC*, 148 A.3d 473, 483, 486 (Pa. Super. Ct. 2016).)

15. On May 4, 2017, the Pennsylvania Supreme Court denied VCC's petition for allowance to appeal. (Appeal Docket Sheet for Court of Common Pleas

Action, *Webb v. Volvo Cars of N. Am., LLC*, attached hereto as Ex. 10, at p. 11.) On May 30, 2017, the case was remanded to the Court of Common Pleas for re-trial on the strict liability claims. (*Id.*; *see also* Ex. 8, *Webb v. Volvo Cars of N. Am., LLC*, 148 A.3d 473, 483 (Pa. Super. Ct. 2016).)

16. On or about May 1, 2013, more than six months before the jury verdict was rendered in the Court of Common Pleas, Plaintiffs Mark and Ana Webb filed a putative class action complaint in this Court against Defendants VCNA, improperly named as Volvo Cars of N.A., LLC, VCC, and Volvo Car UK Limited ("VCUK"). (Dkt. 1.)

17. In the Federal Court Complaint, Plaintiffs Mark and Ana Webb alleged that they jointly purchased the 1997 Volvo 850, and that the vehicle was struck by another vehicle, leading to the death of their son, Sabino Webb. (Dkt. 1 at ¶¶ 24, 28-56.)

18. The Federal Court Complaint purported to plead four causes of action—deceptive trade practices, unjust enrichment, breach of the duty of good faith and fair dealing, and injunctive relief—all based on the allegations that the Defendants misrepresented that the Volvo 850 vehicle they had purchased had a Side Impact Protection System and anti-intrusion door bars, beams and/or systems to protect occupants, when in fact the vehicle did not, or failed to disclose that the Volvo 850 vehicle they had purchased did not have a Side Impact Protection

System, anti-intrusion door bars, beams and/or systems to protect occupants. (Dkt. 1 at Counts I-IV.)

19. On September 16, 2013, Plaintiffs Mark and Ana Webb filed an Amended Complaint in this Court. (*Mark and Ana Webb, et al. v. Volvo Cars of N.A., LLC, et al.*, Case No. 2:13-cv-02394, Federal Court Amended Complaint (Dkt. 12.).)

20. Plaintiffs Mark and Ana Webb again purported to plead four causes of action—deceptive trade practices, unjust enrichment, breach of the duty of good faith and fair dealing, and injunctive relief—all based on the allegations that the Defendants misrepresented that the Volvo 850 vehicle they had purchased had a Side Impact Protection System and anti-intrusion door bars, beams and/or systems to protect occupants, when in fact the vehicle did not, or failed to disclose that the Volvo 850 vehicle they had purchased did not have a Side Impact Protection System, anti-intrusion door bars, beams and/or systems to protect occupants. (Dkt. 12 at Counts I-IV.)

21. On December 10, 2013, after learning of the jury verdict and other decisions in the Court of Common Pleas, this Court ordered the parties to provide "a brief summary of their contentions as to whether the results in that case may be relevant in this case, either as collateral estoppel or res judicata or otherwise." (Dkt. 44.)

22.     On December 12, 2013, the day those submissions were due, Plaintiff Ana Webb filed a Second Amended Complaint against Defendants VCNA, VCC, and VCUK in which Mark Webb was removed as a Plaintiff, Ana Webb was identified as the owner of the Volvo 850 vehicle, and allegations regarding the vehicle accident and death of Sabino Webb were removed. (*Mark and Ana Webb, et al. v. Volvo Cars of N.A., LLC, et al.*, Case No. 2:13-cv-02394, Federal Court Second Amended Complaint (Dkt. 54.).)

23.     In Count I of the Second Amended Complaint, Plaintiff Ana Webb purported to plead a claim that Defendants violated the UTPCPL against Defendants, again based on the allegations that the Defendants misrepresented that the Volvo 850 vehicle they had purchased had a Side Impact Protection System and anti-intrusion door bars, beams and/or systems to protect occupants, when in fact the vehicle did not, or had failed to disclose that the Volvo 850 vehicle they had purchased did not have a Side Impact Protection System, anti-intrusion door bars, beams and/or systems to protect occupants. (Dkt. 54 at Count I.)

24.     In Counts II through VI of the Second Amended Complaint, Plaintiff Ana Webb purported to plead claims for unjust enrichment, breach of express warranty, breach of implied warranty, negligent misrepresentation and fraud. (Dkt. 54 at Count II-VI.)

Dated:  July 3, 2017					Respectfully submitted,

By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
Wheeler Trigg O'Donnell LLP
211 North Broadway, Suite 2825
St. Louis, MO 63102
Phone: (314) 326-4129
Fax: (303) 244-1879
pherzog@wtotrial.com

Richard B. Wickersham, Jr.
POST & SCHELL, P.C.
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone:  (215) 587-6612
Fax:  (215) 320-4875
rwickersham@postschell.com

Attorneys for Defendants Volvo Cars of North America, LLC and Volvo Car Corporation

## Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on July 3, 2017 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.

By: */s/ Peter W. Herzog III*