UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB<br>Individually and on behalf of all others<br>similarly situated,<br>*Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC<br>*and*<br>VOLVO CAR CORPORATION<br>*and*<br>VOLVO CAR UK LIMITED<br>*and*<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-cv-2394-MMB |

# ORDER

AND NOW, on this _____ day of _____, 2017, upon consideration of DEFENDANTS' MOTION TO DISMISS, Plaintiffs' response in opposition, and the record as a whole, it is hereby ORDERED and DECREED that the motion is **DENIED**.

BY THE COURT:

_____
THE HONORABLE MICHAEL M. BAYLSON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB<br>Individually and on behalf of all others<br>similarly situated,<br>*Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC<br>*and*<br>VOLVO CAR CORPORATION<br>*and*<br>VOLVO CAR UK LIMITED<br>*and*<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-cv-2394-MMB<br><br><br>*JURY TRIAL DEMANDED*<br><br><br>*ORAL ARGUMENT REQUESTED* |

PLAINTIFFS' ANSWER IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants argue that Plaintiff Ana Webb's complaint is not specific enough to enable them to defend this case and that it fails to plead the elements of certain claims. This is not true in the slightest and the Second Amended Complaint is pled with more than sufficient specificity to satisfy the notice pleading standard.

Volvo also attempts to attack Plaintiff's claims for breach of implied warranty alleging that they were disclaimed or that they are time barred. Neither allegation is true. The implied warranty of merchantability based for a design flaw was never disclaimed by Volvo, and no time bar applies to this case because of Volvo's conduct estops it from relying on the statute of limitations.

Specifically, Volvo falsely self-certified that the Volvo 850 passed Federal Motor Vehicle Safety Standard 214. Plaintiff has expert testing show that the Volvo 850 in fact catastrophically fails FMVSS 214 and that the car is not even road legal. Volvo's false self-certification of FMVSS compliance caused all consumers in the US (and the federal government) to falsely believe that Volvo's express warranties were in fact correct. This deception plainly estops Volvo from relying on any statute of limitations or warranty expiration date.

*****

Plaintiffs, Ana Webb and all other members of the class similarly situation, by their undersigned counsel, hereby respond to Volvo Car Corporation's and Volvo Cars of N.A., LLC's Motion to Dismiss and in opposition thereto, state and aver as follows:[1]

**Averments 1 - 7**

Response: Denied. All of the averments and allegations in this motion are legal conclusions to which no response is required. Plaintiffs submit the accompanying Memorandum of Law and Exhibits, which are incorporated by reference in this answer. Plaintiff also incorporates by reference his response to the motion for partial summary judgment which is being filed contemporaneously with this motion response.

*****

Respectfully submitted,

FRANCIS ALEXANDER, LLC

*/s/ AJ Fluehr*

Alfred J. Fluehr, Esquire
Attorney ID No.:  316503

---

[1] Plaintiffs note that under the federal rules Plaintiffs are not required to answer, admit, or deny, numbered averments, as in state court.

280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 341-1063
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ July 31, 2017*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB<br>Individually and on behalf of all others<br>similarly situated,<br>*Plaintiffs*<br><br>V.<br><br>VOLVO CARS OF N.A., LLC<br>*and*<br>VOLVO CAR CORPORATION<br>*and*<br>VOLVO CAR UK LIMITED<br>*and*<br>VOLVO CARS OF N.A., INC.<br>*Defendants* | CIVIL ACTION NO.: 13-2394<br><br><br>*JURY TRIAL DEMANDED*<br><br><br>*ORAL ARGUMENT REQUESTED* |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' ANSWER IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants argue that Plaintiff Ana Webb's complaint is not specific enough to enable them to defend this case and that it fails to plead the elements of certain claims. This is not true in the slightest and the Second Amended Complaint is pled with more than sufficient specificity to satisfy the notice pleading standard.

Volvo also attempts to attack Plaintiff's claims for breach of implied warranty of merchantability alleging that they were disclaimed or that they are time barred. Neither allegation is true. The implied warranty of merchantability for a design flaw was never disclaimed by Volvo, and no time bar applies to this case because Volvo's conduct estops it from relying on the statute of limitations.

