## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANA WEBB, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>VOLVO CARS OF N.A., LLC,<br>VOLVO CAR CORPORATION, and<br>VOLVO CARS OF N.A., INC.,<br><br>                Defendants. | Civil Action No. 13-CV-2394-MMB |

## DEFENDANTS' RESPONSE TO ADDITIONAL STATEMENTS OF UNDISPUTED FACT BY PLAINTIFFS

Defendants, Volvo Cars of North America, LLC ("VCNA"), improperly also named as Volvo Cars of N.A., Inc., and Volvo Car Corporation ("VCC") (collectively "Volvo"), submit this response to the "Additional Statement of Undisputed Fact by Plaintiffs" submitted in opposition to Volvo's motion for partial summary judgment on Count I of Plaintiff Ana Webb's Second Amended Complaint.

1.     Volvo Car Corporation and Volvo Cars of N.A. (hereinafter "Volvo") maintained in the state court lawsuit that Sabino Webb did not have standing to bring a UTPCPL claim concerning the Volvo 850 in question. See Exhibit 8 (Motion for Directed Verdict and Compulsory Nonsuit); Exhibit 9.

**Response**: Volvo objects because this Additional Fact violates Section (D)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires statements of material facts in opposition to a Motion for Summary Judgment to "include specific references and not general references to the record that support each statement." *Id.* Plaintiff refers to the motion generally and not to the specific paragraph or paragraphs on which she relies.

Volvo also objects to this Additional Fact because it is vague and ambiguous regarding the meaning of "standing." Volvo does not dispute that it contended that there was no statutory standing for a private right of action under the UTPCPL because Sabino Webb did not purchase the vehicle and did not rely on any advertising. (Dkt. 102-2 at 11-13 (Motion at ¶¶ 45-48).) If Plaintiff means statutory standing for a private right of action under the UTPCPL, then Volvo does not dispute this fact. If Plaintiff means any other kind of "standing," then this fact is contrary to the evidence on which it relies, not a proper Additional Fact, and Volvo disputes it.[1] *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by

---

[1] Volvo also contended that the evidence established that Ana Webb did not obtain ownership of the subject Volvo 850 until May 5, 2009, the day following the accident. (Dkt. 102-2 at 10-11 (Motion at ¶¶ 37-40).) And Volvo established that Plaintiff had not introduced any admissible evidence of deceptive advertising. (*Id.* at 11 (Motion at ¶¶ 41-44).) Ana Webb testified to three allegedly deceptive advertisements but none showed, stated, or described that there were rear door bars in the Volvo 850 vehicle. (*Id.* (Motion at ¶¶ 42-43).)

facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c).

2.      Volvo maintained that Ana Webb was the correct party who should bring a UTPCPL claim concerning the Volvo 850 in question. Id.; Exhibit 5 (title documents)

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Plaintiff refers to the motion generally and not to the specific paragraph or paragraphs on which she relies. Plaintiff has not provided any specific citation to any statement in Volvo's motion stating that "Ana Webb was the correct party who should bring a UTPCPL claim concerning the Volvo 850 in question." The title documents were not authored by Volvo and thus could not support this Additional Fact.

Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and

briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c).

 

3.     Sabino Webb does not having standing to bring a UTPCPL claim against Volvo concerning the Volvo 850 in question. <u>See</u> Exhibit 5 (title documents); Exhibit 8 (Motion for Directed Verdict and Compulsory Nonsuit).

**<u>Response</u>**: Volvo objects because this Additional Fact violates Section (D)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires statements of material facts in opposition to a Motion for Summary Judgment to "include specific references and not general references to the record that support each statement." *Id.* Plaintiff refers to the motion generally and not to the specific paragraph or paragraphs on which she relies.

Volvo also objects that this is not a proper Additional Fact because it states a legal conclusion. *See, e.g.*, *Muller v. Sacramento Cty. Sheriff Dep't*, 2006 WL 3437894, at *3 (E.D. Cal. Nov. 29, 2006), *report and recommendation adopted*, 2007 WL 90063 (E.D. Cal. Jan. 9, 2007) ("Defendants' objections are sustained with respect to Plaintiff's Facts Nos. 23 and 24, both of which state plaintiff's legal conclusions"). Volvo does not dispute, however, that Sabino Webb lacked statutory standing to bring a claim under the UTPCPL.