Specifically, Volvo falsely self-certified that the Volvo 850 passed Federal Motor Vehicle Safety Standard 214. Plaintiff has expert testing show that the Volvo 850 in fact catastrophically fails FMVSS 214 and that the car is not even road legal. Volvo's false self-certification of FMVSS compliance caused all consumers in the US (and the federal government) to falsely believe that Volvo's express warranties were in fact correct. This deception plainly estops Volvo from relying on any statute of limitations or warranty expiration date.

*****

## II.   Facts

On May 4, 2009, as plaintiff Ana Webb was driving a Volvo 850, the passenger side of the vehicle was struck by a PT Cruiser. Plaintiff's infant son, Sabino Webb, who was sitting on the rear passenger side, was killed in the car accident. In May 2011, the Estate of Sabino Webb, with Mark Webb as the administrator, filed a products liability lawsuit against Volvo Car Corporation and Volvo Cars North America, alleging that the Volvo 850 was defective because it lacked steel door bars in the rear doors that prevent intrusion into the passenger compartments.

Plaintiff Ana Webb, mother of Sabino Webb, filed this lawsuit on May 1, 2013, (*Doc. No. 1*), alleging, *inter alia*, that Volvo had deceptively advertised the Volvo 850 with a Side Impact Prevention System ("SIPS") that has steel door bars in the rear doors in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). The Volvo 850 bought by Ms. Webb contained a brochure in the glove box advertising the SIPS system, and depicted a Volvo with rear door bars. Ms. Webb reviewed the glove box brochure before purchasing the Volvo 850 and it factored into her decision to purchase the vehicle. Exhibit 2 – Volvo Glove

Box Brochure; Exhibit 1 – State Court Trial Transcript Excerpts, 11/5/13, at p.65–66.  Volvo, after all, has built its reputation on safety and advertising to the parents of small children.

*****

## III.  Law and Application

The federal pleading standard requires that "[a] pleading that states a claim for relief must contain: … (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading should be construed so as to do justice. FRCP 8(e). "To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.' Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint has facial plausibility when there is enough factual content 'that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." N.J. Carpenters v. Tishman Constr. Corp., 2014 U.S. App. LEXIS 14287, 7-8 (3d Cir. July 28, 2014); see also Holk, 575 F.3d at 334; Erickson v. Pardus, 551 US 89 (2007) (stating "when ruling on a defendant's motion to dismiss, a judge must accept as true **all** of the factual allegations contained in the complaint").

### A.  Volvo's Claim that the UTPCPL Cause of Action is Insufficiently Pled is Erroneous and Fails to Credit the Plain Language in the Second Amended Complaint

#### i.  Legal Standard – Notice Pleading

Volvo has filed a motion to dismiss for lack of specificity, which is also in reality a motion for a more definite statement. The Federal Rules' liberal pleading requirements requiring notice

pleading, not fact pleading. The federal pleading standard requires that "[a] pleading that states a claim for relief must contain: … (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, discovery is available to defendants to "to resolve or clarify disputed issues." See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Moreover, motions for a more definite statement should be denied when the information sought by the defendant is within the defendant's knowledge. See Wheeler v. U.S. Postal Serv., 120 F.R.D. 487, 488 (M.D. Pa. 1987); Jones v. Select Portfolio Servicing, Inc., No. 08-972, 2008 U.S. Dist. LEXIS 33284, at *6 (E.D. Pa. April 23, 2008).

> ii.    Application – The UTPCPL Claim and Justifiable Reliance Have All Been Adequately Pled in Compliance with Federal Court's Notice Pleadings Standard

Volvo first claims Ana Webb failed to plead justifiable reliance on Volvo's deceptive advertising, namely that the Volvo 850 has rear door bars the car does not actually have. Volvo's claim that justifiable reliance is not pled is not true and ignores the plain language in the complaint:

> 6. Webb **justifiability relied** upon Volvo's false, misleading and deceptive representations, including advertising, marketing, promotions, sales materials, owner's manual materials, safety materials, express and implied warranties, and press statements and releases that Volvo provided to its customers, consumers and users of the Class Vehicles.

See Exhibit 7 - Second Amended Complaint, at ¶6 (emphasis added). The complaint identifies this marketing:

> 11. Volvo created an extensive marketing campaign for the Class Vehicles, which included press releases, advertisements, and pictures of their Side Impact Protection System (SIPS) ***with door bars in the rear doors;*** but, the Class Vehicle was not manufactured as advertised and originally designed, resulting in the fact that the Class Vehicles as actually sold had absolutely no door bas in the rear passenger doors.