4.     Ana Webb has standing to bring a UTPCPL claim against Volvo concerning the Volvo 850 in question. See Exhibit 5.

**Response**: Volvo objects that this is not a proper Additional Fact because it states a legal conclusion. *See, e.g.*, *Muller v. Sacramento Cty. Sheriff Dep't*, 2006 WL 3437894, at *3 (E.D. Cal. Nov. 29, 2006), *report and recommendation adopted*, 2007 WL 90063 (E.D. Cal. Jan. 9, 2007) ("Defendants' objections are sustained with respect to Plaintiff's Facts Nos. 23 and 24, both of which state plaintiff's legal conclusions").

Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). As Volvo's motion to dismiss the Second Amended Complaint shows, Ana Webb does not have statutory standing to bring a UTPCPL claim because she has not plausibly alleged that she personally saw and justifiably relied on any Volvo representation or omission. Further, Ana Webb's purported UTPCPL claim is barred by the doctrine of *res judicata*. Volvo also objects because this Additional Fact is not relevant to any issue on Volvo's partial summary judgment motion.

5.     The nonsuit of Sabino's UTPCPL claim in state court was based, at least in part, on Volvo's argument that Sabino Webb did not having [sic] standing to make out such a claim. See Exhibit 8 (Motion for Directed Verdict and Compulsory Nonsuit); Exhibit 9.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Plaintiff refers to the motion generally and not to the specific paragraph or paragraphs on which she relies. Plaintiff also provides multiple pages of the trial transcript without citing the specific page and lines on which she relies.

Volvo further objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Judge Younge never explained the reasons why he granted Volvo's motion for nonsuit or directed verdict, and there is no factual basis to conclude now why he did so.

6.      The Volvo 850 does not have rear door bars.

**Response**: Volvo objects because this Additional Fact violates Section

(D)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which

requires statements of material facts in opposition to a Motion for Summary

Judgment to "include specific references and not general references to the record

that support each statement." *Id.* Volvo objects that this is not a proper Additional

Fact, and disputes this Additional Fact, because it is not supported by any

admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio

May 10, 2011) ("Motions for and briefs opposing summary judgment must be

supported by facts which would be admissible in evidence at trial"); *see also* Fed.

R. Civ. P. 56(c). Volvo also objects because this Additional Fact is not relevant to

any issue on Volvo's partial summary judgment motion.


7.      All cars sold in the United States contemporary with the Volvo 850

have rear door bars.

**Response**: Volvo objects because this Additional Fact violates Section

(C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which

requires statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record

that support each of the statements." *Id.* Volvo objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because it is not supported by any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo also objects because this Additional Fact is not relevant to any issue on Volvo's partial summary judgment motion.


8.    Volvo cannot identify any year, make, or model car sold in the US after 1973 which does not have rear door bars.

**<u>Response</u>**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo also objects because this Additional Fact is not relevant to any issue on Volvo's partial summary judgment motion.

9.    Volvo cannot identify any year, make, or model Volvo car sold in the US after 1973 which does not have rear doors (sic), other than the Volvo 850.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo further objects because this Additional Fact is not relevant to any issue on Volvo's partial summary judgment motion.

10.    The Volvo 850 in question came with a safety brochure in the glovebox, which Volvo has also called a Collison [sic] Pamphlet. See Exhibit 2.

**Response**: Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts

which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Plaintiff cites to a brochure only and no evidence that the Volvo 850 in question came with the brochure. Volvo also objects because this Additional Fact is not relevant to any issue on Volvo's partial summary judgment motion.

11.     The brochure in the Volvo 850 glovebox was admitted into evidence at the state trial. See Exhibit 11.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Plaintiff does not cite any pages or line numbers of the trial transcript that support his Additional Fact. Volvo also objects because this Additional Fact is not relevant to any issue on Volvo's partial summary judgment motion.

12.     The safety glovebox brochure which came with the model 850 in question contains two images of a Volvo 850 in the background. See Exhibit 2.

**Response**: Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence.

*Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011)

("Motions for and briefs opposing summary judgment must be supported by facts

which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c).