Id. at ¶11 (emphasis in the original).

Defendants attempt to argue that the precise advertisements in question—which are voluminous—must be identified in the complaint. This is not accurate, but the Court can nonetheless consider documents referenced and integral to the complaint when considering this motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d. Cir. 1997).

Some of the safety materials referenced in the Second Amended Complaint for the Volvo 850 are a Volvo 850 Collision Pamphlet developed and placed by Volvo in the model 850's glovebox. See Exhibit 2. This Safety Collision Pamphlet for the 850 depicts and/or implies that the Volvo 850 features Volvo's 900 Series Side Impact Projection System (SIPS) which has rear door bars—in fact the 850 does not have rear door bars, unlike every other car sold in the United States since 1973. See (ECF No. 107-1); Exhibit 2. This is deceptive and confusing, as is the fact that Volvo never told consumers in the pamphlet—or anywhere else in the world—that this safety feature had been removed from the 850. 73 P.S. § 201-2(4)(xxi) (stating companies can be held liable for "deceptive conduct which creates a likelihood of confusion or of misunderstanding").

Volvo's own corporate designee and safety director admitted that the Collison Pamphlet in the Volvo 850's glovebox is confusing:

| | |
|---|---|
| Counsel: | Do you dispute the information that's on that page [of the brochure found in the Volvo 850's glovebox], sir? |
| Broberg: | Well, I don't know where the -- and actually, if you look at the picture it says a 900 series side impact protection system. |
| Counsel: | Right, that's on the 850 in the glove box of the Volvo 850. It's a bit confusing, would you agree? |
| Broberg: | Yes. I don't know why. |

Exhibit 1 – State Court Trial Transcripts, 11/12/13 PM, at p.65–66 (emphasis added). If an advertisement is confusing to Volvo's safety director, then it is obviously confusing to consumer

like Ana Webb. It is disingenuous for Volvo to come to this court claiming it does not have notice of the claims against it when in fact Volvo knows exactly what is being alleged.

Moreover, the Volvo 850 also came with a Window Sticker (Exhibit 3) and owner manual (Exhibit 4) for the Volvo 850 in question (also integral parts of the complaint) which both state that the Volvo 850 has the SIPS. The Collison Pamphlet and Window Sticker both state that the Volvo 850 has a steel safety cage and the SIPS.

Any average consumer would be entitled to believe that the Volvo 850 had the same safety features that other Volvos with the SIPS and safety cages also possess, including rear door bars. However, unlike all other Volvo vehicles with safety cages and SIPS at the time, Volvo quietly and inexplicably removed the rear door bars from the Volvo 850—a standard safety feature on every car sold in the US since 1973—**and never told consumers**. This is deceptive, misleading, and highly confusing.

It should be noted that Volvo Car Corporation is fully aware of its own advertising activities and business publications. (ECF Nos. 9 and 22). The level of detail requested by defendants is not required to put defendants on notice of a UTPCPL claim, and is properly reserved for the discovery process in litigation. See Jones v. Select Portfolio Servicing, Inc., No. 08-972, 2008 U.S. Dist. LEXIS 33284, at *6 (E.D. Pa. April 23, 2008). Moreover, motions for a more definite statement (the true nature of this motion to dismiss) should be denied when the information sought by the defendant is within the defendant's knowledge. See Wheeler v. U.S. Postal Serv., 120 F.R.D. 487, 488 (M.D. Pa. 1987).

As noted and quoted above, the complaint contains more than sufficient factual information to put Volvo on notice of the claims against it. It also cannot be forgotten that Volvo

has been litigating the Volvo 850's lack of rear door bars since 2011 in state court, and the notion that Volvo is not aware of the basis of the claims against it is ridiculous. A motion to dismiss for lack of specificity, which does not even fairly credit the complaint's averments, should be denied. A fair reading of the Second Amended Complaint reveals that it satisfies the federal notice pleading standard in Rule 8, and also puts Volvo on notice of what it is being accused of.

Any suggestion that the UTPCPL claim should be dismissed for inadequate pleading is wrong and should be denied.