Plaintiff cites no evidence identifying the images as Volvo 850s or that the

brochure came with the model 850. Volvo also objects because this Additional

Fact is not relevant to any issue on Volvo's partial summary judgment motion.


13.     The safety glovebox brochure contains an inset, with a title that reads

"900 Series Side Impact Protection System," which depicts a deconstructed Volvo

which has rear door bars. Id.

**Response**: Although Volvo does not dispute that the insert is titled "900

Series Side Impact Protection System," Volvo objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because the remainder of the

statement is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL

1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing

summary judgment must be supported by facts which would be admissible in

evidence at trial"); *see also* Fed. R. Civ. P. 56(c). The image of the vehicle in the

document does not have any doors at all. Nor does the document containing that

image say that door bars are part of the Side Impact Protection System. In fact, the

words "door bars" cannot be found anywhere in the entire document. Volvo further

objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

14.     The referenced inset, with the deconstructed Volvo that has rear door bars, is placed over an image of a Volvo 850 on the glovebox brochure. Id.

**Response**: Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Plaintiff cites no evidence that the vehicle in the image is a Volvo 850. The image of the vehicle in the document does not have any doors at all. Nor does the document containing that image say that door bars are part of the Side Impact Protection System. In fact, the words "door bars" cannot be found anywhere in the entire document. Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

15.     The two Volvo 850 images on the safety glovebox brochure were taken from a Volvo advertisement for the Volvo 850 GLT. Id.

**Response**: Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Plaintiff cites no evidence that the vehicle in the two images is a Volvo 850 or that the brochure is taken from a Volvo advertisement for the Volvo 850 GLT. Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

16.     The brochure was designed for use in Volvo's model 850. <u>Id.</u>

**Response**: Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Plaintiff cites no evidence establishing that the brochure was designed for use in Volvo's model 850. Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

17.    The brochure was intended by Volvo to depict safety features consumers could expect to find in the Volvo 850.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo also objects because this Additional Fact is not relevant to any issue on Volvo's partial summary judgment motion.

18.    Volvo intended consumer's [sic] to rely on the safety features pictured and described in the brochure which came in the subject Volvo 850's glovebox.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record

that support each of the statements." *Id.* Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo also objects because this Additional Fact is not relevant to any issue on Volvo's partial summary judgment motion.

19.    Volvo's Side Impact Protection System, for cars other than the model 850, does in fact contain rear door bars. See Exhibit 2; Exhibit 12.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed.

R. Civ. P. 56(c). Volvo also objects because this Additional Fact is not relevant to any issue on Volvo's partial summary judgment motion.

20.     The SIPS system was first integrated into the Volvo 700 and 900 series automobiles. <u>See</u> Exhibit 12.

**<u>Response</u>**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion. Volvo does not dispute that the cited document states that "[f]or the 92 year, all 700 and 900 series Volvos will feature a unique Side Impact Protection System (SIPS)." Volvo also objects because this Additional Fact is not relevant to any issue on Volvo's partial summary judgment motion.

21.     The Volvo 850 was released after the 700 and 900 series. <u>Id.</u>

**<u>Response</u>**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

22.    The Volvo 850 was designed with SIPS. Exhibit 2; Exhibit 3; Exhibit 4.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo objects to the extent the term "SIPS" is ambiguous. Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

23.     Volvo made the 700 and 900 series with the SIPS including rear door bars, prior to the 850 being released. See Exhibit 12.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo objects to the extent the term "the SIPS" is ambiguous. Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.


24.     Volvo never told consumers anywhere in the world that the Volvo 850 SIPS does not have rear door bars.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo further objects to the extent the term "the SIPS" is ambiguous. Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

25.     Volvo never told consumers that the Volvo 850's Side Impact Protection System differed from the 700 and 900 series SIPS. <u>See</u> Exhibit 2.

**<u>Response</u>**: Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

26.     Volvo never told consumers that components were removed from the Volvo 850 Side Impact Protection System that were included in the 700 and 900 series SIPS. See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 12.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

27.     Volvo never told consumers that the SIPS design varied based on the model car it was included in. See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 12.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which

requires Statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record

that support each of the statements." *Id.* Volvo also objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because it is not supported by

the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio

May 10, 2011) ("Motions for and briefs opposing summary judgment must be

supported by facts which would be admissible in evidence at trial"); *see also* Fed.