### B. Unjust Enrichment Has Been Specifically Pled by Ms. Webb and the Putative Class

#### i. Legal Standard for When Benefit Conferred on Defendant for Purposes of Unjust Enrichment

Pennsylvania allows:

> indirect purchasers to establish claims for unjust enrichment so long as they can prove that the defendant benefitted at the plaintiff's expense, even if the benefit flowed indirectly from the plaintiff to the defendant.

See Powers v. Lycoming Engines, Dist. Court, Civil Action Nos. 06-2993, 06-4228 (E.D. Pa. September 25, 2007). The notion that an indirect purchaser cannot recover under Pennsylvania law for unjust enrichment is inaccurate. The Commonwealth Court also notes that

> a defendant need not have accepted and appreciated the benefit intentionally; instead, the focus remains on the question of whether the defendant has been unjustly enriched. Torchia v. Torchia, 499 A.2d 581 (Pa. Super. 1985).

Commonwealth v. TAP Pharmaceutical Productions, Inc. No. 212 M.D. 2004 (Commw. Ct. 2005).

#### ii. Application - Volvo was Conferred with Both Direct and Indirect Benefits When It Removed Rear Door Bars from the Volvo 850 and Deceptively Promoted the Car

Volvo argues the Unjust Enrichment claim should be dismissed because Ms. Webb has allegedly not averred that Defendants have not received a benefit for purposes of unjust enrichment, that Defendants did not know of any benefit they received, and that no inequitable conduct has been alleged on the part of Volvo. All of these allegations are false and ignore the averments in the Second Amended Complaint.

**First**, Plaintiff has alleged that Volvo benefitted because it produced and sold 1.3 million Volvo 850s in the United States at a lower cost than it otherwise would have been able to:

> 14. Volvo has directly benefited from the false advertisement and defective design of the Class Vehicles. These direct benefits include, *inter alia,* saving millions of dollars by not supplying the advertised solid-steel anti-intrusion doors bars and the significant premium paid by owners and lessees of the Class Vehicles in justifiable reliance on Volvo's false, misleading, and deceptive advertising of superior safety.

<u>See</u> Second Amended Complaint at ¶14. This alone is enough to dispel the notion that Volvo has received no benefit as a result of its actions. Also remember that this putative class action is in fact alleging that many class members directly purchased their Volvo 850s from Volvo which is a direct benefit to the company.

Volvo claims that because Ms. Webb was a secondary purchaser that she has allegedly not personally provided Volvo with a direct benefit. Yet, Pennsylvania allows:

> indirect purchasers to establish claims for unjust enrichment so long as they can prove that the defendant benefitted at the plaintiff's expense, even if the benefit flowed indirectly from the plaintiff to the defendant.

<u>See</u> <u>Powers v. Lycoming Engines</u>, Dist. Court, Civil Action Nos. 06-2993, 06-4228 (E.D. Pa. September 25, 2007). The notion that an indirect purchaser cannot recover under Pennsylvania law for unjust enrichment is inaccurate. The Commonwealth Court also notes that

> a defendant need not have accepted and appreciated the benefit intentionally; instead, the focus remains on the question of whether the

defendant has been unjustly enriched. Torchia v. Torchia, 499 A.2d 581 (Pa. Super. 1985).

Commonwealth v. TAP Pharmaceutical Productions, Inc. No. 212 M.D. 2004 (Commw. Ct. 2005). The TAP court explicitly states that a direct benefit is not required, and that an indirect benefit, such as increased market share, is more than sufficient to make out a claim for unjust enrichment. Id.[2]

By Ms. Webb purchasing a Volvo 850 and driving on the road, Volvo's brand is promoted, which is tangible benefit to Volvo. Moreover, secondary purchases are a key part of the car market and are valuable to the manufacturers, especially because parts and service are the highest profit margins for dealerships and the manufacturer. Even in the secondary market consumers need to purchase parts that are manufactured by Volvo and service provided by Volvo dealerships. All of this provides sales and revenues and profit to Volvo. Note that the Volvo 850 safety brochure at issue, Exhibit 2, insists that customers, including secondary customers, purchasing only genuine Volvo parts.