R. Civ. P. 56(c). Volvo further objects to the extent the term "the SIPS" is

ambiguous. Volvo further objects that this is not a proper Additional Fact because

it is not relevant to any issue on Volvo's partial summary judgment motion.


28.    The Volvo 850 brochure is confusing to consumers concerning

whether the Volvo 850 has rear door bars. See Exhibit 1; Exhibit 2.

**Response**: Volvo objects because this Additional Fact violates Section

(C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which

requires Statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record

that support each of the statements." *Id.* Volvo also objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because it is not supported by

the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio

May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Nothing in either exhibit states that "the Volvo 850 brochure is confusing to consumers concerning whether the Volvo 850 has rear door bars." Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

29.     Volvo intended consumers examining the safety brochure attached as Exhibit 2 to believe that the Volvo 850 had a SIPS system comparable to the 900 series.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo further objects that this is not a proper Additional Fact

because it is not relevant to any issue on Volvo's partial summary judgment motion.

30.     Volvo intended consumers examining the safety brochure attached as Exhibit 2 to the believe [sic] that the Volvo 850 had rear door bars as part of its SIPS.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

31.     Volvo has advertised the Volvo 850 SIPS as having door bars in all

the doors. See Volvo 850 SIPS Commercial, at (0.06 to 0:17),

https://www.youtube.com/watch?v=wA09vM7Zufs.

**Response**: Volvo objects because this Additional Fact violates Section

(C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which

requires Statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record

that support each of the statements." *Id.* Volvo also objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because it is not supported by

the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio

May 10, 2011) ("Motions for and briefs opposing summary judgment must be

supported by facts which would be admissible in evidence at trial"); *see also* Fed.

R. Civ. P. 56(c). The YouTube cited does not mention rear door bars and says

nothing about door bars "in all the doors." Volvo further objects that this is not a

proper Additional Fact because it is not relevant to any issue on Volvo's partial

summary judgment motion.


32.     Volvo has advertised its cars with SIPS as having a solid steel safety

cage. See Exhibit 2; Exhibit 3; Exhibit 4.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.*

Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo further objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.


33.     On Volvo cars, other than the model 850, the steel safety cage includes rear door bars. See Exhibit 2.

**Response**: Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c).

Exhibit 2 does not state that "on Volvo cars, other than the model 850, the steel

safety cage includes rear door bars." In fact, the words "door bars" cannot be found

anywhere in the entire document. The image of the vehicle in the document does

not have any doors at all. Nor does the document containing that image say that

door bars are part of a steel safety cage. Volvo further objects that this is not a

proper Additional Fact because it is not relevant to any issue on Volvo's partial

summary judgment motion.


34.     The Volvo 850 brochure's description of SIPS does not state that the

Volvo 850 does not have rear door bars. <u>See</u> Exhibit 2.

**<u>Response</u>**: Volvo objects that this is not a proper Additional Fact, and

disputes this Additional Fact, because it is not supported by the cited evidence.

*Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011)

("Motions for and briefs opposing summary judgment must be supported by facts

which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c).

Volvo further objects that this is not a proper Additional Fact because it is not

relevant to any issue on Volvo's partial summary judgment motion.


35.     The brochure does not state that the 900 Series Side Impact Protection

System is not present in the Volvo 850. <u>See</u> Exhibit 2.

**Response**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion. Volvo does not dispute that Exhibit 2 only mentions the Volvo 900 Series and does not state anything about any other Volvo vehicles, including anything about the Volvo 850.

36.     The brochure does not state that the 900 Series Side Impact Protection System differs from the Side Impact Protection System in the Volvo 850. See Exhibit 2.

**Response**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion. Volvo does not dispute that Exhibit 2 only mentions the Volvo 900 Series and does not state anything about any other Volvo vehicles, including anything about the Volvo 850.

37.     An average consumer would have no way of knowing that the Volvo 850 differs from the 900 Series SIPS. See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 12.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which

requires Statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record

that support each of the statements." *Id.* Volvo objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because it is not supported by

the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio

May 10, 2011) ("Motions for and briefs opposing summary judgment must be

supported by facts which would be admissible in evidence at trial"); *see also* Fed.