Volvo has benefitted because initial purchasers bought Volvo 850s from Volvo because they knew that they could sell the 850 to someone like Ana Webb based on Volvo's reputation for safety, all of which builds brand loyalty. Volvo would not have sold many Volvo 850s unless the original purchasers were confident they could resell the car if need be. Volvo therefore both directly and indirectly benefits from Ms. Webb's and the class members' purchases. Plaintiffs believe that all

---

[2] The Third Circuit is clear that the intermediate appellate courts of Pennsylvania, including the Superior Court, should be followed by the federal courts, unless the judge is "convinced" the Pennsylvania Supreme Court would rule differently. Koppers Co. v. Aetna Cas. & Sur. Co., 98 F.3d 1440, 1453 (3d Cir. 1996) (stating "[W]e cannot disregard decision of intermediate appellate court unless we are convinced that state's highest court would establish different rule").

of this is clearly pled in the complaint, but, should more specificity be required by this court, averments containing the above will be added.

**Second**, Volvo claims they had no knowledge of the benefits they accrued. However, the complaint explicitly pleads that Volvo saved millions of dollars by removing anti-intrusion steel door bars. See Second Amended Complaint, ¶14. Volvo was obviously aware that it saved millions of dollars by removing rear door bars from the Volvo 850. Remember that there is no requirement that Volvo actually be aware of each consumer's purchase of a Volvo 850 vehicle. TAP Pharmaceutical Productions, Inc. No. 212 M.D. 2004 (Commw. Ct. 2005) (stating that "a defendant need not have accepted and appreciated the benefit intentionally"). Volvo decreased the amount of steel in the Volvo 850 thereby lowering the production costs in that vehicle, leading to higher profits and profit margins of taking cost-cutting measures at the risk of human life.

**Third**, Volvo claims that no inequitable conduct on its part has been pled. However, this risible claim is easily addressed by noting that the complaint is about how Volvo deceptively advertised the Volvo 850 with rear door bars the car does not have. This is manifestly inequitable conduct.

Should the Court require any of the elements pled with more specificity, Ms. Webb can certainly do so and requests leave to file an amended complaint. See FRPC 15(a)(2) (stating that "court should freely give leave [to amend] when justice so requires"); Foman v. Davis, 371 US 178, 182 (1962) (stating of the FRCP 15 instruction to "freely give" leave to amend: "this mandate is to be heeded").

### C.   Plaintiff's Express Warranty Claim Based on Volvo's Deceptive Advertising Adequately Pleads Reliance on Such Advertising

Volvo argues that Plaintiff's express warranty claim fails to plead reliance on a specific misleading advertisement or representation and should therefore be dismissed.

**First**, under notice pleading Plaintiff is not required to attach to the complaint specific advertisements to satisfy the notice pleading standard. There are many advertisements and this would be unduly burdensome, especially when Volvo knows what it being referred to. Plaintiff explicitly alleged that Volvo's advertising of the SIPS system in the Volvo 850 was misleading and deceptive, which is more than specific enough to comply with the pertinent rules. See Second Amended Complaint, at ¶11.

**Second**, Plaintiff also refers the court to the discussion *supra* on the Volvo 850 Collison Safety Pamphlet, Volvo 850 Window Sticker, and Volvo 850 Owner manual (all of which are integral to the Second Amended Complaint and which Webb relied upon) and all of which depict and/or imply that the Volvo 850 had rear door bars, had a full SIPS, and/or had a complete steel safety cage. See Exhibit 2; Exhibit 3; Exhibit 4.

### D.    Volvo Claims that any UTPCPL Claim Based on an Express Warranty Must be Dismissed

Volvo makes the argument that any claim under the UTPCPL's section 201-2(4)(xiv) for breach of warranty should be dismissed.

Volvo's argument ignores that Plaintiff is alleging that Volvo made written warranties *in its advertising and safety materials* for the Volvo 850 that the car (1) has rear door bars, (2) has a full SIPS that reduces injuries, and (3) has a full steel safety cage—like all other Volvo vehicles. These written warranties allow Plaintiff to bring suit under subsection (2)(4)(xiv); Volvo's argument ignores these express written warranties.

Plaintiff also notes that she is alleging a UTPCPL claim under the catch-all provision for deceptive advertising and that this UTPCPL claim is not based on any warranty. See 73 P.S. § 201-2(4)(xxi).

###### E.     Volvo's Argument that the Implied Warranty of Merchantability was Disclaimed is Erroneous

Volvo claims that its limited express warranty to repair defects in materials and workmanship disclaims all implied warranties of merchantability and fitness under 13 P.A. CS § 2316(b). This argument is erroneous.