R. Civ. P. 56(c). Nothing in the exhibits references average consumers or provides

admissible expert opinion regarding the knowledge or perceptions of average

consumers. Volvo also objects that this is not a proper Additional Fact because it is

not relevant to any issue on Volvo's partial summary judgment motion.

38.     An average consumer would have no way of knowing that the Volvo

850 does not have rear doors unlike the 900 series. <u>See</u> Exhibit 2; Exhibit 3;

Exhibit 4; Exhibit 12.

**<u>Response</u>**: Volvo objects because this Additional Fact violates Section

(C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which

requires Statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record

that support each of the statements." *Id.* Volvo also objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Nothing in the exhibits references average consumers or provides admissible expert opinion regarding the knowledge or perceptions of average consumers. Volvo also objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

39.    The window sticker states that the Volvo 850 had the SIPS. See Exhibit 3.

**Response**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion. Volvo further objects to the extent the term "the SIPS" is ambiguous. Volvo does not dispute that the Monroney label or window sticker for the specific vehicle in Exhibit 3 stated the following:

> VOLVO'S SIDE IMPACT PROTECTION SYSTEM
> (SIPS) INCLUDING DRIVER AND FRONT
> PASSENGER SIDE IMPACT AIRBAGS.

40.    The window sticker for the Volvo 850 states that the car has a solid steel safety cage. See Exhibit 3.

**Response**: Volvo objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Exhibit 3, which appears to be the Monroney label for the subject vehicle, states that particular vehicle has a "Passenger Safety Cage/High Strength Steel." Volvo also objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

41.     The window sticker does not state that the Volvo 850's steel safety cage does not have rear door bars. See Exhibit 3.

**Response**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion. Volvo does not dispute that the window sticker or Monroney label does not state that the Volvo 850 has rear door bars because the Volvo 850 was not designed to have rear door bars.

42.     The window sticker does not state that the Volvo 850's SIPS does not have rear door bars. See Exhibit 3.

**Response**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

Volvo does not dispute that the window sticker or Monroney label does not state that the Volvo 850 SIPS has rear door bars because the Volvo 850 was not designed to have rear door bars.

43.    The window sticker does not state that the Volvo 850's SIPS differs from the SIPS in the 700 and 900 series. See Exhibit 3.

**Response**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

Volvo does not dispute that the window sticker or Monroney label does not mention anything about the Volvo 700 and 900 series and makes no comparisons regarding any aspect of the vehicles.

44.    The window sticker was admitted into evidence in the state court trial. See Exhibit 11.

**Response**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion. Volvo also objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements

of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.*

45.   The owner's, or operator's, manual states that the Volvo 850 has SIPS. <u>See</u> Exhibit 4.

**<u>Response</u>**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion. Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.*   Volvo further objects to the extent the term "SIPS" is ambiguous.

46.   The owner's manual does not state that the Volvo 850 SIPS does not have rear door bars. <u>Id.</u>

**<u>Response</u>**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion. Volvo further objects to the extent the term "SIPS" is ambiguous.

Volvo does not dispute that the owner's manual does not state that the Volvo 850 SIPS has rear door bars because the Volvo 850 was not designed to have rear door bars.

47.     The owner's manual does not state the Volvo 850 SIPS differs from the 700 or 900 Series SIPS. Id.

**Response**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion. Volvo further objects to the extent the term "the SIPS" is ambiguous. Volvo does not dispute that Exhibit 4 does not mention anything about the Volvo 700 and 900 series and makes no comparisons regarding any aspect of the vehicles.

48.     The owner's manual was admitted into evidence at the state trial. See Exhibit 11.

**Response**: Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion. Volvo also objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include

specific and not general references to the parts of the record that support each of

the statements." *Id.*

49.     Volvo has no data to show that the removal of door bars in the Volvo

850 reduces injuries to the occupants in a near side impact.

**Response**: Volvo objects because this Additional Fact violates Section

(C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which

requires Statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record

that support each of the statements." *Id.* Volvo objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because it is not supported by

any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D.

Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must

be supported by facts which would be admissible in evidence at trial"); *see also*

Fed. R. Civ. P. 56(c). Volvo further objects that this is not a proper Additional Fact

because it is not relevant to any issue on Volvo's partial summary judgment

motion.