The disclaimer of implied warranties is ineffective because (1) the express warranty and its disclaimer do not apply to design defects; and (2) the disclaimer is not conspicuous.

**First**, the alleged limited express warranty in question is limited to repairs for "defects in material or workmanship," and does not include, exclude, or otherwise address design defects. See Bruce Martin Constr., Inc. v. CTB, Inc., 735 F.3d 750 (8th Cir. 2013) (making distinction between defects in "material and workmanship" and design defects). It is ridiculous to think that any express or implied warranty for design defect could be disclaimed in any manner. Given that this case concerns a *design defect*, as opposed to substandard material or workmanship, it is plain that this limited express warranty does not apply to Ms. Webb's or the class' claims. The warranty, which even identifies certain parts and damage *not* covered by the warranty, never purports to address design defects.

The terms of an express warranty, and a disclaimer thereto, are only operative insofar as they are a part of the plaintiff's bargain in purchasing the vehicle. Allen-Myland, Inc. v. Garmin Intern., Inc., 140 A. 3d 677 (Pa. Super. 2016).

Because design defects are never mentioned or contemplated in the Volvo 850's alleged express warranty, and therefore were not part of Ms. Webb's bargain when purchasing this vehicle, it is impossible for Volvo's limited express warranty to disclaim any claim for breach of implied warranty of merchantability for design defect.

**Second**, even if the express warranty is valid and applicable, the language in not sufficiently conspicuous under 13 PA Cons Stat § 2316(b) (2016). The language's typeface is not significantly different from any other page in the manual and first appears on the ninth page of a very thick booklet. As a matter of law, this language does not adequately put Ms. Webb and the putative class members on notice of the rights they are giving up.

F. **Volvo Argues the Implied Warranty of Merchantability has a Four Year Limit; No Limit Applies and Its Unconscionable for Volvo to Argue that Its Secretive Removal of Safety Feature Will Be Rewarded**

Volvo argues that the limited express warranty that came with the Volvo 850 limits any claim of implied warranty of merchantability to four years from the date of the car's initial purchase, and that the four-year statute of limitations also begins running on the date of the car's initial purchase. Neither time limits bars this a claim for implied warranty of merchantability.

**First**, as explained above, the alleged limited express warranty does not include, exclude, or contemplate design defects (and is more accurately characterized as an agreement to repair). Any warranty with respect to design defects is completely beyond the scope of the alleged limited express warranty and was never part of Ms. Webb's bargain in purchasing the Volvo 850. Allen-Myland, Inc. v. Garmin Intern., Inc., 140 A. 3d 677 (Pa. Super. 2016). Any attempt to limit an implied warranty of merchantability claim based on design defect to the 4-year limit in the inapplicable and unenforceable limited express warranty must fail.

**Second**, the statute of limitations does not apply to the implied warranty of merchantability because the doctrine of equitable estoppel prevents Volvo from using the statute of limitations to dismiss this action.

The Pennsylvania Supreme Court has stated of equitable estoppel:

> In order for the doctrine of estoppel to be applied in bar of the statute of limitations, fraud or concealment must necessarily be established. However, **this does not mean fraud in the strictest sense encompassing an intent to deceive, but rather fraud in the broadest sense which includes an unintentional deception**: Guy v. Stoecklein Baking Co., 133 Pa. Superior Ct. 38, 1 A. 2d 839 (1938). "It is not the intention of the party estopped but the natural effect upon the other party which gives vitality to an estoppel": 5 Williston, Contracts § 691 (3rd ed. 1961). As stated in Schwab v. Cornell, 306 Pa. 536, 539, 160 A. 449, 450 (1932): "If the circumstances are such that a man's eyes should have been open to what is occurring, then the statute begins to run from the time when he could have seen, but if by concealment, through fraud or otherwise, a screen has been erected by his adversary which effectually obscures the view of what has happened, the statute remains quiescent until actual knowledge arises."

Nesbitt v. Erie Coach Co., 416 Pa. 89, 96 (Pa. 1964) (emphasis added). The Supreme Court allows estoppel where the actions of the defendant "lulled [the plaintiff] into a sense of false security as to timely institution of her action." Id. at 96-97; Fine v. Checcio, 870 A. 2d 850, 860 (Pa. 2005) ("The doctrine is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts."). Equitable tolling applies "where the plaintiff in some extraordinary way has been prevented from asserting his or her rights." In re Mushroom Transp. Co., Inc., 382 F. 3d 325, 338-39 (3d Cir. 2004).