50.     The removal of the rear door bars in the Volvo 850 was, in part, to

reduce costs of production.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

51.     The removal of the rear door bars in the Volvo 850 was, in part, to reduce weight.

**Response**: Volvo objects because this Additional Fact violates Section (C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which requires Statements of material facts in opposition to a Motion for Summary Judgment to "include specific and not general references to the parts of the record that support each of the statements." *Id.* Volvo also objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because it is not supported by the cited evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

52.     Volvo self-certified that the Volvo 850 passed the FMVSS 214 quasi-static crush test for the Volvo 850 rear doors. See Exhibit 13 ("Crash tests ***conducted by Volvo*** throughout the design of the subject vehicle were reviewed." [emphasis added]).

**Response**: Volvo objects that this is not a proper Additional Fact because it is based on an "expert report" and/or mythical "testing" that was found inadmissible in state court. Volvo objects because the statement is inadmissible hearsay. Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo further

objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

53.     Volvo falsely self-certified that the Volvo 850 passed the FMVSS 214 quasi-static crush test for the rear doors. <u>See</u> Exhibit 6, at p.16 (Report of Dr. David Renfroe showing catastrophic failure of Volvo 850 rear door on FMVSS 214 Quasi-static Crush Test).

**<u>Response</u>**: Volvo objects that this is not a proper Additional Fact because it is based on an "expert report" and/or mythical "testing" that was found inadmissible in state court. Volvo further objects because the statement is inadmissible hearsay. Volvo also objects that this is not a proper Additional Fact, and disputes this Additional Fact, because it is not supported by admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D. Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial"); *see also* Fed. R. Civ. P. 56(c). Volvo objects that this is not a proper Additional Fact because it is not relevant to any issue on Volvo's partial summary judgment motion.

54.     Volvo destroyed its testing data for the Volvo 850 rear door FMVSS 214 quasi-static crush test.

**Response**: Volvo objects because this Additional Fact violates Section

(C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which

requires Statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record

that support each of the statements." *Id.* Volvo also objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because it is not supported by

any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D.

Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must

be supported by facts which would be admissible in evidence at trial"); *see also*

Fed. R. Civ. P. 56(c). Volvo objects that this is not a proper Additional Fact

because it is not relevant to any issue on Volvo's partial summary judgment

motion.


55.    Volvo knew that there was a quantifiable risk to human life by

removing the rear door bars from the Volvo 850 but chose to remove them to

increase profit margins.

**Response**: Volvo objects because this Additional Fact violates Section

(C)(5) of Judge Baylson's Pretrial and Trial Procedures—Civil Cases, which

requires Statements of material facts in opposition to a Motion for Summary

Judgment to "include specific and not general references to the parts of the record

that support each of the statements." *Id.* Volvo also objects that this is not a proper

Additional Fact, and disputes this Additional Fact, because it is not supported by

any admissible evidence. *Gueye v. Page Tower*, 2011 WL 1791708, at *2 (S.D.

Ohio May 10, 2011) ("Motions for and briefs opposing summary judgment must

be supported by facts which would be admissible in evidence at trial"); *see also*

Fed. R. Civ. P. 56(c). Volvo objects that this is not a proper Additional Fact

because it is not relevant to any issue on Volvo's partial summary judgment

motion.

Dated:  August 9, 2017                Respectfully submitted,


By: */s/ Peter W. Herzog III*
Peter W. Herzog III (pro hac vice)
Wheeler Trigg O'Donnell LLP
211 North Broadway, Suite 2825
St. Louis, MO 63102
Phone: (314) 326-4129
Fax: (303) 244-1879
pherzog@wtotrial.com

Richard B. Wickersham, Jr.
POST & SCHELL, P.C.
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone:  (215) 587-6612
Fax:  (215) 320-4875
rwickersham@postschell.com

Attorneys for Defendants Volvo Cars of
North America, LLC and Volvo Car
Corporation

## Certificate of Service

I, Peter W. Herzog III, certify that the foregoing was electronically filed on August 9, 2017 using the Court's CM/EMF system, and was thereby served upon all registered users in this case.


By: */s/ Peter W. Herzog III*