Here, Volvo's deceptive behavior and fraudulent behavior is manifest and warrants application of equitable estoppel. Volvo self-certified that the Volvo 850 passed FMVSS 214 quasi static testing on the rear doors (in the test, a plunger is pushed into an individual door to test

resistance to intrusion into the passenger compartment). Plaintiff has expert testing and video showing that Volvo 850 catastrophically fails the quasi-static test on the rear doors; there is no way the Volvo 850 passed the tests.

What this means is that the Volvo 850 is not even road legal and was only approved for sale to US consumers because Volvo falsely certified it passed the standards. Volvo actually destroyed its test data meaning that no evidence exists that Volvo properly performed the quasi-static test.

Even if this false certification was an accident, it is a deception which would have made it impossible for any reasonable consumer to realize within the four year limitations period that the car was not even road legal.

In addition, as the complaint and this motion illustrate, Volvo removed a key safety feature, lifesaving rear door bars, from the Volvo 850 that came standard on every other car sold in America since 1973. Volvo did not tell any consumer about this baffling decision. Instead, Volvo advertised that the Volvo 850 has the same Side Impact Protection System (SIPS) and steel safety cage as the 700 and 900 model cars, with rear door bars. In fact, the Volvo 850 did not have these features.

Given that Volvo falsely self-certified that its care was road legal, advertised the 850 with a safety feature the car did not have, and failed to tell anyone it removed the safety feature in question, Volvo's deceptive conduct absolutely merits applying equitable estoppel to prevent Volvo from relying on the state of limitations.

Plaintiff also notes that the above conduct by Volvo is unconscionable and militates in favor of allowing the implied warrant claim to proceed.

## IV.   PLAINTIFFS REQUEST LEAVE TO AMEND IF NECESSARY

Should the Court be unsatisfied with the specificity of Plaintiffs's pleading for any reason, Plaintiffs asks for permission to amend to address the defects. See FRPC 15(a)(2) (stating that "court should freely give leave [to amend] when justice so requires"); Foman v. Davis, 371 US 178, 182 (1962) (stating of the FRCP 15 instruction to "freely give" leave to amend: "this mandate is to be heeded").[3] Plaintiffs incorporate by reference their response to Defendants' Motion for Partial Summary Judgement to demonstrate that any lack of specificity can be cured.

## V.   CONCLUSION

Plaintiff requests that Defendants' Motion to Dismiss be denied for the foregoing reasons.

*****

*Respectfully submitted,*

FRANCIS ALEXANDER, LLC

*/s/ AJ Fluehr*

Alfred J. Fluehr, Esquire
Attorney ID No.: 316503
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 341-1063
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

---

[3] Volvo claims that Plaintiff's prior amendments should preclude further amendments. However, this is not an accurate statement of the law which allows amendments unless futile, and the motion to dismiss filed by Volvo raises many brand new issues which Plaintiff has not had the opportunity to address before. See FRPC 15(a)(2) (stating that "court should freely give leave [to amend] when justice so requires"); Foman, 371 US at 182 (stating of the FRCP 15 instruction to "freely give" leave to amend: "this mandate is to be heeded"). In addition, the motion to dismiss raises affirmative defenses like statute of limitations which Plaintiff should have the opportunity to meet with an amended pleading, if necessary.

*/d/ July 31, 2017*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Answer In Opposition to Defendants' Motion to Dismiss was filed via the ECF Filing System and served upon all counsel of record:

Richard B. Wickersham, Jr., Esquire
Post & Schell, P.C.
Four Penn Center
1600 JFK BLVD. | 13th Floor
Philadelphia, PA 19103
T: (215) 587-6612
F: (215) 320-4875
E:  rwickersham@postschell.com


Peter W. Herzog, III, Esquire
Wheeler Trigg O'Donnell LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
T: (314) 740-2353
F: (314) 259-2020
E: PHerzog@wtotrial.com

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ AJ Fluehr*
Alfred J. Fluehr, Esquire
Attorney ID No.:  316503
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 341-1063
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ July 31, 2017*